IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY,

      **Plaintiff,**

v.                                                 CIVIL ACTION NO. 2:23-cv-00479

POCAHONTAS COAL COMPANY, LLC,
and UNITED COAL COMPANY LLC,

      **Defendants.**

## NOTICE OF REMOVAL

    **COMES NOW** Defendants Pocahontas Coal Company, LLC and United Coal Company LLC (collectively, "Defendants"), by and through their undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and file this Notice of Removal to the United States District Court for the Southern District of West Virginia. As grounds for removal, Defendants state the following:

    **I.**    **NATURE OF THE REMOVED ACTION AND PROCEDURAL HISTORY**

    1.    The removed case is a civil action filed against Defendants and others on or about November 30, 2022 in the Circuit Court of Boone County, West Virginia and assigned Civil Action No. CC-03-2022-C-89. In accordance with 28 U.S.C. 1446(a) and Local Rule of Civil Procedure 3.4(b), a copy of the docket sheet and all process, pleadings, and orders served upon Defendants in the state court action are attached hereto as "Exhibit A."

    2.    In her one-count complaint, Plaintiff alleges separate transactions or occurrences by which she alleges that each of twelve (12) named Defendants was in violation of the West Virginia Human Rights Act ("WVHRA") due to gender discrimination. [*See generally* Exhibit A, Compl.].

3. Previous co-Defendants in the state action Arch Resources, Inc. and Mingo Logan Coal LLC timely removed the action pursuant to 28 U.S.C. §§ 1441 and 1446 based on diversity of citizenship under 28 U.S.C. § 1332, alleging that the doctrine of fraudulent misjoinder of certain non-diverse parties (not a party to the current action) permitted the Court to disregard the citizenship of those non-diverse parties.

4. Subsequently, Pocahontas and United filed answers that pleaded, among other things, that they reserved the right to assert that they were inappropriately joined with the other Defendants in the matter. [*See* S.D.W. Va. Civil Action No. 2:23-CV-05, ECF No. 15 at p. 12 and ECF No. 16 at p. 12].

5. Previous co-Defendants Arch and Mingo Logan filed a motion to sever pursuant to *Fed. R. Civ. P.* 21 and the doctrine of fraudulent misjoinder, in which Pocahontas and United joined. [S.D.W. Va. Civil Action No. 2:23-CV-05, ECF Nos. 21 and 30].

6. Plaintiff responded to the motion to sever and filed a motion to remand. [S.D.W. Va. Civil Action No. 2:23-CV-05, ECF Nos. 26 and 28].

7. Pocahontas and United responded in opposition to the motion to remand. [S.D.W. Va. Civil Action No. 2:23-CV-05, ECF No. 43].

8. By Memorandum Opinion and Order entered on March 14, 2023, the Court granted Plaintiff's motion to remand and terminated all other pending motions as moot, stating that "any motion to sever can be raised before the state court, which has jurisdiction to consider the question." [S.D.W. Va. Civil Action No. 2:23-CV-05, ECF No. 56 at p. 8].

9. On May 3, 2023, following remand to the Circuit Court of Boone County, Pocahontas and United filed a motion to sever based upon misjoinder under *W. Va. R. Civ. P.* 21. Plaintiff did not oppose the motion.

10. On June 14, 2023, the Circuit Court of Boone County entered an Order granting Pocahontas and United's motion to sever and assigned the severed claims against Pocahontas and United a new civil action number, No. CC-03-2023-50.

## II. REMOVAL IS TIMELY

11. The Circuit Court of Boone County, West Virginia entered its Order Granting Defendants Pocahontas Coal Company, LLC's and United Coal Company, LLC's Motion to Sever on June 14, 2023. Accordingly, this Notice is timely because it is filed within thirty (30) days after receipt by Defendants, through service or otherwise, of a copy of the amended pleading, motion, order, or other paper from which it might first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3).

## III. VENUE IS APPROPRIATE

12. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1441(a) because the Circuit Court of Boone County, West Virginia, is located within the embrace of the United States District Court for the Southern District of West Virginia.

## IV. BASIS OF REMOVAL – DIVERSITY JURISDICTION

13. As set forth below, this is a civil action over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and because the amount in controversy exceeds $75,000. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

**A.   There is Complete Diversity Between the Parties**

14. Plaintiff Amanda Asbury is a citizen and resident of Wyoming County, West Virginia. [*See* Exhibit A, Compl. ¶ 2]. Plaintiff, therefore, is a citizen of the State of West Virginia under 28 U.S.C. § 1332.

15. Defendant Pocahontas Coal Company, LLC is now, and was at all pertinent times, a limited liability company whose sole member is Defendant United Coal Company LLC, a limited liability company whose sole member is Metinvest U.S., Inc., which is a Delaware corporation with its principal place of business located in Delaware. Accordingly, Pocahontas and United are both citizens of a state other than West Virginia for purposes of determining citizenship in diversity actions. *See, e.g., Central W. Va. Energy Co. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011); *Boggs v. Fola Coal Co., LLC,* No. 2:10-CV-608, 2010 WL 3521588 at *2 (S.D.W. Va. Sept. 7, 2010); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.2d 827, 829 (8th Cir. 2004); *General Technology Applications, Inc. v. Exro Ltd.*, 388 F.3d 114, 121 (4th Cir. 2004).

16. Accordingly, there is complete diversity of citizenship in this civil action, as required by 28 U.S.C. § 1332.

**B.     The Amount in Controversy Requirement is Satisfied**

17. Defendants dispute the merits of Plaintiff's entitlement to any recovery in this action and, by filing this Notice, do not waive any defenses that may otherwise be available to them. Without waiving this position, and in light of the allegations set forth in Plaintiff's Complaint, Defendants have a good faith belief that competent proof exists that the amount in controversy exceeds $75,000.00, thus exceeding the jurisdictional requirement specified in 28 U.S.C. § 1332.

18. According to the United States Supreme Court, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

19. "The amount in controversy is determined on the basis of the record existing at the time the petition for removal is filed." *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 936 (S.D.W. Va. 1996) (citing *St. Paul Mercury Indem. v. Red Cab Co.*, 303 U.S. 283, 291 (1938)). In evaluating the amount in controversy, the Court may consider "the relief the plaintiff is requesting in the complaint at the time of trial, in addition to pre- and post-judgment interest as required by law; however not claims for interest and costs." *Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 583 (S.D.W. Va. 1999).

20. Initially, Plaintiff seeks damages for past and future lost wages, with pre-judgment interest. [*See* Exhibit A, Compl. at WHEREFORE Clause]. Plaintiff also seeks money damages for alleged emotional distress which, standing alone, can approach or surpass the $75,000 threshold. [*Id.*]; *see also, e.g., CSX Transp., Inc. v. Smith*, 729 S.E.2d 151, 160 n. 9 (W. Va. 2012 (awarding $250,000 for aggravation, inconvenience, indignation, embarrassment, humiliation, and emotional distress in a sexual harassment suit); *Mace v. Charleston Area Med. Ctr. Found., Inc.*, 422 S.E.2d 642 (1992) (affirming $50,000 emotional distress award in a retaliatory discharge suit).

21. Additionally, Plaintiff seeks punitive damages. [*Id.*]. In West Virginia, "a good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages." *White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 27 (S.D.W. Va. 1994) (*citing Bell v. Preferred Life Assurance Society*, 320 U.S. 238 (1943)). Under West Virginia law, punitive damages in a civil action are available up to four times compensatory damages or $500,000, whichever is greater. W. VA. CODE § 55-7-29(c). Because Plaintiff has raised claims for punitive damages, which if proved, would be recoverable, such claim augments the

compensatory damages claimed in this case, supporting the fact that the required amount in controversy is met.

22. Finally, Plaintiff seeks attorney's fees and costs. [*See* Exhibit A, Compl. at WHEREFORE Clause]. Attorney's fees are an element of the amount in controversy where recovery is authorized by the statute(s) under which the plaintiff claims. *See Burdette v. ReliaStar Life Ins. Co.*, No. 2:06-0210, 2006 WL 1644234 at *2 (S.D.W. Va. June 12, 2006). Because attorney's fees and costs could be recoverable upon successful prosecution of Plaintiff's claims under the WVHRA, such fees are to be considered when determining the amount in controversy

23. Based on the foregoing, "competent proof" exists, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement of $75,000 specified in 28 U.S.C. § 1332(a). *See Asbury-Casto v. GlaxoSmithKline, Inc.*, 352 F.Supp.2d 729, 731 (N.D.W. Va. 2005) (quoting *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)). Accordingly, federal diversity jurisdiction is established based on diversity of citizenship and the amount in controversy exceeding $75,000.00.

## V. OTHER REMOVAL REQUIREMENTS

24. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, along with a Notice of Filing Notice of Removal, is being sent to all adverse parties and filed with the Clerk of the Circuit Court of Boone County, West Virginia. A copy of the Notice of Filing of Notice Removal is attached hereto as "Exhibit B."

25. Defendants join in this Notice and consent to removal. 28 U.S.C. § 1446(b)(2)(A); *Mayo v. Bd. of Educ.*, 713 F.3d 735, 742 (4th Cir. 2013); *Stevens v. Thornsbury*, No. 2:13-CV-31719, 2014 WL 3962478 (S.D.W.Va. Aug. 13, 2014).

**WHEREFORE**, Defendants respectfully requests that this action be removed from the Circuit Court of Boone County, West Virginia, to the United States District Court for the Southern District of West Virginia, and that this Court assume jurisdiction over this action.

      **POCAHONTAS COAL COMPANY, LLC, and UNITED COAL COMPANY LLC,**

      **By Counsel,**

*/s/ Mark C. Dean*
Joseph U. Leonoro (WVSB #10501)
Jonathan Ellis (WVSB #10296)
Mark C. Dean (WVSB #12017)
Steptoe & Johnson PLLC
P.O. Box 1588
Charleston, WV 25326-1588
Telephone: 304-353-8000
Facsimile: 304-353-8180
Joseph.Leonoro@Steptoe-Johnson.com
Jonathan.Ellis@Steptoe-Johnson.com
Mark.Dean@Steptoe-Johnson.com
*Counsel for Defendants Pocahontas Coal Company, LLC and United Coal Company LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AMANDA ASBURY,**

  **Plaintiff,**

**v.**              **CIVIL ACTION NO. _____**

**POCAHONTAS COAL COMPANY, LLC,**
**and UNITED COAL COMPANY, LLC,**

  **Defendants.**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of July, 2023, I electronically filed the foregoing "Notice of Removal" via CM/ECF and served it upon the following counsel of record via first-class U.S. Mail:

      Mark A. Atkinson
      John-Mark Atkinson
      ATKINSON & FRAMPTON, PLLC
      2306 Kanawha Blvd. E.
      Charleston, WV 25311

            */s/ Mark C. Dean*_____