# EXHIBIT A

| | | |
|---|---|---|
| Court: | **Circuit** | |
| Judge: | **Stacy L. Nowicki-Eldridge** | |
| Case Type: | **Civil** | |

| | | |
|---|---|---|
| County: | **Boone** | |
| Created Date: | **6/14/2023** | |
| Case Sub-Type: | **Other** | |

| | | |
|---|---|---|
| Case Number: | **CC-03-2023-C-50** | |
| Status: | **Open** | |
| Security Level: | **Public** | |

Style: **AMANDA ASBURY v. POCAHONTAS COAL COMPANY, LLC**

| Document Id | Document Type | Document Origin | Docket Entry Description | Document Description | Filing Date | Pages |
|---|---|---|---|---|---|---|
| 1-1 | Civil Case Information Statement | E-file | Complaint | | 6/14/2023 | 2 |
| 1-2 | Complaint | E-file | Complaint | ORDER GRANTING POCAHONTAS COAL COMPANY, LLC AND UNITED COAL COMPANY LLC'S MOTION TO SEVER | 6/14/2023 | 1 |
| 1-3 | Supporting Document | E-file | Complaint | DOCKET ENTRIES FOR CASE NUMBER 22-C-89 | 6/14/2023 | 5 |
| 1-4 | Supporting Document | E-file | Complaint | COMPLETE CASE FILE 22-C-89 PART ONE | 6/14/2023 | 374 |
| 1-5 | Supporting Document | E-file | Complaint | COMPLETE CASE FILE 22-C-89 PART TWO | 6/14/2023 | 479 |

/s/ Stacy L. Nowicki-Eldridge
Circuit Court Judge
Ref. Code: 23MBTUJPX

FILED | 6/14/2023 10:45 AM
CC-03-2023-C-50
Boone County Circuit Clerk
Sam R. Burns

## In the Circuit Court of Boone County, West Virginia

**Amanda Asbury,**
Plaintiff,

v.

**Pocahontas Coal Company,
Affinity Coal Company, LLC,
United Coal Company LLC,
Blackhawk Mining, LLC,
Arch Resources, Inc. ET AL,**
Defendants

Case No. CC-03-2022-C-89
Judge Stacy L. Nowicki-Eldridge

## ORDER GRANTING POCAHONTAS COAL COMPANY, LLC AND UNITED COAL COMPANY LLC'S MOTION TO SEVER

On the 3rd day of May, 2023, Defendants Pocahontas Coal Company, LLC and United Coal Company LLC filed a Motion to Sever pursuant to Rule 21 of the West Virginia Rules of Civil Procedure based on the misjoinder with other unrelated parties to which there are not mutual issues of law or fact. Having no objection from Plaintiff, this Court hereby **GRANTS** the Motion to Sever.

The Circuit Clerk shall provide a copy of this Order to all interested parties and counsel of record.

**IT IS SO ORDERED.**

**/s/ Stacy L. Nowicki-Eldridge**
Circuit Court Judge
25th Judicial Circuit

Note: The electronic signature on this order can be verified using the reference code that appears in the upper-left corner of the first page. Visit www.courtswv.gov/e-file/ for more details.

| Court: | **Circuit** | County: | **Boone** | Case Number: | **CC-03-2022-C-89** |
|---|---|---|---|---|---|
| Judge: | **Stacy L. Nowicki-Eldridge** | Created Date: | **11/30/2022** | Status: | **Open** |
| Case Type: | **Civil** | Case Sub-Type: | **Other** | Security Level: | **Public** |
| Style: | **Amanda Asbury v. Pocahontas Coal Company: et als** | | | | |

| Document Id | Document Type | Document Origin | Docket Entry Description | Document Description | Filing Date | Pages |
|---|---|---|---|---|---|---|
| 1-1 | Civil Case Information Statement | E-file | Complaint | | 11/30/2022 | 2 |
| 1-2 | Complaint | E-file | Complaint | Complaint | 11/30/2022 | 8 |
| 1-3 | Transmittal | E-file | Complaint | | 11/30/2022 | 14 |
| 1-4 | Summons | E-file | Complaint | | 11/30/2022 | 13 |
| 32-1 | Other | E-file | Supporting Documents - Notice of Change of Attorney Information | Notice of Change of Attorney Information | 12/6/2022 | 2 |
| 32-2 | Transmittal | E-file | Supporting Documents - Notice of Change of Attorney Information | | 12/6/2022 | 14 |
| 33-1 | Service Return | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON POCAHONTAS COAL CO LLC BY WV SOS ON 12/5/22 | SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON POCAHONTAS COAL CO LLC BY WV SOS ON 12/5/22 | 12/12/2022 | 2 |
| 33-2 | Transmittal | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON POCAHONTAS COAL CO LLC BY WV SOS ON 12/5/22 | | 12/12/2022 | 1 |
| 34-1 | Service Return | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON AFFINITY COAL CO, LLC NOW POCAHONTAS COAL CO, LLC BY WV SOS ON 12/5/22 | SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON AFFINITY COAL CO, LLC NOW POCAHONTAS COAL CO, LLC BY WV SOS ON 12/5/22 | 12/12/2022 | 2 |
| 34-2 | Transmittal | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON AFFINITY COAL CO, LLC NOW POCAHONTAS COAL CO, LLC BY WV SOS ON 12/5/22 | | 12/12/2022 | 1 |
| 35-1 | Service Return | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON UNITED COAL CO, LLC BY WV SOS ON 12/5/22 | SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON UNITED COAL CO, LLC BY WV SOS ON 12/5/22 | 12/12/2022 | 2 |
| 35-2 | Transmittal | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON UNITED COAL CO, LLC BY WV SOS ON 12/5/22 | | 12/12/2022 | 1 |
| 36-1 | Service Return | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON BLACKHAWK MINING, LLC BY WV SOS ON 12/5/22 | SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON BLACKHAWK MINING, LLC BY WV SOS ON 12/5/22 | 12/12/2022 | 2 |
| 36-2 | Transmittal | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON BLACKHAWK MINING, LLC BY WV SOS ON 12/5/22 | | 12/12/2022 | 1 |
| 37-1 | Supporting Document | E-file | Supporting Documents - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON ARCH RESOURCES, INC BY WV SOS ON 12/5/22 | SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON ARCH RESOURCES, INC BY WV SOS ON 12/5/22 | 12/12/2022 | 2 |
| 37-2 | Transmittal | E-file | Supporting Documents - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON ARCH RESOURCES, INC BY WV SOS ON 12/5/22 | | 12/12/2022 | 1 |

| Document Id | Document Type | Document Origin | Docket Entry Description | Document Description | Filing Date | Pages |
|---|---|---|---|---|---|---|
| 38-1 | Service Return | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON MINGO LOGAN COAL, LLC BY WV SOS ON 12/5/22 | SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON MINGO LOGAN COAL, LLC BY WV SOS ON 12/5/22 | 12/12/2022 | 2 |
| 38-2 | Transmittal | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON MINGO LOGAN COAL, LLC BY WV SOS ON 12/5/22 | | 12/12/2022 | 1 |
| 39-1 | Service Return | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON CLEVELAND-CLIFFS PRINCETON COAL INC BY WV SOS ON 12/5/22 | SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON CLEVELAND-CLIFFS PRINCETON COAL INC BY WV SOS ON 12/5/22 | 12/12/2022 | 2 |
| 39-2 | Transmittal | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON CLEVELAND-CLIFFS PRINCETON COAL INC BY WV SOS ON 12/5/22 | | 12/12/2022 | 1 |
| 40-1 | Service Return | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON GMS MINE REPAIR AND MAINTENANCE INC BY WV SOS ON 12/5/22 | SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON GMS MINE REPAIR AND MAINTENANCE INC BY WV SOS ON 12/5/22 | 12/12/2022 | 2 |
| 40-2 | Transmittal | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON GMS MINE REPAIR AND MAINTENANCE INC BY WV SOS ON 12/5/22 | | 12/12/2022 | 1 |
| 41-1 | Service Return | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON GMS DAVID STANLEY CONSULTANTS, LLC BY WV SOS ON 12/5/22 | SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON GMS DAVID STANLEY CONSULTANTS, LLC BY WV SOS ON 12/5/22 | 12/12/2022 | 2 |
| 41-2 | Transmittal | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON GMS DAVID STANLEY CONSULTANTS, LLC BY WV SOS ON 12/5/22 | | 12/12/2022 | 1 |
| 42-1 | Service Return | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON CONTURA ENERGY, INC BY WV SOS ON 12/5/22 | SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON CONTURA ENERGY, INC BY WV SOS ON 12/5/22 | 12/12/2022 | 2 |
| 42-2 | Transmittal | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON CONTURA ENERGY, INC BY WV SOS ON 12/5/22 | | 12/12/2022 | 1 |
| 43-1 | Service Return | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON ALPHA NATURAL RESOURCES SERVICES LLC BY WV SOS ON 12/5/22 | SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON ALPHA NATURAL RESOURCES SERVICES LLC BY WV SOS ON 12/5/22 | 12/12/2022 | 2 |
| 43-2 | Transmittal | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON ALPHA NATURAL RESOURCES SERVICES LLC BY WV SOS ON 12/5/22 | | 12/12/2022 | 1 |
| 44-1 | Service Return | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON CONSOL ENERGY INC BY WV SOS ON 12/5/22 | SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON CONSOL ENERGY INC BY WV SOS ON 12/5/22 | 12/12/2022 | 2 |
| 44-2 | Transmittal | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON CONSOL ENERGY INC BY WV SOS ON 12/5/22 | | 12/12/2022 | 1 |
| 46-1 | Civil Case Information Statement | E-file | Answer - Notice of Bona Fide Defense of Defendants Arch Res | | 12/22/2022 | 2 |

| Document Id | Document Type | Document Origin | Docket Entry Description | Document Description | Filing Date | Pages |
|---|---|---|---|---|---|---|
| 46-2 | Answer | E-file | Answer - Notice of Bona Fide Defense of Defendants Arch Res | Notice of Bona Fide Defense of Arch Resources, Inc. and Mingo Logan Coal LLC | 12/22/2022 | 4 |
| 46-3 | Transmittal | E-file | Answer - Notice of Bona Fide Defense of Defendants Arch Res | | 12/22/2022 | 13 |
| 64-1 | Supporting Document | E-file | Supporting Documents - Notice of Filing of Notice of Removal | Notice of Filing of Notice of Removal | 1/4/2023 | 3 |
| 64-2 | Exhibit | E-file | Supporting Documents - Notice of Filing of Notice of Removal | Notice of Removal | 1/4/2023 | 11 |
| 64-3 | Transmittal | E-file | Supporting Documents - Notice of Filing of Notice of Removal | | 1/4/2023 | 14 |
| 67-1 | Supporting Document | E-file | Supporting Documents - CASE REMANDED BACK TO BOONE CO CIRCUIT COURT BY US DIST COURT, SOUTHERN DIST OF WV | CASE REMANDED BACK TO BOONE CO CIRCUIT COURT BY US DIST COURT, SOUTHERN DIST OF WV (MEMOANDUM AND ORDER) | 3/15/2023 | 9 |
| 67-2 | Supporting Document | E-file | Supporting Documents - CASE REMANDED BACK TO BOONE CO CIRCUIT COURT BY US DIST COURT, SOUTHERN DIST OF WV | LIST OF ATTORNEYS AND DOCKET FROM US DIST COURT | 3/15/2023 | 10 |
| 67-3 | Supporting Document | E-file | Supporting Documents - CASE REMANDED BACK TO BOONE CO CIRCUIT COURT BY US DIST COURT, SOUTHERN DIST OF WV | NOTICE OF REMOVAL | 3/15/2023 | 219 |
| 67-4 | Supporting Document | E-file | Supporting Documents - CASE REMANDED BACK TO BOONE CO CIRCUIT COURT BY US DIST COURT, SOUTHERN DIST OF WV | NOTICE OF REMOVAL (CONT'D) | 3/15/2023 | 175 |
| 67-5 | Transmittal | E-file | Supporting Documents - CASE REMANDED BACK TO BOONE CO CIRCUIT COURT BY US DIST COURT, SOUTHERN DIST OF WV | | 3/15/2023 | 3 |
| 68-1 | Motion | E-file | Motion - Sever | CONSOL Energy, Inc.'s Motion to Sever | 4/25/2023 | 10 |
| 68-2 | Transmittal | E-file | Motion - Sever | | 4/25/2023 | 14 |
| 70-1 | Motion | E-file | Motion Hearing | CONSOL Energy, Inc.'s Motion to Sever | 4/25/2023 | 10 |
| 70-2 | Transmittal | E-file | Motion Hearing | | 4/25/2023 | 14 |
| 71-1 | Certificate of Service | E-file | Certificate of Service - Certificate of Service for "Plaintiff's Answers to Defendant Mingo Logan Coal, LLC's First Set of Interrogatories and Requests for Production of Documents to Plaintiff" | Certificate of Service for "Plaintiff's Answers to Defendant Mingo Logan Coal, LLC's First Set of Interrogatories and Requests for Production of Documents to Plaintiff" | 4/26/2023 | 3 |
| 71-2 | Transmittal | E-file | Certificate of Service - Certificate of Service for "Plaintiff's Answers to Defendant Mingo Logan Coal, LLC's First Set of Interrogatories and Requests for Production of Documents to Plaintiff" | | 4/26/2023 | 14 |
| 72-1 | Motion | E-file | Motion - Sever | Defendants Pocahontas Coal Company, LLC's and United Coal Company LLC's Motion to Sever | 5/3/2023 | 9 |
| 72-2 | Transmittal | E-file | Motion - Sever | | 5/3/2023 | 13 |
| 75-1 | Motion | E-file | Motion Disposed - Sever, Processed: No Action | Defendants Pocahontas Coal Company, LLC's and United Coal Company LLC's Motion to Sever | 5/3/2023 | 9 |
| 75-2 | Transmittal | E-file | Motion Disposed - Sever, Processed: No Action | | 5/3/2023 | 1 |

| Document Id | Document Type | Document Origin | Docket Entry Description | Document Description | Filing Date | Pages |
|---|---|---|---|---|---|---|
| 76-1 | Notice of Appearance | E-file | Notice of Appearance - Notice of Appearance as Additional Counsel of James A. Kirby III for GMS Mine Repair and Maintenance, Inc. | Notice of Appearance as Additional Counsel of James A. Kirby III for GMS Mine Repair and Maintenance, Inc. | 5/9/2023 | 2 |
| 76-2 | Transmittal | E-file | Notice of Appearance - Notice of Appearance as Additional Counsel of James A. Kirby III for GMS Mine Repair and Maintenance, Inc. | | 5/9/2023 | 13 |
| 78-1 | Supporting Document | E-file | Supporting Documents - MAIL RET'D FOR AFFINITY COAL CO., LLC "NOT DELIVERABLE AS ADDRESSED" CONTAINING CONSOL ENERGY, INC'S MOTION TO SEVER | MAIL RET'D FOR AFFINITY COAL CO., LLC "NOT DELIVERABLE AS ADDRESSED" CONTAINING CONSOL ENERGY, INC'S MOTION TO SEVER | 5/19/2023 | 12 |
| 78-2 | Transmittal | E-file | Supporting Documents - MAIL RET'D FOR AFFINITY COAL CO., LLC "NOT DELIVERABLE AS ADDRESSED" CONTAINING CONSOL ENERGY, INC'S MOTION TO SEVER | | 5/19/2023 | 6 |
| 79-1 | Motion Response | E-file | Motion Response - Response | PLAINTIFF'S RESPONSE TO CONSOL ENERGY, INC.'S MOTION TO SEVER | 5/28/2023 | 4 |
| 79-2 | Transmittal | E-file | Motion Response - Response | | 5/28/2023 | 13 |
| 80-1 | Motion | E-file | Motion - Sever | Defendants Alpha Natural Resources, Services LLC's and Contura Energy, Inc.'s Motion to Sever | 5/30/2023 | 9 |
| 80-2 | Transmittal | E-file | Motion - Sever | | 5/30/2023 | 12 |
| 93-1 | Motion | E-file | Motion - Sever | Blackhawk Mining, LLC's Motion to Sever | 5/31/2023 | 4 |
| 93-2 | Transmittal | E-file | Motion - Sever | | 5/31/2023 | 10 |
| 94-1 | Motion | E-file | Motion - Sever | Arch Resources, Inc. and Mingo Logan Coal, LLC's Motion to Sever | 6/1/2023 | 4 |
| 94-2 | Transmittal | E-file | Motion - Sever | | 6/1/2023 | 10 |
| 129-1 | Motion | E-file | Motion - Severance | Motion to Sever | 6/2/2023 | 3 |
| 129-2 | Transmittal | E-file | Motion - Severance | | 6/2/2023 | 11 |
| 130-1 | Order | E-file | Order - Motion - ORDER GRANTING GMS MINE REPAIR AND MAINTENANCE, INC.'S MOTION TO SEVER | ORDER GRANTING GMS MINE REPAIR AND MAINTENANCE, INC.'S MOTION TO SEVER | 6/5/2023 | 1 |
| 130-2 | Transmittal | E-file | Order - Motion - ORDER GRANTING GMS MINE REPAIR AND MAINTENANCE, INC.'S MOTION TO SEVER | | 6/5/2023 | 11 |
| 131-1 | Order | E-file | Order - Motion - ORDER GRANTING BLACKHAWK MINING, LLC'S MOTION TO SEVER | ORDER GRANTING BLACKHAWK MINING, LLC'S MOTION TO SEVER | 6/5/2023 | 1 |
| 131-2 | Transmittal | E-file | Order - Motion - ORDER GRANTING BLACKHAWK MINING, LLC'S MOTION TO SEVER | | 6/5/2023 | 11 |
| 132-1 | Order | E-file | Order - Motion - ORDER GRANTING DEFENDANTS ALPHA NATURAL RESOURCES SERVICES, LLC'S AND CONTURA ENERGY, LLC'S MOTION TO SEVER | ORDER GRANTING DEFENDANTS ALPHA NATURAL RESOURCES SERVICES, LLC'S AND CONTURA ENERGY, LLC'S MOTION TO SEVER | 6/5/2023 | 1 |
| 132-2 | Transmittal | E-file | Order - Motion - ORDER GRANTING DEFENDANTS ALPHA NATURAL RESOURCES SERVICES, LLC'S AND CONTURA ENERGY, LLC'S MOTION TO SEVER | | 6/5/2023 | 11 |

| Document Id | Document Type | Document Origin | Docket Entry Description | Document Description | Filing Date | Pages |
|---|---|---|---|---|---|---|
| 133-1 | Order | E-file | Order - Motion - ORDER GRANTING ARCH RESOURCES, INC. AND MINGO LOGAN COAL, LLC'S MOTION TO SEVER | ORDER GRANTING ARCH RESOURCES, INC. AND MINGO LOGAN COAL, LLC'S MOTION TO SEVER | 6/5/2023 | 1 |
| 133-2 | Transmittal | E-file | Order - Motion - ORDER GRANTING ARCH RESOURCES, INC. AND MINGO LOGAN COAL, LLC'S MOTION TO SEVER | | 6/5/2023 | 11 |
| 186-1 | Motion | E-file | Motion - Sever | Defendant Cleveland-Cliffs Princeton Coal, Inc.'s Motion to Sever | 6/8/2023 | 9 |
| 186-2 | Transmittal | E-file | Motion - Sever | | 6/8/2023 | 17 |
| 187-1 | Order | E-file | Order - Motion - ORDER GRANTING CONSOL ENERGY, INC'S MOTION TO SEVER | ORDER GRANTING CONSOL ENERGY, INC'S MOTION TO SEVER | 6/8/2023 | 1 |
| 187-2 | Transmittal | E-file | Order - Motion - ORDER GRANTING CONSOL ENERGY, INC'S MOTION TO SEVER | | 6/8/2023 | 17 |
| 188-1 | Order | E-file | Order - Motion - ORDER GRANTING CLEVELAND-CLIFFS PPRINCETON COAL INC.'S MOTION TO SEVER | ORDER GRANTING CLEVELAND-CLIFFS PPRINCETON COAL INC.'S MOTION TO SEVER | 6/8/2023 | 1 |
| 188-2 | Transmittal | E-file | Order - Motion - ORDER GRANTING CLEVELAND-CLIFFS PPRINCETON COAL INC.'S MOTION TO SEVER | | 6/8/2023 | 17 |
| 189-1 | Order | E-file | Order - Case - ORDER GRANTING POCAHONTAS COAL COMPANY, LLC AND UNITED COAL COMPANY LLC'S MOTION TO SEVER | ORDER GRANTING POCAHONTAS COAL COMPANY, LLC AND UNITED COAL COMPANY LLC'S MOTION TO SEVER | 6/14/2023 | 1 |
| 189-2 | Transmittal | E-file | Order - Case - ORDER GRANTING POCAHONTAS COAL COMPANY, LLC AND UNITED COAL COMPANY LLC'S MOTION TO SEVER | | 6/14/2023 | 17 |

# COVER SHEET

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF BOONE COUNTY WEST VIRGINIA

**Amanda Asbury v. Pocahontas Coal Company**

**First Plaintiff:** ☐ Business  ☑ Individual    **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other    ☐ Government  ☐ Other

**Judge:**     Stacy L. Nowicki-Eldridge

## COMPLAINT INFORMATION

**Case Type:** Civil     **Complaint Type:** Other

**Origin:**     ☑ Initial Filing   ☐ Appeal from Municipal Court   ☐ Appeal from Magistrate Court

**Jury Trial Requested:** ☑ Yes ☐ No     **Case will be ready for trial by:** 11/30/2022

**Mediation Requested:** ☐ Yes ☑ No

**Substantial Hardship Requested:** ☐ Yes ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

  ☐ Wheelchair accessible hearing room and other facilities

  ☐ Interpreter or other auxiliary aid for the hearing impaired

  ☐ Reader or other auxiliary aid for the visually impaired

  ☐ Spokesperson or other auxiliary aid for the speech impaired

  ☐ Other: _____

☐ I am proceeding without an attorney

☑ I have an attorney:   John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

## SERVED PARTIES (only first 10 parties are listed)

**Name:**     Pocahontas Coal Company

**Address:**     Business Filings Incorporated 5098 Washington St., W, Suite 407, Charleston WV 25313

**Days to Answer:** 30          **Type of Service:** Filer - Secretary of State

---

**Name:**     Affinity Coal Company, LLC

**Address:**     CT Corporation System 1627 Quarrier Street, Charleston WV 25311

**Days to Answer:** 30          **Type of Service:** Filer - Secretary of State

---

**Name:**     United Coal Company LLC

**Address:**     Business Filings Incorporated 5098 Washington St., W, Suite 407, Charleston WV 25313

**Days to Answer:** 30          **Type of Service:** Filer - Secretary of State

---

**Name:**     Blackhawk Mining, LLC

**Address:**     CT Corporation System 5098 Washington St., W, Suite 407, Charleston WV 25313

**Days to Answer:** 30          **Type of Service:** Filer - Secretary of State

---

**Name:**     Arch Resources, Inc.

**Address:**     CT Corporation System 5098 Washington St., W, Suite 407, Charleston WV 25313

**Days to Answer:** 30          **Type of Service:** Filer - Secretary of State

---

**Name:**     Mingo Logan Coal LLC

**Address:**     CT Corporation System 5098 Washington St., W, Suite 407, Charleston WV 25313

**Days to Answer:** 30          **Type of Service:** Filer - Secretary of State

---

**Name:**     Cleveland-Cliffs Princeton Coal Inc.

**Address:**     CT Corporation System 5098 Washington St., W, Suite 407, Charleston WV 25313

**Days to Answer:** 30          **Type of Service:** Filer - Secretary of State

---

**Name:**     GMS Mine Repair and Maintenance, Inc.

**Address:**     Ronald W. Petrella P.O. Box 2446, 32 Enterprise Dr., Mountain Lake Park MD 21550

**Days to Answer:** 30          **Type of Service:** Filer - Secretary of State

---

**Name:**     David Stanley Consultants, LLC

**Address:**     James W. Hayhurst 100 Village Drive, Suite 200, Fairmont WV 26554

**Days to Answer:** 30          **Type of Service:** Filer - Secretary of State

---

**Name:**     Contura Energy, Inc.

**Address:**     Corporation Service Company 251 Little Falls Drive, Wilmington DE 19808

**Days to Answer:** 30          **Type of Service:** Filer - Secretary of State

E-FILED | 10/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA


AMANDA ASBURY,

               Plaintiff,


v.                                    CIVIL ACTION NO.:

POCAHONTAS COAL COMPANY LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

               Defendants.

**COMPLAINT**

---

      1.     The plaintiff, Amanda Asbury, brings this action against the defendants for their

discriminatory actions against the plaintiff.

## PARTIES

2.      The plaintiff, Amanda Asbury, is a woman and was at all times relevant herein, a resident of Wyoming County, West Virginia.

3.      The defendant Pocahontas Coal Company LLC is a West Virginia limited liability company d/b/a Affinity Coal Company, LLC, and at all times relevant herein was doing business in West Virginia.

4.      The defendant United Coal Company LLC is a Virginia limited liability company, and at all times relevant herein was doing business in West Virginia.

5.      The defendant Blackhawk Mining, LLC is a Kentucky limited liability company and at all times relevant herein was doing business in Boone County, West Virginia.

6.      The defendant Arch Resources, Inc. is a Delaware corporation and at all times relevant herein was doing business in West Virginia.

7.      The defendant Mingo Logan Coal LLC, is a Delaware limited liability company and at all times relevant herein was doing business in West Virginia.

8.      The defendant Cleveland-Cliffs Princeton Coal Inc. is a West Virginia corporation and at all times relevant herein was doing business in West Virginia.

9.      The defendant GMS Mine Repair and Maintenance, Inc. is a Maryland corporation and at all times relevant herein was doing business in West Virginia.

10.     The defendant David Stanley Consultants, LLC is a West Virginia limited liability company and at all times relevant herein, upon information and belief, was doing business in Boone County, West Virginia.

2

11.     The defendant Contura Energy, Inc. is a Delaware corporation and at all times relevant herein was doing business in Boone County, West Virginia.

12.     The defendant Alpha Natural Resources Services, LLC is a Delaware limited liability company and at all times relevant herein was doing business in Boone County, West Virginia.

13.     The defendant Consol Energy Inc. is a Delaware corporation and at all times relevant herein was doing business in West Virginia.

14.     The defendant Stanhurst, LLC is a West Virginia limited liability company and at all times relevant herein, upon information and belief, was doing business in Boone County, West Virginia.

## **FACTS**

15.     The plaintiff, Amanda Asbury, was employed at mine owned by Pinnacle Mining Company, LLC mine for approximately 12 years.

16.     During her prior employment at Pinnacle Mining, the plaintiff, Amanda Asbury, consistently performed her duties in a satisfactory manner and met the reasonable expectations of her employer.

17.     During her prior employment with Pinnacle Mining, the plaintiff was never disciplined in any way for misconduct or poor work performance.

18.     On or about December 18, 2018, the plaintiff was discharged from her employment with Pinnacle Mining when the Pinnacle Mine shut down.

19.    The plaintiff has worked as a Scoop Operator, Shuttle Car Operator, Move Crew, Greaser – Underground, Diesel Mechanic – Underground, Outby Utility, Loadout Operator, Tipple Attendant, Floor Walker, Electrician, Beltman, General Inside Laborer, Tracking and Communications Electrician, and Long Wall Mechanic for various mines in her career.

20.    Plaintiff can proficiently run every piece of equipment on a section.

21.    The plaintiff has certifications as an electrician, underground coal miner, EMT-M, Mine Rescuer, Underground Instructor, and Electrical Instructor.

22.    The plaintiff applied for positions of employment with each of the defendants from 2020 to the present.

23.    Each of the defendants refused to hire the plaintiff for the job openings for which she applied.

24.    The plaintiff was qualified to fill each job opening for which she applied.

25.    Upon information and belief, the defendants hired a male for each job opening for which the plaintiff applied.

26.    The plaintiff applied for the following positions with Affinity Coal Company, LLC and United Coal Company LLC and was not hired: underground electrician and plant electrician.

27.    The plaintiff applied for the following positions with Blackhawk Mining, LLC and was not hired: inside laborer, scoop operator, floor walker, loadout operator, utility, welder, technician, move crew, UG greaser, and electrician.

28.    The plaintiff applied for the following positions with Arch Coal (Arch Resources, Inc.) and was not hired: underground miner, underground electrician, and roof bolt operator.

29.    The plaintiff applied for the following positions with Mountain Laurel/Mingo Logan (Mingo Logan Coal LLC) and was not hired: underground electrician, certified electrician.

30.    The plaintiff applied for the following positions with Cleveland-Cliffs Princeton Coal Inc. (XMV Mine) and was not hired: electrician underground and plant electrician.

31.    The plaintiff applied for the following positions with GMS Mine Repair and Maintenance. Inc. and was not hired: general laborer, scoop operator, diesel operator, underground positions, underground coal miner, and electrician.

32.    The plaintiff applied for the following positions with David Stanley Consultants, LLC and was not hired: general laborer, scoop operator, diesel operator, underground positions, and electrician.

33.    The plaintiff applied for the following positions with Stanhurst, LLC and was not hired: surface positions.

34.    The plaintiff applied for the following positions with Consol Energy Inc. and was not hired: certified underground electrician, electrician, underground coal miner, and tracking & communications technician.

35.    The plaintiff applied for a position at the Metinvest mine for Affinity Coal Division (Affinity Coal Company, LLC and United Coal Company LLC) in person on or about June 1, 2021.

36.     The plaintiff interviewed for the position at the Metinvest mine for Affinity Coal Division (Affinity Coal Company, LLC and United Coal Company LLC) in or around August 2021 and was not hired.

37.     The plaintiff applied with Alpha (Contura Energy, Inc. and Alpha Natural Resource Services, LLC) at Road Fork 52 in person and was not hired.

38.     The plaintiff had an interview for a plant electrician position at the Affinity mine (for Affinity Coal Company, LLC and United Coal Company LLC)  and was told she would likely be hired by the Human Resources representative.

39.     Later, the plaintiff was told by multiple male employees of Affinity (on behalf of (Affinity Coal Company, LLC and United Coal Company LLC) that she would not be hired at Affinity because the mine did not have a female bath house.

40.     The plaintiff applied for positions from the defendants in person, at job fairs, online, through ZipRecruiter, Indeed, Facebook, and Consol Energy, Inc. and Blackhawk Mining, LLC's own websites.

41.     GMS Mine Repair & Maintenance, Inc. posted on Facebook in February 2022 that it had several openings for hire including Dispatcher, All Face Equipment Operators, General Labor, Move Crew, Electrician, Red Hat, and Rock Truck.

42.     David Stanley Consultants, LLC posted on its Facebook page various job openings in January 2022.

43.     Cleveland-Cliffs Princeton Coal Inc. hosted a job fair in April 2022.

44.     The plaintiff had two interviews from that job fair and was not hired for either.

6

**FIRST CAUSE OF ACTION**

45.     Defendants' failure to hire the plaintiff was based upon, in whole or in part, the plaintiff's gender, in violation of the West Virginia Human Rights Act, West Virginia Code §5-11-9.

46.     As a direct and proximate result of the defendants' aforesaid actions, the plaintiff has suffered, and will continue to suffer, lost wages and benefits in an amount to be proven at trial.

47.     As a direct and proximate result of the defendants' aforesaid actions, the plaintiff is entitled to damages for indignity, embarrassment, humiliation, annoyance and inconvenience in an amount to be determined by the jury.

48.     Defendants' actions were willful, wanton, malicious and/or undertaken with reckless disregard and/or reckless indifference to the rights of the plaintiff entitling the plaintiff to punitive damages in an amount to be determined by the jury.

49.     The actions of defendants entitle the plaintiff to an award of attorney fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiff prays for the following relief:

1.     Damages set forth in this Complaint, including lost wages and benefits, back pay, front pay, damages for indignity, embarrassment, humiliation, annoyance and inconvenience, and punitive damages in an amount to be determined by the jury;

2.     Prejudgment interest as provided by law;

3.     Attorney fees and costs; and

4.     Such further relief as this court may deem just and equitable.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES TRIABLE TO A JURY.

AMANDA ASBURY
By Counsel

/s/ John-Mark Atkinson
Mark A. Atkinson (WVSB #184)
John-Mark Atkinson (WVSB #12014)
ATKINSON & POLAK, PLLC
P.O. Box 549
Charleston, WV 25322-0549
(304) 346-5100

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   John-Mark Atkinson
         johnmark@amplaw.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following complaint was FILED on 11/30/2022 1:16:21 PM

Notice Date:     11/30/2022 1:16:21 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Pocahontas Coal Company
Business Filings Incorporated
5098 Washington St., W, Suite 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following complaint was FILED on 11/30/2022 1:16:21 PM

Notice Date:     11/30/2022 1:16:21 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Affinity Coal Company, LLC
CT Corporation System
1627 Quarrier Street
Charleston, WV 25311

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following complaint was FILED on 11/30/2022 1:16:21 PM

Notice Date:    11/30/2022 1:16:21 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** United Coal Company LLC
Business Filings Incorporated
5098 Washington St., W, Suite 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following complaint was FILED on 11/30/2022 1:16:21 PM

Notice Date:    11/30/2022 1:16:21 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Blackhawk Mining, LLC
CT Corporation System
5098 Washington St., W, Suite 407
Charleston, WV 25313

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following complaint was FILED on 11/30/2022 1:16:21 PM

Notice Date:    11/30/2022 1:16:21 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Arch Resources, Inc.
CT Corporation System
5098 Washington St., W, Suite 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following complaint was FILED on 11/30/2022 1:16:21 PM

Notice Date:     11/30/2022 1:16:21 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Mingo Logan Coal LLC
CT Corporation System
5098 Washington St., W, Suite 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following complaint was FILED on 11/30/2022 1:16:21 PM

Notice Date:      11/30/2022 1:16:21 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Cleveland-Cliffs Princeton Coal Inc.
CT Corporation System
5098 Washington St., W, Suite 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following complaint was FILED on 11/30/2022 1:16:21 PM

Notice Date:      11/30/2022 1:16:21 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** GMS Mine Repair and Maintenance, Inc.
Ronald W. Petrella
P.O. Box 2446, 32 Enterprise Dr.
Mountain Lake Park, MD 21550

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following complaint was FILED on 11/30/2022 1:16:21 PM

Notice Date:     11/30/2022 1:16:21 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   David Stanley Consultants, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following complaint was FILED on 11/30/2022 1:16:21 PM

Notice Date:     11/30/2022 1:16:21 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Contura Energy, Inc.
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following complaint was FILED on 11/30/2022 1:16:21 PM

Notice Date:     11/30/2022 1:16:21 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Alpha Natural Resources Services, LLC
Corporation Service Company
209 West Washington STreet
Charleston, WV 25302

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following complaint was FILED on 11/30/2022 1:16:21 PM

Notice Date:     11/30/2022 1:16:21 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Consol Energy Inc.
CT Corporation System
5098 Washington St. W, Suite 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following complaint was FILED on 11/30/2022 1:16:21 PM

Notice Date:    11/30/2022 1:16:21 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Stanhurst, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following complaint was FILED on 11/30/2022 1:16:21 PM

Notice Date:    11/30/2022 1:16:21 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

# SUMMONS

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:    Filer - Secretary of State

NOTICE TO:    Pocahontas Coal Company, Business Filings Incorporated, 5098 Washington St., W, Suite 407, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

# SUMMONS

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:    Filer - Secretary of State

NOTICE TO:    Affinity Coal Company, LLC, CT Corporation System, 1627 Quarrier Street, Charleston, WV 25311

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

# SUMMONS

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:    Filer - Secretary of State

NOTICE TO:    United Coal Company LLC, Business Filings Incorporated, 5098 Washington St., W, Suite 407, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| | |
|---|---|
| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____, a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| | |
|---|---|
| _____ | _____ |
| Date | Server's Signature |

# SUMMONS

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:    Filer - Secretary of State

NOTICE TO:    Blackhawk Mining, LLC, CT Corporation System, 5098 Washington St., W, Suite 407, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

# SUMMONS

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
## Amanda Asbury v. Pocahontas Coal Company

Service Type:    Filer - Secretary of State

NOTICE TO:   Arch Resources, Inc., CT Corporation System, 5098 Washington St., W, Suite 407, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

**SUMMONS**

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:    Filer - Secretary of State

NOTICE TO:    Mingo Logan Coal LLC, CT Corporation System, 5098 Washington St., W, Suite 407, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to

_____ , a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

**SUMMONS**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
**Amanda Asbury v. Pocahontas Coal Company**

Service Type:   Filer - Secretary of State

NOTICE TO:   Cleveland-Cliffs Princeton Coal Inc., CT Corporation System, 5098 Washington St., W, Suite 407, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____, a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

# SUMMONS

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
**Amanda Asbury v. Pocahontas Coal Company**

Service Type:     Filer - Secretary of State

NOTICE TO:     GMS Mine Repair and Maintenance, Inc., Ronald W. Petrella, P.O. Box 2446, 32 Enterprise Dr., Mountain Lake Park, MD 21550

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to

_____ , a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

# SUMMONS

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:   Filer - Secretary of State

NOTICE TO:   David Stanley Consultants, LLC, James W. Hayhurst, 100 Village Drive, Suite 200, Fairmont, WV 26554

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

**SUMMONS**

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:    Filer - Secretary of State

NOTICE TO:    Contura Energy, Inc., Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

**SUMMONS**

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
**Amanda Asbury v. Pocahontas Coal Company**

Service Type:     Filer - Secretary of State

NOTICE TO:     Alpha Natural Resources Services, LLC, Corporation Service Company, 209 West Washington STreet, Charleston, WV 25302

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

# SUMMONS

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:     Filer - Secretary of State

NOTICE TO:   Consol Energy Inc., CT Corporation System, 5098 Washington St. W, Suite 407, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____, a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

# SUMMONS

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:      Filer - Secretary of State

NOTICE TO:     Stanhurst, LLC, James W. Hayhurst, 100 Village Drive, Suite 200, Fairmont, WV 26554

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to

_____ , a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

E-FILED | 9/6/2022 9:18 AM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

AMANDA ASBURY,

       Plaintiff,

v.                                        CIVIL ACTION NO.:  22-C-89

POCAHONTAS COAL COMPANY LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

       Defendants.

**NOTICE OF CHANGE OF ATTORNEY INFORMATION**

---

1

We, John-Mark Atkinson and Mark A. Atkinson, hereby provide this Notice of Change of Attorney Information and request the Circuit Clerk's Office and opposing counsel to please update the firm information in the above-entitled action as follows:

New Firm Name:          Atkinson & Frampton, PLLC

New Mailing Address:    2306 Kanawha Blvd. E.
                        Charleston, WV 25311

The following information will remain the same:

Telephone Number:       304-346-5100

Fax Number:             304-346-4678

Email Address:          johnmark@amplaw.com (John-Mark Atkinson)
                        emboles@amplaw.com (Mark A. Atkinson)


                        AMANDA ASBURY
                        By Counsel

                        */s/ John-Mark Atkinson*
                        Mark A. Atkinson (WVSB #184)
                        John-Mark Atkinson (WVSB #12014)
                        ATKINSON & FRAMPTON, PLLC
                        2306 Kanawha Blvd. E.
                        Charleston, WV  25311
                        (304) 346-5100
                        emboles@amplaw.com
                        johnmark@amplaw.com

2



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  John-Mark Atkinson
johnmark@amplaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company

CC-03-2022-C-89

The following supporting documents was FILED on 12/6/2022 9:18:13 AM

Notice Date:     12/6/2022 9:18:13 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Pocahontas Coal Company
Business Filings Incorporated
5098 Washington St., W, Suite 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 12/6/2022 9:18:13 AM

Notice Date:    12/6/2022 9:18:13 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Affinity Coal Company, LLC
CT Corporation System
1627 Quarrier Street
Charleston, WV 25311

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 12/6/2022 9:18:13 AM

Notice Date:    12/6/2022 9:18:13 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  United Coal Company LLC
Business Filings Incorporated
5098 Washington St., W, Suite 407
Charleston, WV 25313

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 12/6/2022 9:18:13 AM

Notice Date:     12/6/2022 9:18:13 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Blackhawk Mining, LLC
CT Corporation System
5098 Washington St., W, Suite 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 12/6/2022 9:18:13 AM

Notice Date:     12/6/2022 9:18:13 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Arch Resources, Inc.
CT Corporation System
5098 Washington St., W, Suite 407
Charleston, WV 25313

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 12/6/2022 9:18:13 AM

Notice Date:     12/6/2022 9:18:13 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Mingo Logan Coal LLC
CT Corporation System
5098 Washington St., W, Suite 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 12/6/2022 9:18:13 AM

Notice Date:    12/6/2022 9:18:13 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Cleveland-Cliffs Princeton Coal Inc.
CT Corporation System
5098 Washington St., W, Suite 407
Charleston, WV 25313

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 12/6/2022 9:18:13 AM

Notice Date:    12/6/2022 9:18:13 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** GMS Mine Repair and Maintenance, Inc.
Ronald W. Petrella
P.O. Box 2446, 32 Enterprise Dr.
Mountain Lake Park, MD 21550

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 12/6/2022 9:18:13 AM

Notice Date:     12/6/2022 9:18:13 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  David Stanley Consultants, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 12/6/2022 9:18:13 AM

Notice Date:    12/6/2022 9:18:13 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Contura Energy, Inc.
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 12/6/2022 9:18:13 AM

Notice Date:     12/6/2022 9:18:13 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Alpha Natural Resources Services, LLC
Corporation Service Company
209 West Washington STreet
Charleston, WV 25302

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 12/6/2022 9:18:13 AM

Notice Date:    12/6/2022 9:18:13 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Consol Energy Inc.
CT Corporation System
5098 Washington St. W, Suite 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 12/6/2022 9:18:13 AM

Notice Date:    12/6/2022 9:18:13 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Stanhurst, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 12/6/2022 9:18:13 AM

Notice Date:     12/6/2022 9:18:13 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

FILED 12/12/2022 1:27 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

**Mac Warner**
Secretary of State
State of West Virginia
Phone:  304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BOONE COUNTY
200 STATE STREET
SUITE 202
Madison, WV 25130-1189

| | |
|---|---|
| **Control Number:** 300133 | **Agent:** BUSINESS FILINGS INCORPORATED |
| **Defendant:** POCAHONTAS COAL COMPANY LLC<br>5098 WEST WASHINGTON STREET<br>SUITE 407<br>CHARLESTON, WV 25313 US | **County:** Boone |
| | **Civil Action:** 22-C-89 |
| | **Certified Number:** 92148901125134100003644419 |
| | **Service Date:** 12/5/2022 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process  in your name and on your behalf as your attorney-in-fact.  Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:    Filer - Secretary of State

NOTICE TO:    Pocahontas Coal Company, Business Filings Incorporated, 5098 Washington St., W, Suite 407, Charleston, WV 25313
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

11/30/2022 1:16:21 PM

Date

/s/ Sam R. Burns

Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

_____          _____
Date                                      Server's Signature



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  John-Mark Atkinson
johnmark@amplaw.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following service return was FILED on 12/12/2022 1:27:22 PM

Notice Date:     12/12/2022 1:27:22 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



FILED 12/12/2022 1:29 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BOONE COUNTY
200 STATE STREET
SUITE 202
Madison, WV 25130-1189

| | |
|---|---|
| **Control Number:** 300132 | **Agent:** BUSINESS FILINGS INCORPORATED |
| **Defendant:** AFFINITY COAL COMPANY, LLC NOW POCAHONTAS COAL COMPANY LLC 5098 WEST WASHINGTON STREET SUITE 407 CHARLESTON, WV 25313 US | **County:** Boone |
| | **Civil Action:** 22-C-89 |
| | **Certified Number:** 92148901125134100003644402 |
| | **Service Date:** 12/5/2022 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process  in your name and on your behalf as your attorney-in-fact.  Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
## Amanda Asbury v. Pocahontas Coal Company

Service Type:    Filer - Secretary of State

NOTICE TO:    Affinity Coal Company, LLC, CT Corporation System, 1627 Quarrier Street, Charleston, WV 25311

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____, a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** John-Mark Atkinson
johnmark@amplaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following service return was FILED on 12/12/2022 1:29:27 PM

Notice Date:      12/12/2022 1:29:27 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

FILED 12/12/2022 1:59 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BOONE COUNTY
200 STATE STREET
SUITE 202
Madison, WV 25130-1189

| | | |
|---|---|---|
| **Control Number:** 300131 | **Agent:** | BUSINESS FILINGS INCORPORATED |
| **Defendant:** UNITED COAL COMPANY LLC | **County:** | Boone |
| 5098 WEST WASHINGTON STREET | **Civil Action:** | 22-C-89 |
| SUITE 407 | **Certified Number:** | 92148901125134100003644396 |
| CHARLESTON, WV 25313 US | **Service Date:** | 12/5/2022 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:     Filer - Secretary of State

NOTICE TO:     United Coal Company LLC, Business Filings Incorporated, 5098 Washington St., W, Suite 407, Charleston, WV 25313
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to

_____, a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   John-Mark Atkinson
johnmark@amplaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following service return was FILED on 12/12/2022 1:39:49 PM

Notice Date:      12/12/2022 1:39:49 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

FILED 12/12/2022 1:41 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BOONE COUNTY
200 STATE STREET
SUITE 202
Madison, WV 25130-1189

| | |
|---|---|
| **Control Number:** 300130 | **Agent:** C. T. Corporation System |
| **Defendant:** BLACKHAWK MINING, LLC | **County:** Boone |
| 5098 WEST WASHINGTON STREET | **Civil Action:** 22-C-89 |
| SUITE 407 | **Certified Number:** 92148901125134100003644389 |
| CHARLESTON, WV 25313 US | **Service Date:** 12/5/2022 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted
service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process  in your name and on your behalf as your attorney-in-fact.  Please address any questions about this document
directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:   Filer - Secretary of State

NOTICE TO:   Blackhawk Mining, LLC, CT Corporation System, 5098 Washington St., W, Suite 407, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

__11/30/2022 1:16:21 PM__         __/s/ Sam R. Burns__
Date                                    Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____, a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

_____         _____
Date                                    Server's Signature



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   John-Mark Atkinson
         johnmark@amplaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following service return was FILED on 12/12/2022 1:41:54 PM

Notice Date:      12/12/2022 1:41:54 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



FILED 12/12/2022 1:43 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BOONE COUNTY
200 STATE STREET
SUITE 202
Madison, WV 25130-1189

| | |
|---|---|
| **Control Number:** 300129 | **Agent:** C. T. Corporation System |
| **Defendant:** ARCH RESOURCES, INC. | **County:** Boone |
| 5098 WEST WASHINGTON STREET | **Civil Action:** 22-C-89 |
| SUITE 407 | **Certified Number:** 92148901125134100003644372 |
| CHARLESTON, WV 25313 US | **Service Date:** 12/5/2022 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

**SUMMONS**

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:    Filer – Secretary of State

NOTICE TO:  Arch Resources, Inc., CT Corporation System, 5098 Washington St., W, Suite 407, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

11/30/2022 1:16:21 PM               /s/ Sam R. Burns
_____          _____
Date                                        Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____, a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

_____          _____
Date                                        Server's Signature



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  John-Mark Atkinson
johnmark@amplaw.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 12/12/2022 1:43:03 PM

Notice Date:     12/12/2022 1:43:03 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

FILED 12/12/2022 1:44 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BOONE COUNTY
200 STATE STREET
SUITE 202
Madison, WV 25130-1189

**Control Number:** 300128

**Defendant:** MINGO LOGAN COAL LLC
5098 WEST WASHINGTON STREET
SUITE 407
CHARLESTON, WV 25313 US

**Agent:** C. T. Corporation System

**County:** Boone

**Civil Action:** 22-C-89

**Certified Number:** 92148901125134100003644365

**Service Date:** 12/5/2022

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:    Filer - Secretary of State

NOTICE TO:    Mingo Logan Coal LLC, CT Corporation System, 5098 Washington St., W, Suite 407, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to

_____ , a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   John-Mark Atkinson
johnmark@amplaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following service return was FILED on 12/12/2022 1:44:13 PM

Notice Date:      12/12/2022 1:44:13 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

FILED 12/12/2022 1:47 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BOONE COUNTY
200 STATE STREET
SUITE 202
Madison, WV 25130-1189

| | |
|---|---|
| **Control Number:** 300127 | **Agent:** C. T. Corporation System |
| **Defendant:** CLEVELAND-CLIFFS PRINCETON COAL INC. 5098 WEST WASHINGTON STREET SUITE 407 CHARLESTON, WV 25313 US | **County:** Boone |
| | **Civil Action:** 22-C-89 |
| | **Certified Number:** 92148901125134100003644358 |
| | **Service Date:** 12/5/2022 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:    Filer - Secretary of State

NOTICE TO:    Cleveland-Cliffs Princeton Coal Inc., CT Corporation System, 5098 Washington St., W, Suite 407, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| | |
|---|---|
| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to

_____, a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| | |
|---|---|
| _____ | _____ |
| Date | Server's Signature |

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  John-Mark Atkinson
johnmark@amplaw.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following service return was FILED on 12/12/2022 1:47:01 PM

Notice Date:     12/12/2022 1:47:01 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

FILED 12/12/2022 1:48 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

**Mac Warner**
Secretary of State
State of West Virginia
Phone:  304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BOONE COUNTY
200 STATE STREET
SUITE 202
Madison, WV 25130-1189

| | | | |
|---|---|---|---|
| **Control Number:** | 300126 | **Agent:** | RONALD W. PETRELLA |
| **Defendant:** | GMS MINE REPAIR AND MAINTENANCE, INC. PO BOX 2446 32 ENTERPRISE DR. MOUNTAIN LAKE PARK, MD 21550 US | **County:** | Boone |
| | | **Civil Action:** | 22-C-89 |
| | | **Certified Number:** | 92148901125134100003644341 |
| | | **Service Date:** | 12/5/2022 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process  in the name and on behalf of your corporation as your attorney-in-fact.  Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

**SUMMONS**

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:    Filer - Secretary of State

NOTICE TO:    GMS Mine Repair and Maintenance, Inc., Ronald W. Petrella, P.O. Box 2446, 32 Enterprise Dr., Mountain Lake Park, MD 21550

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  John-Mark Atkinson
johnmark@amplaw.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following service return was FILED on 12/12/2022 1:48:39 PM

Notice Date:      12/12/2022 1:48:39 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

FILED 12/12/2022 1:50 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

Office of the Secretary of State
Building 1.Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
Phone:  304-558-6000
            886-767-8683
Visit us online:
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BOONE COUNTY
200 STATE STREET
SUITE 202
Madison, WV 25130-1189

**Control Number:** 300125

**Defendant:** DAVID STANLEY CONSULTANTS, LLC
100 VILLAGE DR. STE. 200
FAIRMONT, WV 26554 US

**Agent:** JAMES W. HAYHURST

**County:** Boone

**Civil Action:** 22-C-89

**Certified Number:** 92148901125134100003644334

**Service Date:** 12/5/2022

I am enclosing:

   **1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process  in your name and on your behalf as your attorney-in-fact.  Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:   Filer - Secretary of State

NOTICE TO:   David Stanley Consultants, LLC, James W. Hayhurst, 100 Village Drive, Suite 200, Fairmont, WV 26554

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  John-Mark Atkinson
johnmark@amplaw.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following service return was FILED on 12/12/2022 1:50:47 PM

Notice Date:      12/12/2022 1:50:47 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

FILED 12/12/2022 1:52 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BOONE COUNTY
200 STATE STREET
SUITE 202
Madison, WV 25130-1189

| | | | |
|---|---|---|---|
| **Control Number:** 300124 | | **Agent:** | CORPORATION SERVICE COMPANY |
| **Defendant:** | CONTURA ENERGY, INC. | **County:** | Boone |
| | 251 LITTLE FALLS DRIVE | **Civil Action:** | 22-C-89 |
| | WILMINGTON, DE 19808 US | **Certified Number:** | 92148901125134100003644327 |
| | | **Service Date:** | 12/5/2022 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your unauthorized foreign corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process  in the name and on behalf of your unauthorized foreign corporation as your attorney-in-fact.  Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:    Filer - Secretary of State

NOTICE TO:    Contura Energy, Inc., Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____, a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

SECRETARY OF STATE
STATE OF WEST VIRGINIA
2022 DEC -5 P 3: 04
ACCEPTED FOR
SERVICE OF PROCESS



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  John-Mark Atkinson
johnmark@amplaw.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company

CC-03-2022-C-89

The following service return was FILED on 12/12/2022 1:52:26 PM

Notice Date:     12/12/2022 1:52:26 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

FILED 12/12/2022 1:59 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BOONE COUNTY
200 STATE STREET
SUITE 202
Madison, WV 25130-1189

| | |
|---|---|
| **Control Number:** 300123 | **Agent:** Corporation Service Company |
| **Defendant:** ALPHA NATURAL RESOURCES SERVICES, LLC<br>209 West Washington Street<br>Charleston, WV 25302 US | **County:** Boone |
| | **Civil Action:** 22-C-89 |
| | **Certified Number:** 92148901125134100003644310 |
| | **Service Date:** 12/5/2022 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:    Filer - Secretary of State

NOTICE TO:    Alpha Natural Resources Services, LLC, Corporation Service Company, 209 West Washington STreet, Charleston, WV 25302
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR
RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR
DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR
HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT
BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

_11/30/2022 1:16:21 PM_           _/s/ Sam R. Burns_
Date                              Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on  _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to  _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to
_____ , a member of the individual's family who is above the age of sixteen (16) years and by
advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

_____          _____
Date                              Server's Signature



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  John-Mark Atkinson
johnmark@amplaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following service return was FILED on 12/12/2022 1:59:07 PM

Notice Date:    12/12/2022 1:59:07 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

FILED 12/12/2022 2:00 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BOONE COUNTY
200 STATE STREET
SUITE 202
Madison, WV 25130-1189

| | | | |
|---|---|---|---|
| **Control Number:** 300122 | | **Agent:** C. T. Corporation System |
| **Defendant:** CONSOL ENERGY INC. | | **County:** Boone |
| 5098 WEST WASHINGTON STREET | | **Civil Action:** 22-C-89 |
| SUITE 407 | | **Certified Number:** 92148901125134100003644303 |
| CHARLESTON, WV 25313 US | | **Service Date:** 12/5/2022 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

**SUMMONS**

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:   Filer - Secretary of State

NOTICE TO:   Consol Energy Inc., CT Corporation System, 5098 Washington St. W, Suite 407, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to

_____ , a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| Date | Server's Signature |
|---|---|

ACCEPTED FOR SERVICE OF PROCESS
SECRETARY OF STATE STATE OF WEST VIRGINIA
2022 DEC -5 P 3: 05



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  John-Mark Atkinson
johnmark@amplaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following service return was FILED on 12/12/2022 2:00:20 PM

Notice Date:    12/12/2022 2:00:20 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

# COVER SHEET

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF BOONE COUNTY WEST VIRGINIA

**Amanda Asbury v. Pocahontas Coal Company**

**First Plaintiff:**  ☐ Business  ☑ Individual  **First Defendant:**  ☑ Business  ☐ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

**Judge:**  Stacy L. Nowicki-Eldridge

## COMPLAINT INFORMATION

**Case Type:**  Civil  **Complaint Type:**  Other

**Origin:**  ☑ Initial Filing  ☐ Appeal from Municipal Court  ☐ Appeal from Magistrate Court

**Jury Trial Requested:**  ☐ Yes  ☑ No  **Case will be ready for trial by:** _____

**Mediation Requested:**  ☐ Yes  ☑ No

**Substantial Hardship Requested:**  ☐ Yes  ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

☐ Wheelchair accessible hearing room and other facilities

☐ Interpreter or other auxiliary aid for the hearing impaired

☐ Reader or other auxiliary aid for the visually impaired

☐ Spokesperson or other auxiliary aid for the speech impaired

☐ Other: _____

☐ I am proceeding without an attorney

☑ I have an attorney:  Michael Moore, 400 White Oaks Blvd, Bridgeport, WV 26330

## SERVED PARTIES

E-FILED | 12/22/2022 10:30 AM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

AMANDA ASBURY

        Plaintiff,

v.                                        Civil Action No. 22-C-89

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware corporation;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

        Defendants.

### NOTICE OF BONA FIDE DEFENSE OF
### DEFENDANTS ARCH RESOURCES, INC. AND MINGO LOGAN COAL LLC

        Please take notice that Arch Resources, Inc. and Mingo Logan Coal LLC, defendants in the above-referenced case, have a bona fide defense to the claims asserted against them by plaintiffs and will answer or otherwise respond to the Complaint in accordance with the provisions of West Virginia Rule of Civil Procedure 12(a).

Dated this 22nd day of December, 2022.


/s/D. David Morrison
C. David Morrison (WV ID #2643)

STEPTOE & JOHNSON PLLC          400 White Oaks Blvd.
      Of Counsel                   Bridgeport, WV  26330
                                                      (304) 933-8000

                                                     Counsel for Defendants

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

AMANDA ASBURY

       Plaintiff,

v.                                                                                          Civil Action No. 22-C-89

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware corporation;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

       Defendants.

## **CERTIFICATE OF SERVICE**

       I hereby certify that on the 22nd day of December, 2022, I served the foregoing "Notice of Bona Fide Defense" upon the following counsel of record, by depositing a true copy thereof, in the United States mail, postage prepaid, in an envelope addressed as follows:

1584992                                                3

Mark A. Atkinson
John-Mark Atkinson
ATKINSON & POLAK, PLLC
P.O. Box 549
Charleston, WV 25322-0549


*/s/C. David Morrison*
C. David Morrison



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Michael Moore
michael.moore@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following answer was FILED on 12/22/2022 10:50:41 AM

Notice Date:    12/22/2022 10:50:41 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Pocahontas Coal Company
Business Filings Incorporated
5098 Washington St., W, Suite 407
Charleston, WV 25313

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following answer was FILED on 12/22/2022 10:50:41 AM

Notice Date:      12/22/2022 10:50:41 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Affinity Coal Company, LLC
CT Corporation System
1627 Quarrier Street
Charleston, WV 25311

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following answer was FILED on 12/22/2022 10:50:41 AM

Notice Date:      12/22/2022 10:50:41 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** United Coal Company LLC
Business Filings Incorporated
5098 Washington St., W, Suite 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following answer was FILED on 12/22/2022 10:50:41 AM

Notice Date:    12/22/2022 10:50:41 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Blackhawk Mining, LLC
CT Corporation System
5098 Washington St., W, Suite 407
Charleston, WV 25313

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following answer was FILED on 12/22/2022 10:50:41 AM

Notice Date:    12/22/2022 10:50:41 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Cleveland-Cliffs Princeton Coal Inc.
CT Corporation System
5098 Washington St., W, Suite 407
Charleston, WV 25313

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following answer was FILED on 12/22/2022 10:50:41 AM

Notice Date:     12/22/2022 10:50:41 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** GMS Mine Repair and Maintenance, Inc.
Ronald W. Petrella
P.O. Box 2446, 32 Enterprise Dr.
Mountain Lake Park, MD 21550

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following answer was FILED on 12/22/2022 10:50:41 AM

Notice Date:    12/22/2022 10:50:41 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  David Stanley Consultants, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following answer was FILED on 12/22/2022 10:50:41 AM

Notice Date:      12/22/2022 10:50:41 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Contura Energy, Inc.
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following answer was FILED on 12/22/2022 10:50:41 AM

Notice Date:     12/22/2022 10:50:41 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Alpha Natural Resources Services, LLC
Corporation Service Company
209 West Washington STreet
Charleston, WV 25302

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following answer was FILED on 12/22/2022 10:50:41 AM

Notice Date:     12/22/2022 10:50:41 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Consol Energy Inc.
CT Corporation System
5098 Washington St. W, Suite 407
Charleston, WV 25313

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following answer was FILED on 12/22/2022 10:50:41 AM

Notice Date:     12/22/2022 10:50:41 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Stanhurst, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following answer was FILED on 12/22/2022 10:50:41 AM

Notice Date:    12/22/2022 10:50:41 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** John-Mark Atkinson
johnmark@amplaw.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following answer was FILED on 12/22/2022 10:50:41 AM

Notice Date:     12/22/2022 10:50:41 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

E-FILED | 1/4/2023 3:51 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

AMANDA ASBURY

        Plaintiff,

v.                                                 Civil Action No. 22-C-89

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

        Defendants.

## **NOTICE OF FILING OF NOTICE OF REMOVAL**

        Please take notice that on this 4th day of January 2023, Defendants Arch Resources, Inc.

and Mingo Logan Coal Company filed their "Notice of Removal" effectuating the removal of this

action from the Circuit Court of Boone County, West Virginia to the United States District Court

for the Southern District of West Virginia. A true and accurate copy of the "Notice of Removal"

is attached to this Notice as Exhibit A.  Pursuant to 28 U.S.C. § 1446(d), the state court may

proceed no further with this action.

    Respectfully submitted this 4th day of January 2023.

                                        /s/ Amy M. Smith
                                        C. David Morrison (WVSB #2643)
                                        Amy M. Smith (WVSB #6454)
                                        Michael J. Moore (WVSB #12009)

**STEPTOE & JOHNSON PLLC**
       OF COUNSEL
                                          400 White Oaks Boulevard
                                        Bridgeport, WV 26330
                                        (304) 933-8000

                                        *Counsel for Defendants Arch Resources, Inc. and*
                                        *Mingo Logan Coal, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January 2023, that I served the foregoing "Notice of Filing of Notice of Removal" upon the following counsel of record, by depositing a true copy thereof, in that United States mail, postage prepaid, in an envelope addressed as follows:

Mark A. Atkinson
John-Mark Atkinson
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311

Michael D. Mullins
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

S Jonathan R. Ellis
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Ashley C. Pack
DINSMORE & SCHOHL LLP
707 Virginia Street East
Suite 1300
Charleston, WV 25301

/s/ Amy M. Smith
Amy M. Smith

E-FILED | 11/4/2022 3:51 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY

        Plaintiff,

v.                                    Civil Action No. _____

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

        Defendants.

### NOTICE OF REMOVAL

    TO THE CLERK OF THE UNITED STATES DISTRICT COURT:

    PLEASE TAKE NOTICE that Defendants Arch Resources, Inc. ("Arch") and Mingo

Logan Coal Company ("Mingo Logan") hereby remove this civil action to this Court pursuant to

28 U.S.C. §§ 1441 and 1446 based on diversity of citizenship jurisdiction found in 28 U.S.C. §

**Exhibit A**

1332. The joinders or consents of all properly joined and served Defendants will be filed separately. In support of this notice, Arch and Mingo Logan plead as follows:

## I.    <u>STATEMENT OF THE CASE</u>

1.     Plaintiff Amanda Asbury commenced this civil action on November 30, 2022, by filing a complaint in the Circuit Court of Boone County, West Virginia.

2.     The West Virginia Secretary of State accepted service of process on behalf of Arch and Mingo Logan on December 5, 2022.  Thereafter, service of process was delivered to Arch and Mingo Logan. Copies of all process, pleadings, and orders served upon Arch and Mingo Logan are attached as Exhibit A.

3.     The one-count complaint alleges separate transactions or occurrences by which Ms. Asbury claims that each Defendant, including Arch and Mingo Logan and also Pocahontas Coal Company LLC d/b/a/ Affinity Coal Company, LLC ("Affinity"), United Coal Company LLC ("United"), Blackhawk Mining, LLC ("Blackhawk"), Cleveland-Cliffs Princeton Coal Inc. ("Cleveland-Cliffs"), GMS Mine repair and Maintenance, Inc. ("GMS"), David Stanley Consultants, LLC ("David Stanley"), Contura Energy, Inc., effective February 21, 2021 known as Alpha Metallurgical Resources, Inc. ("AMR"), Alpha Natural Resources Services, LLC ("Alpha"), CONSOL Energy Inc. ("CONSOL"), and Stanhurst, LLC ("Stanhurst"), violated the West Virginia Human Rights Act, W. Va. Code § 5-11-9.

4.     The complaint demands lost wages and benefits, back pay, front pay, damages for indignity, embarrassment, humiliation, annoyance and inconvenience, and punitive damages in an amount to be determined by a jury as well as prejudgment interest, attorney's fees, and costs.

## II.    <u>DIVERSITY JURISDICTION</u>

5.     As set forth below, this is a civil action of which the Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332 and is one that may be removed by Arch and Mingo Logan pursuant to 28 U.S.C. §§ 1441 and 1446.  Apart from parties fraudulently misjoined or otherwise not properly joined and served and/or nominal parties, the dispute is between citizens of different states.  Furthermore, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### A.    There Is Complete Diversity Between Parties Properly Joined and Served and <u>Not Fraudulently Misjoined and/or Nominal.</u>

6.     For purposes of diversity jurisdiction, an individual's citizenship is determined by her domicile. *See Johnson v. Advance Am.,* 549 F.3d 932, 937 n.2 (4th Cir. 2008). Domicile is established by physical presence, coupled with "an intent to make the State a home." *Id.*

7.     For purposes of diversity jurisdiction, the citizenship of a corporation is determined by (a) its place of incorporation and (b) its principal place of business.  *See* 28 U.S.C. § 1332(c)(1); *see also Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 102 (4th Cir. 2011). A corporation's principal place of business is always its "nerve center."  *Id.* at 104.

8.     Apart from certain class actions, for purposes of diversity jurisdiction, the citizenship of a limited partnership or limited liability company is determined by the citizenship of its partners or members, regardless of the characterization of the partnership or membership. *Gen. Tech. Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 120–21 (4th Cir. 2004).  *See Central W. Va. Energy Co.*, 636 F.3d at 103 (4th Cir. 2011).

9.     Courts "must consider only 'real and substantial parties to the controversy' and must disregard the suit's 'nominal or formal parties.'" *Hughes v. Wells Fargo Bank, N.A.*, 617 Fed.

3

App'x 261, 263–64 (4th Cir. 2015) (quoting *Navarro Sav. Ass'n v. Lee*, 466 U.S. 458, 460–61 (1980)).

10.     The doctrine of fraudulent misjoinder permits a district court to disregard the citizenship of improperly joined parties. *County Comm'n v. McKesson Corp.*, 263 F. Supp. 3d 639, 643 (S.D. W. Va. 2017). "Here, the inquiry is whether claims against the diverse and non-diverse defendants are sufficiently related to be properly joined in a single case." *Id.* at 645. Under Federal Rule of Civil Procedure 20 and the corresponding West Virginia Rule of Civil Procedure 20, to be properly joined claims must (1) arise out of the same transaction or occurrence, and (2) present a question of law or fact common to all defendants. *Id.* at 646.  *See Wyatt v. Charleston Area Med. Ctr., Inc.*, 651 F. Supp. 2d 492, 496 (S.D. W. Va. 2009) (finding standard is whether there is reasonable possibility state court would find plaintiffs' claims against one set of defendants were properly joined with claims against other defendants).

11.     Upon information and belief, now and at the time of commencement of this action, Ms. Asbury is an individual who is domiciled in the state of West Virginia and, therefore, Ms. Asbury is a citizen of West Virginia.

12.     Upon information and belief, now and at the time of commencement of this action, Affinity is a limited liability company whose sole member is United, whose sole member is Metinvest U.S., Inc. ("Metinvest"), which is a Delaware corporation with its nerve center and principal place of business located in Delaware. Therefore, Affinity is a citizen of Delaware.

13.     Upon information and belief, now and at the time of commencement of this action, United is a limited liability company whose sole member as stated above is Metinvest, which is a Delaware corporation with its nerve center and principal place of business located in Delaware. Therefore, United is a citizen of Delaware.

14.     Upon information and belief, now and at the time of commencement of this action, Blackhawk is a limited liability company whose sole member is Sev.en US Met Coal Inc., which is a Delaware corporation with its nerve center and principal place of business located in Prague, Czech Republic. Therefore, Blackhawk is a citizen of Delaware.

15.     Now and at the time of commencement of this action, Arch is a Delaware corporation with its nerve center and principal place of business located in St. Louis, Missouri. Therefore, Arch is a citizen of Delaware and Missouri.

16.     Now and at the time of commencement of this action, Mingo Logan is a limited liability company whose sole member is Arch Coal Operations LLC, whose three members are (1) Arch, which as stated above is a citizen of Delaware and Missouri; (2) Arch Coal Group, LLC ("Arch Coal"), which is a limited liability company whose sole member is ICG, LLC, whose sole member is International Energy Group, LLC, whose sole member is Arch, which again as stated above is a citizen of Delaware and Missouri, and (3) Hunter Ridge Holdings, Inc. ("Hunter Ridge"), which is a Delaware corporation with its nerve center and principal place of business located in St. Louis, Missouri. Therefore, Mingo Logan is a citizen of Delaware and Missouri.

17.     Upon information and belief, now and at the time of commencement of this action, Cleveland-Cliffs is a West Virginia corporation with its nerve center and principal place of business located in Princeton, West Virginia. Therefore, Cleveland-Cliffs is a citizen of West Virginia.

18.     This Court should disregard the citizenship of Cleveland-Cliffs under the doctrine of fraudulent misjoinder.  Ms. Asbury's claim against Cleveland-Cliffs is not sufficiently related to be properly joined in a single case with the claim against other Defendants because they do not

arise out of the same transaction or occurrence, nor do they present a common question of law or fact.

19.     Upon information and belief, now and at the time of commencement of this action, GMS is a Maryland corporation with its nerve center and principal place of business located in Bruceton Mills, West Virginia.  Therefore, GMS is a citizen of Maryland and West Virginia.

20.     This Court should disregard the citizenship of GMS under the doctrine of fraudulent misjoinder.  Ms. Asbury's claim against GMS is not sufficiently related to be properly joined in a single case with the claim against other Defendants because they do not arise out of the same transaction or occurrence, nor do they present a common question of law or fact.

21.     Upon information and belief, now and at the time of commencement of this action, David Stanley is a limited liability company whose members are individuals who are domiciled in Fairmont and/or Morgantown, West Virginia. Therefore, David Stanley is a citizen of West Virginia.

22.     This Court should disregard the citizenship of David Stanley under the doctrine of fraudulent misjoinder.  Ms. Asbury's claim against David Stanley is not sufficiently related to be properly joined in a single case with the claim against other Defendants because they do not arise out of the same transaction or occurrence, nor do they present a common question of law or fact.

23.     Upon information and belief, now and at the time of commencement of this action, AMR is a Delaware corporation with its nerve center and principal place of business located in Bristol, Tennessee. Therefore, AMR is a citizen of Delaware and Tennessee.

24.     Upon information and belief, now and at the time of commencement of this action Alpha is a limited liability company whose sole member is Alpha Natural Resources, LLC, whose sold member is ANR, Inc., which is a Delaware corporation with its nerve center and principal

6

place of business located in Bristol, Tennessee. Therefore, Alpha is a citizen of Delaware and Tennessee.

25.    Upon information and belief, now and at the time of commencement of this action, CONSOL is a Delaware corporation with its nerve center and principal place of business located in Cannonsburg, Pennsylvania. Therefore, CONSOL is a citizen of Delaware and Pennsylvania.

26.    Upon information and belief, now and at the time of commencement of this action, Stanhurst is a limited liability company whose members are individuals who are domiciled in Fairmont and/or Morgantown, West Virginia. Therefore, Stanhurst is a citizen of West Virginia.

27.    This Court should disregard the citizenship of Stanhurst under the doctrine of fraudulent misjoinder.  Ms. Asbury's claim against Stanhurst is not sufficiently related to be properly joined in a single case with the claim against other Defendants because they do not arise out of the same transaction or occurrence, nor do they present a common question of law or fact.

28.    Accordingly, there is complete diversity under § 1332 between all parties properly joined and served and not fraudulently misjoined and/or nominal in this civil action, as required by § 1441(b)(2).

**B.    The Amount in Controversy Requirement Is Satisfied.**

29.    The amount in controversy exceeds $75,000.00, exclusive of interest and costs.  *See* § 1332(a).

30.    "When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record." *Asbury-Castro v. GlaxoSmithKline, Inc.*, 352 F. Supp. 2d 729, 732 (N.D. W. Va. 2005). *See Weddington v. Ford*

7

*Motor Credit Co.*, 59 F. Supp. 2d 578, 584 (S.D. W. Va. 1999) (court may consider entire record and make independent evaluation of whether amount in controversy is satisfied); *see also Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 967 (S.D. W. Va.2011) (amount in controversy is what plaintiff claims to be entitled to or demands rather than what she or court thinks jury would award if she prevails).

31.    Emotional distress damages, standing alone, can approach or surpass the $75,000.00 threshold. *See, e.g.*, *CSX Transp., Inc. v. Smith*, 229 W. Va. 316, 729 S.E.2d 151, 160 n.9 (2012) (awarding plaintiff $280,000.00 for aggravation, inconvenience, indignation, embarrassment, humiliation, and emotional distress in sexual harassment suit); *Mace v. Charleston Area Med. Ctr. Found., Inc.*, 188 W. Va. 57, 422 S.E.2d 624 (1992) (affirming $50,000.00 emotional distress award in a retaliatory discharge case).

32.    Also, the Court must consider "any punitive damages which may be awarded." *Allman v. Chancellor Health Partners, Inc.*, No. 5:08cv155, 2009 WL 514086, at *2 (N.D.W. Va. Mar. 2, 2009). Indeed, the inclusion of a claim for punitive damages is typically sufficient by itself for the amount in controversy requirement to be met. As Judge Haden noted, a request for punitive damages "inevitably inflates a plaintiff's potential for recovery." *Bryant v. Wal-Mart Stores E., Inc.*, 117 F. Supp. 2d 555, 556 (S.D.W. Va. 2000).

33.    The Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

34.    In this action, Ms. Asbury demands lost wages and benefits, back pay, front pay, damages for indignity, embarrassment, humiliation, annoyance and inconvenience, and punitive damages in addition to prejudgment interest, attorney fees and costs.

8

35.    Based on the above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, exceeding the jurisdictional limit under 28 U.S.C. § 1332.

36.    Accordingly, federal diversity jurisdiction is established based on diversity of citizenship of the parties and the amount in controversy exceeding $75,000.00, exclusive of interest and costs.

37.    This Court is the appropriate federal venue because Boone County, West Virginia is located within the district's jurisdictional territory. *See* 28 U.S.C. § 129(b).

38.    This notice is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after receipt by Arch and Mingo Logan, through service or otherwise, of a copy of the initial pleading.

39.    As required by 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Ms. Asbury and to the Clerk of the Circuit Court of Boone County, West Virginia.

40.    The Clerk of the Circuit Court of Boone County, West Virginia will be requested to submit a certified copy of the entire state court record to this Court for filing.

41.    No admission of law or fact is intended by the filing of this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby preserved.

42.    The right to supplement this Notice of Removal or to present additional arguments in support of entitlement to remove and in support of this Court's jurisdiction is hereby reserved.

WHEREFORE, Arch Resources, Inc. and Mingo Logan Coal LLC hereby remove this action from Circuit Court of Boone County, West Virginia to the United States District Court for the Southern District of West Virginia.

Respectfully submitted this 4th day of January 2023.

*/s/ Amy M. Smith*

C. David Morrison (WVSB #2643)
Amy M. Smith (WVSB #6454)
Michael J. Moore (WVSB #12009)

**STEPTOE & JOHNSON PLLC**
OF COUNSEL

400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000

*Counsel for Defendants Arch Resources, Inc. and Mingo Logan Coal, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January 2023, I electronically filed the foregoing "Notice of Removal" with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

> Mark A. Atkinson
> John-Mark Atkinson
> ATKINSON & FRAMPTON, PLLC
> P.O. Box 549
> Charleston, WV 25322-0549
>
> Michael D. Mullins
> STEPTOE & JOHNSON PLLC
> 707 Virginia Street East, Chase Tower
> 17th Floor
> Charleston, WV 25301
>
> Jonathan R. Ellis
> STEPTOE & JOHNSON PLLC
> 707 Virginia Street East, Chase Tower
> 17th Floor
> Charleston, WV 25301
>
> Ashley C. Pack
> DINSMORE & SCHOHL LLP
> 707 Virginia Street East
> Suite 1300
> Charleston, WV 25301

/s/ *Amy M. Smith*
Amy M. Smith



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Amy Smith
amy.smith@steptoe-johnson.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 1/4/2023 3:31:19 PM

Notice Date:     1/4/2023 3:31:19 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Pocahontas Coal Company
Business Filings Incorporated
5098 Washington St., W, Suite 407
Charleston, WV 25313

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 1/4/2023 3:31:19 PM

Notice Date:     1/4/2023 3:31:19 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Affinity Coal Company, LLC
CT Corporation System
1627 Quarrier Street
Charleston, WV 25311

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 1/4/2023 3:31:19 PM

Notice Date:    1/4/2023 3:31:19 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  United Coal Company LLC
Business Filings Incorporated
5098 Washington St., W, Suite 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 1/4/2023 3:31:19 PM

Notice Date:    1/4/2023 3:31:19 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Blackhawk Mining, LLC
CT Corporation System
5098 Washington St., W, Suite 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 1/4/2023 3:31:19 PM

Notice Date:    1/4/2023 3:31:19 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Cleveland-Cliffs Princeton Coal Inc.
CT Corporation System
5098 Washington St., W, Suite 407
Charleston, WV 25313

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 1/4/2023 3:31:19 PM

Notice Date:     1/4/2023 3:31:19 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** GMS Mine Repair and Maintenance, Inc.
Ronald W. Petrella
P.O. Box 2446, 32 Enterprise Dr.
Mountain Lake Park, MD 21550

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 1/4/2023 3:31:19 PM

Notice Date:    1/4/2023 3:31:19 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  David Stanley Consultants, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 1/4/2023 3:31:19 PM

Notice Date:     1/4/2023 3:31:19 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Contura Energy, Inc.
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 1/4/2023 3:31:19 PM

Notice Date:     1/4/2023 3:31:19 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Alpha Natural Resources Services, LLC
Corporation Service Company
209 West Washington STreet
Charleston, WV 25302

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 1/4/2023 3:31:19 PM

Notice Date:     1/4/2023 3:31:19 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Consol Energy Inc.
CT Corporation System
5098 Washington St. W, Suite 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 1/4/2023 3:31:19 PM

Notice Date:      1/4/2023 3:31:19 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Stanhurst, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 1/4/2023 3:31:19 PM

Notice Date:     1/4/2023 3:31:19 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** John-Mark Atkinson
johnmark@amplaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 1/4/2023 3:31:19 PM

Notice Date:    1/4/2023 3:31:19 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Michael James Moore
michael.moore@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 1/4/2023 3:31:19 PM

Notice Date:    1/4/2023 3:31:19 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

FILED 3/15/2023 3:45 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

**CHARLESTON**
Suite 2400
300 Virginia Street, East
Charleston, WV 25301

P. O. Box 2546
Charleston, WV 25329
304/347-3000

www.wvsd.uscourts.gov

**Reply to: Charleston**



**THOMAS E. JOHNSTON**
Chief Judge
**RORY L. PERRY II**
Clerk Of Court

**HUNTINGTON**
Room 101
845 Fifth Avenue
Huntington, WV 25701
304/529-5588

**BECKLEY**
Room 119
110 North Heber Street
Beckley, WV 25801
304/253-7481

**BLUEFIELD**
Room 1000
601 Federal Street
Bluefield, WV 24701
304/327-9798

March 14, 2023

Samuel R. Burns, Clerk
Boone County Courthouse
200 State Street, Suite 202
Madison, WV 25130

   Re: Asbury v. Pocahontas Coal Company LLC et al; Civil Action No. 2:23-cv-00005;
     Your Civil Action No. 22-C-89

Dear Mr. Burns:

  The above-noted civil action has been remanded to the Circuit Court of Boone County, West Virginia pursuant to the Memorandum Opinion and Order entered this day by the Honorable Irene C. Berger.

  Enclosed please find the file maintained for this case during its pendency in our Court and a certified copy of the docket sheet. Please note that a certified copy of the Memorandum Opinion and Order has been substituted in lieu of the original.

  Please acknowledge receipt of the enclosed on the copy of this letter attached.

      Very truly yours,

      RORY L. PERRY, CLERK OF COURT

      By: ____s/Kerri Weese_____
         Deputy Clerk

Receipt is hereby acknowledged of the items described herein:

Date: _March 15, 2023_

      SAMUEL R. BURNS, CIRCUIT COURT
      OF BOONE COUNTY, WEST VIRGINIA

      By: _Mary Sprouse_____
         Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

AMANDA ASBURY,

        Plaintiff,

v.                               CIVIL ACTION NO.  2:23-cv-00005

POCAHONTAS COAL
COMPANY LLC, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Plaintiff's Motion to Remand* (Document 26), the *Plaintiff's Memorandum in Support of Motion to Remand* (Document 27), *Arch Resources, Inc. and Mingo Logan Coal, LLC's Response to Motion to Remand* (Document 39), *Defendant Consol Energy Inc.'s Response to Plaintiff's Motion to Remand* (Document 40), *Defendant Alpha Natural Resources Services, LLC's and Contura Energy, Inc.'s Response to Plaintiff's Motion to Remand* (Document 41), *Blackhawk Mining, LLC's Response to Plaintiff's Motion to Remand* (Document 42), *Defendants Pocahontas Coal Company, LLC's and United Coal Company LLC's Response to Plaintiff's Motion to Remand* (Document 43), and the *Plaintiff's Reply to Defendants' Responses in Opposition to Plaintiff's Motion to Remand* (Document 44).

The Court has also reviewed *Arch Resources, Inc. and Mingo Logan Coal, LLC's Motion to Sever* (Document 21), the *Memorandum in Support of Arch Resources, Inc. and Mingo Logan Coal, LLC's Motion to Sever* (Document 22), the *Plaintiff's Response to Defendants Arch Resources, Inc. and Mingo Logan Coal LLC's Motion to Sever* (Document 28), *Arch Resources, Inc. and Mingo Logan Coal, LLC's Reply in Support of Motion to Sever* (Document 34), *Defendant*

*Consol Energy Inc.'s Reply to Plaintiff's Response to Defendants Arch Resources, Inc. & Mingo Logan Coal LLC's Motion to Sever* (Document 35), and *Blackhawk Mining, LLC's Reply in Support of Arch Resources, Inc. and Mingo Logan Coal LLC's Motion to Sever* (Document 37), as well as the other Defendants' motions to join in the motion to sever. For the reasons stated herein, the Court finds that the Court lacks jurisdiction to address the motion to sever, and the motion to remand should be granted.

## FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The Plaintiff, Amanda Asbury, initiated this action with a *Complaint* (Document 2-1) filed on November 30, 2022, in the Circuit Court of Boone County, West Virginia. She named the following Defendants: Pocahontas Coal Company LLC, Affinity Coal Company, LLC, United Coal Company, LLC, Blackhawk Mining, LLC, Arch Resources, Inc., Mingo Logan Coal LLC, Cleveland-Cliffs Princeton Coal Inc., GMS Mine Repair and Maintenance, Inc., David Stanley Consultants, LLC, Contura Energy, Inc., Alpha Natural Resources Services, LLC, Consol Energy Inc., and Stanhurst, LLC.

Ms. Asbury was employed at Pinnacle Mining for approximately 12 years, until she was discharged when the mine shut down on or about December 18, 2018. She is experienced in various positions and has numerous certifications related to coal mining. The Defendants are all coal mine employers. Ms. Asbury applied for positions with each of the Defendants beginning in 2020. She applied in person, online, at job fairs, and through recruiting sites, and had interviews for some positions. Despite being qualified for the positions for which she applied, each of the Defendants refused to hire her and, instead, hired male applicants. Employees at Affinity Coal Company and United Coal Company told her that she would not be hired because the mine did not

2

have a female bath house.   She alleges that the Defendants did not hire her based in whole or in part on her gender, in violation of the West Virginia Human Rights Act.

Ms. Asbury is a West Virginia resident.   She alleges that each of the Defendants were doing business in West Virginia at all relevant times.   However, she alleges that the Defendants are incorporated and/or headquartered in different states.   She alleges that Pocahontas Coal Company, doing business as Affinity Coal Company, Cleveland-Cliffs Princeton Coal, David Stanley Consultants, and Stanhurst are West Virginia companies, that United Coal Company is a Virginia company, that Blackhawk Mining is a Kentucky company, that Arch Resources, Mingo Logan Coal, Alpha Natural Resources, and Consol Energy are Delaware companies, and that GMS Mine Repair and Maintenance is a Maryland company.[1]

Defendants Arch Resources and Mingo Logan Coal timely removed the action on January 4, 2023.   They assert diversity jurisdiction, contending that the Defendants are not properly joined and so the Court should disregard the non-diverse citizenship of Ms. Asbury and some of the Defendants' companies.   Arch Resources and Mingo Logan Coal filed a motion to sever on January 20, 2023.   Ms. Asbury responded to the motion to sever and filed a motion to remand on February 3, 2023.   Briefing on both motions is complete.

## STANDARD OF REVIEW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction.   28 U.S.C. § 1441(a).[2]   This Court has original

---

[1] The citizenship of certain defendants is contested, but it is uncontested that the Plaintiff named non-diverse Defendants that are considered West Virginia citizens for jurisdiction purposes.

[2]    Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have

jurisdiction of all civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1)-(2). Generally, every defendant must be a citizen of a state different from every plaintiff for complete diversity to exist. Diversity of citizenship must be established at the time of removal. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).

Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441. Section 1446 requires that "[a] defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Additionally, Section 1446 requires a defendant to file a notice of removal within thirty days after receipt of the initial pleading. It is a long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). Accordingly, in this case, the removing defendant has the burden to show the existence of diversity jurisdiction by a preponderance of the evidence. *See White v. Chase Bank USA, NA.*, Civil Action

---

original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

4

No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W.Va. Aug. 26, 2009) (Faber, J.) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp. 2d 481,488 (S.D. W.Va. 2001)).  In deciding whether to remand, because removal by its nature infringes upon state sovereignty, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction."  *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

## DISCUSSION

The Defendants contend that the claims against each Defendant arose from separate transactions, with no alleged coordination between the Defendants regarding their hiring practices. They argue that the claims are not sufficiently related to be properly joined, and ask the Court to sever the cases, remand the cases against non-diverse Defendants, and retain jurisdiction over the cases against diverse Defendants.   The Defendants rely on cases from this district and elsewhere, applying the theory of fraudulent or procedural misjoinder.

The Plaintiff asserts that her claims present common questions of law and fact, given that she alleges each Defendant failed to hire her because of her gender and instead hired a male job applicant.   If the Court refuses to keep the claims together in one case, she requests that claims as to related companies remain joined.

"The 'fraudulent joinder' doctrine permits removal when a non-diverse party is (or has been) a defendant in the case…This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction."  *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).   The Fourth Circuit sets a high standard for defendants attempting to demonstrate fraudulent joinder: "[T]he removing party must establish either: that

5

there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or; that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* at 464 (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)) (emphasis in original; brackets removed).   Courts may consider the record beyond the pleadings to "determine the basis of joinder" and "whether an attempted joinder is fraudulent." *AIDS Counseling & Testing Centers v. Grp. W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990) (internal quotation marks and citations omitted).

The Fourth Circuit has described the standard for fraudulent joinder as "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley*, 187 F.3d at 424.   Furthermore, "all legal uncertainties are to be resolved in the plaintiff's favor in determining whether fraudulent joinder exists" and "courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Id.* at 425 (internal quotation marks removed).

Some district courts in this circuit have extended the reasoning in *Mayes* and *Hartley*, which involved arguments that a claim against a non-diverse defendant was legally invalid, to cases like this one, with valid claims against non-diverse defendants that are allegedly improperly joined with valid claims against diverse defendants.   "Fraudulent misjoinder...is an assertion that claims against certain defendants, while provable, have no real connection to the claims against other defendants in the same action and were only included in order to defeat diversity jurisdiction and removal." *See, e.g.*, *Wyatt v. Charleston Area Med. Ctr., Inc.*, 651 F. Supp. 2d 492, 496 (S.D.W. Va. 2009) (Goodwin, C.J.).   "The doctrine of fraudulent misjoinder is relatively new and not clearly defined." *Id.*   In *Wyatt*, Judge Goodwin found that in addition to applying Rule 20 to

determine whether the claims were properly joined, the Court would also "need to find…that there was 'something more' than mere misjoinder" to warrant severing and remanding the non-diverse defendants. *Id.* at 498–99.[3]

However, the Court is not convinced that it can engage in an analysis of whether to sever claims under Rule 20 of the Federal Rules of Civil Procedure without jurisdiction—and there is no dispute that the Court lacks jurisdiction as to some of the named Defendants. The Fourth Circuit has not adopted a fraudulent misjoinder rule permitting federal courts to exercise diversity jurisdiction over cases with claims against non-diverse defendants, sever and remand as to those defendants, and proceed with removed claims against diverse defendants. Judge Bruce Howe Hendricks in the District of South Carolina recently issued an opinion outlining the theory and case law supporting application of the fraudulent misjoinder doctrine. *Stallings v. Arch Ins. Co.*, No. CV 2:21-3349-BHH, 2022 WL 4663250 (D.S.C. Sept. 30, 2022). The Court finds her excellent and thorough reasoning persuasive and adopts it in full. She explained that "because Plaintiff's complaint was first filed in State court and subsequently removed, the issue whether this Court has subject matter jurisdiction is a threshold question antecedent to application of Rules 20 and 21 in the manner that Defendants propose." *Id.* at 4. In short, neither Fourth Circuit precedent nor the language of 28 U.S.C. §1441 permit removal, on the basis of diversity jurisdiction, without either complete diversity or fraudulent joinder. As previously stated,

---

3 Because the Court finds that it lacks jurisdiction and cannot properly address the motion to sever, the Court need not address the fraudulent misjoinder arguments further. However, if the Court accepted the fraudulent misjoinder doctrine, remand would remain appropriate because the Defendants have not established anything more egregious than potential misjoinder. It is not clear to the Court that these claims are in fact misjoined: the Plaintiff alleges a series of transactions in which she applied for open positions at the Defendant coal companies and was rejected in favor of male applicants. She also alleges being informed in at least one instance that the company lacked facilities for female employees. The Defendants argue that there is no allegation of coordination in their decision-making, but there is some indication that she may be able to demonstrate a collective industry practice of failing to provide facilities for female employees, and therefore rejecting all female applicants.

fraudulent joinder requires either "outright fraud in the pleading of jurisdictional facts" or a showing that the "plaintiff has no cause of action against [the non-diverse defendant] in State court." *Id.* at *5. As Judge Hendricks explained, any motion to sever can be raised before the state court, which has jurisdiction to consider that question. *Id.*; *see also United States v. Wilson*, 699 F.3d 789, 793 (4th Cir. 2012) ("Subject matter jurisdiction defines a court's power to adjudicate cases or controversies—its adjudicatory authority—and without it, a court can only decide that it does not have jurisdiction.") Therefore, the Court finds that the motion to remand must be granted.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Motion to Remand* (Document 26) be **GRANTED** and that this matter be **REMANDED** to the Circuit Court of Boone County, West Virginia, for further proceedings. Any pending motions are hereby **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Clerk of the Circuit Court of Boone County, West Virginia, to counsel of record, and to any unrepresented party.

ENTER:      March 14, 2023

*Irene C. Berger*

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

A TRUE COPY CERTIFIED ON
3/14/2023
[Date]

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

By S/ Terri Weese, Deputy

8

CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

Query    Reports    Utilities    Help

CLOSED,LC-1

# United States District Court
## Southern District of West Virginia (Charleston)
## CIVIL DOCKET FOR CASE #: 2:23-cv-00005

Asbury v. Pocahontas Coal Company LLC et al
Assigned to: Judge Irene C. Berger
Demand: $75,000,000
Case in other court: Circuit Court of Boone County, West
                     Virginia, 22-C-89
Cause: 28:1332 Diversity-Employment Discrimination

Date Filed: 01/04/2023
Date Terminated: 03/14/2023
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Diversity

**Plaintiff**

**Amanda Asbury**



represented by **John-Mark Atkinson**
ATKINSON & FRAMPTON
2306 Kanawha Boulevard East
Charleston, WV 25311
304-346-5100
Fax: 304-346-4678
Email: johnmark@amplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark A. Atkinson**
ATKINSON & FRAMPTON
2306 Kanawha Boulevard East
Charleston, WV 25311
304-346-5100
Fax: 304-346-4678
Email: emboles@amplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Pocahontas Coal Company LLC**
*a West Virginia limited liability company*
*doing business as*
Affinity Coal Company, LLC

represented by **Jonathan R. Ellis**
STEPTOE & JOHNSON
P. O. Box 1588
Charleston, WV 25326-1588
304-353-8118
Email: jonathan.ellis@steptoe-
johnson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph U. Leonoro**
STEPTOE & JOHNSON
P. O. Box 1588
Charleston, WV 25326-1588
304/353-8000
Fax: 304/353-8180
Email: joseph.leonoro@steptoe-
johnson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark C. Dean**
STEPTOE & JOHNSON
P. O. Box 1588
Charleston, WV 25326-1588
304-353-8105
Fax: 304-933-8704
Email: mark.dean@steptoe-johnson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**United Coal Company, LLC**
*a Virginia limited liability company*

represented by **Jonathan R. Ellis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph U. Leonoro**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark C. Dean**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Blackhawk Mining, LLC**
*a Delaware limited liability company*

represented by **Ashley C. Pack**
DINSMORE & SHOHL
P. O. Box 11887
Charleston, WV 25339-1887
304/357-0900
Fax: 304/357-0919
Email: ashley.pack@dinsmore.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sean Thomas**

DINSMORE & SHOHL
Suite 1300
707 Virginia Street East
Charleston, WV 25301
304-357-0900
Fax: 304-357-0919
Email: sean.thomas@dinsmore.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Arch Resources, Inc.**                    represented by  **Amy M. Smith**
*a Delaware corporation*                     STEPTOE & JOHNSON
                                             400 White Oaks Boulevard
                                             Bridgeport, WV 26330
                                             304/933-8000
                                             Fax: 304/933-8183
                                             Email: Amy.Smith@steptoe-johnson.com
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

                                             **C. David Morrison**
                                             STEPTOE & JOHNSON
                                             400 White Oaks Boulevard
                                             Bridgeport, WV 26330
                                             304-933-8000
                                             Email: david.morrison@steptoe-
                                             johnson.com
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

                                             **Mark G. Jeffries**
                                             STEPTOE & JOHNSON
                                             400 White Oaks Boulevard
                                             Bridgeport, WV 26330
                                             304/933-8000
                                             Fax: 304/933-8183
                                             Email: mark.jeffries@steptoe-johnson.com
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

                                             **Michael James Moore**
                                             STEPTOE & JOHNSON
                                             400 White Oaks Boulevard
                                             Bridgeport, WV 26330
                                             304-933-8153
                                             Email: michael.moore@steptoe-
                                             johnson.com
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Mingo Logan Coal LLC**
*a Delaware limited liability company*

represented by  **Amy M. Smith**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**C. David Morrison**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark G. Jeffries**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael James Moore**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cleveland-Cliffs Princeton Coal Inc.**
*a West Virginia corporation*

represented by  **Jonathan R. Ellis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph U. Leonoro**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark C. Dean**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**GMS Mine Repair and Maintenance, Inc.**
*a Maryland corporation*

represented by  **Matthew A. Nelson**
LEWIS BRISBOIS BISGAARD &
SMITH
Suite 1400
707 Virginia Street East
Charleston, WV 25301
304-553-0129
Fax: 304-932-0265
Email: matt.nelson@lewisbrisbois.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**David Stanley Consultants, LLC**
*a West Virginia limited liability company*

**Defendant**

**Contura Energy, Inc.**               represented by **Jonathan R. Ellis**
*a Delaware corporation*                              (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Joseph U. Leonoro**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Mark C. Dean**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Alpha Natural Resources Services, LLC**   represented by **Jonathan R. Ellis**
*a Delaware limited liability company*                      (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Joseph U. Leonoro**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Mark C. Dean**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Consol Energy Inc.**              represented by **Christopher Etheredge**
*a Delaware corporation, and*                     STEPTOE & JOHNSTON
                                                  P. O. Box 1588
                                                  Charleston, WV 25326
                                                  304-353-8159
                                                  Email: christopher.etheredge@steptoe-
                                                  johnson.com
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Michael D. Mullins**
                                                  STEPTOE & JOHNSON
                                                  P. O. Box 1588

Charleston, WV 25326-1588
304-353-8157
Fax: 304-933-8704
Email: Michael.Mullins@steptoe-johnson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**Stanhurst, LLC**
*a West Virginia limited liability company*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/04/2023 | 1 | INCORRECT ENTRY. (Modified on 1/5/2023 to remove image filed prior to case being opened) (ts). |
| 01/04/2023 | 2 | NOTICE OF REMOVAL by Arch Resources, Inc., Mingo Logan Coal LLC with summons, complaint, docket sheet, notice of bona fide defense by Arch Resources, Inc., Mingo Logan Coal LLC, and other miscellaneous documents from the Circuit Court of Boone County. Filing Fee $402.00. Receipt #AWVSDC-8337547. (Attachments: # 1 Exhibit A, # 2 Consent to Removal by Blackhawk, # 3 Consent to Removal by Consol Energy, # 4 Consent to Removal by Pocahontas Coal, et al, # 5 Proof of Notice of Removal, # 6 Civil Cover Sheet) (mfo) (Entered: 01/05/2023) |
| 01/04/2023 | 3 | ANSWER TO COMPLAINT ATTACHED TO 2 NOTICE OF REMOVAL by Consol Energy Inc. (ts) (Entered: 01/05/2023) |
| 01/04/2023 | | CASE assigned to Judge Irene C. Berger. (klc) (Entered: 01/05/2023) |
| 01/05/2023 | 4 | DISCLOSURE STATEMENT PURSUANT TO RULE 7.1, Federal Rules of Civil Procedure, by Defendants Arch Resources, Inc., Mingo Logan Coal LLC (Smith, Amy) |
| 01/05/2023 | 5 | ANSWER TO COMPLAINT ATTACHED TO 2 NOTICE OF REMOVAL by Arch Resources, Inc., Mingo Logan Coal LLC. (Morrison, C.) (Modified on 1/6/2023 to add link to #2 notice of removal) (kew). |
| 01/05/2023 | 6 | ADMINISTRATIVE ORDER FOR ASSIGNMENT AND REFERRAL TO MAGISTRATE JUDGES OF CIVIL ACTIONS ASSIGNED TO JUDGE IRENE C. BERGER ENTERED NOVEMBER 12, 2019. This matter referred to Magistrate Judge Aboulhosn for Discovery. (cc: attys; any unrepresented party) (klc) |
| 01/05/2023 | 7 | ANSWER TO COMPLAINT ATTACHED TO 2 NOTICE OF REMOVAL by Alpha Natural Resources Services, LLC. (Leonoro, Joseph) (Modified on 1/6/2023 to add link to #2 notice of removal) (kew). |
| 01/05/2023 | 8 | ANSWER TO COMPLAINT ATTACHED TO 2 NOTICE OF REMOVAL by Contura Energy, Inc. (Leonoro, Joseph) (Modified on 1/6/2023 to add link to #2 notice of removal) (kew). |
| 01/06/2023 | 9 | ORDER AND NOTICE: Motions under FR Civ P 12(b) - 1/27/2023. Last day for Rule 26(f) meeting - 2/3/2023. Last day to file Report of Parties' Planning Meeting and Scheduling Order Worksheet - 2/10/2023. Scheduling Conference at 3:30 PM in Charleston, West Virginia on 2/23/2023, before the undersigned, unless cancelled. Entry |

| | | of Scheduling Order - 3/2/2023. Last day to serve FR Civ P 26(a)(1) initial disclosures pre-discovery - 3/9/2023. Signed by Judge Irene C. Berger on 1/6/2023. (cc: counsel of record; any unrepresented party) (mfo) |
|---|---|---|
| 01/06/2023 | 10 | DISCLOSURE STATEMENT PURSUANT TO RULE 7.1, Federal Rules of Civil Procedure, by Defendant Consol Energy Inc. (Mullins, Michael) |
| 01/10/2023 | 11 | DISCLOSURE STATEMENT PURSUANT TO RULE 7.1, Federal Rules of Civil Procedure, by Defendant Alpha Natural Resources Services, LLC (Leonoro, Joseph) |
| 01/10/2023 | 12 | DISCLOSURE STATEMENT PURSUANT TO RULE 7.1, Federal Rules of Civil Procedure, by Defendant Contura Energy, Inc. (Leonoro, Joseph) |
| 01/10/2023 | 13 | ANSWER TO COMPLAINT ATTACHED TO 1 NOTICE OF REMOVAL by Cleveland-Cliffs Princeton Coal Inc. (Dean, Mark) |
| 01/10/2023 | 14 | DISCLOSURE STATEMENT PURSUANT TO RULE 7.1, Federal Rules of Civil Procedure, by Defendant Cleveland-Cliffs Princeton Coal Inc. (Dean, Mark) |
| 01/11/2023 | 15 | ANSWER TO COMPLAINT ATTACHED TO 1 NOTICE OF REMOVAL by Pocahontas Coal Company LLC. (Dean, Mark) |
| 01/11/2023 | 16 | ANSWER TO COMPLAINT ATTACHED TO 1 NOTICE OF REMOVAL by United Coal Company, LLC. (Dean, Mark) |
| 01/11/2023 | 17 | DISCLOSURE STATEMENT PURSUANT TO RULE 7.1, Federal Rules of Civil Procedure, by Defendants Pocahontas Coal Company LLC, United Coal Company, LLC (Dean, Mark) |
| 01/11/2023 | 18 | NOTICE OF APPEARANCE by Sean Thomas on behalf of Blackhawk Mining, LLC. (Thomas, Sean) |
| 01/11/2023 | 19 | ANSWER TO COMPLAINT ATTACHED TO 1 NOTICE OF REMOVAL by Blackhawk Mining, LLC. (Thomas, Sean) (Modified on 1/12/2023 to add link to #1 notice of removal) (kew). |
| 01/11/2023 | 20 | DISCLOSURE STATEMENT PURSUANT TO RULE 7.1, Federal Rules of Civil Procedure, by Defendant Blackhawk Mining, LLC (Thomas, Sean) |
| 01/20/2023 | 21 | MOTION by Arch Resources, Inc., Mingo Logan Coal LLC to Sever. (Smith, Amy) (Modified on 1/23/2023 to remove memorandum in support attached to motion and file at entry #22) (kew). |
| 01/20/2023 | 22 | MEMORANDUM by Arch Resources, Inc., Mingo Logan Coal LLC in support of 21 MOTION by Arch Resources, Inc., Mingo Logan Coal LLC to Sever. (kew) (Modified on 1/25/2023 to correct filing date) (ts). (Entered: 01/23/2023) |
| 01/23/2023 | | NOTICE OF DOCKET CORRECTION re: 21 MOTION by Arch Resources, Inc., Mingo Logan Coal LLC to Sever. ERROR: Memorandum in support attached to motion. CORRECTION: Memorandum removed and filed at entry #22. (kew) |
| 01/25/2023 | 23 | ANSWER TO COMPLAINT ATTACHED TO 1 NOTICE OF REMOVAL by GMS Mine Repair and Maintenance, Inc. (Nelson, Matthew) |
| 01/25/2023 | 24 | DISCLOSURE STATEMENT PURSUANT TO RULE 7.1, Federal Rules of Civil Procedure, by Defendant GMS Mine Repair and Maintenance, Inc. (Nelson, Matthew) |

| 02/02/2023 | 25 | NOTICE OF APPEARANCE by Mark G. Jeffries on behalf of Arch Resources, Inc., Mingo Logan Coal LLC. (Jeffries, Mark) |
| --- | --- | --- |
| 02/03/2023 | 26 | MOTION by Amanda Asbury to Remand Case to Circuit Court of Boone County (Atkinson, John-Mark) |
| 02/03/2023 | 27 | MEMORANDUM by Amanda Asbury in support of 26 MOTION by Amanda Asbury to Remand Case to Circuit Court of Boone County. (Atkinson, John-Mark) |
| 02/03/2023 | 28 | RESPONSE by Amanda Asbury in opposition to 21 MOTION by Arch Resources, Inc., Mingo Logan Coal LLC to Sever (Atkinson, John-Mark) |
| 02/03/2023 | 29 | MOTION by Cleveland-Cliffs Princeton Coal Inc. to Join in 21 MOTION by Arch Resources, Inc., Mingo Logan Coal LLC to Sever. (Dean, Mark) |
| 02/03/2023 | 30 | MOTION by Pocahontas Coal Company LLC, United Coal Company, LLC to Join in 21 MOTION by Arch Resources, Inc., Mingo Logan Coal LLC to Sever. (Dean, Mark) |
| 02/03/2023 | 31 | MOTION by Consol Energy Inc. to Join in 21 MOTION by Arch Resources, Inc., Mingo Logan Coal LLC to Sever. (Mullins, Michael) |
| 02/03/2023 | 32 | MOTION by Alpha Natural Resources Services, LLC, Contura Energy, Inc. to Join in 21 MOTION by Arch Resources, Inc., Mingo Logan Coal LLC to Sever. (Leonoro, Joseph) |
| 02/03/2023 | 33 | MOTION by Blackhawk Mining, LLC to Join in 21 MOTION by Arch Resources, Inc., Mingo Logan Coal LLC to Sever. (Thomas, Sean) |
| 02/10/2023 | 34 | REPLY by Arch Resources, Inc., Mingo Logan Coal LLC to 28 Response in Opposition. (Smith, Amy) (Modified on 2/13/2023 to correct link) (kew). |
| 02/10/2023 | 35 | REPLY by Consol Energy Inc. to 28 Response In Opposition. (Etheredge, Christopher) |
| 02/10/2023 | 36 | RULE 26(f) REPORT OF PLANNING MEETING by Alpha Natural Resources Services, LLC, Arch Resources, Inc., Blackhawk Mining, LLC, Cleveland-Cliffs Princeton Coal Inc., Consol Energy Inc., Contura Energy, Inc., David Stanley Consultants, LLC, GMS Mine Repair and Maintenance, Inc., Mingo Logan Coal LLC, Pocahontas Coal Company LLC, Stanhurst, LLC, Amanda Asbury, United Coal Company, LLC. (Moore, Michael) (Modified on 2/13/2023 to add party filers) (kew). |
| 02/10/2023 | 37 | REPLY by Blackhawk Mining, LLC to 28 Response in Opposition. (Thomas, Sean) (Modified on 2/13/2023 to correct link) (kew). |
| 02/13/2023 | 38 | SCHEDULING ORDER directing that the scheduling conference previously scheduled for 2/23/2023 is cancelled and that this case shall proceed as follows: The amendment of any pleading and the joinder of any party shall be completed no later than 4/24/2023. Last date to serve discovery requests - 11/20/2023. All discovery to be completed - 12/18/2023. Last date to complete depositions - 1/8/2024. Opening Rule 26 expert disclosures - 5/31/2023. Responsive Rule 26 expert disclosures - 6/30/2023. Rebuttal Rule 26 expert disclosure - 7/31/2023. Dispositive motions deadline - 1/15/2024. Responses to dispositive motions are due within 14 days, with replies due within 7 days. Settlement Meeting must be held 45 days prior to Pretrial Conference. Mediation must be concluded 30 days prior to Pretrial Conference. A written status report is due within 5 days of completion of mediation. If the case is not settled, all Rule 26(a)(3) disclosures are due 30 days prior to Pretrial Conference. Motions in limine deadline - 2/23/2024. Responses for motions in limine - 3/1/2024. Proposed voir dire, jury |

| | | |
|---|---|---|
| | | instructions, and verdict form - 4/8/2024. The Plaintiff's portion of the proposed integrated pretrial order shall be submitted to opposing counsel by 4/4/2024, Integrated pretrial order - 4/11/2024. Pretrial Conference/Final Settlement Conference on 4/18/2024 at 1:30 PM. Trial on 4/29/2024 at 9:00 AM before the undersigned. Signed by Judge Irene C. Berger on 2/13/2023. (cc: counsel of record; any unrepresented party) (mfo) |
| 02/13/2023 | 39 | RESPONSE by Arch Resources, Inc., Mingo Logan Coal LLC in opposition to 26 MOTION by Amanda Asbury to Remand Case to Circuit Court of Boone County. (Smith, Amy) (Modified on 2/14/2023 to remove link to #27 memorandum) (kew). |
| 02/17/2023 | 40 | RESPONSE by Consol Energy Inc. in opposition to 26 MOTION by Amanda Asbury to Remand Case to Circuit Court of Boone County (Etheredge, Christopher) |
| 02/17/2023 | 41 | RESPONSE by Alpha Natural Resources Services, LLC, Contura Energy, Inc. in opposition to 26 MOTION by Amanda Asbury to Remand Case to Circuit Court of Boone County (Dean, Mark) |
| 02/17/2023 | 42 | RESPONSE by Blackhawk Mining, LLC in opposition to 26 MOTION by Amanda Asbury to Remand Case to Circuit Court of Boone County (Thomas, Sean) |
| 02/22/2023 | 43 | RESPONSE by Pocahontas Coal Company LLC, United Coal Company, LLC in opposition to 26 MOTION by Amanda Asbury to Remand Case to Circuit Court of Boone County. (Attachment: # 1 Exhibit A)(Dean, Mark) |
| 02/24/2023 | 44 | REPLY by Amanda Asbury to 39 , 40 , 41 , 42 and 43 Responses in Opposition. (Atkinson, John-Mark) |
| 03/09/2023 | 45 | CERTIFICATE OF SERVICE by GMS Mine Repair and Maintenance, Inc. for Rule 26(a)(1) Initial Disclosures. (Nelson, Matthew) |
| 03/09/2023 | 46 | CERTIFICATE OF SERVICE by Blackhawk Mining, LLC for Rule 26(a)(1) Initial Disclosures. (Thomas, Sean) |
| 03/09/2023 | 47 | CERTIFICATE OF SERVICE by Pocahontas Coal Company LLC, United Coal Company, LLC for Rule 26(a)(1) Disclosures. (Dean, Mark) |
| 03/09/2023 | 48 | CERTIFICATE OF SERVICE by Cleveland-Cliffs Princeton Coal Inc. for Rule 26(a)(1) Disclosures. (Dean, Mark) |
| 03/09/2023 | 49 | CERTIFICATE OF SERVICE by Alpha Natural Resources Services, LLC, Contura Energy, Inc. for Rule 26(a)(1) Initial Disclosure. (Dean, Mark) |
| 03/09/2023 | 50 | CERTIFICATE OF SERVICE by Amanda Asbury for Rule 26(a)(1) Disclosures. (Atkinson, John-Mark) |
| 03/09/2023 | 51 | CERTIFICATE OF SERVICE by Consol Energy Inc. for Rule 26(a)(1) Initial Disclosures. (Mullins, Michael) |
| 03/09/2023 | 52 | CERTIFICATE OF SERVICE by Arch Resources, Inc. for Rule 26(a)(1) Initial Disclosures. (Jeffries, Mark) |
| 03/09/2023 | 53 | CERTIFICATE OF SERVICE by Mingo Logan Coal LLC for Rule 26(a)(1) Initial Disclosures. (Jeffries, Mark) |
| 03/10/2023 | 54 | CERTIFICATE OF SERVICE by Mingo Logan Coal LLC for First Set of Interrogatories to Plaintiff. (Moore, Michael) |

| 03/10/2023 | 55 | CERTIFICATE OF SERVICE by Mingo Logan Coal LLC for First Set of Requests for Production of Documents and Things to Plaintiff. (Moore, Michael) |
| 03/14/2023 | 56 | MEMORANDUM OPINION AND ORDER granting 26 MOTION by Amanda Asbury to Remand Case to Circuit Court of Boone County; directing that this matter is REMANDED to the Circuit Court of Boone County, West Virginia, for further proceedings; any pending motions are TERMINATED AS MOOT. Signed by Judge Irene C. Berger on 3/14/2023. (cc: certified copy to the Clerk of the Circuit Court of Boone County, West Virginia; counsel of record; any unrepresented party) (kew) |
| 03/14/2023 | 57 | TRANSMITTED CERTIFIED COPY of 56 Memorandum Opinion and Order to the Clerk of the Circuit Court of Boone County, West Virginia, counsel of record, and any unrepresented party. (kew) |
| 03/14/2023 | 58 | LETTER to Clerk, Circuit Court of Boone County, West Virginia, from Clerk, USDC/SDWV dated 3/14/2023, re: transmitting case file pursuant to the Court's 56 Memorandum Opinion and Order entered 3/14/2023, remanding this civil action. (kew) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/14/2023 11:25:52 | | | |
| **PACER Login:** | | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:23-cv-00005 |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

FILED 3/15/2022 9:45 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY

        Plaintiff,

v.

                                              Civil Action No. __2:23-cv-00005__

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

        Defendants.

## NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT:

PLEASE TAKE NOTICE that Defendants Arch Resources, Inc. ("Arch") and Mingo

Logan Coal Company ("Mingo Logan") hereby remove this civil action to this Court pursuant to

28 U.S.C. §§ 1441 and 1446 based on diversity of citizenship jurisdiction found in 28 U.S.C. §

1332. The joinders or consents of all properly joined and served Defendants will be filed separately. In support of this notice, Arch and Mingo Logan plead as follows:

## I.    **STATEMENT OF THE CASE**

1.     Plaintiff Amanda Asbury commenced this civil action on November 30, 2022, by filing a complaint in the Circuit Court of Boone County, West Virginia.

2.     The West Virginia Secretary of State accepted service of process on behalf of Arch and Mingo Logan on December 5, 2022.  Thereafter, service of process was delivered to Arch and Mingo Logan. Copies of all process, pleadings, and orders served upon Arch and Mingo Logan are attached as Exhibit A.

3.     The one-count complaint alleges separate transactions or occurrences by which Ms. Asbury claims that each Defendant, including Arch and Mingo Logan and also Pocahontas Coal Company LLC d/b/a/ Affinity Coal Company, LLC ("Affinity"), United Coal Company LLC ("United"), Blackhawk Mining, LLC ("Blackhawk"), Cleveland-Cliffs Princeton Coal Inc. ("Cleveland-Cliffs"), GMS Mine repair and Maintenance, Inc. ("GMS"), David Stanley Consultants, LLC ("David Stanley"), Contura Energy, Inc., effective February 21, 2021 known as Alpha Metallurgical Resources, Inc. ("AMR"), Alpha Natural Resources Services, LLC ("Alpha"), CONSOL Energy Inc. ("CONSOL"), and Stanhurst, LLC ("Stanhurst"), violated the West Virginia Human Rights Act, W. Va. Code § 5-11-9.

4.     The complaint demands lost wages and benefits, back pay, front pay, damages for indignity, embarrassment, humiliation, annoyance and inconvenience, and punitive damages in an amount to be determined by a jury as well as prejudgment interest, attorney's fees, and costs.

## II.     DIVERSITY JURISDICTION

5.      As set forth below, this is a civil action of which the Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332 and is one that may be removed by Arch and Mingo Logan pursuant to 28 U.S.C. §§ 1441 and 1446.  Apart from parties fraudulently misjoined or otherwise not properly joined and served and/or nominal parties, the dispute is between citizens of different states.  Furthermore, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### A.     There Is Complete Diversity Between Parties Properly Joined and Served and Not Fraudulently Misjoined and/or Nominal.

6.      For purposes of diversity jurisdiction, an individual's citizenship is determined by her domicile. *See Johnson v. Advance Am.,* 549 F.3d 932, 937 n.2 (4th Cir. 2008). Domicile is established by physical presence, coupled with "an intent to make the State a home." *Id.*

7.      For purposes of diversity jurisdiction, the citizenship of a corporation is determined by (a) its place of incorporation and (b) its principal place of business.  *See* 28 U.S.C. § 1332(c)(1); *see also Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC,* 636 F.3d 101, 102 (4th Cir. 2011). A corporation's principal place of business is always its "nerve center." *Id.* at 104.

8.      Apart from certain class actions, for purposes of diversity jurisdiction, the citizenship of a limited partnership or limited liability company is determined by the citizenship of its partners or members, regardless of the characterization of the partnership or membership. *Gen. Tech. Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 120–21 (4th Cir. 2004).  *See Central W. Va. Energy Co.*, 636 F.3d at 103 (4th Cir. 2011).

9.      Courts "must consider only 'real and substantial parties to the controversy' and must disregard the suit's 'nominal or formal parties.'" *Hughes v. Wells Fargo Bank, N.A.*, 617 Fed.

App'x 261, 263–64 (4th Cir. 2015) (quoting *Navarro Sav. Ass'n v. Lee*, 466 U.S. 458, 460–61 (1980)).

10.    The doctrine of fraudulent misjoinder permits a district court to disregard the citizenship of improperly joined parties. *County Comm'n v. McKesson Corp.*, 263 F. Supp. 3d 639, 643 (S.D. W. Va. 2017). "Here, the inquiry is whether claims against the diverse and non-diverse defendants are sufficiently related to be properly joined in a single case." *Id.* at 645. Under Federal Rule of Civil Procedure 20 and the corresponding West Virginia Rule of Civil Procedure 20, to be properly joined claims must (1) arise out of the same transaction or occurrence, and (2) present a question of law or fact common to all defendants. *Id.* at 646.  *See Wyatt v. Charleston Area Med. Ctr., Inc.*, 651 F. Supp. 2d 492, 496 (S.D. W. Va. 2009) (finding standard is whether there is reasonable possibility state court would find plaintiffs' claims against one set of defendants were properly joined with claims against other defendants).

11.    Upon information and belief, now and at the time of commencement of this action, Ms. Asbury is an individual who is domiciled in the state of West Virginia and, therefore, Ms. Asbury is a citizen of West Virginia.

12.    Upon information and belief, now and at the time of commencement of this action, Affinity is a limited liability company whose sole member is United, whose sole member is Metinvest U.S., Inc. ("Metinvest"), which is a Delaware corporation with its nerve center and principal place of business located in Delaware. Therefore, Affinity is a citizen of Delaware.

13.    Upon information and belief, now and at the time of commencement of this action, United is a limited liability company whose sole member as stated above is Metinvest, which is a Delaware corporation with its nerve center and principal place of business located in Delaware. Therefore, United is a citizen of Delaware.

14.     Upon information and belief, now and at the time of commencement of this action, Blackhawk is a limited liability company whose sole member is Sev.en US Met Coal Inc., which is a Delaware corporation with its nerve center and principal place of business located in Prague, Czech Republic. Therefore, Blackhawk is a citizen of Delaware.

15.     Now and at the time of commencement of this action, Arch is a Delaware corporation with its nerve center and principal place of business located in St. Louis, Missouri. Therefore, Arch is a citizen of Delaware and Missouri.

16.     Now and at the time of commencement of this action, Mingo Logan is a limited liability company whose sole member is Arch Coal Operations LLC, whose three members are (1) Arch, which as stated above is a citizen of Delaware and Missouri; (2) Arch Coal Group, LLC ("Arch Coal"), which is a limited liability company whose sole member is ICG, LLC, whose sole member is International Energy Group, LLC, whose sole member is Arch, which again as stated above is a citizen of Delaware and Missouri, and (3) Hunter Ridge Holdings, Inc. ("Hunter Ridge"), which is a Delaware corporation with its nerve center and principal place of business located in St. Louis, Missouri. Therefore, Mingo Logan is a citizen of Delaware and Missouri.

17.     Upon information and belief, now and at the time of commencement of this action, Cleveland-Cliffs is a West Virginia corporation with its nerve center and principal place of business located in Princeton, West Virginia. Therefore, Cleveland-Cliffs is a citizen of West Virginia.

18.     This Court should disregard the citizenship of Cleveland-Cliffs under the doctrine of fraudulent misjoinder. Ms. Asbury's claim against Cleveland-Cliffs is not sufficiently related to be properly joined in a single case with the claim against other Defendants because they do not

arise out of the same transaction or occurrence, nor do they present a common question of law or fact.

19.     Upon information and belief, now and at the time of commencement of this action, GMS is a Maryland corporation with its nerve center and principal place of business located in Bruceton Mills, West Virginia.  Therefore, GMS is a citizen of Maryland and West Virginia.

20.     This Court should disregard the citizenship of GMS under the doctrine of fraudulent misjoinder.  Ms. Asbury's claim against GMS is not sufficiently related to be properly joined in a single case with the claim against other Defendants because they do not arise out of the same transaction or occurrence, nor do they present a common question of law or fact.

21.     Upon information and belief, now and at the time of commencement of this action, David Stanley is a limited liability company whose members are individuals who are domiciled in Fairmont and/or Morgantown, West Virginia. Therefore, David Stanley is a citizen of West Virginia.

22.     This Court should disregard the citizenship of David Stanley under the doctrine of fraudulent misjoinder.  Ms. Asbury's claim against David Stanley is not sufficiently related to be properly joined in a single case with the claim against other Defendants because they do not arise out of the same transaction or occurrence, nor do they present a common question of law or fact.

23.     Upon information and belief, now and at the time of commencement of this action, AMR is a Delaware corporation with its nerve center and principal place of business located in Bristol, Tennessee. Therefore, AMR is a citizen of Delaware and Tennessee.

24.     Upon information and belief, now and at the time of commencement of this action Alpha is a limited liability company whose sole member is Alpha Natural Resources, LLC, whose sold member is ANR, Inc., which is a Delaware corporation with its nerve center and principal

6

place of business located in Bristol, Tennessee. Therefore, Alpha is a citizen of Delaware and Tennessee.

25.    Upon information and belief, now and at the time of commencement of this action, CONSOL is a Delaware corporation with its nerve center and principal place of business located in Cannonsburg, Pennsylvania. Therefore, CONSOL is a citizen of Delaware and Pennsylvania.

26.    Upon information and belief, now and at the time of commencement of this action, Stanhurst is a limited liability company whose members are individuals who are domiciled in Fairmont and/or Morgantown, West Virginia. Therefore, Stanhurst is a citizen of West Virginia.

27.    This Court should disregard the citizenship of Stanhurst under the doctrine of fraudulent misjoinder.  Ms. Asbury's claim against Stanhurst is not sufficiently related to be properly joined in a single case with the claim against other Defendants because they do not arise out of the same transaction or occurrence, nor do they present a common question of law or fact.

28.    Accordingly, there is complete diversity under § 1332 between all parties properly joined and served and not fraudulently misjoined and/or nominal in this civil action, as required by § 1441(b)(2).

**B.    The Amount in Controversy Requirement Is Satisfied.**

29.    The amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* § 1332(a).

30.    "When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record." *Asbury-Castro v. GlaxoSmithKline, Inc.*, 352 F. Supp. 2d 729, 732 (N.D. W. Va. 2005). *See Weddington v. Ford*

*Motor Credit Co.*, 59 F. Supp. 2d 578, 584 (S.D. W. Va. 1999) (court may consider entire record and make independent evaluation of whether amount in controversy is satisfied); *see also Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 967 (S.D. W. Va.2011) (amount in controversy is what plaintiff claims to be entitled to or demands rather than what she or court thinks jury would award if she prevails).

31.     Emotional distress damages, standing alone, can approach or surpass the $75,000.00 threshold. *See, e.g., CSX Transp., Inc. v. Smith*, 229 W. Va. 316, 729 S.E.2d 151, 160 n.9 (2012) (awarding plaintiff $280,000.00 for aggravation, inconvenience, indignation, embarrassment, humiliation, and emotional distress in sexual harassment suit); *Mace v. Charleston Area Med. Ctr. Found., Inc.*, 188 W. Va. 57, 422 S.E.2d 624 (1992) (affirming $50,000.00 emotional distress award in a retaliatory discharge case).

32.     Also, the Court must consider "any punitive damages which may be awarded." *Allman v. Chancellor Health Partners, Inc.*, No. 5:08cv155, 2009 WL 514086, at *2 (N.D.W. Va. Mar. 2, 2009). Indeed, the inclusion of a claim for punitive damages is typically sufficient by itself for the amount in controversy requirement to be met. As Judge Haden noted, a request for punitive damages "inevitably inflates a plaintiff's potential for recovery." *Bryant v. Wal-Mart Stores E., Inc.*, 117 F. Supp. 2d 555, 556 (S.D.W. Va. 2000).

33.     The Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

34.     In this action, Ms. Asbury demands lost wages and benefits, back pay, front pay, damages for indignity, embarrassment, humiliation, annoyance and inconvenience, and punitive damages in addition to prejudgment interest, attorney fees and costs.

35.     Based on the above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, exceeding the jurisdictional limit under 28 U.S.C. § 1332.

36.     Accordingly, federal diversity jurisdiction is established based on diversity of citizenship of the parties and the amount in controversy exceeding $75,000.00, exclusive of interest and costs.

37.     This Court is the appropriate federal venue because Boone County, West Virginia is located within the district's jurisdictional territory. *See* 28 U.S.C. § 129(b).

38.     This notice is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after receipt by Arch and Mingo Logan, through service or otherwise, of a copy of the initial pleading.

39.     As required by 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Ms. Asbury and to the Clerk of the Circuit Court of Boone County, West Virginia.

40.     The Clerk of the Circuit Court of Boone County, West Virginia will be requested to submit a certified copy of the entire state court record to this Court for filing.

41.     No admission of law or fact is intended by the filing of this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby preserved.

42.     The right to supplement this Notice of Removal or to present additional arguments in support of entitlement to remove and in support of this Court's jurisdiction is hereby reserved.

WHEREFORE, Arch Resources, Inc. and Mingo Logan Coal LLC hereby remove this action from Circuit Court of Boone County, West Virginia to the United States District Court for the Southern District of West Virginia.

Respectfully submitted this 4th day of January 2023.

/s/ Amy M. Smith
C. David Morrison (WVSB #2643)
Amy M. Smith (WVSB #6454)
Michael J. Moore (WVSB #12009)
400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000

**STEPTOE & JOHNSON PLLC**
OF COUNSEL

*Counsel for Defendants Arch Resources, Inc. and
Mingo Logan Coal, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January 2023, I electronically filed the foregoing "Notice of Removal" with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

> Mark A. Atkinson
> John-Mark Atkinson
> ATKINSON & FRAMPTON, PLLC
> P.O. Box 549
> Charleston, WV 25322-0549
>
> Michael D. Mullins
> STEPTOE & JOHNSON PLLC
> 707 Virginia Street East, Chase Tower
> 17th Floor
> Charleston, WV 25301
>
> Jonathan R. Ellis
> STEPTOE & JOHNSON PLLC
> 707 Virginia Street East, Chase Tower
> 17th Floor
> Charleston, WV 25301
>
> Ashley C. Pack
> DINSMORE & SCHOHL LLP
> 707 Virginia Street East
> Suite 1300
> Charleston, WV 25301

> /s/ *Amy M. Smith*
> Amy M. Smith

owicki-Eldridge

| | | | |
|---|---|---|---|
| County: | Case Number: | Status: | Open |
| Created Date: | **11/30/2022** | Status: | **Open** |
| Case Sub-Type: | **Other** | Security Level: | **Public** |

Asbury v. Pocahontas Coal Company

| ...ment Type | Document Origin | Docket Entry Description | Document Description | Filing Date | Pages |
|---|---|---|---|---|---|
| ...ormation Statement | E-file | Complaint | | 11/30/2022 | 2 |
| | E-file | Complaint | Complaint | 11/30/2022 | 8 |
| | E-file | Complaint | | 11/30/2022 | 14 |
| | E-file | Complaint | | 11/30/2022 | 13 |
| | E-file | Supporting Documents - Notice of Change of Attorney Information | Notice of Change of Attorney Information | 12/6/2022 | 2 |
| | E-file | Supporting Documents - Notice of Change of Attorney Information | | 12/6/2022 | 14 |
| ...n | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON POCAHONTAS COAL CO LLC BY WV SOS ON 12/5/22 | SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON POCAHONTAS COAL CO LLC BY WV SOS ON 12/5/22 | 12/12/2022 | 2 |
| | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON POCAHONTAS COAL CO LLC BY WV SOS ON 12/5/22 | | 12/12/2022 | 1 |
| ...n | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON AFFINITY COAL CO, LLC NOW POCAHONTAS COAL CO, LLC BY WV SOS ON 12/5/22 | SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON AFFINITY COAL CO, LLC NOW POCAHONTAS COAL CO, LLC BY WV SOS ON 12/5/22 | 12/12/2022 | 2 |
| | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON AFFINITY COAL CO, LLC NOW POCAHONTAS COAL CO, LLC BY WV SOS ON 12/5/22 | | 12/12/2022 | 1 |
| ...n | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON UNITED COAL CO, LLC BY WV SOS ON 12/5/22 | SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON UNITED COAL CO, LLC BY WV SOS ON 12/5/22 | 12/12/2022 | 2 |
| | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON UNITED COAL CO, LLC BY WV SOS ON 12/5/22 | | 12/12/2022 | 1 |
| ...n | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON BLACKHAWK MINING, LLC BY WV SOS ON 12/5/22 | SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON BLACKHAWK MINING, LLC BY WV SOS ON 12/5/22 | 12/12/2022 | 2 |
| | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON BLACKHAWK MINING, LLC BY WV SOS ON 12/5/22 | | 12/12/2022 | 1 |
| ...ocument | E-file | Supporting Documents - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON ARCH RESOURCES, INC BY WV SOS ON 12/5/22 | SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON ARCH RESOURCES, INC BY WV SOS ON 12/5/22 | 12/12/2022 | 2 |
| | E-file | Supporting Documents - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON ARCH RESOURCES, INC BY WV SOS ON 12/5/22 | | 12/12/2022 | 1 |

| ument Type | Document Origin | | | Filing Date | Pages |
|---|---|---|---|---|---|
| n | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON MINGO LOGAN COAL, LLC BY WV SOS ON 12/5/22 | SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON MINGO LOGAN COAL, LLC BY WV SOS ON 12/5/22 | 12/12/2022 | 2 |
| | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON MINGO LOGAN COAL, LLC BY WV SOS ON 12/5/22 | | 12/12/2022 | 1 |
| n | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON CLEVELAND-CLIFFS PRINCETON COAL INC BY WV SOS ON 12/5/22 | SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON CLEVELAND-CLIFFS PRINCETON COAL INC BY WV SOS ON 12/5/22 | 12/12/2022 | 2 |
| | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON CLEVELAND-CLIFFS PRINCETON COAL INC BY WV SOS ON 12/5/22 | | 12/12/2022 | 1 |
| n | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON GMS MINE REPAIR AND MAINTENANCE INC BY WV SOS ON 12/5/22 | SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON GMS MINE REPAIR AND MAINTENANCE INC BY WV SOS ON 12/5/22 | 12/12/2022 | 2 |
| | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON GMS MINE REPAIR AND MAINTENANCE INC BY WV SOS ON 12/5/22 | | 12/12/2022 | 1 |
| n | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON GMS DAVID STANLEY CONSULTANTS, LLC BY WV SOS ON 12/5/22 | SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON GMS DAVID STANLEY CONSULTANTS, LLC BY WV SOS ON 12/5/22 | 12/12/2022 | 2 |
| | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON GMS DAVID STANLEY CONSULTANTS, LLC BY WV SOS ON 12/5/22 | | 12/12/2022 | 1 |
| n | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON CONTURA ENERGY, INC BY WV SOS ON 12/5/22 | SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON CONTURA ENERGY, INC BY WV SOS ON 12/5/22 | 12/12/2022 | 2 |
| | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON CONTURA ENERGY, INC BY WV SOS ON 12/5/22 | | 12/12/2022 | 1 |
| n | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON ALPHA NATURAL RESOURCES SERVICES LLC BY WV SOS ON 12/5/22 | SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON ALPHA NATURAL RESOURCES SERVICES LLC BY WV SOS ON 12/5/22 | 12/12/2022 | 2 |
| | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON ALPHA NATURAL RESOURCES SERVICES LLC BY WV SOS ON 12/5/22 | | 12/12/2022 | 1 |
| n | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON CONSOL ENERGY INC BY WV SOS ON 12/5/22 | SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON CONSOL ENERGY INC BY WV SOS ON 12/5/22 | 12/12/2022 | 2 |
| | E-file | Service Return - SERVICE RETURN OF SUMMONS AND COMPLAINT SVD ON CONSOL ENERGY INC BY WV SOS ON 12/5/22 | | 12/12/2022 | 1 |
| formation Statement | E-file | Answer - Notice of Bona Fide Defense of Defendants Arch Res | | 12/22/2022 | 2 |

| ument Type | Document Origin | Document Title | Document Description | Filing Date | Pages |
|---|---|---|---|---|---|
|  | E-file | Answer - Notice of Bona Fide Defense of Defendants Arch Res | Notice of Bona Fide Defense of Arch Resources, Inc. and Mingo Logan Coal LLC | 12/22/2022 | 4 |
|  | E-file | Answer - Notice of Bona Fide Defense of Defendants Arch Res |  | 12/22/2022 | 13 |



**CT Corporation**
**Service of Process Notification**
12/08/2022
CT Log Number 542811515

## Service of Process Transmittal Summary

TO:     Michelle Polson, Legal Department Administrator
        Arch Resources, Inc.
        CITY PLACE ONE #300
        SAINT LOUIS, MO 63141

RE:     **Process Served in West Virginia**

FOR:    Arch Resources, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: AMANDA ASBURY // To: Arch Resources, Inc. |
| **CASE #:** | CC032022C89 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Charleston, WV |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 12/08/2022 |
| **JURISDICTION SERVED:** | West Virginia |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification, Michelle Polson  mpolson@archrsc.com |
| | Email Notification, Timothy Mooney  tmooney@archrsc.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 5098 Washington St. W. Ste. 407 |
| | Charleston, WV 25313 |
| | 866-665-5799 |
| | SouthTeam2@wolterskluwer.com |

The Information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



USPS CERTIFIED MAIL™



9214 8901 1251 3410 0003 6443 72

**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

ARCH RESOURCES, INC.
C. T. Corporation System
5098 WEST WASHINGTON STREET
SUITE 407
CHARLESTON, WV 25313

**Control Number:** 300129

**Defendant:** ARCH RESOURCES, INC.
5098 WEST WASHINGTON STREET
SUITE 407
CHARLESTON, WV 25313 US

**Agent:** C. T. Corporation System

**County:** Boone

**Civil Action:** 22-C-89

**Certified Number:** 92148901125134100003644372

**Service Date:** 12/5/2022

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:    Filer - Secretary of State

NOTICE TO:    Arch Resources, Inc., CT Corporation System, 5098 Washington St., W, Suite 407, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to

_____, a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

AMANDA ASBURY,

Plaintiff,

v.                                                      CIVIL ACTION NO.:

POCAHONTAS COAL COMPANY LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

Defendants.

## COMPLAINT

---

1.     The plaintiff, Amanda Asbury, brings this action against the defendants for their

discriminatory actions against the plaintiff.

1

## PARTIES

2.      The plaintiff, Amanda Asbury, is a woman and was at all times relevant herein, a resident of Wyoming County, West Virginia.

3.      The defendant Pocahontas Coal Company LLC is a West Virginia limited liability company d/b/a Affinity Coal Company, LLC, and at all times relevant herein was doing business in West Virginia.

4.      The defendant United Coal Company LLC is a Virginia limited liability company, and at all times relevant herein was doing business in West Virginia.

5.      The defendant Blackhawk Mining, LLC is a Kentucky limited liability company and at all times relevant herein was doing business in Boone County, West Virginia.

6.      The defendant Arch Resources, Inc. is a Delaware corporation and at all times relevant herein was doing business in West Virginia.

7.      The defendant Mingo Logan Coal LLC, is a Delaware limited liability company and at all times relevant herein was doing business in West Virginia.

8.      The defendant Cleveland-Cliffs Princeton Coal Inc. is a West Virginia corporation and at all times relevant herein was doing business in West Virginia.

9.      The defendant GMS Mine Repair and Maintenance, Inc. is a Maryland corporation and at all times relevant herein was doing business in West Virginia.

10.      The defendant David Stanley Consultants, LLC is a West Virginia limited liability company and at all times relevant herein, upon information and belief, was doing business in Boone County, West Virginia.

2

11.     The defendant Contura Energy, Inc. is a Delaware corporation and at all times relevant herein was doing business in Boone County, West Virginia.

12.     The defendant Alpha Natural Resources Services, LLC is a Delaware limited liability company and at all times relevant herein was doing business in Boone County, West Virginia.

13.     The defendant Consol Energy Inc. is a Delaware corporation and at all times relevant herein was doing business in West Virginia.

14.     The defendant Stanhurst, LLC is a West Virginia limited liability company and at all times relevant herein, upon information and belief, was doing business in Boone County, West Virginia.

## FACTS

15.     The plaintiff, Amanda Asbury, was employed at mine owned by Pinnacle Mining Company, LLC mine for approximately 12 years.

16.     During her prior employment at Pinnacle Mining, the plaintiff, Amanda Asbury, consistently performed her duties in a satisfactory manner and met the reasonable expectations of her employer.

17.     During her prior employment with Pinnacle Mining, the plaintiff was never disciplined in any way for misconduct or poor work performance.

18.     On or about December 18, 2018, the plaintiff was discharged from her employment with Pinnacle Mining when the Pinnacle Mine shut down.

3

19.     The plaintiff has worked as a Scoop Operator, Shuttle Car Operator, Move Crew, Greaser – Underground, Diesel Mechanic – Underground, Outby Utility, Loadout Operator, Tipple Attendant, Floor Walker, Electrician, Beltman, General Inside Laborer, Tracking and Communications Electrician, and Long Wall Mechanic for various mines in her career.

20.     Plaintiff can proficiently run every piece of equipment on a section.

21.     The plaintiff has certifications as an electrician, underground coal miner, EMT-M, Mine Rescuer, Underground Instructor, and Electrical Instructor.

22.     The plaintiff applied for positions of employment with each of the defendants from 2020 to the present.

23.     Each of the defendants refused to hire the plaintiff for the job openings for which she applied.

24.     The plaintiff was qualified to fill each job opening for which she applied.

25.     Upon information and belief, the defendants hired a male for each job opening for which the plaintiff applied.

26.     The plaintiff applied for the following positions with Affinity Coal Company, LLC and United Coal Company LLC and was not hired: underground electrician and plant electrician.

27.     The plaintiff applied for the following positions with Blackhawk Mining, LLC and was not hired: inside laborer, scoop operator, floor walker, loadout operator, utility, welder, technician, move crew, UG greaser, and electrician.

28.     The plaintiff applied for the following positions with Arch Coal (Arch Resources, Inc.) and was not hired: underground miner, underground electrician, and roof bolt operator.

29.     The plaintiff applied for the following positions with Mountain Laurel/Mingo Logan (Mingo Logan Coal LLC) and was not hired: underground electrician, certified electrician.

30.     The plaintiff applied for the following positions with Cleveland-Cliffs Princeton Coal Inc. (XMV Mine) and was not hired: electrician underground and plant electrician.

31.     The plaintiff applied for the following positions with GMS Mine Repair and Maintenance. Inc. and was not hired: general laborer, scoop operator, diesel operator, underground positions, underground coal miner, and electrician.

32.     The plaintiff applied for the following positions with David Stanley Consultants, LLC and was not hired: general laborer, scoop operator, diesel operator, underground positions, and electrician.

33.     The plaintiff applied for the following positions with Stanhurst, LLC and was not hired: surface positions.

34.     The plaintiff applied for the following positions with Consol Energy Inc. and was not hired: certified underground electrician, electrician, underground coal miner, and tracking & communications technician.

35.     The plaintiff applied for a position at the Metinvest mine for Affinity Coal Division (Affinity Coal Company, LLC and United Coal Company LLC) in person on or about June 1, 2021.

36.     The plaintiff interviewed for the position at the Metinvest mine for Affinity Coal Division (Affinity Coal Company, LLC and United Coal Company LLC) in or around August 2021 and was not hired.

37.     The plaintiff applied with Alpha (Contura Energy, Inc. and Alpha Natural Resource Services, LLC) at Road Fork 52 in person and was not hired.

38.     The plaintiff had an interview for a plant electrician position at the Affinity mine (for Affinity Coal Company, LLC and United Coal Company LLC)  and was told she would likely be hired by the Human Resources representative.

39.     Later, the plaintiff was told by multiple male employees of Affinity (on behalf of (Affinity Coal Company, LLC and United Coal Company LLC) that she would not be hired at Affinity because the mine did not have a female bath house.

40.     The plaintiff applied for positions from the defendants in person, at job fairs, online, through ZipRecruiter, Indeed, Facebook, and Consol Energy, Inc. and Blackhawk Mining, LLC's own websites.

41.     GMS Mine Repair & Maintenance, Inc. posted on Facebook in February 2022 that it had several openings for hire including Dispatcher, All Face Equipment Operators, General Labor, Move Crew, Electrician, Red Hat, and Rock Truck.

42.     David Stanley Consultants, LLC posted on its Facebook page various job openings in January 2022.

43.     Cleveland-Cliffs Princeton Coal Inc. hosted a job fair in April 2022.

44.     The plaintiff had two interviews from that job fair and was not hired for either.

6

## FIRST CAUSE OF ACTION

45.     Defendants' failure to hire the plaintiff was based upon, in whole or in part, the plaintiff's gender, in violation of the West Virginia Human Rights Act, West Virginia Code §5-11-9.

46.     As a direct and proximate result of the defendants' aforesaid actions, the plaintiff has suffered, and will continue to suffer, lost wages and benefits in an amount to be proven at trial.

47.     As a direct and proximate result of the defendants' aforesaid actions, the plaintiff is entitled to damages for indignity, embarrassment, humiliation, annoyance and inconvenience in an amount to be determined by the jury.

48.     Defendants' actions were willful, wanton, malicious and/or undertaken with reckless disregard and/or reckless indifference to the rights of the plaintiff entitling the plaintiff to punitive damages in an amount to be determined by the jury.

49.     The actions of defendants entitle the plaintiff to an award of attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays for the following relief:

1.     Damages set forth in this Complaint, including lost wages and benefits, back pay, front pay, damages for indignity, embarrassment, humiliation, annoyance and inconvenience, and punitive damages in an amount to be determined by the jury;

2.     Prejudgment interest as provided by law;

3.     Attorney fees and costs; and

4.     Such further relief as this court may deem just and equitable.

7

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES TRIABLE TO A JURY.

AMANDA ASBURY
By Counsel

/s/ John-Mark Atkinson
Mark A. Atkinson (WVSB #184)
John-Mark Atkinson (WVSB #12014)
ATKINSON & POLAK, PLLC
P.O. Box 549
Charleston, WV 25322-0549
(304) 346-5100

8

E-FILED | 12/20/2022 9:18 AM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

AMANDA ASBURY,

        Plaintiff,

v.                                  CIVIL ACTION NO.: 22-C-89

POCAHONTAS COAL COMPANY LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

        Defendants.

**NOTICE OF CHANGE OF ATTORNEY INFORMATION**

We, John-Mark Atkinson and Mark A. Atkinson, hereby provide this Notice of Change of

Attorney Information and request the Circuit Clerk's Office and opposing counsel to please update

the firm information in the above-entitled action as follows:

| | |
|---|---|
| New Firm Name: | Atkinson & Frampton, PLLC |
| New Mailing Address: | 2306 Kanawha Blvd. E.<br>Charleston, WV 25311 |

The following information will remain the same:

| | |
|---|---|
| Telephone Number: | 304-346-5100 |
| Fax Number: | 304-346-4678 |
| Email Address: | johnmark@amplaw.com (John-Mark Atkinson)<br>emboles@amplaw.com (Mark A. Atkinson) |

AMANDA ASBURY
By Counsel

*/s/ John-Mark Atkinson*
Mark A. Atkinson (WVSB #184)
John-Mark Atkinson (WVSB #12014)
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311
(304) 346-5100
emboles@amplaw.com
johnmark@amplaw.com

CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BOONE COUNTY
200 STATE STREET
SUITE 202
Madison, WV 25130-1189

**Control Number:** 300133

**Defendant:** POCAHONTAS COAL COMPANY
LLC
5098 WEST WASHINGTON STREET
SUITE 407
CHARLESTON, WV 25313 US

**Agent:** BUSINESS FILINGS
INCORPORATED

**County:** Boone

**Civil Action:** 22-C-89

**Certified Number:** 92148901125134100003644419

**Service Date:** 12/5/2022

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted
service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document
directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:     Filer - Secretary of State

NOTICE TO:     Pocahontas Coal Company, Business Filings Incorporated, 5098 Washington St., W, Suite 407, Charleston, WV 25313
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR
RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR
DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR
HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT
BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

11/30/2022 1:16:21 PM              /s/ Sam R. Burns
_____          _____
Date                                      Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on   _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to   _____

_____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to

_____, a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

_____          _____
Date                                      Server's Signature



FILED 12/12/2022 11:25 AM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BOONE COUNTY
200 STATE STREET
SUITE 202
Madison, WV 25130-1189

**Control Number:** 300132

**Defendant:** AFFINITY COAL COMPANY, LLC
NOW POCAHONTAS COAL
COMPANY LLC
5098 WEST WASHINGTON STREET
SUITE 407
CHARLESTON, WV 25313 US

**Agent:** BUSINESS FILINGS
INCORPORATED

**County:** Boone

**Civil Action:** 22-C-89

**Certified Number:** 92148901125134100003644402

**Service Date:** 12/5/2022

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:   Filer - Secretary of State

NOTICE TO:   Affinity Coal Company, LLC, CT Corporation System, 1627 Quarrier Street, Charleston, WV 25311

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to
_____, a member of the individual's family who is above the age of sixteen (16) years and by
advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

FILED 12/29/2022 4:35 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BOONE COUNTY
200 STATE STREET
SUITE 202
Madison, WV 25130-1189

Control Number: 300131

Defendant: UNITED COAL COMPANY LLC
5098 WEST WASHINGTON STREET
SUITE 407
CHARLESTON, WV 25313 US

Agent: BUSINESS FILINGS INCORPORATED

County: Boone

Civil Action: 22-C-89

Certified Number: 92148901125134100003644396

Service Date: 12/5/2022

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:  Filer - Secretary of State

NOTICE TO:   United Coal Company LLC, Business Filings Incorporated, 5098 Washington St., W, Suite 407, Charleston, WV 25313
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR
RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR
DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR
HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT
BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
| Date | Clerk |

SECRETARY OF STATE OF WEST VIRGINIA
2022 DEC -5 P 3: 04
ACCEPTED FOR SERVICE OF PROCESS

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to
_____ , a member of the individual's family who is above the age of sixteen (16) years and by
advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| Date | Server's Signature |

Case 2:23-cv-00005   Document 2-1   Filed 01/04/23   Page 44 of 49 PageID #: 99

CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BOONE COUNTY
200 STATE STREET
SUITE 202
Madison, WV 25130-1189

| | |
|---|---|
| **Control Number:** 300130 | **Agent:** C. T. Corporation System |
| **Defendant:** BLACKHAWK MINING, LLC | **County:** Boone |
| 5098 WEST WASHINGTON STREET | **Civil Action:** 22-C-89 |
| SUITE 407 | **Certified Number:** 92148901125134100003644389 |
| CHARLESTON, WV 25313 US | **Service Date:** 12/5/2022 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:    Filer – Secretary of State

NOTICE TO:   Blackhawk Mining, LLC, CT Corporation System, 5098 Washington St., W, Suite 407, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on  _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to  _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to
_____, a member of the individual's family who is above the age of sixteen (16) years and by
advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
| Date | Server's Signature |

ACCEPTED FOR SERVICE OF PROCESS
SECRETARY OF STATE OF WEST VIRGINIA
2022 DEC -5 P 3: 04

CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BOONE COUNTY
200 STATE STREET
SUITE 202
Madison, WV 25130-1189

**Control Number:** 300129

**Defendant:** ARCH RESOURCES, INC.
5098 WEST WASHINGTON STREET
SUITE 407
CHARLESTON, WV 25313 US

**Agent:** C. T. Corporation System

**County:** Boone

**Civil Action:** 22-C-89

**Certified Number:** 92148901125134100003644372

**Service Date:** 12/5/2022

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:    Filer – Secretary of State

NOTICE TO:   Arch Resources, Inc., CT Corporation System, 5098 Washington St., W, Suite 407, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
|---|---|
| Date | Server's Signature |

CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:**  304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BOONE COUNTY
200 STATE STREET
SUITE 202
Madison, WV 25130-1189

**Control Number:** 300128

**Defendant:** MINGO LOGAN COAL LLC
5098 WEST WASHINGTON STREET
SUITE 407
CHARLESTON, WV 25313 US

**Agent:** C. T. Corporation System

**County:** Boone

**Civil Action:** 22-C-89

**Certified Number:** 92148901125134100003644365

**Service Date:** 12/5/2022

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:   Filer - Secretary of State

NOTICE TO:   Mingo Logan Coal LLC, CT Corporation System, 5098 Washington St., W, Suite 407, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| | |
|---|---|
| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____, a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| | |
|---|---|
| _____ | _____ |
| Date | Server's Signature |

CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BOONE COUNTY
200 STATE STREET
SUITE 202
Madison, WV 25130-1189

| | |
|---|---|
| **Control Number:** 300127 | **Agent:** C. T. Corporation System |
| **Defendant:** CLEVELAND-CLIFFS PRINCETON COAL INC.<br>5098 WEST WASHINGTON STREET<br>SUITE 407<br>CHARLESTON, WV 25313 US | **County:** Boone |
| | **Civil Action:** 22-C-89 |
| | **Certified Number:** 92148901125134100003644358 |
| | **Service Date:** 12/5/2022 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:    Filer - Secretary of State

NOTICE TO:    Cleveland-Cliffs Princeton Coal Inc., CT Corporation System, 5098 Washington St., W, Suite 407, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
|---|---|
| Date | Clerk |

SECRETARY OF STATE
STATE OF WEST VIRGINIA
2022 DEC -5  P 3: 04
ACCEPTED FOR
SERVICE OF PROCESS

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| | |
|---|---|
| Date | Server's Signature |

EFILED | 12/12/2022 4:48 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BOONE COUNTY
200 STATE STREET
SUITE 202
Madison, WV 25130-1189

| | |
|---|---|
| **Control Number:** 300126 | **Agent:** RONALD W. PETRELLA |
| **Defendant:** GMS MINE REPAIR AND MAINTENANCE, INC. PO BOX 2446 32 ENTERPRISE DR. MOUNTAIN LAKE PARK, MD 21550 US | **County:** Boone |
| | **Civil Action:** 22-C-89 |
| | **Certified Number:** 92148901125134100003644341 |
| | **Service Date:** 12/5/2022 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:    Filer – Secretary of State

NOTICE TO:    GMS Mine Repair and Maintenance, Inc., Ronald W. Petrella, P.O. Box 2446, 32 Enterprise Dr., Mountain Lake Park, MD 21550

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

_____        _____
11/30/2022 1:16:21 PM                  /s/ Sam R. Burns
        Date                                   Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to

_____ , a member of the individual's family who is above the age of sixteen (16) years and by

advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

_____        _____
        Date                              Server's Signature

FILED 12/06/2022 4:50 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BOONE COUNTY
200 STATE STREET
SUITE 202
Madison, WV 25130-1189

**Control Number:** 300125

**Defendant:** DAVID STANLEY CONSULTANTS, LLC
100 VILLAGE DR. STE. 200
FAIRMONT, WV 26554 US

**Agent:** JAMES W. HAYHURST

**County:** Boone

**Civil Action:** 22-C-89

**Certified Number:** 92148901125134100003644334

**Service Date:** 12/5/2022

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:   Filer - Secretary of State

NOTICE TO:   David Stanley Consultants, LLC, James W. Hayhurst, 100 Village Drive, Suite 200, Fairmont, WV 26554

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
|---|---|
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____, a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| | |
|---|---|
| Date | Server's Signature |

FILED 12/30/2022 4:55 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd. E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BOONE COUNTY
200 STATE STREET
SUITE 202
Madison, WV 25130-1189

**Control Number:** 300124

**Defendant:** CONTURA ENERGY, INC.
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808 US

**Agent:** CORPORATION SERVICE COMPANY
**County:** Boone
**Civil Action:** 22-C-89
**Certified Number:** 92148901125134100003644327
**Service Date:** 12/5/2022

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your unauthorized foreign corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your unauthorized foreign corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:    Filer - Secretary of State

NOTICE TO:    Contura Energy, Inc., Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
| --- | --- |
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| | |
| --- | --- |
| Date | Server's Signature |

SECRETARY OF STATE OF WEST VIRGINIA
2022 DEC -5 P 3:04
ACCEPTED FOR SERVICE OF PROCESS

CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BOONE COUNTY
200 STATE STREET
SUITE 202
Madison, WV 25130-1189

**Control Number:** 300123

**Defendant:** ALPHA NATURAL RESOURCES
SERVICES, LLC
209 West Washington Street
Charleston, WV 25302 US

**Agent:** Corporation Service Company

**County:** Boone

**Civil Action:** 22-C-89

**Certified Number:** 92148901125134100003644310

**Service Date:** 12/5/2022

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted
service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document
directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company

Service Type:   Filer - Secretary of State

NOTICE TO:   Alpha Natural Resources Services, LLC, Corporation Service Company, 209 West Washington STreet, Charleston, WV 25302

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
|---|---|
| Date | Clerk |

SECRETARY OF STATE
STATE OF WEST VIRGINIA
2022 DEC -5 P 3: 05
ACCEPTED FOR SERVICE OF PROCESS

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____, a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| | |
|---|---|
| Date | Server's Signature |

CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
886-767-8683
Visit us online:
www.wvsos.com

CLERK OF THE CIRCUIT COURT OF BOONE COUNTY
200 STATE STREET
SUITE 202
Madison, WV 25130-1189

**Control Number:** 300122

**Defendant:** CONSOL ENERGY INC.
5098 WEST WASHINGTON STREET
SUITE 407
CHARLESTON, WV 25313 US

**Agent:** C. T. Corporation System

**County:** Boone

**Civil Action:** 22-C-89

**Certified Number:** 92148901125134100003644303

**Service Date:** 12/5/2022

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 11/30/2022 1:16 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
## Amanda Asbury v. Pocahontas Coal Company

Service Type:   Filer - Secretary of State

NOTICE TO:   Consol Energy Inc., CT Corporation System, 5098 Washington St. W, Suite 407, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

John-Mark Atkinson, P.O. Box 549, Charleston, WV 25322

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 11/30/2022 1:16:21 PM | /s/ Sam R. Burns |
| --- | --- |
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to _____ , a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint.

☐ Not Found in Bailiwick

| _____ | _____ |
| --- | --- |
| Date | Server's Signature |

ACCEPTED FOR SERVICE OF PROCESS
SECRETARY OF STATE OF WEST VIRGINIA
2022 DEC -5 P 3: 05



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Michael Moore
michael.moore@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following answer was FILED on 12/22/2022 10:50:41 AM

Notice Date:    12/22/2022 10:50:41 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

**COVER SHEET**

E-FILED | 12/22/2022 10:50 AM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF BOONE COUNTY WEST VIRGINIA
**Amanda Asbury v. Pocahontas Coal Company**

| First Plaintiff: | ☐ Business ☑ Individual<br>☐ Government ☐ Other | First Defendant: | ☑ Business ☐ Individual<br>☐ Government ☐ Other |
|---|---|---|---|

Judge: Stacy L. Nowicki-Eldridge

## COMPLAINT INFORMATION

**Case Type:** Civil          **Complaint Type:** Other

**Origin:** ☑ Initial Filing    ☐ Appeal from Municipal Court    ☐ Appeal from Magistrate Court

**Jury Trial Requested:** ☐ Yes ☑ No      **Case will be ready for trial by:** _____

**Mediation Requested:** ☐ Yes ☑ No

**Substantial Hardship Requested:** ☐ Yes ☑ No

☐ Do you or any of your clients or witnesses in this case require special accommodations due to a disability?

☐ Wheelchair accessible hearing room and other facilities

☐ Interpreter or other auxiliary aid for the hearing impaired

☐ Reader or other auxiliary aid for the visually impaired

☐ Spokesperson or other auxiliary aid for the speech impaired

☐ Other: _____

☐ I am proceeding without an attorney

☑ I have an attorney: Michael Moore, 400 White Oaks Blvd, Bridgeport, WV 26330

# SERVED PARTIES

E-FILED | 12/23/2022 10:50 AM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

AMANDA ASBURY

       Plaintiff,

v.                                            Civil Action No. 22-C-89

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware corporation;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

       Defendants.

## NOTICE OF BONA FIDE DEFENSE OF
## DEFENDANTS ARCH RESOURCES, INC. AND MINGO LOGAN COAL LLC

      Please take notice that Arch Resources, Inc. and Mingo Logan Coal LLC,

defendants in the above-referenced case, have a bona fide defense to the claims asserted against

them by plaintiffs and will answer or otherwise respond to the Complaint in accordance with the

provisions of West Virginia Rule of Civil Procedure 12(a).

Dated this 22nd day of December, 2022.

_/s/D. David Morrison_____          _____
C. David Morrison (WV ID #2643)

STEPTOE & JOHNSON PLLC          400 White Oaks Blvd.
Of Counsel          Bridgeport, WV  26330
          (304) 933-8000

          Counsel for Defendants

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

AMANDA ASBURY

Plaintiff,

v.                                                          Civil Action No. 22-C-89

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware corporation;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of December, 2022, I served the foregoing "Notice of Bona Fide Defense" upon the following counsel of record, by depositing a true copy thereof, in the United States mail, postage prepaid, in an envelope addressed as follows:

1584992                                    3

Mark A. Atkinson
John-Mark Atkinson
ATKINSON & POLAK, PLLC
P.O. Box 549
Charleston, WV 25322-0549


/s/C. David Morrison
C. David Morrison

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY

        Plaintiff,

v.                                                                Civil Action No. _____

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

        Defendants.

## **BLACKHAWK MINING, LLC'S CONSENT TO REMOVAL**

      Defendant Blackhawk Mining, LLC hereby consents to the removal of this action from the

Circuit Court of Boone County, West Virginia, to the United States District Court for the Southern

District of West Virginia by Defendants Arch Resources, Inc. and Mingo Logan Coal, LLC.

Respectfully submitted this 4th day of January 2023.

/s/ Ashley C. Pack /Ams
Ashley C. Pack (WVSB #10477)
707 Virginia Street East
Suite 1300
Charleston, WV 25301
(304) 357-0900

DINSMORE & SCHOHL LLP
OF COUNSEL

*Counsel for Defendant Blackhawk Mining, LLC*

15840089.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January 2023, I electronically filed the foregoing "Blackhawk Mining LLC's Consent to Removal" with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Mark A. Atkinson
John-Mark Atkinson
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311

C. David Morrison
Amy M. Smith
Michael J. Moore
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330

Michael D. Mullins
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Jonathan R. Ellis
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

/s/ Ashley C. Pack /AMS
Ashley C. Pack

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY

        Plaintiff,

v.

                                            Civil Action No. _____

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

        Defendants.

## CONSOL ENERGY INC.'S CONSENT TO REMOVAL

Defendant CONSOL Energy Inc. hereby consents to the removal of this action from the

Circuit Court of Boone County, West Virginia, to the United States District Court for the Southern

District of West Virginia by Defendants Arch Resources, Inc. and Mingo Logan Coal, LLC.

Respectfully submitted this 4th day of January 2023.

*/s/ Michael D. Mullins /AMS*
Michael D. Mullins (WVSB #7754)
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301
(304) 353-8180

**STEPTOE & JOHNSON PLLC**
OF COUNSEL

*Counsel for Defendant CONSOL Energy Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January 2023, I electronically filed the foregoing "CONSOL Energy Inc.'s Consent to Removal" with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

<div style="margin-left:3em">

Mark A. Atkinson
John-Mark Atkinson
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311

C. David Morrison
Amy M. Smith
Michael J. Moore
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330

Jonathan R. Ellis
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Ashley C. Pack
DINSMORE & SCHOHL LLP
707 Virginia Street East
Suite 1300
Charleston, WV 25301

</div>

/s/ *Michael D. Mullins /AMS*
Michael D. Mullins

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY

        Plaintiff,

v.                                                                    Civil Action No. _____

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

        Defendants.

**POCAHONTAS COAL COMPANY, LLC D/B/A AFFINITY COAL COMPANY, LLC'S,
UNITED COAL COMPANY LLC'S, CONTURA ENERGY, INC., N/K/A ALPHA
METALLURGICAL RESOURCES, INC.'S, AND ALPHA NATURAL
<u>RESOURCES SERVICES, LLC'S CONSENT TO REMOVAL</u>**

Defendants Pocahontas Coal Company, LLC d/b/a Affinity Coal Company, LLC, United Coal Company LLC, Contura Energy, Inc., n/k/a Alpha Metallurgical Resources, Inc., and Alpha Natural Resources Services, LLC hereby consent to the removal of this action from the Circuit Court of Boone County, West Virginia, to the United States District Court for the Southern District of West Virginia by Defendants Arch Resources, Inc. and Mingo Logan Coal, LLC.

Respectfully submitted this 4th day of January 2023.

/s/ Jonathan R. Ellis /AMS
Jonathan R. Ellis (WV SB #10296)
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301
(304) 353-8000

**STEPTOE & JOHNSON PLLC**
OF COUNSEL

*Counsel for Defendants Pocahontas Coal Company, LLC d/b/a Affinity Coal Company, LLC, United Coal Company LLC, Contura Energy, Inc., n/k/a Alpha Metallurgical Resources, Inc., and Alpha Natural Resources Services, LLC*

15811678.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January 2023, I electronically filed the foregoing "Pocahontas Coal Company, LLC d/b/a Affinity Coal Company, LLC's, United Coal Company LLC's, Contura Energy, Inc., n/k/a Alpha Metallurgical Resources, Inc.'s, and Alpha Natural Resources Services, LLC's Consent to Removal" with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

> Mark A. Atkinson
> John-Mark Atkinson
> ATKINSON & FRAMPTON, PLLC
> 2306 Kanawha Blvd. E.
> Charleston, WV 25311
>
> C. David Morrison
> Amy M. Smith
> Michael J. Moore
> STEPTOE & JOHNSON PLLC
> 400 White Oaks Boulevard
> Bridgeport, WV 26330
>
> Michael D. Mullins
> STEPTOE & JOHNSON PLLC
> 707 Virginia Street East, Chase Tower
> 17th Floor
> Charleston, WV 25301
>
> Ashley C. Pack
> DINSMORE & SCHOHL LLP
> 707 Virginia Street East
> Suite 1300
> Charleston, WV 25301

*/s/ Jonathan R. Ellis /AMS*
Jonathan R. Ellis

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY

        Plaintiff,

v.                                    Civil Action No. _____

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

        Defendants.

**PROOF OF NOTICE OF REMOVAL AND**
**<u>FILING OF NOTICE OF REMOVAL IN STATE COURT</u>**

I certify that on the 4th day of January 2023, pursuant to 28 U.S.C. § 1446(d), I gave due notice of the filing in this Court of the Notice of Removal in this case by mailing, by United States First Class Mail, postage prepaid, a copy of the Notice of Removal, with exhibit, to:

> Mark A. Atkinson
> John-Mark Atkinson
> ATKINSON & FRAMPTON, PLLC
> 2306 Kanawha Blvd. E.
> Charleston, WV 25311
>
> *Counsel for Plaintiff*

I further certify that on the 4th day of January 2023, likewise in accordance with 28 U.S.C. § 1446(d), a copy of the Notice of Removal was filed with the Clerk of the Circuit Court of Boone County, West Virginia.

Respectfully submitted this 4th day of January 2023.

|  |  |
|---|---|
| | */s/ Amy M. Smith* |
| | C. David Morrison (WVSB #2643) |
| | Amy M. Smith (WVSB #6454) |
| | Michael J. Moore (WVSB #12009) |
| **STEPTOE & JOHNSON PLLC** | 400 White Oaks Boulevard |
| OF COUNSEL | Bridgeport, WV 26330 |
| | (304) 933-8000 |

*Counsel for Defendants Arch Resources, Inc. and Mingo Logan Coal, LLC*

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January 2023, I electronically filed the foregoing "Proof of Notice of Removal and Filing of Notice of Removal in State Court" with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Mark A. Atkinson
John-Mark Atkinson
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311

Michael D. Mullins
Jonathan R. Ellis
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Jonathan R. Ellis
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Ashley C. Pack
DINSMORE & SCHOHL LLP
707 Virginia Street East
Suite 1300
Charleston, WV 25301

/s/ Amy M. Smith

15787110.1

JS 44 (Rev. 04/21)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS

Asbury, Amanda

### DEFENDANTS

Pocahontas Coal Company, LLC d/b/a Affinity Coal Company, LLC, United Coal Company, LLC, Blackhawk ⊞

**(b)** County of Residence of First Listed Plaintiff   Wyoming County, WV
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark A. Atkinson
John-Mark Atkinson
Atkinson & Frampton, PLLC ⊞

Attorneys *(If Known)*
C. David Morrison
Amy M. Smith
Michael J. Moore ⊞

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**          **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane            ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability          ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Pharmaceutical Slander Personal Injury | | **PROPERTY RIGHTS** ☐ 820 Copyrights | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans | Liability          ☐ 368 Asbestos Personal ☐ 340 Marine Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | **LABOR** | ☐ 840 Trademark ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability          **PERSONAL PROPERTY** ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | Act of 2016 | ☐ 485 Telephone Consumer Protection Act |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle     ☐ 371 Truth in Lending | ☐ 720 Labor/Management | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | Product Liability    ☐ 380 Other Personal | Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 196 Franchise | Injury          ☐ 385 Property Damage ☐ 362 Personal Injury - Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| | Medical Malpractice | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS**      **PRISONER PETITIONS** | ☐ 791 Employee Retirement | | ☐ 895 Freedom of Information |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | Income Security Act | **FEDERAL TAX SUITS** | Act |
| ☐ 220 Foreclosure | ☐ 441 Voting          ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment      ☐ 510 Motions to Vacate | | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Sentence | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | Accommodations    ☐ 530 General | | 26 USC 7609 | Agency Decision |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -  ☐ 535 Death Penalty Employment    **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities -  ☐ 540 Mandamus & Other Other          ☐ 550 Civil Rights | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | |
| | ☐ 448 Education       ☐ 555 Prison Condition | Actions | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File | |

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
The complaint alleges separate transactions or occurrences by which Ms. Asbury claims that each Defendant violated the WV Human Rights Act, W ⊞

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
>$75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

### VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
01/04/2023

SIGNATURE OF ATTORNEY OF RECORD
/s/ Amy M. Smith

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY,

       Plaintiff,

v.
                                  **CIVIL ACTION NO. 2:23-CV-0005**
                                  Removed from Boone County C.A. No. 22-C-89

POCAHONTAS COAL COMPANY LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company;
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.;
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.;
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

       Defendants.

## CONSOL ENERGY INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

    COMES NOW Defendant CONSOL Energy Inc. (this "Defendant"), by counsel, Michael

D. Mullins and the law firm of Steptoe & Johnson PLLC, and responds to Plaintiff's Complaint as

follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

In specific response to the allegations of Plaintiff's Complaint, this Defendant responds as follows:

1.      To the extent that the paragraph numbered 1 of Plaintiff's Complaint asserts that this Defendant discriminated against Plaintiff, such allegations are denied.

2.      In response to the paragraph numbered 2 of Plaintiff's Complaint, this Defendant is without specific information or knowledge to formulate a belief as to the truth of the allegations regarding Plaintiff's residency.  Notwithstanding, this Defendant has no reason to dispute that Plaintiff is a woman.

3.      This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 3 of Plaintiff's Complaint.

4.      This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 4 of Plaintiff's Complaint.

5.      This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 5 of Plaintiff's Complaint.

6.      This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 6 of Plaintiff's Complaint.

7.      This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 7 of Plaintiff's Complaint.

8.      This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 8 of Plaintiff's Complaint.

9.      This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 9 of Plaintiff's Complaint.

10.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 10 of Plaintiff's Complaint.

11.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 11 of Plaintiff's Complaint.

12.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 12 of Plaintiff's Complaint.

13.     In response to the paragraph numbered 13 of Plaintiff's Complaint, this Defendant admits that it is a Delaware corporation.  This Defendant denies the remaining allegations in the paragraph numbered 13 of Plaintiff's Complaint, as this Defendant did not engage in any tort toward Plaintiff in the State of West Virginia or any other state.

14.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 14 of Plaintiff's Complaint.

15.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 15 of Plaintiff's Complaint.

16.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 16 of Plaintiff's Complaint.

17.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 17 of Plaintiff's Complaint.

18.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 18 of Plaintiff's Complaint.

19.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 19 of Plaintiff's Complaint.

20.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 20 of Plaintiff's Complaint.

21.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in the paragraph numbered 21 of Plaintiff's Complaint.

22.     This Defendant is without specific information or knowledge from which to formulate a belief as to the allegations in the paragraph numbered 22 of Plaintiff's Complaint regarding Plaintiff's alleged attempt to apply for positions of employment with Defendants other than the instant Defendant.

23.     In response to the paragraph numbered 23 of Plaintiff's Complaint, this Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in that paragraph regarding Plaintiff's purported attempt to obtain employment with other Defendants in this matter.  To the extent paragraph 23 is an allegation against this Defendant, this Defendant denies the allegations in paragraph 23 of the Complaint.

24.     This Defendant cannot respond to the paragraph numbered 24 of Plaintiff's Complaint, as this Defendant has no information from which to formulate a belief as to what positions Plaintiff purported applied for with Defendants other than this Defendant.   This Defendant denies the allegations of paragraph 24 as to this Defendant.

25.     This Defendant cannot respond to the paragraph numbered 25 of Plaintiff's Complaint because this Defendant does not have the requisite knowledge to know what jobs Plaintiff purportedly applied for with Defendants other than this Defendant and/or whether the other Defendants hired males for the job openings for which Plaintiff applied.

26.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in the paragraph numbered 26 of Plaintiff's Complaint.

27.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in the paragraph numbered 27 of Plaintiff's Complaint.

28.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in the paragraph numbered 28 of Plaintiff's Complaint.

29.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in the paragraph numbered 29 of Plaintiff's Complaint.

30.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in the paragraph numbered 30 of Plaintiff's Complaint.

31.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in the paragraph numbered 31 of Plaintiff's Complaint.

32.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in the paragraph numbered 32 of Plaintiff's Complaint.

33.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in the paragraph numbered 33 of Plaintiff's Complaint.

34.     This Defendant denies the allegations set forth in the paragraph numbered 34 of Plaintiff's Complaint as to this Defendant.

35.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in the paragraph numbered 35 of Plaintiff's Complaint.

36.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in the paragraph numbered 36 of Plaintiff's Complaint.

37.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in the paragraph numbered 37 of Plaintiff's Complaint.

38.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in the paragraph numbered 38 of Plaintiff's Complaint.

39.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in the paragraph numbered 39 of Plaintiff's Complaint.

40.     In response to the paragraph numbered 40 of Plaintiff's Complaint, this Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations of Plaintiff regarding applying for jobs through Zip Recruiter, Indeed, and Facebook. At this time, this Defendant is without information or knowledge to respond to paragraph numbered 40 as to this Defendant.

41.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in the paragraph numbered 41 of Plaintiff's Complaint.

42.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in the paragraph numbered 42 of Plaintiff's Complaint.

43.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in the paragraph numbered 43 of Plaintiff's Complaint.

44.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in the paragraph numbered 44 of Plaintiff's Complaint.

45.     In response to the paragraph numbered 45 of Plaintiff's Complaint, this Defendant denies that this Defendant made any employment decisions that were discriminatory toward Plaintiff.

46.     This Defendant denies the allegations contained within the paragraph numbered 46 of Plaintiff's Complaint.

47.     This Defendant denies the allegations contained within the paragraph numbered 47 of Plaintiff's Complaint.

48.     This Defendant denies the allegations contained within the paragraph numbered 48 of Plaintiff's Complaint.

49.     This Defendant denies the allegations contained within the paragraph numbered 49 of Plaintiff's Complaint.

50.     This Defendant denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Defense

To the extent this Defendant took any actions with respect to Plaintiff, all actions taken with respect to Plaintiff by this Defendant were based on legitimate and nondiscriminatory reasons and in good faith.

### Second Defense

This Defendant may rely upon the after acquired evidence doctrine in defense of this case.

### Third Defense

Plaintiff's damages, if any, should be reduced by her interim earnings and/or by her failure to take reasonable steps to mitigate her damages.

### Fourth Defense

This Defendant reserves the right to argue that it was inappropriately joined with the other Defendants in this matter.

### Fifth Defense

If this case is remanded back to state court, this Defendant reserves the right to argue that venue in Boone County, West Virginia, is inappropriate.

### Sixth Defense

This Defendant reserves the right to raise the statute of limitations as a defense to Plaintiff's claims.

### Seventh Defense

W. Va. Code § 55-7-29(a) requires the plaintiff to establish by clear and convincing evidence that the damages claimed in her Complaint resulted from conduct carried out by Defendant with actual malice toward her before punitive damages may be considered.

**Eighth Defense**

This Defendant reserves the right to argue that Plaintiff's claim for punitive damages is contrary to the law and/or should be bifurcated from the compensatory portion of a trial of this matter, if any such trial occurs.

**Ninth Defense**

This Defendant denies that it acted in a discriminatory manner against Plaintiff.

**Tenth Defense**

Notwithstanding Plaintiff's allegations of illegal animus, this Defendant would have made the same employment decisions with regard to Plaintiff.

**Eleventh Defense**

Plaintiff's damages, if any, have been caused by her own actions.

**Twelfth Defense**

Plaintiff's damages are speculative and not foreseeable.

**Thirteenth Defense**

W. Va. Code § 55-7E-3(b) provides the trial court exclusive authority to determine the appropriate amount of front pay, if any, to be rewarded Plaintiff.

**Fourteenth Defense**

This Defendant is entitled to all defenses and immunities available under federal and state constitutional, statutory, and decisional law, including but not limited to any and all affirmative defenses listed in Rules 8 and 12 of the West Virginia Rules of Civil Procedure, any and all affirmative defenses available under the West Virginia Human Rights Act, which discovery might reveal appropriate.

**Fifteenth Defense**

This Defendant reserves the right to raise any additional defenses which may prove applicable as this matter proceeds through discovery and/or additional pleadings or other factual development.

CONSOL ENERGY INC.,

By Counsel:

/s/ Michael D. Mullins
Michael D. Mullins (WVSB # 7754)
P. O. Box 1588
Charleston, WV 25326-1588
Telephone (304)-353-8000
Facsimile (304)-353-8180
Michael.Mullins@steptoe-johnson.com

**STEPTOE & JOHNSON PLLC**
Of Counsel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**AMANDA ASBURY,**

     **Plaintiff,**

**v.**

                                          **CIVIL ACTION NO. 2:23-CV-0005**
                                   **Removed from Boone County C.A. No. 22-C-89**

**POCAHONTAS COAL COMPANY LLC,** *et al.,*

     **Defendants.**

### CERTIFICATE OF SERVICE

     I hereby certify that on the __4th__ day of January 2023, I filed the foregoing **"CONSOL Energy Inc.'s Answer to Plaintiff's Complaint,"** via the CM/ECF filing system and have placed a true and accurate copy thereof in the United States Mail, postage prepaid, to counsel of record as follows:

| | |
|---|---|
| Mark A. Atkinson, Esq. (WVSB #184)<br>John-Mark Atkinson, Esq. (WVSB #12014)<br>ATKINSON & POLAK, PLLC<br>P.O. Box 549<br>Charleston, WV 25322-0549 | C. David Morrison<br>Amy M. Smith<br>Michael J. Moore<br>Steptoe & Johnson PLLC<br>400 White Oaks Boulevard<br>Bridgeport, WV 26330 |
| Ashley C. Pack<br>Dinsmore & Schohl LLP<br>707 Virginia Street, East, Suite 1300<br>Charleston, WV 25301 | Jonathan R. Ellis<br>Steptoe & Johnson PLLC<br>707 Virginia Street, East, 17th Floor<br>Charleston, WV 25301 |

**STEPTOE & JOHNSON PLLC**
Of Counsel

/s/ Michael D. Mullins_____
Michael D. Mullins (WVSB # 7754)
P. O. Box 1588
Charleston, WV 25326-1588
Telephone (304)-353-8000
Facsimile (304)-353-8180
Michael.Mullins@steptoe-johnson.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY

        Plaintiff,

v.                                    Civil Action No. _____

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

        Defendants.

**ARCH RESOURCES, INC.'S AND MINGO LOGAN COAL, LLC'S**
**DISCLOSURE STATEMENTS PURSUANT TO RULE 7.1**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, C. David Morrison, Amy M.

Smith, and Michael J. Moore, and the law firm of Steptoe & Johnson PLLC, as counsel for

Defendants Arch Resources, Inc. ("Arch") and Mingo Logan Coal, LLC ("Mingo Logan") make the following disclosures:

1.    Is Arch Resources, Inc. a non-governmental corporate party?

☑YES          ☐ NO

2.    If the answer to Number 1 is "YES," list below any parent corporation, or state that there is no such corporation.

There is No such corporation.

3.    If the answer to Number 1 is "YES," list below any publicly-held corporation that owns 10% or more of the party's stock, or state that there is no such corporation:

There is no such corporation.

4.    Is Mingo Logan a non-governmental corporate party?

☑YES          ☐NO

5.    If the answer to Number 4 is "YES," list below any parent corporation, or state that there is no such corporation.

Mingo Logan is 100% owned by Arch Coal Operations LLC. Arch Coal Operations LLC is owned by three entities:  Arch Resources, Inc. (42.2%); Arch Coal Group, LLC (56.8%) and Hunter Ridge Holdings, Inc. (1%). Arch Coal Group, LLC is 100% owned by ICG, LLC. ICG, LLC is 100% owned by International Energy Group, LLC. International Energy Group, LLC is 100% owned by Arch Resources, Inc.

6.    If the answer to Number 1 is "YES," list below any publicly-held corporation that owns 10% or more of the party's stock, or state that there is no such corporation:

There is no such corporation.

2

The undersigned parties understand that under Rule 7.1 of the Federal Rules of Civil Procedure, they will promptly file a supplemental statement upon any change in the information that this statement requires.

Respectfully submitted this 4th day of January 2023.

/s/ Amy M. Smith
C. David Morrison (WVSB #2643)
Amy M. Smith (WVSB #6454)
Michael J. Moore (WVSB #12009)
400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000

*Counsel for Defendants Arch Resources, Inc. and Mingo Logan Coal, LLC*

**STEPTOE & JOHNSON PLLC**
OF COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of January 2023, I electronically filed the foregoing "Arch Resources, Inc.'s and Mingo Logan Coal, LLC's Disclosure Statements Pursuant to Rule 7.1" with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Mark A. Atkinson
John-Mark Atkinson
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311

Michael D. Mullins
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Jonathan R. Ellis
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Ashley C. Pack
DINSMORE & SCHOHL LLP
707 Virginia Street East
Suite 1300
Charleston, WV 25301

/s/ *Amy M. Smith*
Amy M. Smith

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY

        Plaintiff,

v.                                                Civil Action No. 2:23-CV-5

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

        Defendants.

## ANSWER OF ARCH RESOURCES, INC. AND MINGO LOGAN COAL, LLC

        Arch Resources, Inc. ("Arch") and Mingo Logan Coal, LLC ("Mingo Logan")

(collectively referred to herein as "Defendants"), by counsel, C. David Morrison, Michael J.

Moore, and the law firm of Steptoe & Johnson PLLC, hereby answer the Plaintiffs' Complaint as follows.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint against Arch and Mingo Logan fails to state a cause of action upon which relief may be granted.

### Second Defense

All actions taken with respect to Plaintiff by these Defendants were based on legitimate and nondiscriminatory reasons.

### Third Defense

Arch and Mingo Logan may rely upon the after acquired evidence doctrine in defense of this case.

### Fourth Defense

Plaintiff's damages, if any, should be reduced by her interim earnings and/or by her failure to take reasonable steps to mitigate her damages.

### Fifth Defense

Arch and Mingo Logan have been inappropriately joined with the remaining defendants in this case.

### Sixth Defense

If this case is remanded back to state court, the venue with regard to these defendants is improper in Boone County, West Virginia.

15846821.1

## Seventh Defense

W. Va. Code § 55-7-29(a) requires the plaintiff to establish by clear and convincing evidence that the damages claimed in her Complaint resulted from conduct carried out by Defendants with actual malice toward her before punitive damages may be considered.

## Eighth Defense

Arch and Mingo Logan reserve the right in accordance with W. Va. Code § 55-7-29(b) to request a bifurcated trial on the issue of punitive damages in this case. Plaintiff never applied for a job at Arch Resources, Inc.

Arch and Mingo Logan deny that either of them in any way discriminated against the Plaintiff.

## Ninth Defense

1. – 5.  Arch and Mingo Logan are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 3, 4, and 5 of the Complaint.

6.      Arch and Mingo Logan deny the allegations contained in paragraph 6 of the Complaint.

7.      Arch and Mingo Logan admit the allegations contained in paragraph 7 of the Complaint.

8. – 21.  Arch and Mingo Logan are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 8 through 21 of the Complaint.

22.      Arch and Mingo Logan deny the allegations contained in paragraph 22 of the Complaint to the extent that the allegations apply to Arch; admit that Plaintiff applied for a

3

position with Mingo Logan; and are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 22 of the Complaint.

23.     Arch and Mingo Logan deny the allegations contained in paragraph 23 of the Complaint to the extent that they apply to Arch; admit the allegations contained in paragraph 23 of the Complaint to the extent that they apply to Mingo Logan; and are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 23 of the Complaint.

24. – 27.  Arch and Mingo Logan are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 24, 25, 26 and 27 of the Complaint.

28.     Arch and Mingo Logan deny the allegations contained in paragraph 28 of the Complaint.

29.     Arch and Mingo Logan admit that Plaintiff applied for an underground certified electrician job; but deny that Plaintiff applied for multiple jobs.

30. – 44.  Arch and Mingo Logan are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 30 through 44 of the Complaint.

45. – 49.  Arch and Mingo Logan deny the allegations contained in paragraphs 45 through 49 of the Complaint to the extent that those allegations pertain to Arch and Mingo Logan; and are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in those paragraphs.

50.     Arch and Mingo Logan deny each and every allegation contained in the Complaint that was not specifically addressed herein.

WHEREFORE, Arch Resources, Inc. and Mingo Logan Coal, LLC request that this civil action be dismissed and that they be awarded their costs, including attorneys' fees, in defense thereof.

Dated this 5th day of January, 2023.

*/s/ C. David Morrison*

C. David Morrison (WVSB #2643)
Amy M. Smith (WVSB #6454)
Michael J. Moore (WVSB #12009)
400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000

**STEPTOE & JOHNSON PLLC**
OF COUNSEL

*Counsel for Defendants*
*Arch Resources, Inc. and Mingo Logan Coal, LLC*

15846821.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY

       Plaintiff,

v.                                          Civil Action No. 2:23-CV-5

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

       Defendants.

## CERTIFICATE OF SERVICE

       I hereby certify that on the 5th day of January 2023, I electronically filed the

foregoing *"Answer of Arch Resources, Inc. and Mingo Logan Coal, LLC"* with the Clerk of the

Court using the CM/ECF System, which will send notification of such filing to the following:

Mark A. Atkinson
John-Mark Atkinson
ATKINSON & POLAK, PLLC
P.O. Box 549
Charleston, WV 25322-0549

*Counsel for Plaintiff*

I further certify that the foregoing document was sent to counsel of record for the

Plaintiffs by depositing a true and accurate copy thereof in the United States mail, postage prepaid,

in an envelope marked with the above address.

Michael D. Mullins
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Jonathan R. Ellis
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Ashley C. Pack
DINSMORE & SCHOHL LLP
707 Virginia Street East
Suite 1300
Charleston, WV 25301

/s/ C. David Morrison
C. David Morrison (WVSB #2643)
Amy M. Smith (WVSB #6454)
Michael J. Moore (WVSB #12009)
400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000

*Counsel for Defendants*
*Arch Resources, Inc. and Mingo Logan Coal, LLC*

**STEPTOE & JOHNSON PLLC**
Of Counsel

7

15846821.1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### ADMINISTRATIVE ORDER



ENTERED

NOV 1 2 2019

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

IN RE:    ASSIGNMENT and REFERRAL
to MAGISTRATE JUDGES
of CIVIL ACTIONS ASSIGNED
to JUDGE IRENE C. BERGER

In order to efficiently manage the civil cases assigned to the Honorable Irene C. Berger, it is hereby **ORDERED** that the Standing Order entered January 4, 2016 be modified to provide that the following matters in which the Honorable Irene C. Berger is the presiding judicial officer shall be referred to a United States Magistrate Judge as follows:

- All discovery disputes in civil cases, including those which arise post-judgment (i.e. interrogatories in aid of execution, judgment debtor examinations, motions to compel answers to suggestions) are referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge;

- Actions in which all parties have consented to proceed before a magistrate judge upon the execution of a written Consent in accordance with 28 U.S.C. §636(c) and Fed. R. Civ. P. 7 are assigned to the Honorable Omar J. Aboulhosn, United States Magistrate Judge;

- As provided in the Standing Order, social security cases and habeas proceedings will continue to be referred on an equal rotational basis as the actions are filed without regard to the divisional office in which they are filed;

1

- All other civil actions by persons proceeding pro se, and that are not covered above, are referred for total pretrial management and submission of proposed findings of fact and recommendations for disposition are referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge.

- All other civil cases in which a defendant or defendants makes a pro se appearance following referral of discovery disputes to a magistrate judge, if the Honorable Irene C. Berger determines that the case be referred to a magistrate judge for pretrial management and submission of proposed findings of fact and conclusions of law, it shall be referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge.

This Administrative Order is effective for all cases assigned to the Honorable Irene C. Berger. The Clerk is directed to enter this Administrative Order and post it to the Court's website.

SO ORDERED this 12th day of November 2019.

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**AMANDA ASBURY,**

     **Plaintiff,**

**v.**                                                       **CIVIL ACTION NO. 2:23-cv-00005**
                                                          **Removed from Boone County C.A. No. 22-C-89**

**POCAHONTAS COAL COMPANY LLC,**
**a West Virginia limited liability company d/b/a**
**AFFINITY COAL COMPANY, LLC;**
**UNITED COAL COMPANY, LLC,**
**a Virginia limited liability company;**
**BLACKHAWK MINING, LLC,**
**a Delaware limited liability company;**
**ARCH RESOURCES, INC.,**
**a Delaware corporation;**
**MINGO LOGAN COAL LLC,**
**a Delaware limited liability company;**
**CLEVELAND-CLIFFS PRINCETON COAL INC.,**
**a West Virginia corporation;**
**GMS MINE REPAIR AND MAINTENANCE, INC.;**
**a Maryland corporation;**
**DAVID STANLEY CONSULTANTS, LLC,**
**a West Virginia limited liability company;**
**CONTURA ENERGY, INC.;**
**a Delaware corporation;**
**ALPHA NATURAL RESOURCES SERVICES, LLC,**
**a Delaware limited liability company;**
**CONSOL ENERGY INC.,**
**a Delaware corporation;**
**STANHURST, LLC,**
**a West Virginia limited liability company,**

     **Defendants.**

## ALPHA NATURAL RESOURCES SERVICES, LLC'S
## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Alpha Natural Resources Services, LLC (this "Defendant"), by

counsel, and responds to Plaintiff's Complaint as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

In specific response to the allegations of Plaintiff's Complaint, this Defendant responds as follows:

1.      To the extent that paragraph 1 of Plaintiff's Complaint asserts that this Defendant discriminated against Plaintiff, such allegations are denied.

**PARTIES**

2.      With respect to the allegations set forth in paragraph 2 of Plaintiff's Complaint, this Defendant is without specific information or knowledge to formulate a belief as to the truth of the allegations regarding Plaintiff's residency. This Defendant has no reason to dispute that Plaintiff is a woman.

3.      This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 3 of Plaintiff's Complaint.

4.      This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 4 of Plaintiff's Complaint.

5.      This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 5 of Plaintiff's Complaint.

6.      This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 6 of Plaintiff's Complaint.

7.      This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 7 of Plaintiff's Complaint.

8.      This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 8 of Plaintiff's Complaint.

9.      This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 9 of Plaintiff's Complaint.

10.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11.     With respect to the allegations set forth in paragraph 11 of Plaintiff's Complaint, this Defendant states that Contura Energy Inc. is now Alpha Mettallurgical Resources, Inc., as of February 1, 2021. Alpha Mettallurgical Resources, Inc. is a Delaware corporation with its principal place of business in Tennessee.

12.     This Defendant admits the allegations contained in paragraph 12 of the Complaint.

13.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 13 of Plaintiff's Complaint.

14.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 14 of Plaintiff's Complaint.

## FACTS

15.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 15 of Plaintiff's Complaint.

16.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 16 of Plaintiff's Complaint.

17.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 17 of Plaintiff's Complaint.

18.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 18 of Plaintiff's Complaint.

19.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 19 of Plaintiff's Complaint.

20.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 20 of Plaintiff's Complaint.

21.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 21 of Plaintiff's Complaint.

22.     This Defendant is without specific information or knowledge from which to formulate a belief as to the allegations in paragraph 22 of Plaintiff's Complaint regarding Plaintiff's alleged attempt to apply for positions of employment with Defendants other than the instant Defendant. This Defendant denies that Plaintiff applied for a position of employment with this Defendant.

23.     In response to paragraph 23 of Plaintiff's Complaint, this Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in that paragraph regarding Plaintiff's purported attempt to obtain employment with other Defendants in this matter.   This Defendant denies that Plaintiff applied for a position of employment with this Defendant.

24.     This Defendant cannot respond to paragraph 24 of Plaintiff's Complaint, as this Defendant has no information from which to formulate a belief as to what positions Plaintiff purportedly applied for with Defendants other than this Defendant. This Defendant denies that Plaintiff applied for a position of employment with this Defendant.

25.     This Defendant cannot respond to paragraph 25 of Plaintiff's Complaint because this Defendant does not have the requisite knowledge to know what jobs Plaintiff purportedly applied for with Defendants other than this Defendant and/or whether the other Defendants hired males for the job openings for which Plaintiff applied.  This Defendant denies that Plaintiff applied for a position of employment with this Defendant.

26.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 26 of Plaintiff's Complaint.

27.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 27 of Plaintiff's Complaint.

28.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 28 of Plaintiff's Complaint.

29.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 29 of Plaintiff's Complaint.

30.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 30 of Plaintiff's Complaint.

31.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 31 of Plaintiff's Complaint.

32.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 32 of Plaintiff's Complaint.

33.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 33 of Plaintiff's Complaint.

34.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 34 of Plaintiff's Complaint.

35.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 35 of Plaintiff's Complaint.

36.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 36 of Plaintiff's Complaint.

37.     This Defendant denies the allegations in paragraph 37 of Plaintiff's Complaint.

38.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 38 of Plaintiff's Complaint.

39.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 39 of Plaintiff's Complaint.

40.     This Defendant cannot respond to paragraph 40 of Plaintiff's Complaint, as this Defendant has no information from which to formulate a belief as to what positions Plaintiff purported applied for with Defendants other than this Defendant. This Defendant denies that Plaintiff applied for a position of employment with this Defendant.

41.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 41 of Plaintiff's Complaint.

42.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 42 of Plaintiff's Complaint.

43.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 43 of Plaintiff's Complaint.

44.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 44 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION

45.     In response to the paragraph numbered 45 of Plaintiff's Complaint, this Defendant denies that this Defendant made any employment decisions that were discriminatory toward Plaintiff.

46.     This Defendant denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

47.     This Defendant denies the allegations contained in paragraph 47 of Plaintiff's Complaint.

48.     This Defendant denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.     This Defendant denies the allegations contained in paragraph 49 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

50.     This Defendant denies the allegations contained in the "prayer for relief" clause of Plaintiff's Complaint.

51.     This Defendant denies each and every allegation not specifically admitted herein.

## THIRD DEFENSE

Plaintiff's claims are barred, at least in part, by the applicable statute of limitations and/or the doctrine of laches.

## FOURTH DEFENSE

This Defendant acted at all times in good faith and on the basis of legitimate, nondiscriminatory reasons.  Plaintiff cannot prove that its reasons are mere pretext for unlawful discrimination.

## FIFTH DEFENSE

Notwithstanding Plaintiff's allegations of illegal animus, this Defendant would have made the same employment decisions with regard to Plaintiff.

## SIXTH DEFENSE

The alleged acts or omissions of this Defendant, or its agents, which alleged acts or omissions are expressly denied, did not proximately cause Plaintiff's claimed injuries and damages.

## SEVENTH DEFENSE

Plaintiff's damages, if any, have been caused by her own actions.

## EIGHTH DEFENSE

Plaintiff's claimed damages are speculative and not foreseeable.

## NINTH DEFENSE

W. Va. Code § 55-7E-3(b) provides the trial court exclusive authority to determine the appropriate amount of front pay, if any, to be awarded Plaintiff.

### TENTH DEFENSE

An award of punitive damages would constitute a violation of this Defendant's rights to due process under the United States and West Virginia Constitutions.

### ELEVENTH DEFENSE

W. Va. Code § 55-7-29(a) requires Plaintiff to establish clear and convincing evidence that the damages claimed in Plaintiff's Complaint resulted from conduct carried out by this Defendant with actual malice toward Plaintiff before punitive damages may be considered.

### TWELFTH DEFENSE

This Defendant reserves the right, in accordance with W. Va. Code § 55-7-29(b), to request a bifurcated trial on the issue of punitive damages in this matter.

### THIRTEENTH DEFENSE

This Defendant reserves the right to argue that it was inappropriately joined with the other Defendants in this matter.

### FOURTEENTH DEFENSE

If this case is remanded back to state court, this Defendant reserves the right to argue that venue in Boone County, West Virginia is inappropriate.

### FIFTEENTH DEFENSE

This Defendant denies that Plaintiff applied for a job with this Defendant. Accordingly, this Defendant is not a proper party to this civil action.

### SIXTEENTH DEFENSE

This Defendant may rely upon the doctrine of after-acquired evidence as a defense.

### SEVENTEENTH DEFENSE

This Defendant is entitled to an offset in damages for the amount of money Plaintiff has earned since November 30, 2020.

### EIGHTEENTH DEFENSE

Plaintiff's damages, if any, are barred or reduced by reason of her failure to take reasonable steps to mitigate them.

### NINETEENTH DEFENSE

To the extent Plaintiff seeks unmitigated recovery of lost wages and benefits, W. Va. Code § 55-7E-3(a) explicitly precludes recovery of the same.

### TWENTIETH DEFENSE

This Defendant is entitled to all defenses and immunities available under federal and state constitutional, statutory, and decisional law, including but not limited to any and all affirmative defenses listed in Rules 8 and 12 of the West Virginia Rules of Civil Procedure, any and all affirmative defenses available under the West Virginia Human Rights Act, which discovery might reveal appropriate.

### TWENTY-FIRST DEFENSE

This Defendant reserves the right to raise any and all further defenses which may arise during the course of litigation.

WHEREFORE, having fully responded to the allegations contained in Plaintiff's Complaint, this Defendant hereby respectfully requests that this Court dismiss Plaintiff's Complaint, with prejudice, and award it the reasonable and appropriate attorney's fees and costs incurred in the defense of this matter, together with any such further relief deemed appropriate by this Honorable Court.

Respectfully submitted this 5th day of January, 2023.

<div style="margin-left:auto">

**ALPHA NATURAL RESOURCES SERVICES, LLC**

**By Counsel,**

/s/ Joseph U. Leonoro
Joseph U. Leonoro (WVSB #10501)
Jonathan Ellis (WVSB #10296)
Mark C. Dean (WVSB #12017)
Steptoe & Johnson PLLC
P.O. Box 1588
Charleston, WV 25326-1588
Telephone: 304-353-8000
Facsimile: 304-353-8180
Joseph.Leonoro@Steptoe-Johnson.com
Jonathan.Ellis@Steptoe-Johnson.com
Mark.Dean@Steptoe-Johnson.com
*Counsel for Defendant*

</div>

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY,

     Plaintiff,

v.                                      CIVIL ACTION NO. 2:23-cv-00005
                                      Removed from Boone County C.A. No. 22-C-89

POCAHONTAS COAL COMPANY LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company;
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.;
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.;
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

     Defendants.

## CERTIFICATE OF SERVICE

     I hereby certify that on the 5th day of January, 2023, a copy of the foregoing "Alpha Natural

Resources Services, LLC's Answer to Plaintiff's Complaint" was filed electronically using the

Court's CM/ECF filing system, which will give notice to the following counsel of record:

Mark A. Atkinson (WVSB #184)
John-Mark Atkinson (WVSB #12014)
ATKINSON & POLAK, PLLC
P.O. Box 549
Charleston, WV 25322-0549
(304)346-5100

.

/s/ Joseph U. Leonoro
Joseph U. Leonoro (WVSB #10501)
Jonathan Ellis (WVSB #10296)
Mark C. Dean (WVSB #12017)
Steptoe & Johnson PLLC
P.O. Box 1588
Charleston, WV 25326-1588
Telephone: 304-353-8000
Facsimile: 304-353-8180
Joseph.Leonoro@Steptoe-Johnson.com
Jonathan.Ellis@Steptoe-Johnson.com
Mark.Dean@Steptoe-Johnson.com
*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**AMANDA ASBURY,**

     **Plaintiff,**

v.

                                    **CIVIL ACTION NO. 2:23-cv-00005**
                                   **Removed from Boone County C.A. No. 22-C-89**

**POCAHONTAS COAL COMPANY LLC,**
**a West Virginia limited liability company d/b/a**
**AFFINITY COAL COMPANY, LLC;**
**UNITED COAL COMPANY, LLC,**
**a Virginia limited liability company;**
**BLACKHAWK MINING, LLC,**
**a Delaware limited liability company;**
**ARCH RESOURCES, INC.,**
**a Delaware corporation;**
**MINGO LOGAN COAL LLC,**
**a Delaware limited liability company;**
**CLEVELAND-CLIFFS PRINCETON COAL INC.,**
**a West Virginia corporation;**
**GMS MINE REPAIR AND MAINTENANCE, INC.;**
**a Maryland corporation;**
**DAVID STANLEY CONSULTANTS, LLC,**
**a West Virginia limited liability company;**
**CONTURA ENERGY, INC.;**
**a Delaware corporation;**
**ALPHA NATURAL RESOURCES SERVICES, LLC,**
**a Delaware limited liability company;**
**CONSOL ENERGY INC.,**
**a Delaware corporation;**
**STANHURST, LLC,**
**a West Virginia limited liability company,**

     **Defendants.**

**CONTURA ENERGY, INC.'S[1]**
**ANSWER TO PLAINTIFF'S COMPLAINT**

     COMES NOW Defendant Contura Energy, Inc. (which is now Alpha Mettallurgical

Resources, Inc.) (this "Defendant"), by counsel, and responds to Plaintiff's Complaint as follows:

---

[1] Contura Energy, Inc. is now known as Alpha Mettallurgical Resources, Inc.

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

In specific response to the allegations of Plaintiff's Complaint, this Defendant responds as follows:

1.      To the extent that paragraph 1 of Plaintiff's Complaint asserts that this Defendant discriminated against Plaintiff, such allegations are denied.

**PARTIES**

2.      With respect to the allegations set forth in paragraph 2 of Plaintiff's Complaint, this Defendant is without specific information or knowledge to formulate a belief as to the truth of the allegations regarding Plaintiff's residency. This Defendant has no reason to dispute that Plaintiff is a woman.

3.      This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 3 of Plaintiff's Complaint.

4.      This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 4 of Plaintiff's Complaint.

5.      This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 5 of Plaintiff's Complaint.

6.      This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 6 of Plaintiff's Complaint.

7.      This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 7 of Plaintiff's Complaint.

8.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 8 of Plaintiff's Complaint.

9.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 9 of Plaintiff's Complaint.

10.    This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11.    With respect to the allegations set forth in paragraph 11 of Plaintiff's Complaint, this Defendant states that Contura Energy Inc. is now Alpha Mettallurgical Resources, Inc., as of February 1, 2021. Alpha Mettallurgical Resources, Inc. is a Delaware corporation with its principal place of business in Tennessee.

12.    This Defendant admits the allegations contained in paragraph 12 of the Complaint.

13.    This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 13 of Plaintiff's Complaint.

14.    This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 14 of Plaintiff's Complaint.

## FACTS

15.    This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 15 of Plaintiff's Complaint.

16.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 16 of Plaintiff's Complaint.

17.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 17 of Plaintiff's Complaint.

18.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 18 of Plaintiff's Complaint.

19.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 19 of Plaintiff's Complaint.

20.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 20 of Plaintiff's Complaint.

21.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations set forth in paragraph 21 of Plaintiff's Complaint.

22.     This Defendant is without specific information or knowledge from which to formulate a belief as to the allegations in paragraph 22 of Plaintiff's Complaint regarding Plaintiff's alleged attempt to apply for positions of employment with Defendants other than the instant Defendant. This Defendant denies that Plaintiff applied for a position of employment with this Defendant.

23.     In response to paragraph 23 of Plaintiff's Complaint, this Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in that paragraph regarding Plaintiff's purported attempt to obtain employment with other Defendants in this matter.   This Defendant denies that Plaintiff applied for a position of employment with this Defendant.

24.     This Defendant cannot respond to paragraph 24 of Plaintiff's Complaint, as this Defendant has no information from which to formulate a belief as to what positions Plaintiff purportedly applied for with Defendants other than this Defendant. This Defendant denies that Plaintiff applied for a position of employment with this Defendant.

25.     This Defendant cannot respond to paragraph 25 of Plaintiff's Complaint because this Defendant does not have the requisite knowledge to know what jobs Plaintiff purportedly applied for with Defendants other than this Defendant and/or whether the other Defendants hired males for the job openings for which Plaintiff applied.   This Defendant denies that Plaintiff applied for a position of employment with this Defendant.

26.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 26 of Plaintiff's Complaint.

27.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 27 of Plaintiff's Complaint.

28.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 28 of Plaintiff's Complaint.

29.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 29 of Plaintiff's Complaint.

30.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 30 of Plaintiff's Complaint.

31.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 31 of Plaintiff's Complaint.

32.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 32 of Plaintiff's Complaint.

33.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 33 of Plaintiff's Complaint.

34.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 34 of Plaintiff's Complaint.

35.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 35 of Plaintiff's Complaint.

36.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 36 of Plaintiff's Complaint.

37.     This Defendant denies the allegations in paragraph 37 of Plaintiff's Complaint.

38.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 38 of Plaintiff's Complaint.

39.     This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 39 of Plaintiff's Complaint.

40.     This Defendant cannot respond to paragraph 40 of Plaintiff's Complaint, as this Defendant has no information from which to formulate a belief as to what positions Plaintiff purported applied for with Defendants other than this Defendant. This Defendant denies that Plaintiff applied for a position of employment with this Defendant.

41.      This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 41 of Plaintiff's Complaint.

42.      This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 42 of Plaintiff's Complaint.

43.      This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 43 of Plaintiff's Complaint.

44.      This Defendant is without specific information or knowledge from which to formulate a belief as to the truth of the allegations in paragraph 44 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION

45.      In response to the paragraph numbered 45 of Plaintiff's Complaint, this Defendant denies that this Defendant made any employment decisions that were discriminatory toward Plaintiff.

46.      This Defendant denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

47.      This Defendant denies the allegations contained in paragraph 47 of Plaintiff's Complaint.

48.      This Defendant denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.      This Defendant denies the allegations contained in paragraph 49 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

50.      This Defendant denies the allegations contained in the "prayer for relief" clause of Plaintiff's Complaint.

51.     This Defendant denies each and every allegation not specifically admitted herein.

## THIRD DEFENSE

Plaintiff's claims are barred, at least in part, by the applicable statute of limitations and/or the doctrine of laches.

## FOURTH DEFENSE

This Defendant acted at all times in good faith and on the basis of legitimate, nondiscriminatory reasons.  Plaintiff cannot prove that its reasons are mere pretext for unlawful discrimination.

## FIFTH DEFENSE

Notwithstanding Plaintiff's allegations of illegal animus, this Defendant would have made the same employment decisions with regard to Plaintiff.

## SIXTH DEFENSE

The alleged acts or omissions of this Defendant, or its agents, which alleged acts or omissions are expressly denied, did not proximately cause Plaintiff's claimed injuries and damages.

## SEVENTH DEFENSE

Plaintiff's damages, if any, have been caused by her own actions.

## EIGHTH DEFENSE

Plaintiff's claimed damages are speculative and not foreseeable.

## NINTH DEFENSE

W. Va. Code § 55-7E-3(b) provides the trial court exclusive authority to determine the appropriate amount of front pay, if any, to be awarded Plaintiff.

## TENTH DEFENSE

An award of punitive damages would constitute a violation of this Defendant's rights to due process under the United States and West Virginia Constitutions.

## ELEVENTH DEFENSE

W. Va. Code § 55-7-29(a) requires Plaintiff to establish clear and convincing evidence that the damages claimed in Plaintiff's Complaint resulted from conduct carried out by this Defendant with actual malice toward Plaintiff before punitive damages may be considered.

## TWELFTH DEFENSE

This Defendant reserves the right, in accordance with W. Va. Code § 55-7-29(b), to request a bifurcated trial on the issue of punitive damages in this matter.

## THIRTEENTH DEFENSE

This Defendant reserves the right to argue that it was inappropriately joined with the other Defendants in this matter.

## FOURTEENTH DEFENSE

If this case is remanded back to state court, this Defendant reserves the right to argue that venue in Boone County, West Virginia is inappropriate.

## FIFTEENTH DEFENSE

This Defendant denies that Plaintiff applied for a job with this Defendant.  Accordingly, this Defendant is not a proper party to this civil action.

## SIXTEENTH DEFENSE

This Defendant may rely upon the doctrine of after-acquired evidence as a defense.

## SEVENTEENTH DEFENSE

This Defendant is entitled to an offset in damages for the amount of money Plaintiff has earned since November 30, 2020.

## EIGHTEENTH DEFENSE

Plaintiff's damages, if any, are barred or reduced by reason of her failure to take reasonable steps to mitigate them.

## NINETEENTH DEFENSE

To the extent Plaintiff seeks unmitigated recovery of lost wages and benefits, W. Va. Code § 55-7E-3(a) explicitly precludes recovery of the same.

## TWENTIETH DEFENSE

This Defendant is entitled to all defenses and immunities available under federal and state constitutional, statutory, and decisional law, including but not limited to any and all affirmative defenses listed in Rules 8 and 12 of the West Virginia Rules of Civil Procedure, any and all affirmative defenses available under the West Virginia Human Rights Act, which discovery might reveal appropriate.

## TWENTY-FIRST DEFENSE

This Defendant reserves the right to raise any and all further defenses which may arise during the course of litigation.

WHEREFORE, having fully responded to the allegations contained in Plaintiff's Complaint, this Defendant hereby respectfully requests that this Court dismiss Plaintiff's Complaint, with prejudice, and award it the reasonable and appropriate attorney's fees and costs incurred in the defense of this matter, together with any such further relief deemed appropriate by this Honorable Court.

Respectfully submitted this 5th day of January, 2023.

CONTURA ENERGY, INC.,

By Counsel,

/s/ Joseph U. Leonoro
Joseph U. Leonoro (WVSB #10501)
Jonathan Ellis (WVSB #10296)
Mark C. Dean (WVSB #12017)
Steptoe & Johnson PLLC
P.O. Box 1588
Charleston, WV 25326-1588
Telephone: 304-353-8000
Facsimile: 304-353-8180
Joseph.Leonoro@Steptoe-Johnson.com
Jonathan.Ellis@Steptoe-Johnson.com
Mark.Dean@Steptoe-Johnson.com
*Counsel for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY,

      Plaintiff,

v.

                                            CIVIL ACTION NO. 2:23-cv-00005
                                        Removed from Boone County C.A. No. 22-C-89

POCAHONTAS COAL COMPANY LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company;
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.;
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.;
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

      Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of January, 2023, a copy of the foregoing "Contura Energy, Inc.'s Answer to Plaintiff's Complaint" was filed electronically using the Court's CM/ECF filing system, which will give notice to the following counsel of record:

Mark A. Atkinson (WVSB #184)
John-Mark Atkinson (WVSB #12014)
ATKINSON & POLAK, PLLC
P.O. Box 549
Charleston, WV 25322-0549
(304)346-5100

/s/ Joseph U. Leonoro
Joseph U. Leonoro (WVSB #10501)
Jonathan Ellis (WVSB #10296)
Mark C. Dean (WVSB #12017)
Steptoe & Johnson PLLC
P.O. Box 1588
Charleston, WV 25326-1588
Telephone: 304-353-8000
Facsimile: 304-353-8180
Joseph.Leonoro@Steptoe-Johnson.com
Jonathan.Ellis@Steptoe-Johnson.com
Mark.Dean@Steptoe-Johnson.com
*Counsel for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

AMANDA ASBURY,

        Plaintiff,

v.                                                            CIVIL ACTION NO.   2:23-cv-00005

POCAHONTAS COAL
COMPANY LLC, et al.,

        Defendants.

## ORDER AND NOTICE

Pursuant to LR Civ P 16.1, it is **ORDERED** that the following dates are hereby fixed as the time by or on which certain events must occur:

| | |
|---|---|
| 01/27/23 | Motion Under FR Civ P 12(b), together with supporting briefs, memoranda, affidavits, or other such matter in support thereof.   (All motions unsupported by memoranda will be denied without prejudice pursuant to LR Civ P 7.1(a).) |
| 02/03/23 | Last day for Rule 26(f) meeting. |
| 02/10/23 | Last day to file Report of Parties' Planning Meeting and Scheduling Order Worksheet, available on the Court's website.   See LR Civ P 16.1. |
| 02/23/23 | Scheduling conference at **3:30 p.m.,** in **Charleston, West Virginia,** before the undersigned, unless cancelled.   If held, lead counsel shall appear and be prepared to discuss the following: |

    (a)    the discovery to be completed and the amount of time necessary for its completion;

    (b)    the further formulation and simplification of issues, including possible elimination of claims or defenses;

    (c)    the possibility of entering into stipulations regarding issues for trial;

(d)     the possibility of obtaining admissions regarding facts and documents; and

(e)     other matters that will assist the parties in reaching a final resolution of this matter.

03/02/23     Entry of Scheduling Order.

03/09/23     Last day to serve FR Civ P 26(a)(1) initial disclosures pre-discovery.

## NOTICE

The provision of FR Civ P 14 and 15 with respect to the time in which to file third-party claims and to amend pleadings without leave of court are not affected by this Order and Notice.

Pursuant to LR Civ P 16.1 and 73.1, the parties are informed of their opportunity to consent to the exercise by a magistrate judge of civil jurisdiction over the case, including entry of judgment, as authorized by 28 U.S.C. § 636.   The parties may consent by filing a Consent to Jurisdiction by a United States Magistrate Judge (FR Civ P Form 34), or by so indicating on the Report of Parties' Planning Meeting and Scheduling Order Worksheet, all of which are available on the Court's website.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:     January 6, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

2

(06/2017)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON ▾

AMANDA ASBURY

v.

POCAHONTAS COAL CO. LLC, et al.

**DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST**

CASE NUMBER  2:23-CV-00005

Pursuant to F R Civ P 7.1, **Defendant**,
(type of party)

who is **CONSOL Energy, Inc.** , makes the following disclosure:
(name of party)

1.    Is the party a non-governmental corporate party?

☑ YES            ☐ NO

2.    If the answer to Number 1 is "yes," list below any parent corporation or state that there is no such corporation:

No such corporation.

3.    If the answer to Number 1 is "yes," list below any publicly-held corporation that owns 10% or more of the party's stock or state that there is no such corporation:

BlackRock, Inc.

The undersigned party understand that under F R Civ P 7.1, it will promptly file a supplemental statement upon any change in the information that this statement requires.

Date:  January 6, 2023            /s/ Michael D. Mullins

Signature of Counsel for Party

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY,

     Plaintiff,

v.

                                         **CIVIL ACTION NO. 2:23-cv-00005**
                                      **Removed from Boone County C.A. No. 22-C-89**

POCAHONTAS COAL COMPANY LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company;
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.;
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.;
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

     Defendants.

### DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. P. 7.1
### (Civil Action)

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Alpha Natural Resources

Services, LLC, who is a named Defendant, makes the following disclosure:

1. Is the party a non-governmental corporate party?

    _x_YES        __ NO

2. If the answer to Number 1 is "yes," list below any parent corporation or state that there is no such corporation:

    The sole member of Alpha Natural Resources Services, LLC is Alpha Natural Resources, LLC.  The sole member of Alpha Natural Resources, LLC is ANR, Inc.  ANR, Inc. is wholly owned by Alpha Metallurgical Resources, Inc.

3. If the answer to Number 1 is "yes," list below any publicly-held corporation that owns 10% or more of the party's stock or state that there is no such corporation:

    Alpha Metallurgical Resources, Inc. is a publicly-traded company (NYSE: AMR).

The undersigned party understands that under Rule 7.1 of the Federal Rules of Civil Procedure, it will promptly file a supplemental statement upon any change in the information that this statement requires.

Dated:  January 10, 2023

/s/ Joseph U. Leonoro
Joseph U. Leonoro (WVSB #10501)
Jonathan Ellis (WVSB #10296)
Steptoe & Johnson PLLC
P.O. Box 1588
Charleston, WV 25326-1588
Telephone: 304-353-8000
Facsimile: 304-353-8180
Joseph.Leonoro@Steptoe-Johnson.com
Jonathan.Ellis@Steptoe-Johnson.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY,

      Plaintiff,

v.                                  **CIVIL ACTION NO. 2:23-cv-00005**
                                  **Removed from Boone County C.A. No. 22-C-89**

POCAHONTAS COAL COMPANY LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company;
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.;
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.;
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

      Defendants.           .

## CERTIFICATE OF SERVICE

      I hereby certify that on the 10th day of January, 2023, a copy of the foregoing

**Disclosure Statement Pursuant to Fed. R. Civ. P. 7.1 (Civil Action)** was filed electronically

using the Court's CM/ECF filing system, which will give notice to the following counsel of record:

.

3

Mark A. Atkinson (WVSB #184)
John-Mark Atkinson (WVSB #12014)
ATKINSON & POLAK, PLLC
P.O. Box 549
Charleston, WV 25322-0549
(304)346-5100

/s/ Joseph U. Leonoro
Joseph U. Leonoro (WVSB #10501)
Jonathan Ellis (WVSB #10296)
Steptoe & Johnson PLLC
P.O. Box 1588
Charleston, WV 25326-1588
Telephone: 304-353-8000
Facsimile: 304-353-8180
Joseph.Leonoro@Steptoe-Johnson.com
Jonathan.Ellis@Steptoe-Johnson.com
*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY,

       **Plaintiff,**

v.
                                    **CIVIL ACTION NO. 2:23-cv-00005**
                                    **Removed from Boone County C.A. No. 22-C-89**

**POCAHONTAS COAL COMPANY LLC,**
a West Virginia limited liability company d/b/a
**AFFINITY COAL COMPANY, LLC;**
**UNITED COAL COMPANY, LLC,**
a Virginia limited liability company;
**BLACKHAWK MINING, LLC,**
a Delaware limited liability company;
**ARCH RESOURCES, INC.,**
a Delaware corporation;
**MINGO LOGAN COAL LLC,**
a Delaware limited liability company;
**CLEVELAND-CLIFFS PRINCETON COAL INC.,**
a West Virginia corporation;
**GMS MINE REPAIR AND MAINTENANCE, INC.;**
a Maryland corporation;
**DAVID STANLEY CONSULTANTS, LLC,**
a West Virginia limited liability company;
**CONTURA ENERGY, INC.;**
a Delaware corporation;
**ALPHA NATURAL RESOURCES SERVICES, LLC,**
a Delaware limited liability company;
**CONSOL ENERGY INC.,**
a Delaware corporation;
**STANHURST, LLC,**
a West Virginia limited liability company,

       **Defendants.**

**DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. P. 7.1**
**(Civil Action)**

    Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Contura Energy, Inc.[1], who
is a named Defendant, makes the following disclosure:

---

[1] Contura Energy, Inc. is now known as Alpha Mettallurgical Resources, Inc. as of February 1, 2021.

1. Is the party a non-governmental corporate party?

    _x_ YES          __ NO

2. If the answer to Number 1 is "yes," list below any parent corporation or state that there is no such corporation:

    None.

3. If the answer to Number 1 is "yes," list below any publicly-held corporation that owns 10% or more of the party's stock or state that there is no such corporation:

    None.

The undersigned party understands that under Rule 7.1 of the Federal Rules of Civil Procedure, it will promptly file a supplemental statement upon any change in the information that this statement requires.


Dated:  January 10, 2023


/s/ Joseph U. Leonoro
Joseph U. Leonoro (WVSB #10501)
Jonathan Ellis (WVSB #10296)
Steptoe & Johnson PLLC
P.O. Box 1588
Charleston, WV 25326-1588
Telephone: 304-353-8000
Facsimile: 304-353-8180
Joseph.Leonoro@Steptoe-Johnson.com
Jonathan.Ellis@Steptoe-Johnson.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY,

      Plaintiff,

v.                                   **CIVIL ACTION NO. 2:23-cv-00005**
                                   **Removed from Boone County C.A. No. 22-C-89**

POCAHONTAS COAL COMPANY LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company;
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.;
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.;
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

      Defendants.

## CERTIFICATE OF SERVICE

      I hereby certify that on the 10th day of January, 2023, a copy of the foregoing

**Disclosure Statement Pursuant to Fed. R. Civ. P. 7.1 (Civil Action)** was filed electronically

using the Court's CM/ECF filing system, which will give notice to the following counsel of record:

.

Mark A. Atkinson (WVSB #184)
John-Mark Atkinson (WVSB #12014)
ATKINSON & POLAK, PLLC
P.O. Box 549
Charleston, WV 25322-0549
(304)346-5100

<u>/s/ Joseph U. Leonoro</u>
Joseph U. Leonoro (WVSB #10501)
Jonathan Ellis (WVSB #10296)
Steptoe & Johnson PLLC
P.O. Box 1588
Charleston, WV 25326-1588
Telephone: 304-353-8000
Facsimile: 304-353-8180
<u>Joseph.Leonoro@Steptoe-Johnson.com</u>
<u>Jonathan.Ellis@Steptoe-Johnson.com</u>
*Counsel for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY,

      **Plaintiff,**

v.                                            **CIVIL ACTION NO. 2:23-CV-5**
                                                **Removed from Boone County C.A. No. 22-C-89**

POCAHONTAS COAL COMPANY, LLC,
A West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY LLC,
A Virginia limited liability company;
BLACKHAWK MINING, LLC,
A Delaware limited liability company;
ARCH RESOURCES, INC.,
A Delaware corporation;
MINGO LOGAN COAL LLC,
A Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
A West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
A Maryland corporation;
DAVID STANLEY CONSULTANTS LLC,
A West Virginia limited liability company;
CONTURA ENERGY, INC.,
A Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
A Delaware limited liability company;
CONSOL ENERGY INC.,
A Delaware corporation;
STANHURST, LLC,
A West Virginia limited liability company,

      **Defendants.**

## ANSWER OF DEFENDANT CLEVELAND-CLIFFS PRINCETON COAL INC.

    **COMES NOW** Defendant Cleveland-Cliffs Princeton Coal Inc. ("CCP"), by its

undersigned counsel, and responds to Plaintiff's Complaint as follows:

1

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

In specific response to the allegations contained in the Complaint, Defendant CCP states as follows:

1.      Paragraph 1 of the Complaint is a description of the cause of action filed by Plaintiff, which requires neither admission nor denial.  To the extent a response is necessary, CCP denies any allegation or inference of wrongdoing or illegality and denies that Plaintiff is entitled to any relief whatsoever.

## Parties

2.      Upon information and belief, CCP admits the allegations contained in Paragraph 2 of the Complaint.

3.      The allegations contained in Paragraph 3 of the Complaint are not directed at CCP, and therefore no response is required.  To the extent a response is necessary, CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint.

4.      The allegations contained in Paragraph 4 of the Complaint are not directed at CCP, and therefore no response is required.  To the extent a response is necessary, CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint.

5.      The allegations contained in Paragraph 5 of the Complaint are not directed at CCP, and therefore no response is required.  To the extent a response is necessary, CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Complaint.

6.      The allegations contained in Paragraph 6 of the Complaint are not directed at CCP, and therefore no response is required.  To the extent a response is necessary, CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint.

7.      The allegations contained in Paragraph 7 of the Complaint are not directed at CCP, and therefore no response is required.  To the extent a response is necessary, CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Complaint.

8.      CCP admits the allegations contained in Paragraph 8 of the Complaint.

9.      The allegations contained in Paragraph 9 of the Complaint are not directed at CCP, and therefore no response is required.  To the extent a response is necessary, CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint.

10.      The allegations contained in Paragraph 10 of the Complaint are not directed at CCP, and therefore no response is required.  To the extent a response is necessary, CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint.

11.      The allegations contained in Paragraph 11 of the Complaint are not directed at CCP, and therefore no response is required.  To the extent a response is necessary, CCP is without

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint.

12.     The allegations contained in Paragraph 12 of the Complaint are not directed at CCP, and therefore no response is required.  To the extent a response is necessary, CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint.

13.     The allegations contained in Paragraph 13 of the Complaint are not directed at CCP, and therefore no response is required.  To the extent a response is necessary, CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint.

14.     The allegations contained in Paragraph 14 of the Complaint are not directed at CCP, and therefore no response is required.  To the extent a response is necessary, CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint.

## Facts

15.     CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint.

16.     CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint.

17.     CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint.

18.     CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint.

19.     CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint.

20.     CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint.

21.     CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint.

22.     With regard to the allegations contained in Paragraph 22 of the Complaint, CCP admits that Plaintiff applied for underground electrician and plant electrician positions in approximately April 2022.  CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning applications for employment with other Defendants.

23.     With regard to the allegations contained in Paragraph 23 of the Complaint, CCP admits that it did not hire Plaintiff.  CCP denies any allegation or inference of wrongdoing or illegality.  CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning whether Plaintiff was hired for employment with other Defendants.

24.     With regard to the allegations contained in Paragraph 24 of the Complaint, CCP denies that Plaintiff was qualified for the positions to which she applied with CCP.  CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning whether Plaintiff was qualified for vacant positions to which she applied with other Defendants.

25.     With regard to the allegations contained in Paragraph 25 of the Complaint, CCP admits that it hired males for the positions to which Plaintiff applied.  CCP denies any allegation

or inference of wrongdoing or illegality. CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning whether Plaintiff was hired for employment with other Defendants.

26.     The allegations contained in Paragraph 26 of the Complaint are not directed at CCP, and therefore no response is required. To the extent a response is necessary, CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the Complaint.

27.     The allegations contained in Paragraph 27 of the Complaint are not directed at CCP, and therefore no response is required. To the extent a response is necessary, CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the Complaint.

28.     The allegations contained in Paragraph 28 of the Complaint are not directed at CCP, and therefore no response is required. To the extent a response is necessary, CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of the Complaint.

29.     The allegations contained in Paragraph 29 of the Complaint are not directed at CCP, and therefore no response is required. To the extent a response is necessary, CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of the Complaint.

30.     CCP admits the allegations contained in Paragraph 30 of the Complaint.

31.     The allegations contained in Paragraph 31 of the Complaint are not directed at CCP, and therefore no response is required. To the extent a response is necessary, CCP is without

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 of the Complaint.

32.     The allegations contained in Paragraph 32 of the Complaint are not directed at CCP, and therefore no response is required.  To the extent a response is necessary, CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of the Complaint.

33.     The allegations contained in Paragraph 33 of the Complaint are not directed at CCP, and therefore no response is required.  To the extent a response is necessary, CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of the Complaint.

34.     The allegations contained in Paragraph 34 of the Complaint are not directed at CCP, and therefore no response is required.  To the extent a response is necessary, CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the Complaint.

35.     The allegations contained in Paragraph 35 of the Complaint are not directed at CCP, and therefore no response is required.  To the extent a response is necessary, CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 of the Complaint.

36.     The allegations contained in Paragraph 36 of the Complaint are not directed at CCP, and therefore no response is required.  To the extent a response is necessary, CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of the Complaint.

37.     The allegations contained in Paragraph 37 of the Complaint are not directed at CCP, and therefore no response is required.  To the extent a response is necessary, CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of the Complaint.

38.     The allegations contained in Paragraph 38 of the Complaint are not directed at CCP, and therefore no response is required.  To the extent a response is necessary, CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of the Complaint.

39.     The allegations contained in Paragraph 39 of the Complaint are not directed at CCP, and therefore no response is required.  To the extent a response is necessary, CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of the Complaint

40.     With regard to the allegations contained in Paragraph 40 of the Complaint, CCP admits that Plaintiff submitted a paper application at a job fair.  CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning Plaintiff's method(s) of application (if any) to other Defendants.

41.     The allegations contained in Paragraph 41 of the Complaint are not directed at CCP, and therefore no response is required.  To the extent a response is necessary, CCP is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the Complaint.

42.     The allegations contained in Paragraph 42 of the Complaint are not directed at CCP, and therefore no response is required.  To the extent a response is necessary, CCP is without

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 of the Complaint.

43.    CCP admits the allegations contained in Paragraph 43 of the Complaint but denies that Plaintiff attended the job fair in April 2022.

44.    CCP denies the allegations contained in Paragraph 44 of the Complaint.

### First Cause of Action

45.    CCP denies the allegations contained in Paragraph 45 of the Complaint.

46.    CCP denies the allegations contained in Paragraph 46 of the Complaint.

47.    CCP denies the allegations contained in Paragraph 47 of the Complaint.

48.    CCP denies the allegations contained in Paragraph 48 of the Complaint.

49.    CCP denies the allegations contained in Paragraph 49 of the Complaint.

50.    The remainder of the Complaint consists of a prayer for relief which requires neither admission nor denial.  CCP denies any allegation or inference of wrongdoing or illegality and denies that Plaintiff is entitled to any relief whatsoever.

51.    CCP denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

### THIRD DEFENSE

Plaintiff's claims are barred, at least in part, by the applicable statute of limitations and/or the doctrine of *laches*.

### FOURTH DEFENSE

CCP acted at all times in good faith and on the basis of legitimate, nondiscriminatory reasons, and Plaintiff cannot prove that its reasons are mere pretext for unlawful discrimination.

### FIFTH DEFENSE

Notwithstanding Plaintiff's allegations of illegal animus, CCP would have made the same employment decisions with regard to Plaintiff.

### SIXTH DEFENSE

The alleged acts or omissions of CCP, or its agents, which alleged acts or omissions are expressly denied, did not proximately cause Plaintiff's claimed injuries and damages.

### SEVENTH DEFENSE

Plaintiff's damages, if any, have been caused by her own actions.

### EIGHTH DEFENSE

Plaintiff's claimed damages are speculative and not foreseeable.

### NINTH DEFENSE

CCP is entitled to an off-set in damages for any interim earnings of Plaintiff.

### TENTH DEFENSE

Plaintiff's damages, if any, are barred or reduced by reason of her failure to take reasonable steps to mitigate them.

### ELEVENTH DEFENSE

To the extent Plaintiff seeks unmitigated recovery of lost wages and benefits, *W. Va. Code* § 55-7E-3(a) explicitly precludes recovery of the same.

## TWELFTH DEFENSE

*W. Va. Code* § 55-7E-3(b) provides the trial court exclusive authority to determine the appropriate amount of front pay, if any, to be awarded Plaintiff.

## THIRTEENTH DEFENSE

An award of punitive damages would constitute a violation of CCP' rights to due process under the United States and West Virginia Constitutions.

## FOURTEENTH DEFENSE

*W. Va. Code* § 55-7-29(a) requires Plaintiff to establish clear and convincing evidence that the damages claimed in Plaintiff's Complaint resulted from conduct carried out by CCP with actual malice toward Plaintiff before punitive damages may be considered.

## FIFTEENTH DEFENSE

CCP reserves the right, in accordance with *W. Va. Code* § 55-7-29(b), to request a bifurcated trial on the issue of punitive damages in this matter.

## SIXTEENTH DEFENSE

CCP may rely upon the after-acquired evidence doctrine.

## SEVENTEENTH DEFENSE

CCP reserves the right to argue that it was inappropriately joined with the other Defendants in this matter.

## EIGHTEENTH DEFENSE

CCP is entitled to all defenses and immunities available under federal and state constitutional, statutory, and decisional law, including but not limited to all affirmative defenses

listed in Rules 8 and 12 of the West Virginia Rules of Civil Procedure and all affirmative defenses available under the West Virginia Human Rights Act, which discovery might reveal appropriate.

**NINETENTH DEFENSE**

CCP reserves the right to raise any and all further defenses which may arise during the course of litigation.

**WHEREFORE,** having fully responded to Plaintiff's Complaint, CCP respectfully requests that Plaintiff's Complaint against it be dismissed in all respects; that it be awarded its fees and costs incurred in defending against the same; and for any other and further relief as the Court may deem just and proper.

                            **CLEVELAND-CLIFFS PRINCETON COAL INC.,**
                            **By Counsel**

                            */s/ Mark C. Dean*
                            Jonathan R. Ellis (WVSB #10296)
                            Joseph U. Leonoro (WVSB #10501)
                            Mark C. Dean (WVSB #12017)
                            Steptoe & Johnson PLLC
                            707 Virginia Street East
                            Chase Tower, 17th Floor
                            P.O. Box 1588
                            Charleston, WV 25326-1588
                            Telephone (304) 353-8000
                            Facsimile (304) 353-8180
                            Joseph.Leonoro@Steptoe-Johnson.com
                            Jonathan.Ellis@Steptoe-Johnson.com
                            Mark.Dean@Steptoe-Johnson.com
                            *Counsel for Defendant Cleveland-Cliffs Princeton Coal Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY,

     Plaintiff,

v.                                    **CIVIL ACTION NO. 2:23-CV-5**
                                    **Removed from Boone County C.A. No. 22-C-89**

POCAHONTAS COAL COMPANY, LLC, *et al.*,

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of January 2023, I filed the foregoing **"Answer of Defendant Cleveland-Cliffs Princeton Coal Inc."** with the Clerk via the CM/ECF e-filing system and provided true and accurate copies thereof to the following counsel of record via U.S. Mail:

                    Mark A. Atkinson
                    John-Mark Atkinson
                    Atkinson & Polak PLLC
                    P.O. Box 549
                    Charleston, WV 25322-0549
                    *Counsel for Plaintiff*

                    */s/ Mark C. Dean*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY,

     Plaintiff,

v.                                            **CIVIL ACTION NO. 23-CV-5**
                                    **Removed from Boone County C.A. No. 22-C-89**

POCAHONTAS COAL COMPANY LLC,
A West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
A Virginia limited liability company;
BLACKHAWK MINING, LLC,
A Delaware limited liability company;
ARCH RESOURCES, INC.,
A Delaware corporation;
MINGO LOGAN COAL LLC,
A Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
A West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
A Maryland corporation;
DAVID STANLEY CONSULTANTS LLC,
A West Virginia limited liability company;
CONTURA ENERGY, INC.,
A Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
A Delaware limited liability company;
CONSOL ENERGY INC.,
A Delaware corporation;
STANHURST, LLC,
A West Virginia limited liability company,

     Defendants.

**DEFENDANT CLEVELAND-CLIFFS PRINCETON COAL, INC.'S**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 7.1**

Pursuant to Federal Rule of Civil Procedure 7.1, Defendant Cleveland-Cliffs Princeton

Coal, Inc. makes the following disclosures:

1

1. Is the party a non-governmental corporate party?

   ☑YES          ☐NO

2. If the answer to Number 1 is "YES," list below any parent corporation, or state that there is no such corporation.

   Cleveland-Cliffs Princeton Coal Inc. is a wholly-owned subsidiary of Cleveland-Cliffs Steel LLC, a Delaware limited liability company with Cleveland-Cliffs Steel Holdings Inc., an Ohio corporation, as its sole member.  Cleveland-Cliffs Steel Holdings Inc. is a wholly-owned subsidiary of Cliffs Steel Inc.  Cliffs Steel Inc. is a wholly-owned subsidiary of Cleveland-Cliffs Inc., a corporation with its principal place of business in Ohio.

3. If the answer to Number 1 is "YES," list below any publicly-held corporation that owns 10% or more of the party's stock, or state that there is no such corporation:

   Cleveland-Cliffs Inc. is traded on the New York Stock Exchange as ticker "CLF"

The undersigned party understands that under Rule 7.1 of the Federal Rules of Civil Procedure, it will promptly file a supplemental statement upon any change in the information that this statement requires.

2

11884081.1

CLEVELAND-CLIFFS PRINCETON
COAL INC.
By Counsel


_____/s/ Mark C. Dean_____
Jonathan R. Ellis (WVSB #10296)
Joseph U. Leonoro (WVSB #10501)
Mark C. Dean (WVSB #12017)
Steptoe & Johnson PLLC
707 Virginia Street East
Chase Tower, 17th Floor
P.O. Box 1588
Charleston, WV 25326-1588
Telephone (304) 353-8000
Facsimile (304) 353-8180
Joseph.Leonoro@Steptoe-Johnson.com
Jonathan.Ellis@Steptoe-Johnson.com
Mark.Dean@Steptoe-Johnson.com
*Counsel for Defendant Cleveland-Cliffs
Princeton Coal Inc.*

11884081.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AMANDA ASBURY,**

     **Plaintiff,**

**v.**
                                            **CIVIL ACTION NO. 23-CV-5**
                                     **Removed from Boone County C.A. No. 22-C-89**

**POCAHONTAS COAL COMPANY, LLC,** *et al.,*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January 2023, I filed the foregoing "**Defendant Cleveland-Cliffs Princeton Coal Inc.'s Disclosure Statement Pursuant to Federal Rule of Civil Procedure 7.1**" with the Clerk via the CM/ECF e-filing system, which will provide a copy thereof to the following counsel of record:

                          Mark A. Atkinson
                          John-Mark Atkinson
                          Atkinson & Polak PLLC
                          P.O. Box 549
                          Charleston, WV 25322-0549
                          *Counsel for Plaintiff*

                                 */s/ Mark C. Dean*

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**AMANDA ASBURY,**

     **Plaintiff,**

**v.**                                        **CIVIL ACTION NO. 2:23-CV-5**
                                                   **Removed from Boone County C.A. No. 22-C-89**

**POCAHONTAS COAL COMPANY LLC,**
**A West Virginia limited liability company d/b/a**
**AFFINITY COAL COMPANY, LLC;**
**UNITED COAL COMPANY LLC,**
**A Virginia limited liability company;**
**BLACKHAWK MINING, LLC,**
**A Delaware limited liability company;**
**ARCH RESOURCES, INC.,**
**A Delaware corporation;**
**MINGO LOGAN COAL LLC,**
**A Delaware limited liability company;**
**CLEVELAND-CLIFFS PRINCETON COAL INC.,**
**A West Virginia corporation;**
**GMS MINE REPAIR AND MAINTENANCE, INC.,**
**A Maryland corporation;**
**DAVID STANLEY CONSULTANTS LLC,**
**A West Virginia limited liability company;**
**CONTURA ENERGY, INC.,**
**A Delaware corporation;**
**ALPHA NATURAL RESOURCES SERVICES, LLC,**
**A Delaware limited liability company;**
**CONSOL ENERGY INC.,**
**A Delaware corporation;**
**STANHURST, LLC,**
**A West Virginia limited liability company,**

     **Defendants.**

## ANSWER OF DEFENDANT POCAHONTAS COAL COMPANY LLC

     **COMES NOW** Defendant Pocahontas Coal Company LLC ("Pocahontas"), by and

through its undersigned counsel, and responds to Plaintiff's Complaint as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

In specific response to the allegations contained in the Complaint, Defendant Pocahontas states as follows:

1.      Paragraph 1 of the Complaint is a description of the cause of action filed by Plaintiff, which requires neither admission nor denial.  To the extent a response is necessary, Pocahontas denies any allegation or inference of wrongdoing or illegality and denies that Plaintiff is entitled to any relief whatsoever.

### Parties

2.      Upon information and belief, Pocahontas admits the allegations contained in Paragraph 2 of the Complaint.

3.      Pocahontas denies the allegations contained in Paragraph 3 of the Complaint but admits that it is a West Virginia limited liability company with United Coal Company LLC, a Virginia limited liability company, as its sole member.  Pocahontas further denies that it does business as Affinity Coal Company, LLC, and further avers that on January 1, 2012, Affinity Coal Company, LLC was merged with and into Pocahontas, the surviving entity.

4.      Pocahontas admits the allegations contained in Paragraph 4 of the Complaint.

5.      The allegations contained in Paragraph 5 of the Complaint are not directed at Pocahontas, and therefore no response is required.  To the extent a response is necessary,

2

Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Complaint.

6.     The allegations contained in Paragraph 6 of the Complaint are not directed at Pocahontas, and therefore no response is required.  To the extent a response is necessary, Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint.

7.     The allegations contained in Paragraph 7 of the Complaint are not directed at Pocahontas, and therefore no response is required.  To the extent a response is necessary, Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Complaint.

8.     The allegations contained in Paragraph 8 of the Complaint are not directed at Pocahontas, and therefore no response is required.  To the extent a response is necessary, Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint.

9.     The allegations contained in Paragraph 9 of the Complaint are not directed at Pocahontas, and therefore no response is required.  To the extent a response is necessary, Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint.

10.     The allegations contained in Paragraph 10 of the Complaint are not directed at Pocahontas, and therefore no response is required.  To the extent a response is necessary, Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint.

11.     The allegations contained in Paragraph 11 of the Complaint are not directed at Pocahontas, and therefore no response is required.   To the extent a response is necessary, Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint.

12.     The allegations contained in Paragraph 12 of the Complaint are not directed at Pocahontas, and therefore no response is required.   To the extent a response is necessary, Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint.

13.     The allegations contained in Paragraph 13 of the Complaint are not directed at Pocahontas, and therefore no response is required.   To the extent a response is necessary, Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint.

14.     The allegations contained in Paragraph 14 of the Complaint are not directed at Pocahontas, and therefore no response is required.   To the extent a response is necessary, Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint.

## Facts

15.     Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint.

16.     Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint.

17.     Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint.

18.     Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint.

19.     Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint.

20.     Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint.

21.     Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint.

22.     With regard to the allegations contained in Paragraph 22 of the Complaint, Pocahontas admits that Plaintiff applied for and was interviewed for a plant electrician position in approximately August 2021 and further avers that said position was not filled.  Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning applications for employment with other Defendants.

23.     With regard to the allegations contained in Paragraph 23 of the Complaint, Pocahontas admits that it did not hire Plaintiff and further avers that it did not fill the plant electrician position for which Plaintiff interviewed in August 2021.  Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning whether Plaintiff was hired for employment with other Defendants.

24.     With regard to the allegations contained in Paragraph 24 of the Complaint, Pocahontas admits, upon information and belief, that Plaintiff was qualified for the plant electrician position for which Plaintiff interviewed in August 2021 with Pocahontas.  Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of

allegations concerning whether Plaintiff was qualified for vacant positions to which she applied with other Defendants.

25.     With regard to the allegations contained in Paragraph 25 of the Complaint, Pocahontas denies that it hired males for the plant electrician position for which Plaintiff interviewed in August 2021 because that position was not filled. Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning successful applicants with other Defendants.

26.     Pocahontas denies the allegations contained in Paragraph 26 of the Complaint but admits that Plaintiff applied for, and was interviewed for, a plant electrician position at the Affinity Preparation Plant operated by Pocahontas.

27.     The allegations contained in Paragraph 27 of the Complaint are not directed at Pocahontas, and therefore no response is required.  To the extent a response is necessary, Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the Complaint.

28.     The allegations contained in Paragraph 28 of the Complaint are not directed at Pocahontas, and therefore no response is required.  To the extent a response is necessary, Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of the Complaint.

29.     The allegations contained in Paragraph 29 of the Complaint are not directed at Pocahontas, and therefore no response is required.  To the extent a response is necessary, Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of the Complaint.

30.    The allegations contained in Paragraph 30 of the Complaint are not directed at Pocahontas, and therefore no response is required. To the extent a response is necessary, Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the Complaint

31.    The allegations contained in Paragraph 31 of the Complaint are not directed at Pocahontas, and therefore no response is required. To the extent a response is necessary, Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 of the Complaint.

32.    The allegations contained in Paragraph 32 of the Complaint are not directed at Pocahontas, and therefore no response is required. To the extent a response is necessary, Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of the Complaint.

33.    The allegations contained in Paragraph 33 of the Complaint are not directed at Pocahontas, and therefore no response is required. To the extent a response is necessary, Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of the Complaint.

34.    The allegations contained in Paragraph 34 of the Complaint are not directed at Pocahontas, and therefore no response is required. To the extent a response is necessary, Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the Complaint.

35.    Pocahontas denies the allegations contained in Paragraph 35 of the Complaint but admits that Plaintiff submitted an electronic application for the Affinity Preparation Plant, operated by Pocahontas, on or about May 27, 2021.

36.     Pocahontas denies the allegations contained in Paragraph 36 but admits that it interviewed Plaintiff for a plant electrician position at the Affinity Preparation Plant on or about June 22, 2021, and further avers that the position was not filled.

37.     The allegations contained in Paragraph 37 of the Complaint are not directed at Pocahontas, and therefore no response is required.   To the extent a response is necessary, Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of the Complaint.

38.     Pocahontas denies the allegations contained in Paragraph 38 of the Complaint but admits that Plaintiff interviewed for a plant electrician position at the Affinity Preparation Plant on or about June 22, 2021.

39.     With regard to the allegations contained in Paragraph 39 of the Complaint, Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning what unnamed "male employees" of Pocahontas may have told Plaintiff but denies that senior management of Pocahontas represented to Plaintiff "that she would not be hired at Affinity because the mine did not have a female bath house."

40.     The allegations contained in Paragraph 40 of the Complaint are not directed at Pocahontas, and therefore no response is required.   To the extent a response is necessary, Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of the Complaint.

41.     The allegations contained in Paragraph 41 of the Complaint are not directed at Pocahontas, and therefore no response is required.   To the extent a response is necessary, Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the Complaint.

42.     The allegations contained in Paragraph 42 of the Complaint are not directed at Pocahontas, and therefore no response is required.   To the extent a response is necessary, Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 of the Complaint.

43.     The allegations contained in Paragraph 43 of the Complaint are not directed at Pocahontas, and therefore no response is required.   To the extent a response is necessary, Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of the Complaint.

44.     The allegations contained in Paragraph 43 of the Complaint are not directed at Pocahontas, and therefore no response is required.   To the extent a response is necessary, Pocahontas is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of the Complaint.

## **First Cause of Action**

45.     Pocahontas denies the allegations contained in Paragraph 45 of the Complaint.

46.     Pocahontas denies the allegations contained in Paragraph 46 of the Complaint.

47.     Pocahontas denies the allegations contained in Paragraph 47 of the Complaint.

48.     Pocahontas denies the allegations contained in Paragraph 48 of the Complaint.

49.     Pocahontas denies the allegations contained in Paragraph 49 of the Complaint.

50.     The remainder of the Complaint consists of a prayer for relief which requires neither admission nor denial.   Pocahontas denies any allegation or inference of wrongdoing or illegality and denies that Plaintiff is entitled to any relief whatsoever.

51.     Pocahontas denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

### THIRD DEFENSE

Plaintiff's claims are barred, at least in part, by the applicable statute of limitations and/or the doctrine of *laches*.

### FOURTH DEFENSE

Pocahontas acted at all times in good faith and on the basis of legitimate, nondiscriminatory reasons, and Plaintiff cannot prove that its reasons are mere pretext for unlawful discrimination.

### FIFTH DEFENSE

Notwithstanding Plaintiff's allegations of illegal animus, Pocahontas would have made the same employment decisions with regard to Plaintiff.

### SIXTH DEFENSE

The alleged acts or omissions of Pocahontas, or its agents, which alleged acts or omissions are expressly denied, did not proximately cause Plaintiff's claimed injuries and damages.

### SEVENTH DEFENSE

Plaintiff's damages, if any, have been caused by her own actions.

### EIGHTH DEFENSE

Plaintiff's claimed damages are speculative and not foreseeable.

### SIXTH DEFENSE

Pocahontas is entitled to an off-set in damages for any interim earnings of Plaintiff.

## SEVENTH DEFENSE

Plaintiff's damages, if any, are barred or reduced by reason of her failure to take reasonable steps to mitigate them.

## EIGHTH DEFENSE

To the extent Plaintiff seeks unmitigated recovery of lost wages and benefits, *W. Va. Code* § 55-7E-3(a) explicitly precludes recovery of the same.

## NINTH DEFENSE

*W. Va. Code* § 55-7E-3(b) provides the trial court exclusive authority to determine the appropriate amount of front pay, if any, to be awarded Plaintiff.

## TENTH DEFENSE

An award of punitive damages would constitute a violation of Pocahontas' rights to due process under the United States and West Virginia Constitutions.

## ELEVENTH DEFENSE

*W. Va. Code* § 55-7-29(a) requires Plaintiff to establish clear and convincing evidence that the damages claimed in Plaintiff's Complaint resulted from conduct carried out by Pocahontas with actual malice toward Plaintiff before punitive damages may be considered.

## TWELFTH DEFENSE

Pocahontas reserves the right, in accordance with *W. Va. Code* § 55-7-29(b), to request a bifurcated trial on the issue of punitive damages in this matter.

## THIRTEENTH DEFENSE

Pocahontas may rely upon the after-acquired evidence doctrine.

## FOURTEENTH DEFENSE

Pocahontas reserves the right to argue that it was inappropriately joined with the other Defendants in this matter.

## FIFTEENTH DEFENSE

If this case is remanded back to state court, Pocahontas reserves the right to argue that venue in Boone County, West Virginia, is inappropriate.

## SIXTEENTH DEFENSE

Pocahontas is entitled to all defenses and immunities available under federal and state constitutional, statutory, and decisional law, including but not limited to any and all affirmative defenses listed in Rules 8 and 12 of the Federal Rules of Civil Procedure, and any and all affirmative defenses available under the West Virginia Human Rights Act, which discovery might reveal appropriate.

## SEVENTEENTH DEFENSE

Pocahontas reserves the right to raise any and all further defenses which may arise during the course of litigation.

**WHEREFORE,** having fully responded to Plaintiff's Complaint, Pocahontas respectfully requests that Plaintiff's Complaint against it be dismissed in all respects; that it be awarded its fees and costs incurred in defending against the same; and for any other and further relief as the Court may deem just and proper.

**POCAHONTAS COAL COMPANY LLC,**
**By Counsel**


_____ */s/ Mark C. Dean* _____
Jonathan R. Ellis (WVSB #10296)
Joseph U. Leonoro (WVSB #10501)
Mark C. Dean (WVSB #12017)
Steptoe & Johnson PLLC
707 Virginia Street East
Chase Tower, 17th Floor
P.O. Box 1588
Charleston, WV 25326-1588
Telephone (304) 353-8000
Facsimile (304) 353-8180
Joseph.Leonoro@Steptoe-Johnson.com
Jonathan.Ellis@Steptoe-Johnson.com
Mark.Dean@Steptoe-Johnson.com
*Counsel for Defendant Pocahontas Coal*
*Company LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY,

      Plaintiff,

v.                                             **CIVIL ACTION NO. 2:23-CV-5**
                                       **Removed from Boone County C.A. No. 22-C-89**

POCAHONTAS COAL COMPANY LLC, *et al.*,

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January 2023, I filed the foregoing "**Answer of Defendant Pocahontas Coal Company LLC.**" with the Clerk via the CM/ECF e-filing system and provided true and accurate copies thereof to the following counsel of record via U.S. Mail:

              Mark A. Atkinson
              John-Mark Atkinson
              Atkinson & Polak PLLC
              P.O. Box 549
              Charleston, WV 25322-0549
              *Counsel for Plaintiff*

                                       */s/ Mark C. Dean*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY,

      **Plaintiff,**

**v.**                                        **CIVIL ACTION NO. 2:23-CV-5**
                                                    **Removed from Boone County C.A. No. 22-C-89**

POCAHONTAS COAL COMPANY LLC,
A West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY LLC,
A Virginia limited liability company;
BLACKHAWK MINING, LLC,
A Delaware limited liability company;
ARCH RESOURCES, INC.,
A Delaware corporation;
MINGO LOGAN COAL LLC,
A Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
A West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
A Maryland corporation;
DAVID STANLEY CONSULTANTS LLC,
A West Virginia limited liability company;
CONTURA ENERGY, INC.,
A Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
A Delaware limited liability company;
CONSOL ENERGY INC.,
A Delaware corporation;
STANHURST, LLC,
A West Virginia limited liability company,

      **Defendants.**

## ANSWER OF DEFENDANT UNITED COAL COMPANY LLC

      **COMES NOW** Defendant United Coal Company LLC ("United"), by and through its

undersigned counsel, and responds to Plaintiff's Complaint as follows:

1

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

In specific response to the allegations contained in the Complaint, Defendant United states as follows:

1.      Paragraph 1 of the Complaint is a description of the cause of action filed by Plaintiff, which requires neither admission nor denial.  To the extent a response is necessary, United denies any allegation or inference of wrongdoing or illegality and denies that Plaintiff is entitled to any relief whatsoever.

### Parties

2.      Upon information and belief, United admits the allegations contained in Paragraph 2 of the Complaint.

3.      United denies the allegations contained in Paragraph 3 of the Complaint but admits that Defendant Pocahontas Coal Company LLC is a West Virginia limited liability company with United Coal Company LLC, a Virginia limited liability company, as its sole member.  United further denies that Pocahontas does business as Affinity Coal Company, LLC and further avers that on January 1, 2012, Affinity Coal Company, LLC was merged with and into Pocahontas, the surviving entity.

4.      United admits the allegations contained in Paragraph 4 of the Complaint.

5.      The allegations contained in Paragraph 5 of the Complaint are not directed at United, and therefore no response is required.  To the extent a response is necessary, United is

without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Complaint.

6.    The allegations contained in Paragraph 6 of the Complaint are not directed at United, and therefore no response is required.  To the extent a response is necessary, United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint.

7.    The allegations contained in Paragraph 7 of the Complaint are not directed at United, and therefore no response is required.  To the extent a response is necessary, United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Complaint.

8.    The allegations contained in Paragraph 8 of the Complaint are not directed at United, and therefore no response is required.  To the extent a response is necessary, United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint.

9.    The allegations contained in Paragraph 9 of the Complaint are not directed at United, and therefore no response is required.  To the extent a response is necessary, United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint.

10.    The allegations contained in Paragraph 10 of the Complaint are not directed at United, and therefore no response is required.  To the extent a response is necessary, United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint.

11.     The allegations contained in Paragraph 11 of the Complaint are not directed at United, and therefore no response is required.  To the extent a response is necessary, United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint.

12.     The allegations contained in Paragraph 12 of the Complaint are not directed at United, and therefore no response is required.  To the extent a response is necessary, United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint.

13.     The allegations contained in Paragraph 13 of the Complaint are not directed at United, and therefore no response is required.  To the extent a response is necessary, United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint.

14.     The allegations contained in Paragraph 14 of the Complaint are not directed at United, and therefore no response is required.  To the extent a response is necessary, United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint.

## Facts

15.     United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint.

16.     United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint.

17.     United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint.

18.     United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint.

19.     United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint.

20.     United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint.

21.     United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint.

22.     United denies the allegations contained in Paragraph 22 of the Complaint but admits that Plaintiff applied for and was interviewed for a plant electrician position with Defendant Pocahontas Coal Company LLC in approximately August 2021.  United further avers that said position was not filled.  United is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning applications for employment with any other Defendants.

23.     United denies the allegations contained in Paragraph 23 of the Complaint because Plaintiff never applied to a job with United.  United admits that Defendant Pocahontas Coal Company LLC did not hire Plaintiff and further avers that the plant electrician position for which Plaintiff interviewed in August 2021 was not filled.  United is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning whether Plaintiff was hired for employment with any other Defendants.

24.     United is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations contained in Paragraph 24 of the Complaint.

25.     United denies the allegations contained in Paragraph 25 of the Complaint because Plaintiff never applied to a job with United and further avers that Defendant Pocahontas Coal Company LLC did not hire males for the plant electrician position for which Plaintiff interviewed in August 2021, because that position was not filled.  United is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning successful applicants with any other Defendants.

26.     United denies the allegations contained in Paragraph 26 of the Complaint because Plaintiff never applied to a job with United but admits that Plaintiff applied for, and was interviewed for, a plant electrician position at the Affinity Preparation Plant operated by Defendant Pocahontas Coal Company LLC.

27.     The allegations contained in Paragraph 27 of the Complaint are not directed at United, and therefore no response is required.  To the extent a response is necessary, United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the Complaint.

28.     The allegations contained in Paragraph 28 of the Complaint are not directed at United, and therefore no response is required.  To the extent a response is necessary, United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of the Complaint.

29.     The allegations contained in Paragraph 29 of the Complaint are not directed at United, and therefore no response is required.  To the extent a response is necessary, United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of the Complaint.

30.     The allegations contained in Paragraph 30 of the Complaint are not directed at United, and therefore no response is required.  To the extent a response is necessary, United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the Complaint

31.     The allegations contained in Paragraph 31 of the Complaint are not directed at United, and therefore no response is required.  To the extent a response is necessary, United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31 of the Complaint.

32.     The allegations contained in Paragraph 32 of the Complaint are not directed at United, and therefore no response is required.  To the extent a response is necessary, United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of the Complaint.

33.     The allegations contained in Paragraph 33 of the Complaint are not directed at United, and therefore no response is required.  To the extent a response is necessary, United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of the Complaint.

34.     The allegations contained in Paragraph 34 of the Complaint are not directed at United, and therefore no response is required.  To the extent a response is necessary, United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the Complaint.

35.     United denies the allegations contained in Paragraph 35 of the Complaint because Plaintiff never applied to a job with United but admits that Plaintiff submitted an electronic

application for the Affinity Preparation Plant, operated by Defendant Pocahontas Coal Company LLC, on or about May 27, 2021.

36.     United denies the allegations contained in Paragraph 36 because Plaintiff never applied to a job with United but admits that Plaintiff was interviewed by Defendant Pocahontas Coal Company LLC for a plant electrician position at its Affinity Preparation Plant on or about June 22, 2021, and further avers that the position was not filled.

37.     The allegations contained in Paragraph 37 of the Complaint are not directed at United, and therefore no response is required.  To the extent a response is necessary, United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of the Complaint.

38.     United denies the allegations contained in Paragraph 38 of the Complaint because Plaintiff never applied to a job with United but admits that Plaintiff was interviewed by Defendant Pocahontas Coal Company LLC for a plant electrician position at its Affinity Preparation Plant on or about June 22, 2021.

39.     With regard to the allegations contained in Paragraph 39 of the Complaint, United is without knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning what unnamed "male employees" of Defendant Pocahontas Coal Company LLC may have told Plaintiff but denies that senior management of United represented to Plaintiff "that she would not be hired at Affinity because the mine did not have a female bath house."

40.     The allegations contained in Paragraph 40 of the Complaint are not directed at United, and therefore no response is required.  To the extent a response is necessary, United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of the Complaint.

8

41.     The allegations contained in Paragraph 41 of the Complaint are not directed at United, and therefore no response is required.  To the extent a response is necessary, United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the Complaint.

42.     The allegations contained in Paragraph 42 of the Complaint are not directed at United, and therefore no response is required.  To the extent a response is necessary, United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 of the Complaint.

43.     The allegations contained in Paragraph 43 of the Complaint are not directed at United, and therefore no response is required.  To the extent a response is necessary, United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of the Complaint.

44.     The allegations contained in Paragraph 43 of the Complaint are not directed at United, and therefore no response is required.  To the extent a response is necessary, United is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of the Complaint.

## First Cause of Action

45.     United denies the allegations contained in Paragraph 45 of the Complaint.

46.     United denies the allegations contained in Paragraph 46 of the Complaint.

47.     United denies the allegations contained in Paragraph 47 of the Complaint.

48.     United denies the allegations contained in Paragraph 48 of the Complaint.

49.     United denies the allegations contained in Paragraph 49 of the Complaint.

50.    The remainder of the Complaint consists of a prayer for relief which requires neither admission nor denial.  United denies any allegation or inference of wrongdoing or illegality and denies that Plaintiff is entitled to any relief whatsoever.

51.    United denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

## THIRD DEFENSE

Plaintiff's claims are barred, at least in part, by the applicable statute of limitations and/or the doctrine of *laches*.

## FOURTH DEFENSE

United acted at all times in good faith and on the basis of legitimate, nondiscriminatory reasons, and Plaintiff cannot prove that its reasons are mere pretext for unlawful discrimination.

## FIFTH DEFENSE

Notwithstanding Plaintiff's allegations of illegal animus, United would have made the same employment decisions with regard to Plaintiff.

## SIXTH DEFENSE

The alleged acts or omissions of United, or its agents, which alleged acts or omissions are expressly denied, did not proximately cause Plaintiff's claimed injuries and damages.

## SEVENTH DEFENSE

Plaintiff's damages, if any, have been caused by her own actions.

## EIGHTH DEFENSE

Plaintiff's claimed damages are speculative and not foreseeable.

## NINTH DEFENSE

United is entitled to an off-set in damages for any interim earnings of Plaintiff.

## TENTH DEFENSE

Plaintiff's damages, if any, are barred or reduced by reason of her failure to take reasonable steps to mitigate them.

## ELEVENTH DEFENSE

To the extent Plaintiff seeks unmitigated recovery of lost wages and benefits, *W. Va. Code* § 55-7E-3(a) explicitly precludes recovery of the same.

## TWELFTH DEFENSE

*W. Va. Code* § 55-7E-3(b) provides the trial court exclusive authority to determine the appropriate amount of front pay, if any, to be awarded Plaintiff.

## THIRTEENTH DEFENSE

An award of punitive damages would constitute a violation of United's rights to due process under the United States and West Virginia Constitutions.

## FOURTEENTH DEFENSE

*W. Va. Code* § 55-7-29(a) requires Plaintiff to establish clear and convincing evidence that the damages claimed in Plaintiff's Complaint resulted from conduct carried out by United with actual malice toward Plaintiff before punitive damages may be considered.

## FIFTEENTH DEFENSE

United reserves the right, in accordance with *W. Va. Code* § 55-7-29(b), to request a bifurcated trial on the issue of punitive damages in this matter.

## SIXTEENTH DEFENSE

United may rely upon the after-acquired evidence doctrine.

## SEVENTEENTH DEFENSE

United reserves the right to argue that it was inappropriately joined with the other Defendants in this matter.

## EIGHTEENTH DEFENSE

If this case is remanded back to state court, United reserves the right to argue that venue in Boone County, West Virginia, is inappropriate.

## NINETEENTH DEFENSE

United is entitled to all defenses and immunities available under federal and state constitutional, statutory, and decisional law, including but not limited to any and all affirmative defenses listed in Rules 8 and 12 of the Federal Rules of Civil Procedure, and any and all affirmative defenses available under the West Virginia Human Rights Act, which discovery might reveal appropriate.

## TWENTIETH DEFENSE

United reserves the right to raise any and all further defenses which may arise during the course of litigation.

**WHEREFORE,** having fully responded to Plaintiff's Complaint, United respectfully requests that Plaintiff's Complaint against it be dismissed in all respects; that it be awarded its fees and costs incurred in defending against the same; and for any other and further relief as the Court may deem just and proper.

<div style="margin-left: 50%;">

**UNITED COAL COMPANY LLC,**
**By Counsel**


_/s/ Mark C. Dean_
Jonathan R. Ellis (WVSB #10296)
Joseph U. Leonoro (WVSB #10501)
Mark C. Dean (WVSB #12017)
Steptoe & Johnson PLLC
707 Virginia Street East
Chase Tower, 17th Floor
P.O. Box 1588
Charleston, WV 25326-1588
Telephone (304) 353-8000
Facsimile (304) 353-8180
Joseph.Leonoro@Steptoe-Johnson.com
Jonathan.Ellis@Steptoe-Johnson.com
Mark.Dean@Steptoe-Johnson.com
_Counsel for Defendant United Coal Company LLC_

</div>

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY,

      **Plaintiff,**

v.                                          **CIVIL ACTION NO. 2:23-CV-5**
                                         **Removed from Boone County C.A. No. 22-C-89**

POCAHONTAS COAL COMPANY LLC, *et al.*,

### CERTIFICATE OF SERVICE

      I hereby certify that on the 11[h] day of January 2023, I filed the foregoing "**Answer of Defendant United Coal Company LLC**" with the Clerk via the CM/ECF e-filing system and provided true and accurate copies thereof to the following counsel of record via U.S. Mail:

                       Mark A. Atkinson
                       John-Mark Atkinson
                       Atkinson & Polak PLLC
                       P.O. Box 549
                       Charleston, WV 25322-0549
                       *Counsel for Plaintiff*

                       */s/ Mark C. Dean*

14

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY,

      Plaintiff,

v.                                   **CIVIL ACTION NO. 2:23-CV-5**
                                **Removed from Boone County C.A. No. 22-C-89**

POCAHONTAS COAL COMPANY LLC,
A West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY LLC,
A Virginia limited liability company;
BLACKHAWK MINING, LLC,
A Delaware limited liability company;
ARCH RESOURCES, INC.,
A Delaware corporation;
MINGO LOGAN COAL LLC,
A Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
A West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
A Maryland corporation;
DAVID STANLEY CONSULTANTS LLC,
A West Virginia limited liability company;
CONTURA ENERGY, INC.,
A Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
A Delaware limited liability company;
CONSOL ENERGY INC.,
A Delaware corporation;
STANHURST, LLC,
A West Virginia limited liability company,

      Defendants.


**DEFENDANTS POCAHONTAS COAL COMPANY LLC'S AND UNITED COAL
COMPANY LLC'S DISCLOSURE STATEMENT
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 7.1</u>**

1

Pursuant to Federal Rule of Civil Procedure 7.1, Defendant Pocahontas Coal Company LLCstates that it is a limited-liability corporation with its sole member as United Coal Company LLC. The sole member of United Coal Company LLC is Metinvest U.S., Inc., a corporation incorporated under the laws of the State of Delaware and having its principal place of business in the State of Delaware.

1. Is the party a non-governmental corporate party?

   ☑YES          ☐NO

2. If the answer to Number 1 is "YES," list below any parent corporation, or state that there is no such corporation.

   Metinvest U.S., Inc.

3. If the answer to Number 1 is "YES," list below any publicly-held corporation that owns 10% or more of the party's stock, or state that there is no such corporation:

   No such corporation.

The undersigned party understands that under Rule 7.1 of the Federal Rules of Civil Procedure, it will promptly file a supplemental statement upon any change in the information that this statement requires.

**POCAHONTAS COAL COMPANY LLC and UNITED COAL COMPANY LLC,**

**By Counsel**


       */s/ Mark C. Dean*
Jonathan R. Ellis (WVSB #10296)
Joseph U. Leonoro (WVSB #10501)
Mark C. Dean (WVSB #12017)
Steptoe & Johnson PLLC

707 Virginia Street East
Chase Tower, 17th Floor
P.O. Box 1588
Charleston, WV 25326-1588
Telephone (304) 353-8000
Facsimile (304) 353-8180
Joseph.Leonoro@Steptoe-Johnson.com
Jonathan.Ellis@Steptoe-Johnson.com
Mark.Dean@Steptoe-Johnson.com
*Counsel for Pocahontas and United*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY,

       Plaintiff,

v.                                       **CIVIL ACTION NO. 2:23-CV-5**
                                 **Removed from Boone County C.A. No. 22-C-89**

POCAHONTAS COAL COMPANY LLC, *et al.*,

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January 2023, I filed the foregoing **"Defendants Pocahontas Coal Company LLC's and United Coal Company LLC's Disclosure Statement Pursuant to Federal Rule of Civil Procedure 7.1"** with the Clerk via the CM/ECF e-filing system, which will provide a copy thereof to the following counsel of record:

> Mark A. Atkinson
> John-Mark Atkinson
> Atkinson & Polak PLLC
> P.O. Box 549
> Charleston, WV 25322-0549
> *Counsel for Plaintiff*

>       */s/ Mark C. Dean*

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY

                    Plaintiff,

v.                                                Civil Action No. 2:23-CV-00005

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,
                            Defendants.

## **NOTICE OF APPEARANCE**

     **PLEASE TAKE NOTICE** that Sean D. Thomas of Dinsmore & Shohl LLP enters his

appearance as counsel for Defendant Blackhawk Mining, LLC in the above-referenced civil action.

Sean D. Thomas, in addition to Ashley Pack, will represent the Defendant Blackhawk Mining, LLC in

the above-referenced civil action.  All communication with the Defendant by the Court and by counsel

of adverse parties, all notices, correspondence, pleadings, discovery and other communications in this

matter should be served upon the following counsel:

<div align="center">

Ashley C. Pack
Sean D. Thomas
Dinsmore & Shohl LLP
P.O. Box 11887
Charleston, WV 25339-1887
Telephone (304) 357-0900
Facsimile (304) 357-0919
ashley.pack@dinsmore.com
sean.thomas@dinsmore.com

</div>

**BLACKHAWK MINING, LLC**

By Counsel

*/s/ Sean D. Thomas*
Ashley C. Pack (WVSB #10477)
Sean D. Thomas (WVSB #13697)
DINSMORE & SHOHL LLP
P.O. Box 11887
Charleston, WV 25339
Telephone: (304) 357-0900
Fax: (304) 357-0919
ashley.pack@dinsmore.com
sean.thomas@dinsmore.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January 2023, a copy of the foregoing **Notice of Appearance** was filed electronically using the Court's CM/ECF filing system, which will give notice to counsel of record.

/s/ Sean D. Thomas
Sean D. Thomas (WVSB #13697)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY

        Plaintiff,

v.                                Civil Action No. 2:23-CV-00005

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

        Defendants.

## **BLACKHAWK MINING, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

Blackhawk Mining, LLC ("Blackhawk"), by and through counsel, Ashley C. Pack, Sean

D. Thomas, and the law firm Dinsmore & Shohl LLP, hereby responds to Plaintiff's Complaint as

follows:

1.      Blackhawk denies the allegations contained in Paragraph 1 of Plaintiff's Complaint to the extent that it implies Blackhawk discriminated against Plaintiff.

2.      Upon information and belief, Blackhawk admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      The allegations contained in this Paragraph are not directed at Blackhawk, and thus, Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      The allegations contained in this Paragraph are not directed at Blackhawk, and thus, Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.      Blackhawk denies the allegations contained in Paragraph 5 of Plaintiff's Complaint as stated. Blackhawk is a Delaware limited liability company.

6.      The allegations contained in this Paragraph are not directed at Blackhawk, and thus, Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      The allegations contained in this Paragraph are not directed at Blackhawk, and thus, Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      The allegations contained in this Paragraph are not directed at Blackhawk, and thus, Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      The allegations contained in this Paragraph are not directed at Blackhawk, and thus, Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.      The allegations contained in this Paragraph are not directed at Blackhawk, and thus, Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.      The allegations contained in this Paragraph are not directed at Blackhawk, and thus, Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.      The allegations contained in this Paragraph are not directed at Blackhawk, and thus, Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.      The allegations contained in this Paragraph are not directed at Blackhawk, and thus, Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.      The allegations contained in this Paragraph are not directed at Blackhawk, and thus, Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

## FACTS

15.      Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.      Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Blackhawk denies that Plaintiff applied for any positions with Blackhawk Mining, LLC; however, Blackhawk admits that Plaintiff applied for positions with several of its subsidiaries not named in this lawsuit. Blackhawk is without sufficient information to admit or deny the allegations as to the other defendants.

23.     Blackhawk denies the allegations contained in Paragraph 23 of the Complaint. Blackhawk is without sufficient information to admit or deny the allegations as to the other defendants.

24.     Blackhawk denies the allegations contained in Paragraph 24 of Plaintiff's Complaint insofar as it pertains to this defendant. Blackhawk is without sufficient information to admit or deny the allegations as to the other defendants.

25.     Blackhawk denies the allegations contained in Paragraph 25 of Plaintiff's Complaint insofar as it pertains to this defendant. Blackhawk is without sufficient information to admit or deny the allegations as to the other defendants.

26.     Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     Blackhawk denies that Plaintiff applied for any positions with Blackhawk Mining, LLC.

28.     Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.     Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.     Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.     Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.     Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.     Blackhawk is without sufficient information to admit or deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

**FIRST CAUSE OF ACTION**

45.     Blackhawk denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     Blackhawk denies the allegations contained in Paragraph 46 of Plaintiff's Complaint and denies that Plaintiff is entitled to any relief whatsoever.

47.     Blackhawk denies the allegations contained in Paragraph 47 of Plaintiff's Complaint and denies that Plaintiff is entitled to any relief whatsoever.

6

48.     Blackhawk denies the allegations contained in Paragraph 48 of Plaintiff's Complaint and denies that Plaintiff is entitled to any relief whatsoever.

49.     Blackhawk denies the allegations contained in Paragraph 49 of Plaintiff's Complaint and denies that Plaintiff is entitled to any relief whatsoever.

Blackhawk denies each and every allegation not specifically admitted herein.

## PRAYER FOR RELIEF

Blackhawk denies the entirety of Plaintiff's WHEREFORE paragraph, including each of its four subparts.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Blackhawk upon which relief may be granted, and his Complaint must therefore be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

Blackhawk at all times acted in good faith and without malice or any intent to cause any harm to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff has suffered any damages and/or losses, which Blackhawk denies, the damages and/or losses were proximately and directly caused by Plaintiff, or by the actions and/or omissions of some person, persons, or entity or individual other than Blackhawk.

### FOURTH AFFIRMATIVE DEFENSE

Blackhawk is entitled to set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by Plaintiff by other entities or individuals with respect to the same alleged injuries.  Blackhawk is also entitled to have any damages that may be

awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

### FIFTH AFFIRMATIVE DEFENSE

Blackhawk is entitled to have any fault that proximately caused or contributed to the damages of which Plaintiff complains, if any, apportioned among those responsible, and if Blackhawk is held liable in any degree to Plaintiff in this manner, Blackhawk hereby asserts a right to contribution of and from all against whom such apportionment is made.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they seeks damages in excess of the caps on damages under applicable law.

### SEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by the doctrine of accord and satisfaction.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff asserts a claim for punitive damages, such claim is unavailable as a remedy and Plaintiff's claim for punitive damages should be dismissed.

### NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff asserts a claim for punitive damages, such claim is barred because of Plaintiff's failure to plead the necessary elements to sustain an award of punitive damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims do not satisfy the factual or legal standards for an award of punitive damages against Blackhawk.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, because Plaintiff has failed to exercise reasonable care and diligence to mitigate his damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

Blackhawk engaged in good faith efforts to comply with applicable laws and otherwise acted within the scope of the exceptions to vicarious liability for punitive damages enumerated by the United States Supreme Court in *Kolstad v. American Dental Association*, 527 U.S. 526 (1999).

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery for some or all of the claims asserted against Blackhawk because Blackhawk did not owe any legal duty to Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands, unjust enrichment, laches, avoidable consequences, and/or the relevant statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff asserts a claim for punitive damages, such a claim violates, and is therefore barred by, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America on grounds including the following:

(a) it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Blackhawk upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Blackhawk for different alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)     the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit to the amount of the award against a Blackhawk, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)     the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)     the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g)    the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

(h)    the award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law; and

(i)    the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff asserts a claim for punitive damages, such a claim violates, and is therefore barred by, provisions of the Constitution of the State of West Virginia, including but not limited to, Article III, Sections 4, 5, 6, and 10, on grounds including the following:

(a)    it is a violation of the Due Process and Equal Protection Clauses to impose punitive damages, which are penal in nature, against a civil Blackhawk upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Blackhawk for different alleged acts of wrongdoing;

(c)    the procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Blackhawk;

(d)    the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of award of punitive damages;

(e)     the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts;

(f)     the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct;

(g)     the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines;

(h)     the award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law; and

(i)     the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks a good faith factual basis for his claims in whole or in part, thereby entitling Blackhawk to an award of attorney fees, costs, and expenses incurred in defending this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any attorney's fees as alleged in his Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

Blackhawk it entitled to all defenses and immunities available under federal and state constitutional, statutory, and decisional law including but not limited to any and all affirmative defenses listed in Rules 8(c) and 12(b) of the West Virginia Rules of Civil Procedure.

## TWENTIETH AFFIRMATIVE DEFENSE

Blackhawk reserves the right to identify additional affirmative defenses based upon information obtained during the discovery process.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Blackhawk reserves the right to raise other affirmative defenses if factual support for additional defenses arises during the litigation of this action.

**BLACKHAWK MINING, LLC**

By Counsel,

*/s/ Sean D. Thomas*
Ashley C. Pack (WVSB # 10477)
Sean D. Thomas (WVSB #13697)
707 Virginia Street East, Suite 1300
P.O. Box 11887
Charleston, WV 25339-1887
Telephone: 304-357-0900
Fax: 304-357-0919
ashley.pack@dinsmore.com
sean.thomas@dinsmore.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January 2023, a copy of the foregoing **Rule 7.1**

**Disclosure – Blackhawk Mining, LLC** was filed electronically using the Court's CM/ECF

filing system, which will give notice to counsel of record.

*/s/ Sean D. Thomas*
Sean D. Thomas (WVSB #13697)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY

        Plaintiff,

v.                                                   Civil Action No. 2:23-CV-00005

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

        Defendants.

## RULE 7.1 DISCLOSURE – BLACKHAWK MINING, LLC

Defendant Blackhawk Mining, LLC, by and through its undersigned counsel, and pursuant

to Federal Rule of Civil Procedure 7.1, hereby states that the sole member of Blackhawk Mining,

LLC is Sev.en US Met Coal Inc., which is not a publicly held corporation.

1

**BLACKHAWK MINING, LLC**

By Counsel,

*/s/ Sean D. Thomas*
Ashley C. Pack (WVSB # 10477)
Sean D. Thomas (WVSB #13697)
707 Virginia Street East, Suite 1300
P.O. Box 11887
Charleston, WV 25339-1887
Telephone: 304-357-0900
Fax: 304-357-0919
ashley.pack@dinsmore.com
sean.thomas@dinsmore.com

#27897544v1

## CERTIFICATE OF SERVICE

I hereby certify that on the 11ᵗʰ day of January 2023, a copy of the foregoing **Rule 7.1**

**Disclosure – Blackhawk Mining, LLC** was filed electronically using the Court's CM/ECF

filing system, which will give notice to counsel of record.

*/s/ Sean D. Thomas*
Sean D. Thomas (WVSB #13697)

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY

Plaintiff,

v.                                                     Civil Action No. 2:23-cv-00005

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

Defendants.

## ARCH RESOURCES, INC. AND MINGO LOGAN COAL, LLC'S MOTION TO SEVER

Defendants Arch Resources, Inc. ("Arch") and Mingo Logan Coal, LLC ("Mingo") move

this Court pursuant to Federal Rules of Civil Procedure 20(a)(2) and 21 to sever based on the

misjoinder and/or fraudulent misjoinder of Defendants, including Arch and Mingo Logan and also

Pocahontas Coal Company, LLC d/b/a Affinity Coal Company, LLC ("Affinity"), United Coal Company LLC ("United"), Blackhawk Mining, LLC ("Blackhawk"), Cleveland-Cliffs Princeton Coal, Inc. ("Cleveland-Cliffs"), GMS Mine Repair and Maintenance, Inc. ("GMS"), David Stanley Consultants, LLC ("David Stanley"), Contura Energy, Inc., n/k/a Alpha Matallurgical Resources, Inc. ("AMR"), Alpha Natural Resources Services, LLC ("Alpha"), CONSOL Energy Inc. ("CONSOL"), and Stanhurst, LLC ("Stanhurst").[1]

Misjoinder is present under Federal Rule of Civil Procedure 20(a)(2) when the claims asserted against joined defendants do not arise out of the same transaction or occurrence and do not present some common questions of law or fact. Misjoined parties may be dropped and claims against them severed under Federal Rule of Civil Procedure 21. The doctrine of fraudulent misjoinder authorizes the remand of misjoined and severed claims against nondiverse defendants.

In this action, all Defendants are misjoined. Moreover, the non-diverse Defendants, including Cleveland-Cliffs, GMS, David Stanley, and Stanhurst, are fraudulently misjoined. ECF No. 2. Ms. Asbury has combined twelve unrelated cases under the West Virginia Human Rights Act, W. Va. Code § 5-11-9, in an effort to defeat removal and to prejudice each Defendant by blurring the lines between these cases. These cases have absolutely nothing to do with each other. There are no allegations of joint decision-making and no allegations that one Defendant's decision not to interview or hire Ms. Asbury had any bearing on another Defendant's decision.

**WHEREFORE,** Defendants Arch Resources, Inc., Mingo Logan Coal LLC request the Court to grant this motion and enter an order severing for separate proceedings in this Court the claims against Defendants Arch Resources, Inc., Mingo Logan Coal LLC, Pocahontas Coal

---

[1] While Arch and Mingo Logan could file separate motions, they decided to file a joint motion because the arguments for each are the same. It would be a waste of judicial resources, therefore, to have to read and consider two identical motions.

2

Company, LLC d/b/a Affinity Coal Company, LLC, United Coal Company, LLC, Blackhawk

Mining, LLC, Contura Energy, Inc., n/k/a Alpha Matallurgical Resources, Inc., Alpha Natural

Resources Services, LLC, and CONSOL Energy Inc. and further severing for remand to the Circuit

Court of Boone County, West Virginia the claims against nondiverse Defendants Cleveland-Cliffs

Princeton Coal, Inc., GMS Mine Repair and Maintenance, Inc., David Stanley Consultants, LLC,

and Stanhurst, LLC.

Dated this 20th day of January 2023.

/s/ Amy M. Smith
C. David Morrison (WVSB #2643)
Amy M. Smith (WVSB #6454)
Michael J. Moore (WVSB #12009)
**STEPTOE & JOHNSON PLLC**          400 White Oaks Boulevard
OF COUNSEL                          Bridgeport, WV 26330
                                    (304) 933-8000

*Counsel for Defendants*
*Arch Resources, Inc. and Mingo Logan Coal, LLC*

15849091.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of January 2023, I electronically filed the foregoing "Arch Resources, Inc. and Mingo Logan Coal, LLC's Motion to Sever" with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Mark A. Atkinson
John-Mark Atkinson
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311

Michael D. Mullins
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Jonathan R. Ellis
Joseph U. Leonoro
Mark C. Dean
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Ashley C. Pack
Sean Thomas
DINSMORE & SCHOHL LLP
707 Virginia Street East
Suite 1300
Charleston, WV 25301

*/s/ Amy M. Smith* _____

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY

Plaintiff,

v.                                                          Civil Action No. 2:23-cv-00005

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

Defendants.

**MEMORANDUM IN SUPPORT OF ARCH RESOURCES, INC.
AND MINGO LOGAN COAL, LLC'S MOTION TO SEVER**

## I.   INTRODUCTION

Defendants Arch Resources, Inc. ("Arch") and Mingo Logan Coal, LLC ("Mingo") submit

this memorandum in support of their motion to sever based on the misjoinder and/or fraudulent

misjoinder of Defendants, including Arch and Mingo Logan and also Pocahontas Coal Company,

LLC d/b/a Affinity Coal Company, LLC ("Affinity"), United Coal Company LLC ("United"), Blackhawk Mining, LLC ("Blackhawk"), Cleveland-Cliffs Princeton Coal, Inc. ("Cleveland-Cliffs"), GMS Mine Repair and Maintenance, Inc. ("GMS"), David Stanley Consultants, LLC ("David Stanley"), Contura Energy, Inc., n/k/a Alpha Matallurgical Resources, Inc. ("AMR"), Alpha Natural Resources Services, LLC ("Alpha"), CONSOL Energy Inc. ("CONSOL"), and Stanhurst, LLC ("Stanhurst").[1] Arch and Mingo Logan removed this action brought by Plaintiff Amanda Asbury based on diversity of citizenship jurisdiction, alleging that apart from parties fraudulently misjoined or otherwise not properly joined and served and/or nominal parties, the dispute is between citizens of different states and that the amount in controversy requirement is met. ECF No. 2.

Misjoinder is present under Federal Rule of Civil Procedure 20(a)(2) when the claims asserted against joined defendants do not arise out of the same transaction or occurrence and do not present some common questions of law or fact. Misjoined parties may be dropped and claims against them severed under Federal Rule of Civil Procedure 21. In addition, the doctrine of fraudulent misjoinder authorizes the remand of misjoined and severed claims against nondiverse defendants.

In this action, all Defendants are misjoined. Moreover, the non-diverse Defendants, including Cleveland-Cliffs, GMS, David Stanley, and Stanhurst, are fraudulently misjoined. ECF No. 2. Ms. Asbury has combined twelve unrelated cases under the West Virginia Human Rights Act, W. Va. Code § 5-11-9, in an effort to defeat removal and to prejudice each Defendant by blurring the lines between these cases. These cases have absolutely nothing to do with each other.

---

[1] While Arch and Mingo Logan could file separate motions, they decided to file a joint motion because the arguments for each are the same. It would be a waste of judicial resources, therefore, to have to read and consider two identical motions.

2

There are no allegations of joint decision-making and no allegations that one Defendant's decision not to interview or hire Ms. Asbury had any bearing on another Defendant's decision. Therefore, this Court should grant the motion to sever and enter an order severing for separate proceedings in this Court the claims against Defendants Arch, Mingo Logan, Affinity, United, Blackhawk, AMR, Alpha, and CONSOL. Further the Court should sever for remand to the Circuit Court of Boone County, West Virginia the claims against nondiverse Defendants Cleveland-Cliffs, GMS, David Stanley, and Stanhurst.

## II.   **STATEMENT OF CASE**

Ms. Asbury initiated this action on November 30, 2022, by filing her complaint against Arch, Mingo Logan, Affinity, United, Blackhawk, Cleveland-Cliffs, GMS, David Stanley, AMR, Alpha, CONSOL, and Stanhurst in the Circuit Court of Boone County, West Virginia. In her complaint, Ms. Asbury alleges separate transactions or occurrences by which she claims that each Defendant violated the West Virginia Human Rights Act, W. Va. Code § 5-11-9. ECF No. 2-1. For example, Ms. Asbury alleges that she applied for positions of employment with each Defendant "from 2020 to the present." *Id.* at 11. Ms. Asbury alleges that she applied for numerous different positions, ranging alphabetically from a certified electrician position with Mingo Logan to a welder position with Blackhawk. Ms. Asbury allegedly applied for underground positions with several Defendants, plant positions with other Defendants, and surface positions with at least one Defendant. Ms. Asbury alleges that she applied for these different positions with different Defendants through different means such as in person, job fairs, online, ZipRecruiter, Indeed, FaceBook and Blackhawk's and CONSOL's separate websites. *Id.* at 11–13. Ms. Asbury alleges that she interviewed for positions with certain Defendants but not other Defendants. *Id.* at 13. Ms. Asbury alleges that each Defendant refused to hire her but on information and belief hired a male

3

for each job opening for which she applied. *Id.* at 11. Notably, Ms. Asbury does not allege any connection whatsoever between Defendants' alleged decision-making, does not allege any conspiracy, agreement or communication between Defendants regarding their individual decisions, and does not allege that the decision of any individual Defendant had any bearing on the decisions of another Defendant. The complaint demands lost wages and benefits, back pay, front pay, damages for indignity, embarrassment, humiliation, annoyance and inconvenience, and punitive damages in an amount to be determined by a jury as well as prejudgment interest, attorney's fees, and costs. *Id.* at 14.

Arch and Mingo timely removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 based on diversity of citizenship jurisdiction found in 28 U.S.C. § 1332. ECF No. 2. Consents to removal were filed by Affinity, United, AMR, Alpha, *see* ECF No. 2-4, Blackhawk, *see* ECF No. 2-5, and CONSOL, *see* ECF No. 2-6. Arch and Mingo allege that apart from the parties fraudulently misjoined or otherwise not properly joined and served and/or nominal parties, the dispute is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. ECF No. 2 at 3. Arch and Mingo Logan allege that the doctrine of fraudulent misjoinder permits a district court to disregard the citizenship of improperly joined parties such as where the claims against the diverse and non-diverse defendants are not sufficiently related to be properly joined in a single case under Federal Rule of Civil Procedure 20 and the corresponding West Virginia Rule of Civil Procedure 20. *Id.* at 5. Specifically, Arch and Mingo Logan allege that although Cleveland-Cliffs, GMS, David Stanley, and Stanhurst are upon information and belief non-diverse Defendants, the Court should disregard their citizenship under the doctrine of fraudulent misjoinder insofar as the claim against each nondiverse Defendant is not sufficiently related to be properly joined in a single case with the

4

claim against each other Defendant because they do not arise out of the same transaction or occurrence and present a common question of law or fact. *Id.* at 5–7. Arch and Mingo Logan allege that the doctrine of fraudulent misjoinder permits a district court to disregard the citizenship of improperly joined parties. *Id.* at 4.

Subsequently, Arch and Mingo Logan filed an answer that pleads, among other things, that Arch and Mingo Logan have been inappropriately joined with the remaining Defendants in this action. ECF No. 5 at 2. Similarly, other Defendants have pleaded or reserved the right to argue that they are inappropriately joined with the other Defendants in this action, and some also have alleged improper venue. *See* ECF Nos. 3 at 9, 7 at 9, 8 at 9, 13 at 11, 15 at 12, and 16 at 12.

On January 6, 2023, this Court entered its Order and Notice. ECF No. 9. A scheduling conference is scheduled for February 23, 2023, at 3:30 p.m. *Id.*

## III.  **DISCUSSION**

The Court should sever this action based on the misjoinder and/or fraudulent misjoinder of Defendants, because Ms. Asbury's claims against Defendants do not arise from the same transaction or occurrence and involve common questions of law or fact. Federal Rule of Civil Procedure 20(a)(2) provides that persons may be joined in one action as defendants if:

>  (A)    any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
>  (B)    any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

In *County Commission v. McKesson*, 263 F. Supp. 3d 639 (S.D. W. Va. 2017), this Court held that the prevailing standard for fraudulent misjoinder is similar to the standard for misjoinder under Rule 20 and asks "whether there is a reasonable possibility that a state court would find that

5

[the plaintiffs'] claims against [one set of defendants] were properly joined with [the] claims against the other defendants[.]" *Id.* at 646 (citing *Wyatt Charleston Area Med. Ctr., Inc.*, 651 F. Supp. 2d 492, 496 (S.D. W. Va. 2009)). In that case, the Court held that a doctor who allegedly prescribed opioids was fraudulently misjoined with the corporate defendants that allegedly flooded the market with opioids. *Id.* at 646–47. *See City of Huntington v. AmerisourceBergen Drug Corp.*, No. 3:17cv01362 (S.D. W. Va. Aug. 3, 2017) (same).

Federal Rule of Civil Procedure 21 further provides with regard to misjoinder: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claims against a party." This Court has broad discretion in ruling on a requested severance under Rule 21. *Carbon Fuel Co. v. USX Corp.*, 867 F. Supp. 414 (S.D. W. Va. 1994). In *Carbon Fuel Co.*, the Court explained:

> [W]hile Rule 21 is silent on the standard applicable for determining misjoinder, courts have uniformly held that parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder set forth in Rule 20(a).... Thus, misjoinder is present, and severance appropriate, when the claims asserted by or against the joined parties do not arise out of the same transaction or occurrence or do not present some common questions or law or fact.

*Id.* (citation omitted).

In *Ashworth v. Albers Medical, Inc.*, 395 F. Supp. 2d 395 (S.D. W. Va. 2005), this Court held that the plaintiff's claim against a non-diverse defendant for alleged inadequate compliance with a request for production of medical records was fraudulently misjoined with the plaintiff's claims against the other diverse defendants concerning the distribution of counterfeit tablets. *Id.* at 409–12. The Court determined that the appropriate course of action in that case was to sever and remand the plaintiff's cause of action against the non-diverse defendant but to otherwise deny the plaintiff's motion to remand as to the remaining defendants. *Id.* at 412–13. *See Hughes v. Sears, Roebuck & Co.*, No. 2:09cv93, 2009 WL 2877424, at *7 (N.D. W. Va. Sept. 3, 2009) (relying on

6

*Ashworth* to hold that the plaintiff fraudulently misjoined claims against a non-diverse doctor alleged to have committed malpractice with claims against claims against diverse defendants including Sears for product liability).

Although this Court does not appear to have addressed fraudulent misjoinder in the context of an employment discrimination claim, other courts have routinely granted motions to sever under analogous circumstances. For example, in *Spaeth v. Michigan State University College of Law*, 845 F. Supp. 2d 48 (D. D.C. 2012), the court severed claims that a plaintiff brought in one action against six law schools and various officers at those schools alleging that they discriminated against him by not hiring him after he had applied in advance of a faculty recruitment conference. The court determined that the plaintiff's claims did not arise out of the same transaction or occurrence and raise common questions of law or fact as required under the two-pronged test of Rule 20(a). Under the same transaction or occurrence prong, the court reasoned:

> As in *Davidson*, other than "the fact that [Spaeth's] claims all arise under" the ADEA, Spaeth has "offered nothing to suggest that the claims are logically related in any way." 736 F. Supp. 2d at 121. Spaeth has not alleged any "concerted action between defendants." *Grynberg*, 1997 WL 33763820, at *1. He has not alleged that defendants conspired in declining to interview him or offer him a job, nor has he claimed that they acted pursuant to a shared policy. By any reading of Spaeth's Amended Complaint, defendants acted independently when they evaluated his candidacy and decided, for whatever reason, against interviewing or hiring him. Furthermore, the fact that defendants "are members of a common industry is not sufficient to satisfy the requirement that the right to relief against all [d]efendants arises out of the same transaction or occurrence." *Wynn v. Nat'l Broad. Co., Inc.*, 234 F. Supp. 2d 1067, 1078 (C.D. Cal. 2002); *see id.* at 1079 (not finding "a single authority in which a plaintiff was permitted to join separate employers in an industry, for any reason, much less based solely on their classification as an employer in the industry").

*Id.* at 53–54 (footnote omitted).

Under the common questions of law or fact prong, the court continued:

> Spaeth has not alleged any single person or group of people was involved in the decisions of more than one defendant not to interview or hire him. Rather, he is the only person common to his claims. Nor has Spaeth alleged that defendants' actions

7

occurred in the same location. He claims that defendants interviewed job candidates at the 2010 AALS Faculty Recruitment Conference in Washington D.C. (Am. Compl. ¶¶ 27–29), but he does not claim that they decided not to consider his candidacy there. Indeed, Spaeth's complaint suggests that administrators at the defendant law schools who did not interview him decided against doing so on their own campuses, at various points in time prior to their coming to Washington. (*See id.* ¶¶ 20–24; *see also* Michigan State Mot. at 30; Iowa Mot. at 4–5.) It seems equally likely that Missouri, the only defendant to interview Spaeth, decided not to hire him after its recruiting team returned home from Washington. (*See* Missouri Mot. at 15)

*Id.* at 54–55.

The court rejected the plaintiff's argument that he would be prejudiced if his claims were severed and found on the other hand that the defendants had established the potential for prejudice if the claims against them were not severed into separate suits. The court concluded that severance would eliminate the risk that a decision by one defendant might taint the jury's view of another decision made by a different defendant. *Id.* at 56. Because the defendants were improperly joined, the court severed the plaintiff's claims against them into separate suits pursuant to Rules 20(a)(a)(2) and 21 and transferred those suits to the defendants' home forums pursuant to 28 U.S.C. § 1404(a). *See Edman v. Exxon Mobil Corp.*, 113 Fed. App'x 745, 746 (9th Cir. 2004) (holding employee failed to establish permissive joinder under Rule 20 because the employee did not allege that the defendants "acted in concert with each other in their hiring decisions" but instead "defendants are eight separate entities, each with distinct hiring practices, who independently denied [plaintiff] employment"); *Wynn v. Nat'l Broad. Co.*, 234 F. Supp. 2d 1067, 1079 (C.D. Cal. 2002) (explaining that the "Court has not found a single authority in which a plaintiff was permitted to join separate employers" as defendants when asserting employment law claims).

In this action, as in *Spaeth*, all Defendants are misjoined because the complaint does not satisfy the two-pronged test for permissive joinder under Rule 20(a). By any reading of Ms. Asbury's complaint, Defendants acted independently when they evaluated her applications and

8

decided, for whatever reason, against interviewing or hiring her. For example, Ms. Asbury alleges that she applied for positions of employment with each Defendant at different times. *Id.* at 11. Ms. Asbury alleges that she applied for numerous different positions. Ms. Asbury alleges that she applied for these different positions with different Defendants through different means such as in person, job fairs, online, ZipRecruiter, Indeed, FaceBook and Blackhawk's and CONSOL's separate websites. *Id.* at 11–13. Ms. Asbury alleges that she interviewed for positions with certain Defendants but not other Defendants. *Id.* at 13. The fact that Defendants are members of the coal industry is not sufficient to satisfy the same transaction or occurrence prong of Rule 20(a).

In addition, as in *Spaeth*, Ms. Asbury is the only person common to her claims. Ms. Asbury's complaint indicates that she applied or interviewed for jobs at Defendants' various locations, but the decisions not to interview or hire Ms. Asbury would have been independently made at those locations at various points in time by different decision-makers.[2] Accordingly, there are no common issues of law or fact. *See Spaeth*, 845 F. Supp. 2d at 54 ("when determining whether employment discrimination claims raise common questions of law or fact for purposes of permissive joinder, 'courts often consider the circumstances surrounding the [ ] claims, including the people involved, the location, the time frame, and the defendant's pattern of behavior'") (citation omitted).

Also, as in *Spaeth*, Arch and Mingo Logan have established the potential for prejudice if the claims against all Defendants are not severed into separate suits. As the case is currently configured, there is a substantial risk that one Defendant such as Arch or Mingo Logan will be

---

[2] Moreover, the evidence will be that Mingo Logan made an independent determination on plaintiff's employment. Arch had no in-put on that decision. Further, there is no record of Plaintiff ever applying for a job with Arch Resources, Inc.

tainted by the alleged misdeeds of other Defendants, unfairly resulting in guilt by association. Therefore, the Court should sever the claims against each Defendant.

Furthermore, as in *Ashworth*, the Court should determine that the appropriate course of action is to sever and remand Ms. Asbury's claims against the non-diverse Defendants, including Cleveland-Cliffs, GMS, David Stanley, and Stanhurst, to the Circuit Court of Boone County but otherwise retain jurisdiction over the severed claims of the remaining diverse Defendants.[3]

## IV.  **CONCLUSION**

For all of the foregoing reasons, this Court should grant the motion to sever and enter an order severing for separate proceedings in this Court the claims against Defendants Arch Resources, Inc., Mingo Logan Coal LLC, Pocahontas Coal Company, LLC d/b/a Affinity Coal Company, LLC, United Coal Company, LLC, Blackhawk Mining, LLC, Contura Energy, Inc., n/k/a Alpha Matallurgical Resources, Inc., Alpha Natural Resources Services, LLC, and CONSOL Energy Inc. Further the Court should sever for remand to the Circuit Court of Boone County, West Virginia the claims against nondiverse Defendants Cleveland-Cliffs Princeton Coal, Inc., GMS Mine Repair and Maintenance, Inc., David Stanley Consultants, LLC, and Stanhurst, LLC.

Dated this 20th day of January 2023.

<table>
<tr><td></td><td>/s/ Amy M. Smith</td></tr>
<tr><td></td><td>C. David Morrison (WVSB #2643)<br>Amy M. Smith (WVSB #6454)<br>Michael J. Moore (WVSB #12009)</td></tr>
<tr><td>**STEPTOE & JOHNSON PLLC**<br>OF COUNSEL</td><td>400 White Oaks Boulevard<br>Bridgeport, WV 26330<br>(304) 933-8000</td></tr>
<tr><td></td><td>*Counsel for Defendants*<br>*Arch Resources, Inc. and Mingo Logan Coal, LLC*</td></tr>
</table>

---

[3] By requesting the Court to retain jurisdiction over the claims against the diverse Defendants, Arch and Mingo Logan do not intend to interfere with the right of any Defendant to seek a change of venue under 28 U.S.C. § 1404.

10

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of January 2023, I electronically filed the foregoing "Memorandum in Support of Arch Resources, Inc. and Mingo Logan Coal, LLC's Motion to Sever" with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Mark A. Atkinson
John-Mark Atkinson
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311

Michael D. Mullins
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Jonathan R. Ellis
Joseph U. Leonoro
Mark C. Dean
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Ashley C. Pack
Sean Thomas
DINSMORE & SCHOHL LLP
707 Virginia Street East
Suite 1300
Charleston, WV 25301

*/s/ Amy M. Smith*

15899993.3

FILED | 6/9/2023 12:20 PM
CC-03-2023-C-48
Boone County Circuit Clerk
Sam R. Burns

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

**AMANDA ASBURY,**

    **Plaintiff**

**v.**                                                    **Civil Action No.: 2:23-cv-00005**

**POCAHONTAS COAL COMPANY, LLC, et al.,**

    **Defendants**


## ANSWER OF DEFENDANT GMS MINE REPAIR AND MAINTENANCE, INC.

For its Answer to Plaintiff's Complaint, GMS Mine Repair and Maintenance, Inc. ("GMS")

states as follows:

1.      For its Answer to Paragraph 1 of the Complaint, GMS denies that it committed any

discriminatory action against Plaintiff.

2.      For its Answer to Paragraph 2 of the Complaint, GMS is without information or

belief to admit or deny the allegations set forth in Paragraph 2 of the Complaint, and thus must

deny the same.

3.      Paragraph 3 does not relate to GMS and thus no response is required from GMS.

To the extent a response is required, GMS is without information or belief to admit or deny the

allegations set forth in Paragraph 3 of the Complaint, and thus must deny the same.

4.      Paragraph 4 does not relate to GMS and thus no response is required from GMS.

To the extent a response is required, GMS is without information or belief to admit or deny the

allegations set forth in Paragraph 4 of the Complaint, and thus must deny the same.

5.      Paragraph 5 does not relate to GMS and thus no response is required from GMS. To the extent a response is required, GMS is without information or belief to admit or deny the allegations set forth in Paragraph 5 of the Complaint, and thus must deny the same.

6.      Paragraph 6 does not relate to GMS and thus no response is required from GMS. To the extent a response is required, GMS is without information or belief to admit or deny the allegations set forth in Paragraph 6 of the Complaint, and thus must deny the same.

7.      Paragraph 7 does not relate to GMS and thus no response is required from GMS. To the extent a response is required, GMS is without information or belief to admit or deny the allegations set forth in Paragraph 7 of the Complaint, and thus must deny the same.

8.      Paragraph 8 does not relate to GMS and thus no response is required from GMS. To the extent a response is required, GMS is without information or belief to admit or deny the allegations set forth in Paragraph 8 of the Complaint, and thus must deny the same.

9.      For its Answer to Paragraph 9 of the Complaint, GMS admits that it is a Maryland corporation and was doing business in West Virginia during the relevant time period.

10.      Paragraph 10 does not relate to GMS and thus no response is required from GMS. To the extent a response is required, GMS is without information or belief to admit or deny the allegations set forth in Paragraph 10 of the Complaint, and thus must deny the same.

11.      Paragraph 11 does not relate to GMS and thus no response is required from GMS. To the extent a response is required, GMS is without information or belief to admit or deny the allegations set forth in Paragraph 11 of the Complaint, and thus must deny the same.

12.      Paragraph 12 does not relate to GMS and thus no response is required from GMS. To the extent a response is required, GMS is without information or belief to admit or deny the allegations set forth in Paragraph 12 of the Complaint, and thus must deny the same.

13.     Paragraph 13 does not relate to GMS and thus no response is required from GMS. To the extent a response is required, GMS is without information or belief to admit or deny the allegations set forth in Paragraph 13 of the Complaint, and thus must deny the same.

14.     Paragraph 14 does not relate to GMS and thus no response is required from GMS. To the extent a response is required, GMS is without information or belief to admit or deny the allegations set forth in Paragraph 14 of the Complaint, and thus must deny the same.

15.     GMS is without information or belief to admit or deny the allegations set forth in Paragraph 15 of the Complaint, and thus must deny the same.

16.     GMS is without information or belief to admit or deny the allegations set forth in Paragraph 16 of the Complaint, and thus must deny the same.

17.     GMS is without information or belief to admit or deny the allegations set forth in Paragraph 17 of the Complaint, and thus must deny the same.

18.     GMS is without information or belief to admit or deny the allegations set forth in Paragraph 18 of the Complaint, and thus must deny the same.

19.     GMS is without information or belief to admit or deny the allegations set forth in Paragraph 19 of the Complaint, and thus must deny the same.

20.     GMS is without information or belief to admit or deny the allegations set forth in Paragraph 20 of the Complaint, and thus must deny the same.

21.     GMS is without information or belief to admit or deny the allegations set forth in Paragraph 21 of the Complaint, and thus must deny the same.

22.     GMS is without information or belief to admit or deny the allegations set forth in Paragraph 22 of the Complaint as the allegations pertain to other defendants, and thus must deny

the same. As it relates to GMS, GMS admits that Plaintiff submitted her resume to GMS through Indeed.

23.     GMS is without information or belief to admit or deny the allegations set forth in Paragraph 23 of the Complaint as the allegations pertain to other defendants, and thus must deny the same. As it relates to GMS, GMS admits that Plaintiff submitted her resume to GMS through Indeed. GMS denies that it was seeking employment for a particular position but admits that GMS did not hire Plaintiff.

24.     GMS is without information or belief to admit or deny the allegations set forth in Paragraph 24 of the Complaint, and thus must deny the same.

25.     GMS is without information or belief to admit or deny the allegations set forth in Paragraph 25 of the Complaint as the allegations pertain to other defendants, and thus must deny the same. As it relates to GMS, GMS admits that Plaintiff submitted her resume to GMS through Indeed. GMS denies that it was seeking employment for a particular position but admits that GMS did not hire Plaintiff. GMS denies each and every other allegation not expressly admitted herein.

26.     GMS is without information or belief to admit or deny the allegations set forth in Paragraph 26 of the Complaint, and thus must deny the same.

27.     GMS is without information or belief to admit or deny the allegations set forth in Paragraph 27 of the Complaint, and thus must deny the same.

28.     GMS is without information or belief to admit or deny the allegations set forth in Paragraph 28 of the Complaint, and thus must deny the same.

29.     GMS is without information or belief to admit or deny the allegations set forth in Paragraph 29 of the Complaint, and thus must deny the same.

30.    GMS is without information or belief to admit or deny the allegations set forth in Paragraph 30 of the Complaint, and thus must deny the same.

31.    For its Answer to Paragraph 31 of the Complaint, GMS states that it is a contractor and routinely seeks applicants for a number of positions that may be open or could be open in the future. GMS further states that it did not advertise, and Plaintiff did not apply for, any specific position. GMS denies each and every other allegation not expressly admitted herein.

32.    GMS is without information or belief to admit or deny the allegations set forth in Paragraph 32 of the Complaint, and thus must deny the same.

33.    GMS is without information or belief to admit or deny the allegations set forth in Paragraph 33 of the Complaint, and thus must deny the same.

34.    GMS is without information or belief to admit or deny the allegations set forth in Paragraph 34 of the Complaint, and thus must deny the same.

35.    GMS is without information or belief to admit or deny the allegations set forth in Paragraph 35 of the Complaint, and thus must deny the same.

36.    GMS is without information or belief to admit or deny the allegations set forth in Paragraph 36 of the Complaint, and thus must deny the same.

37.    GMS is without information or belief to admit or deny the allegations set forth in Paragraph 37 of the Complaint, and thus must deny the same.

38.    GMS is without information or belief to admit or deny the allegations set forth in Paragraph 38 of the Complaint, and thus must deny the same.

39.    GMS is without information or belief to admit or deny the allegations set forth in Paragraph 39 of the Complaint, and thus must deny the same.

40.     GMS is aware that Plaintiff submitted her resume through Indeed but is without information or belief to admit or deny the remaining allegations set forth in Paragraph 40 of the Complaint, and thus must deny the same.

41.     GMS admits the allegations set forth in Paragraph 41 of the Complaint.

42.     GMS is without information or belief to admit or deny the allegations set forth in Paragraph 42 of the Complaint, and thus must deny the same.

43.     GMS is without information or belief to admit or deny the allegations set forth in Paragraph 43 of the Complaint, and thus must deny the same.

44.     GMS is without information or belief to admit or deny the allegations set forth in Paragraph 44 of the Complaint, and thus must deny the same.

## FIRST CAUSE OF ACTION

45.     GMS denies each and every allegation asserted in Paragraph 45 as it pertains to GMS.

46.     GMS denies each and every allegation asserted in Paragraph 46 as it pertains to GMS.

47.     GMS denies each and every allegation asserted in Paragraph 47 as it pertains to GMS.

48.     GMS denies each and every allegation asserted in Paragraph 48 as it pertains to GMS.

49.     GMS denies each and every allegation asserted in Paragraph 49 as it pertains to GMS.

50.     GMS denies that Plaintiff is entitled to recover any damages from GMS.

### AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint fails to state a claim upon which relief may be granted against GMS.

2.    GMS, at all times relevant hereto, acted reasonably and in good faith, and with due care for the rights of Plaintiff.

3.    GMS asserts and relies upon all applicable defenses that arise under or may be asserted pursuant to the West Virginia Human Rights Act ("WVHRA"), W. Va. Code §5-11-1, *et seq.*

4.    GMS asserts that Plaintiff has failed to mitigate any injuries or damages allegedly sustained as a result of the complained of acts or incident.

5.    GMS reserves the right to offset any awards for alleged damaged by any awards Plaintiff may have already received.

6.    Plaintiff's claims cannot be maintained because she has failed to allege facts sufficient to state a claim for general and/or compensatory damages, including, but not limited to, loss of wages or other economic damages.

7.    Any claim for punitive or exemplary damages alleged by the Plaintiff is barred by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, and the applicable sections of the Constitution of the State of West Virginia.

8.    Any award for lost wages or other benefits that Plaintiff might otherwise be entitled to receive, which entitlement GMS expressly denies, must be reduced by any income and the value of any benefits Plaintiff has received or with reasonable diligence could have received during the period in which she seeks monetary relief.

9.     GMS alleges that Plaintiff failed to plead in her Complaint facts sufficient to establish a legal right to punitive damages for any of the claims set forth therein.

10.     GMS asserts, to the extent applicable, each and every affirmative defense available to it pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

11.     GMS states that any damages incurred by Plaintiff are the result of the actions of other parties, including Plaintiff, and not GMS.

12.     GMS alleges that, at all times relevant, its actions were lawful and it did not discriminate or otherwise act unlawfully toward Plaintiff.

13.     GMS reserves the right to raise any additional affirmative defenses which may arise during the remainder of discovery of this matter, including comparative fault of Plaintiff, or fault of the other Defendants, or unknown third-parties.

14.     GMS specifically reserves the right to file an amended answer, counterclaim, cross-claims, or third-party complaints should additional discovery demonstrate the propriety of the same.

<u>PRAYER</u>

WHEREFORE, having fully answered Plaintiff's Complaint, GMS prays that the Plaintiff recovers nothing of GMS; that GMS recovers its costs, if any, associated with any expenses of this suit and any reasonable attorney's fees made necessary in defending Plaintiff's Complaint; and for such other relief, whether legal or equitable in character, as to which GMS may appear entitled.

**GMS MINE REPAIR AND MAINTENANCE, INC.**

By Counsel:

*/s/Matthew A. Nelson*
Matthew A. Nelson, Esq. (WVSB 9421)
Lewis Brisbois Bisgaard & Smith LLP
707 Virginia Street, E., Ste. 1400
Charleston, WV  25301
304.553.0129/304.932.0265 (f)
matt.nelson@lewisbrisbois.com

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY,

      Plaintiff

v.                           Civil Action No.: 2:23-cv-00005

POCAHONTAS COAL COMPANY, LLC, et al.,

      Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 25th day of January, 2023, he filed the foregoing *ANSWER OF DEFENDANT GMS MINE REPAIR AND MAINTENANCE, INC.* using the CM/ECF system, which will send a Notice of Electronic filing to, and constitutes service on, counsel of record.

                                     */s/Matthew A. Nelson*
                                     Matthew A. Nelson, Esq. (WVSB 9421)
                                     Lewis Brisbois Bisgaard & Smith LLP
                                     707 Virginia Street, E., Ste. 1400
                                     Charleston, WV 25301
                                     304.553.0129/304.932.0265 (f)
                                     matt.nelson@lewisbrisbois.com

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY,

     Plaintiff,

v.                              Civil Action No.: 2:23-cv-00005

POCAHONTAS COAL COMPANY, LLC, et al.,

     Defendants.

## CORPORATE DISCLOSURE STATEMENT OF
## GMS MINE REPAIR AND MAINTENANCE, INC.

Pursuant to Fed. R. Civ. P. 7.1(a), the undersigned counsel for Defendant GMS Mine Repair and Maintenance, Inc. certifies the following:

1. GMS Mine Repair and Maintenance, Inc. is wholly owned by its parent corporation, Garrett Holdings, Inc.

2. No publicly held corporation owns 10% or more of the stock of GMS Mine Repair and Maintenance, Inc.

Dated this 25th day of January, 2023.

Respectfully Submitted,

**GMS MINE REPAIR AND MAINTENANCE, INC.**

By Counsel:

*/s/Matthew A. Nelson*
Matthew A. Nelson, Esq. (WVSB 9421)
Lewis Brisbois Bisgaard & Smith LLP
707 Virginia Street, E., Ste. 1400
Charleston, WV 25301
304.553.0129/304.932.0265 (f)
matt.nelson@lewisbrisbois.com

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

**AMANDA ASBURY,**

     **Plaintiff**

**v.**                              **Civil Action No.: 2:23-cv-00005**

**POCAHONTAS COAL COMPANY, LLC, et al.,**

     **Defendants**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 25th day of January, 2023, he filed the foregoing ***CORPORATE DISCLOSURE STATEMENT OF GMS MINE REPAIR AND MAINTENANCE, INC.*** using the CM/ECF system, which will send a Notice of Electronic filing to, and constitutes service on, counsel of record.

                            */s/Matthew A. Nelson*
                            Matthew A. Nelson, Esq. (WVSB 9421)
                            Lewis Brisbois Bisgaard & Smith LLP
                            707 Virginia Street, E., Ste. 1400
                            Charleston, WV 25301
                            304.553.0129/304.932.0265 (f)
                            matt.nelson@lewisbrisbois.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY,

          Plaintiff,

v.                                    Civil Action No. 2:23-cv-00005

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

          Defendants.

## **NOTICE OF APPEARANCE**

Please be advised that Mark G. Jeffries of the law firm of Steptoe & Johnson PLLC

enters his appearance as co-counsel of record on behalf of the Defendant Arch Resources, Inc. and

Mingo Logan Coal, LLC in addition to C. David Morrison, Amy M. Smith and Michael J. Moore.

Accordingly, all future correspondence and legal documents related to this civil action should be forwarded to the attention of the undersigned.

Dated this 2nd day of February, 2023.

Respectfully submitted,

*/s/ Mark G. Jeffries*
C. David Morrison (WVSB #2643)
Amy M. Smith (WVSB #6454)
Michael J. Moore (WVSB #12009)
Mark G. Jeffries (WVSB #11618)
400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000

*Counsel for Defendants*
*Arch Resources, Inc. and Mingo Logan Coal, LLC*

**STEPTOE & JOHNSON PLLC**
OF COUNSEL

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY,

             Plaintiff,

v.                                           Civil Action No. 2:23-cv-00005

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

             Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of February 2023, I electronically filed the foregoing

"Notice of Appearance" with the Clerk of the Court using the CM/ECF System, which will send

notification of such filing to the following:

3

Mark A. Atkinson
John-Mark Atkinson
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311

Michael D. Mullins
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Jonathan R. Ellis
Joseph U. Leonoro
Mark C. Dean
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Ashley C. Pack
Sean Thomas
DINSMORE & SCHOHL LLP
707 Virginia Street East
Suite 1300
Charleston, WV 25301

Matthew A. Nelson
Lewis Brisbois Bisgaard & Smith LLP
707 Virginia Street, E., Ste. 1400
Charleston, WV 25301

*/s/ Mark G. Jeffries* _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION


AMANDA ASBURY,

        Plaintiff,


v.                                    CIVIL ACTION NO. 2:23-cv-00005

POCAHONTAS COAL COMPANY LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

        Defendants.

**PLAINTIFF'S MOTION TO REMAND**

---

Plaintiff, Amanda Asbury, by counsel and pursuant to 28 U.S.C. § 1447(c), hereby moves

this Court to order that this action be remanded to the Circuit Court of Boone County, West

Virginia, on the following grounds:

1.      Plaintiff, a West Virginia resident, instituted this action in the Circuit Court of Boone County, West Virginia on November 30, 2022;

2.      Defendants United Coal Company, LLC, Blackhawk Mining, LLC, Arch Resources, Inc., Mingo Logan Coal LLC, GMS Mine Repair and Maintenance, Inc., Contura Energy, Inc., Alpha Natural Resourecs Services, LLC, Consul Energy Inc., are foreign corporations or limited liability companies respectively and at all times relevant to Plaintiff's Complaint were doing business in West Virginia;

3.      Defendant, Pocahontas Coal Company LLC d/b/a Affinity Coal Company, Cleveland-Cliffs Princeton Coal Inc., David Stanley Consultants, LLC, and Stanhurst, LLC, are West Virginia limited liability companies and corporations respectively;

4.      By notice of removal dated January 4, 2023, Defendants Arch Resources, Inc. and Mingo Logan Coal Company removed this action to this Court, pursuant to 28 U.S.C. §§ 1441 et seq., claiming that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332;

5.      This Court does not have jurisdiction under 28 U.S.C. § 1332 because there is not complete diversity of citizenship;

6.      Defendants Arch and Mingo Logan's claim of diversity jurisdiction is based upon its assertion that the residence of the West Virginia Defendants should not be considered by this Court because those parties were fraudulently joined since the claims against them do not arise from the same transaction. As more fully set forth in plaintiff's memorandum of law in support of this motion, filed herewith, defendants' motion should be denied;

7.      Defendant asserts no basis for jurisdiction in this Court other than diversity jurisdiction;

8.      This motion is timely filed, that is, filed within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c);

9. Accordingly, this action should be remanded to the Circuit Court of Boone County, West Virginia or severed as described in Plaintiff's Memorandum in Support of Motion to Remand and Plaintiff's Response to Defendants' Motion to Sever.

WHEREFORE, Plaintiff moves that this Court remand this action to the Circuit Court of Boone County, West Virginia or sever Plaintiff's claims as outlined in Plaintiff's supporting memorandum. A memorandum in support of this Motion is submitted pursuant to the Local Rules of this Court and is incorporated by reference into this Motion.

AMANDA ASBURY
By Counsel

/s/ John-Mark Atkinson
Mark A. Atkinson (WVSB #184)
John-Mark Atkinson (WVSB #12014)
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV  25311
(304) 346-5100
emboles@amplaw.com
johnmark@amplaw.com

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION


AMANDA ASBURY,

       Plaintiff,


v.                            CIVIL ACTION NO. 2:23-cv-00005

POCAHONTAS COAL COMPANY LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

       Defendants.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2023, I electronically filed the foregoing "PLAINTIFF'S MOTION TO REMAND" with the Clerk of the court using the CM/ECF system which will send notification of such filing to counsel of record:

> /s/ John-Mark Atkinson
> John-Mark Atkinson (WVSB #12014)
> ATKINSON & FRAMPTON, PLLC
> 2306 Kanawha Blvd. E.
> Charleston, WV 25311
> (304) 346-5100
> johnmark@amplaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY,

        Plaintiff,

v.                                CIVIL ACTION NO. 2:23-cv-00005

POCAHONTAS COAL COMPANY LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

        Defendants.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

## <u>INTRODUCTION</u>

Plaintiff, Amanda Asbury, by counsel and pursuant to 28 U.S.C. § 1447(c), has moved this Court to remand this action to the Circuit Court of Boone County, West Virginia. The Court should remand this action because: 1) Defendants Arch Resources, Inc. and Mingo Logan Coal LLC's argument that this Court should ignore the citizenship of the defendants incorporated in West Virginia is incorrect; and 2) there is not complete diversity of citizenship as required by 28 U.S.C. § 1332. Accordingly, this Court lacks jurisdiction over this action and it must be remanded.

## STATEMENT OF FACTS

Plaintiff, Amanda Asbury, filed this action in the Circuit Court of Boone County, West Virginia on November 30, 2022 against the defendants Pocahontas Coal Company LLC d/b/a Affinity Coal Company, LLC, United Coal Company LLC, Blackhawk Mining, LLC, Arch Resources, Inc., Mingo Logan Coal LLC, Cleveland-Cliffs Princeton Coal Inc., GMS Mine Repair and Maintenance, Inc. David Stanley Consultants, LLC, Contura Energy, Inc., Alpha Natural Resources Services, LLC, Consol Energy Inc., and Stanhurst, LLC for failure to hire her based on her gender. (See Complaint). Plaintiff's Complaint alleges that she applied for open positions with the defendants on multiple occasions and was not hired by the defendants each time because of her gender:

22. The plaintiff applied for positions of employment with each of the defendants from 2020 to the present.

23. Each of the defendants refused to hire the plaintiff for the job openings for which she applied.

24. The plaintiff was qualified to fill each job opening for which she applied.

25. Upon information and belief, the defendants hired a male for each job opening for which the plaintiff applied.

*Id.* at ¶22-25.

2

In each instance Plaintiff, a qualified and experienced miner, applied for open mining positions for which she was qualified and in each instance the defendants hired males instead.

Plaintiff is a resident of the State of West Virginia.  *Id.* at ¶2.  Defendants Pocahontas Coal Company d/b/a Affinity Coal Company, LLC, Cleveland-Cliffs Princeton Coal Inc., David Stanley Consultants, LLC, and Stanhurst, LLC are West Virginia limited liability companies or corporations. *Id.* at ¶3, 8, 10, 14.  Defendants United Coal Company LLC, Blackhawk Mining, LLC, Arch Resources, Inc., Mingo Logan Coal LLC, GMS Mine Repair and Maintenance, Inc., Contura Energy, Inc., Alpha Natural Resources Services, LLC, and Consol Energy Inc. are foreign limited liability companies or corporations. *Id.* at ¶4-7, 9, 11-13.

On January 4, 2023, Defendants Arch Resources, Inc. and Mingo Logan Coal LLC filed a Notice of Removal within the thirty-day time period mandated by 28 U.S.C. § 1446(b).  The removal occurred after Defendants Arch Resources, Inc. and Mingo Logan Coal Company received service of the summons and Complaint.

## DISCUSSION

Defendants Arch Resources, Inc. and Mingo Logan Coal LLC removed this case alleging that diversity jurisdiction exists.  Defendants must clear a high bar in proving removal was proper in this case.

If the district court determines at any time before trial that it "lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Removal of state court actions based upon diversity of citizenship jurisdiction, like other statutory provisions providing for removal to federal courts, must be strictly construed, based upon concerns of federalism and comity.  This is so because removal jurisdiction is an infringement upon the sovereignty of state courts.  Mulcahey v. Columbia Organic Chemical Co., 29 F.3d 148, 151 (4ᵗʰ Cir. 1994) (citing

3

Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921); Shamrock Oil & Gas v. Sheets, 313 U.S. 100 (1941)).  This principle is especially true where removal is based upon diversity jurisdiction. Robinson v. Quality Insurance Co., 633 F.Supp. 572 (S.D. Ala. 1986).  The Fourth Circuit has recognized that it is "Congress' clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993) (citing American Fire & Casualty v. Finn, 341 U.S. 6, 16 (1951)).

Defendants Arch Resources, Inc. and Mingo Logan Coal LLC removed the present case from the Circuit Court of Boone County, West Virginia to this Court solely on the basis of its allegation that diversity jurisdiction exists. (*See* Notice of Removal).  However, for this Court to have original jurisdiction over this action, there must be complete diversity of citizenship.  28 U.S.C. § 1332.

Defendants Arch Resources, Inc. and Mingo Logan Coal LLC removed this case based on the alleged misjoinder of the defendants incorporated in West Virginia.  In their Notice of Removal, Defendants Arch Resources, Inc. and Mingo Logan Coal LLC argued that the West Virginia incorporated defendants were fraudulently joined because the claims against the West Virginia incorporated Defendants were "not sufficiently related to be properly joined in a single case with the claim against other Defendants because they do not arise out of the same transaction or occurrence, nor do they present a common question of law or fact." (See Notice of Removal at 5).  However, Defendants Arch Resources, Inc. and Mingo Logan Coal LLC did not claim that the other foreign Defendants named in Plaintiff's Complaint were fraudulently joined even though claims against some of them are no more related than the Defendants with West Virginia citizenship.

Plaintiff's claims all present common questions of law and fact: Did the Defendants fail to hire Plaintiff because of her gender and did she suffer damages as a result? Additionally, all of Plaintiff's claims against Defendants stem from her applying for open positions and being turned down in favor of a male in each instance.

The issues to be discovered in Plaintiff's claims against Defendants are identical: whether Plaintiff applied for an open position, was qualified for the position, whether Defendant hired Plaintiff, whether Defendant was motivated by Plaintiff's gender in the decision to not hire her, and what damages she suffered as a result. For reasons of judicial economy, this Court could decide to keep Plaintiff's claims against all Defendants together in one case. Plaintiff would not object to that.

If the claims against all Defendants are to remain together in one case, the proper venue is the Circuit Court of Boone County, West Virginia because there are venue-giving defendants with West Virginia citizenship properly named in Plaintiff's Complaint and complete diversity of citizenship does not exist. Therefore, the Southern District Court of West Virginia is an improper venue if the claims against all Defendants remain together in one case.

However, if the claims are to be severed according to claims against related Defendants, any claims against the West Virginia incorporated Defendants or claims with foreign Defendants related to one of the West Virginia incorporated Defendants should be remanded to the Circuit Court of Boone County, West Virginia.

If the Court feels that Plaintiff's claims against all Defendants should not be tried together in one case, Plaintiff does not object to severing her claims against Defendants as outlined below.[1]

- Amanda Asbury v. Pocahontas Coal Company, LLC d/b/a Affinity Coal Company, LLC and United Coal Company, LLC

---

[1] See also Plaintiff's Response to Defendants Arch Resources, Inc. and Mingo Logan Coal LLC's Motion to Sever.

Defendants Pocahontas Coal Company, LLC d/b/a Affinity Coal Company, LLC and United Coal Company, LLC are related companies. Any of Plaintiff's claims against one of these Defendants applies to both equally. Claims against these two defendants do arise out of the same transaction or occurrence and present a common question of law or fact. Defendants' Notice of Removal admits that Pocahontas Coal Company, LLC d/b/a Affinity Coal Company, LLC is a member of United Coal Company, LLC. (Notice of Removal at ¶12-13). Additionally, Plaintiff's Complaint specifically alleges that she applied for positions with both Defendants Pocahontas Coal Company, LLC d/b/a Affinity Coal Company, LLC and United Coal Company, LLC and was not hired. (Complaint at ¶26, 35-36, 38-39). Since Pocahontas Coal Company, LLC d/b/a Affinity Coal Company, LLC is a West Virginia limited liability company, these claims must be remanded to the Circuit Court of Boone County, West Virginia.

- Amanda Asbury v. Cleveland-Cliffs Princeton Coal Inc.

Defendant Cleveland-Cliffs Princeton Coal Inc. is a West Virginia limited liability corporation. Therefore, Plaintiff's claims against Cleveland-Cliffs Princeton Coal Inc. must be remanded to the Circuit Court of Boone County, West Virginia.

- Amanda Asbury v. David Stanley Consultants, LLC and Stanhurst, LLC

Defendants David Stanley Consultants, LLC and Stanhurst, LLC are related companies. Any of Plaintiff's claims against one of these Defendants applies to both equally. Claims against these two defendants do arise out of the same transaction or occurrence and present a common question of law or fact. Defendants David Stanley Consultants, LLC and Stanhurst, LLC have the same designated office address, mailing address, notice of process address, principal office address, and the same member and organizer. Had Plaintiff been hired for a position posted by either Defendant David Stanley Consultants, LLC or Stanhurst, LLC, she would have been an

employee of both.  Since David Stanley Consultants, LLC and Stanhurst, LLC are West Virginia limited liability companies, these claims must be remanded to the Circuit Court of Boone County, West Virginia.

- Amanda Asbury v. Arch Resources, Inc. and Mingo Logan Coal LLC

Defendants Arch Resources, Inc. and Mingo Logan Coal LLC are related companies.  Any of Plaintiff's claims against one of these Defendants applies to both equally.  Claims against these two defendants do arise out of the same transaction or occurrence and present a common question of law or fact.  Defendants' Notice of Removal admits that Mingo Logan Coal LLC is a member of Arch Resources, Inc. (Notice of Removal at ¶15-16). Had Plaintiff been hired for a position posted by either Defendant Arch Resources, Inc. or Mingo Logan Coal LLC, she would have been an employee of both.   Since both Defendants are foreign companies, these claims should remain in the Southern District Court of West Virginia.

- Amanda Asbury v. Contura Energy, Inc. and Alpha Natural Resources Services, LLC

Defendants Contura Energy, Inc. and Alpha Natural Resources Services, LLC are related companies.  Any of Plaintiff's claims against one of these Defendants applies to both equally. Claims against these two defendants do arise out of the same transaction or occurrence and present a common question of law or fact. Additionally, Plaintiff's Complaint specifically alleges that she applied for a position with both Defendants Contura Energy, Inc. and Alpha Natural Resources Services, LLC and was not hired. (Complaint at ¶37).   Since both Defendants are foreign companies, these claims should remain in the Southern District Court of West Virginia.

- Amanda Asbury v. Blackhawk Mining, LLC

- Amanda Asbury v. GMS Mine Repair and Maintenance, Inc.

- Amanda Asbury v. Consol Energy Inc.

Defendants Blackhawk Mining, LLC, GMS Mine Repair and Maintenance, Inc., and Consol Energy Inc. are not related. Therefore, Plaintiff's claims against these Defendants can be severed separately. Since each of these Defendants are foreign companies, these claims should remain in the Southern District Court of West Virginia.

## CONCLUSION

Plaintiff's claims against all Defendants could be tried together in one case for judicial economy. If the claims against all Defendants are to remain together in one case, the proper venue is the Circuit Court of Boone County, West Virginia because there are venue-giving defendants with West Virginia citizenship properly named in Plaintiff's Complaint and diversity does not exist. Therefore, the Southern District Court of West Virginia is an improper venue if the claims against all Defendants remain together in one case. If the claims are to be severed, they must be severed according to which Defendants are related and the claims involving West Virginia incorporated Defendants must be remanded to the Circuit Court of Boone County, West Virginia.

AMANDA ASBURY
By Counsel

*/s/ John-Mark Atkinson*
Mark A. Atkinson (WVSB #184)
John-Mark Atkinson (WVSB #12014)
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311
(304) 346-5100
emboles@amplaw.com
johnmark@amplaw.com

8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY,

        Plaintiff,

v.                               CIVIL ACTION NO. 2:23-cv-00005

POCAHONTAS COAL COMPANY LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

        Defendants.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2023, I electronically filed the foregoing

"PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND" with the Clerk

of the court using the CM/ECF system which will send notification of such filing to counsel of

record:

/s/ John-Mark Atkinson

John-Mark Atkinson (WVSB #12014)
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311
(304) 346-5100
johnmark@amplaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY,

        Plaintiff,

v.                                CIVIL ACTION NO. 2:23-cv-00005

POCAHONTAS COAL COMPANY LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

        Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANTS ARCH RESOURCES, INC. and MINGO
LOGAN COAL LLC's MOTION TO SEVER**

1

Plaintiff, Amanda Asbury, filed this action in the Circuit Court of Boone County, West Virginia on November 30, 2022 against the defendants Pocahontas Coal Company LLC d/b/a Affinity Coal Company, LLC, United Coal Company LLC, Blackhawk Mining, LLC, Arch Resources, Inc., Mingo Logan Coal LLC, Cleveland-Cliffs Princeton Coal Inc., GMS Mine Repair and Maintenance, Inc. David Stanley Consultants, LLC, Contura Energy, Inc., Alpha Natural Resources Services, LLC, Consol Energy Inc., and Stanhurst, LLC for failure to hire her based on her gender. (See Complaint). Plaintiff's Complaint alleges that she applied for open positions with the defendants on multiple occasions and was not hired by the defendants each time because of her gender:

> 22. The plaintiff applied for positions of employment with each of the defendants from 2020 to the present.
>
> 23. Each of the defendants refused to hire the plaintiff for the job openings for which she applied.
>
> 24. The plaintiff was qualified to fill each job opening for which she applied.
>
> 25. Upon information and belief, the defendants hired a male for each job opening for which the plaintiff applied.

*Id.* at ¶22-25.

In each instance Plaintiff, a qualified and experienced miner, applied for open mining positions for which she was qualified and in each instance the defendants hired males instead.

Plaintiff is a resident of the State of West Virginia. *Id.* at ¶2. Defendants Pocahontas Coal Company d/b/a Affinity Coal Company, LLC, Cleveland-Cliffs Princeton Coal Inc., David Stanley Consultants, LLC, and Stanhurst, LLC are West Virginia limited liability companies or corporations. *Id.* at ¶3, 8, 10, 14. Defendants United Coal Company LLC, Blackhawk Mining, LLC, Arch Resources, Inc., Mingo Logan Coal LLC, GMS Mine Repair and Maintenance, Inc.,

Contura Energy, Inc., Alpha Natural Resources Services, LLC, and Consol Energy Inc. are foreign limited liability companies or corporations. *Id.* at ¶4-7, 9, 11-13.

On January 4, 2023, Defendants Arch Resources, Inc. and Mingo Logan Coal LLC filed a Notice of Removal within the thirty-day time period mandated by 28 U.S.C. § 1446(b). The removal occurred after Defendants Arch Resources, Inc. and Mingo Logan Coal Company received service of the summons and Complaint.

On January 20, 2023, Defendants Arch Resources, Inc. and Mingo Logan Coal LLC filed a Motion to Sever Plaintiff's claims against each Defendant. Plaintiff's claims all present common questions of law and fact: Did the Defendants fail to hire Plaintiff because of her gender and did she suffer damages as a result? Additionally, all of Plaintiff's claims against Defendants stem from her applying for open positions and being turned down in favor of a male in each instance.

The issues to be discovered in Plaintiff's claims against Defendants are identical: whether Plaintiff applied for an open position, was qualified for the position, whether Defendant hired Plaintiff, whether Defendant was motivated by Plaintiff's gender in the decision to not hire her, and what damages she suffered as a result. For reasons of judicial economy, this Court could decide to keep Plaintiff's claims against all Defendants together in one case. Plaintiff would not object to that.

If the claims against all Defendants are to remain together in one case, the proper venue is the Circuit Court of Boone County, West Virginia because there are venue-giving defendants with West Virginia citizenship properly named in Plaintiff's Complaint and complete diversity of citizenship does not exist. Therefore, the Southern District Court of West Virginia is an improper venue if the claims against all Defendants remain together in one case.

However, if the claims are to be severed according to claims against related Defendants, any claims against the West Virginia incorporated Defendants or claims with foreign Defendants related to one of the West Virginia incorporated Defendants should be remanded to the Circuit Court of Boone County, West Virginia. If the Court feels that Plaintiff's claims against all Defendants should not be tried together in one case, Plaintiff does not object to severing her claims against Defendants as outlined below.

- Amanda Asbury v. Pocahontas Coal Company, LLC d/b/a Affinity Coal Company, LLC and United Coal Company, LLC

Defendants Pocahontas Coal Company, LLC d/b/a Affinity Coal Company, LLC and United Coal Company, LLC are related companies. Any of Plaintiff's claims against one of these Defendants applies to both equally. Claims against these two defendants do arise out of the same transaction or occurrence and present a common question of law or fact. Defendants' Notice of Removal admits that Pocahontas Coal Company, LLC d/b/a Affinity Coal Company, LLC is a member of United Coal Company, LLC. (Notice of Removal at ¶12-13). Additionally, Plaintiff's Complaint specifically alleges that she applied for positions with both Defendants Pocahontas Coal Company, LLC d/b/a Affinity Coal Company, LLC and United Coal Company, LLC and was not hired. (Complaint at ¶26, 35-36, 38-39). Since Pocahontas Coal Company, LLC d/b/a Affinity Coal Company, LLC is a West Virginia limited liability company, these claims must be remanded to the Circuit Court of Boone County, West Virginia.

- Amanda Asbury v. Cleveland-Cliffs Princeton Coal Inc.

Defendant Cleveland-Cliffs Princeton Coal Inc. is a West Virginia limited liability corporation. Therefore, Plaintiff's claims against Cleveland-Cliffs Princeton Coal Inc. must be remanded to the Circuit Court of Boone County, West Virginia.

- Amanda Asbury v. David Stanley Consultants, LLC and Stanhurst, LLC

4

Defendants David Stanley Consultants, LLC and Stanhurst, LLC are related companies. Any of Plaintiff's claims against one of these Defendants applies to both equally. Claims against these two defendants do arise out of the same transaction or occurrence and present a common question of law or fact. Defendants David Stanley Consultants, LLC and Stanhurst, LLC have the same designated office address, mailing address, notice of process address, principal office address, and the same member and organizer. Had Plaintiff been hired for a position posted by either Defendant David Stanley Consultants, LLC or Stanhurst, LLC, she would have been an employee of both. Since David Stanley Consultants, LLC and Stanhurst, LLC are West Virginia limited liability companies, these claims must be remanded to the Circuit Court of Boone County, West Virginia.

- Amanda Asbury v. Arch Resources, Inc. and Mingo Logan Coal LLC

Defendants Arch Resources, Inc. and Mingo Logan Coal LLC are related companies. Any of Plaintiff's claims against one of these Defendants applies to both equally. Claims against these two defendants do arise out of the same transaction or occurrence and present a common question of law or fact. Defendants' Notice of Removal admits that Mingo Logan Coal LLC is a member of Arch Resources, Inc. (Notice of Removal at ¶15-16). Had Plaintiff been hired for a position posted by either Defendant Arch Resources, Inc. or Mingo Logan Coal LLC, she would have been an employee of both. Since both Defendants are foreign companies, these claims should remain in the Southern District Court of West Virginia.

- Amanda Asbury v. Contura Energy, Inc. and Alpha Natural Resources Services, LLC

Defendants Contura Energy, Inc. and Alpha Natural Resources Services, LLC are related companies. Any of Plaintiff's claims against one of these Defendants applies to both equally. Claims against these two defendants do arise out of the same transaction or occurrence and present

5

a common question of law or fact. Additionally, Plaintiff's Complaint specifically alleges that she applied for a position with both Defendants Contura Energy, Inc. and Alpha Natural Resources Services, LLC and was not hired. (Complaint at ¶37). Since both Defendants are foreign companies, these claims should remain in the Southern District Court of West Virginia.

- Amanda Asbury v. Blackhawk Mining, LLC

- Amanda Asbury v. GMS Mine Repair and Maintenance, Inc.

- Amanda Asbury v. Consol Energy Inc.

Defendants Blackhawk Mining, LLC, GMS Mine Repair and Maintenance, Inc., and Consol Energy Inc. are not related. Therefore, Plaintiff's claims against these Defendants can be severed separately. Since each of these Defendants are foreign companies, these claims should remain in the Southern District Court of West Virginia.

Therefore, while Plaintiff's claims against all Defendants could be tried together in one case for purposes of judicial economy, Plaintiff does not object to severing her claims against Defendants as outlined above with any claims involving West Virginia incorporated Defendants being remanded to the Circuit Court of Boone County, West Virginia if the Court finds that the claims must be severed.

<div style="text-align: center; margin-left: 40%;">

AMANDA ASBURY
By Counsel

*/s/ John-Mark Atkinson*
Mark A. Atkinson (WVSB #184)
John-Mark Atkinson (WVSB #12014)
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311
(304) 346-5100
emboles@amplaw.com
johnmark@amplaw.com

</div>

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION


AMANDA ASBURY,

        Plaintiff,


v.                              CIVIL ACTION NO. 2:23-cv-00005

POCAHONTAS COAL COMPANY LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

        Defendants.

### CERTIFICATE OF SERVICE

    I hereby certify that on February 3, 2023, I electronically filed the foregoing

"PLAINTIFF'S RESPONSE TO DEFENDANTS ARCH RESOURCES, INC. and MINGO

LOGAN COAL LLC's MOTION TO SEVER" with the Clerk of the court using the CM/ECF

system which will send notification of such filing to counsel of record:

/s/ John-Mark Atkinson
John-Mark Atkinson (WVSB #12014)
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311
(304) 346-5100
johnmark@amplaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**AMANDA ASBURY,**

     **Plaintiff,**

**v.**                                   **CIVIL ACTION NO. 23-CV-00005**
                                     **Removed from Boone County C.A. No. 22-C-89**

**POCAHONTAS COAL COMPANY LLC,**
A West Virginia limited liability company d/b/a
**AFFINITY COAL COMPANY, LLC;**
**UNITED COAL COMPANY, LLC,**
A Virginia limited liability company;
**BLACKHAWK MINING, LLC,**
A Delaware limited liability company;
**ARCH RESOURCES, INC.,**
A Delaware corporation;
**MINGO LOGAN COAL LLC,**
A Delaware limited liability company;
**CLEVELAND-CLIFFS PRINCETON COAL INC.,**
A West Virginia corporation;
**GMS MINE REPAIR AND MAINTENANCE, INC.,**
A Maryland corporation;
**DAVID STANLEY CONSULTANTS LLC,**
A West Virginia limited liability company;
**CONTURA ENERGY, INC.,**
A Delaware corporation;
**ALPHA NATURAL RESOURCES SERVICES, LLC,**
A Delaware limited liability company;
**CONSOL ENERGY INC.,**
A Delaware corporation;
**STANHURST, LLC,**
A West Virginia limited liability company,

     **Defendants.**

## DEFENDANT CLEVELAND-CLIFFS PRINCETON COAL INC.'S
## MOTION TO JOIN DEFENDANTS ARCH RESOURCES INC.'S AND
## MINGO LOGAN COAL, LLC'S MOTION TO SEVER

1

**COMES NOW** Defendant Cleveland-Cliffs Princeton Coal Inc. ("CCP") and joins in Co-Defendants Arch Resources Inc.'s and Mingo Logan Coal, LLC's Motion to Sever. CCP adopts and incorporates by reference Co-Defendants' Motion and Memorandum in Support as if fully restated herein and, for the reasons given in that Motion and Memorandum in Support, requests that the Court enter an order severing Plaintiff's claims against the Defendants.

**CLEVELAND-CLIFFS PRINCETON COAL INC.**
**By Counsel**

*/s/ Mark C. Dean*
Jonathan R. Ellis (WVSB #10296)
Joseph U. Leonoro (WVSB #10501)
Mark C. Dean (WVSB #12017)
Steptoe & Johnson PLLC
707 Virginia Street East
Chase Tower, 17th Floor
P.O. Box 1588
Charleston, WV 25326-1588
Telephone (304) 353-8000
Facsimile (304) 353-8180
Joseph.Leonoro@Steptoe-Johnson.com
Jonathan.Ellis@Steptoe-Johnson.com
Mark.Dean@Steptoe-Johnson.com

*Counsel for Defendant Cleveland-Cliffs Princeton Coal Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of February 2023, I filed the foregoing **"Defendant Cleveland-Cliffs Princeton Coal Inc.'s Motion to Join Defendants Arch Resources Inc.'s and Mingo Logan Coal, LLC's Motion to Sever"** with the Clerk via the CM/ECF e-filing system, which will provide a copy thereof to the following counsel of record:

Mark A. Atkinson
John-Mark Atkinson
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311

Michael D. Mullins
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

C. David Morrison
Amy M. Smith
Michael J. Moore
Mark G. Jeffries
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330

Ashley C. Pack
Sean Thomas
DINSMORE & SHOHL LLP
707 Virginia Street East
Suite 1300
Charleston, WV 25301

Matthew A. Nelson
Lewis Brisbois Bisgaard & Smith LLP
707 Virginia Street, E., Ste. 1400
Charleston, WV 25301

_____/s/ Mark C. Dean_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY,

     Plaintiff,

v.

                                          CIVIL ACTION NO. 2:23-CV-5
                                  Removed from Boone County C.A. No. 22-C-89

POCAHONTAS COAL COMPANY LLC,
A West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY LLC,
A Virginia limited liability company;
BLACKHAWK MINING, LLC,
A Delaware limited liability company;
ARCH RESOURCES, INC.,
A Delaware corporation;
MINGO LOGAN COAL LLC,
A Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
A West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
A Maryland corporation;
DAVID STANLEY CONSULTANTS LLC,
A West Virginia limited liability company;
CONTURA ENERGY, INC.,
A Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
A Delaware limited liability company;
CONSOL ENERGY INC.,
A Delaware corporation;
STANHURST, LLC,
A West Virginia limited liability company,

     Defendants.

## DEFENDANTS POCAHONTAS COAL COMPANY, LLC'S AND UNITED COAL COMPANY LLC'S MOTION TO JOIN DEFENDANTS ARCH RESOURCES INC.'S AND MINGO LOGAN COAL, LLC'S MOTION TO SEVER

1

**COME NOW** Defendants Pocahontas Coal Company, LLC ("Pocahontas") and United Coal Company LLC ("United") and join in Co-Defendants Arch Resources Inc.'s and Mingo Logan Coal, LLC's Motion to Sever. Pocahontas and United adopt and incorporate by reference Co-Defendants' Motion and Memorandum in Support as if fully restated herein and, for the reasons given in that Motion and Memorandum in Support, request that the Court enter an order severing Plaintiff's claims against the Defendants.

**POCAHONTAS COAL COMPANY, LLC and UNITED COAL COMPANY LLC,**

**By Counsel**

_/s/ Mark C. Dean_
Jonathan R. Ellis (WVSB #10296)
Joseph U. Leonoro (WVSB #10501)
Mark C. Dean (WVSB #12017)
Steptoe & Johnson PLLC
707 Virginia Street East
Chase Tower, 17th Floor
P.O. Box 1588
Charleston, WV 25326-1588
Telephone (304) 353-8000
Facsimile (304) 353-8180
Joseph.Leonoro@Steptoe-Johnson.com
Jonathan.Ellis@Steptoe-Johnson.com
Mark.Dean@Steptoe-Johnson.com

_Counsel for Pocahontas Coal Company LLC and United Coal Company, LLC._

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of February 2023, I filed the foregoing "**Defendants Pocahontas Coal Company LLC's and United Coal Company LLC's Motion to Join Defendants Arch Resources Inc.'s and Mingo Logan Coal, LLC's Motion to Sever**" with the Clerk via the CM/ECF e-filing system, which will provide a copy thereof to the following counsel of record:

Mark A. Atkinson
John-Mark Atkinson
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311

Michael D. Mullins
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

C. David Morrison
Amy M. Smith
Michael J. Moore
Mark G. Jeffries
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330

Ashley C. Pack
Sean Thomas
DINSMORE & SHOHL LLP
707 Virginia Street East
Suite 1300
Charleston, WV 25301

Matthew A. Nelson
Lewis Brisbois Bisgaard & Smith LLP
707 Virginia Street, E., Ste. 1400
Charleston, WV 25301

_/s/ Mark C. Dean_

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**AMANDA ASBURY,**

      Plaintiff,

**v.**

                                  **CIVIL ACTION NO. 2:23-CV-0005**
                                  **Removed from Boone County C.A. No. 22-C-89**

**POCAHONTAS COAL COMPANY LLC,**
a West Virginia limited liability company d/b/a
**AFFINITY COAL COMPANY, LLC;**
**UNITED COAL COMPANY, LLC,**
a Virginia limited liability company;
**BLACKHAWK MINING, LLC,**
a Delaware limited liability company;
**ARCH RESOURCES, INC.,**
a Delaware corporation;
**MINGO LOGAN COAL LLC,**
a Delaware limited liability company;
**CLEVELAND-CLIFFS PRINCETON COAL INC.,**
a West Virginia corporation;
**GMS MINE REPAIR AND MAINTENANCE, INC.;**
a Maryland corporation;
**DAVID STANLEY CONSULTANTS, LLC,**
a West Virginia limited liability company;
**CONTURA ENERGY, INC.;**
a Delaware corporation;
**ALPHA NATURAL RESOURCES SERVICES, LLC,**
a Delaware limited liability company;
**CONSOL ENERGY INC.,**
a Delaware corporation;
**STANHURST, LLC,**
a West Virginia limited liability company,

      Defendants.

**DEFENDANT CONSOL ENERGY INC.'S MOTION TO JOIN DEFENDANTS
ARCH RESOURCES, INC. AND MINGO LOGAN COAL, LLC'S MOTION TO SEVER**

      COMES NOW Defendant CONSOL Energy, Inc. and joins in Co-Defendant Arch

Resources, Inc. and Mingo Logan Coal, LLC's Motion to Sever.  CONSOL Energy, Inc. adopts

and incorporates by reference Co-Defendants' Motion and Memorandum in Support as if fully restated herein and, for the reasons given in that Motion and Memorandum in Support, requests that the Court enter an order severing Plaintiff's claims against the Defendants.

<div align="center"></div>

CONSOL ENERGY INC.,

By Counsel:

/s/ Michael D. Mullins
Michael D. Mullins (WVSB # 7754)
P. O. Box 1588
Charleston, WV 25326-1588
Telephone (304)-353-8000
Facsimile (304)-353-8180
Michael.Mullins@steptoe-johnson.com

STEPTOE & JOHNSON PLLC
Of Counsel

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**AMANDA ASBURY,**

　　**Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 2:23-CV-0005**
　　　　　　　　　　　　　　　　　　　　　**Removed from Boone County C.A. No. 22-C-89**

**POCAHONTAS COAL COMPANY LLC,** *et al.,*

　　**Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the __3rd__ day of February 2023, I filed the foregoing **"Defendant CONSOL Energy, Inc.'s Motion to Join Defendants Arch Resources, Inc. and Mingo Logan Coal, LLC's Motion to Sever,"** via the CM/ECF which will send an electronic notification of said filing to counsel as listed below:

| | |
|---|---|
| Mark A. Atkinson, Esq. (WVSB #184)<br>John-Mark Atkinson, Esq. (WVSB #12014)<br>ATKINSON & POLAK, PLLC<br>P.O. Box 549<br>Charleston, WV 25322-0549<br>*Counsel for Plaintiff* | C. David Morrison (WVSB #2643)<br>Amy M. Smith (WVSB #6454)<br>Michael James Moore (WVSB #12009)<br>Mark G. Jeffries, (WVSB #11618)<br>STEPTOE & JOHNSON PLLC<br>400 White Oaks Boulevard<br>Bridgeport, WV 26330<br>*Counsel for Arch Resources, Inc. and*<br>*Mingo Logan Coal, LLC* |
| Ashley C. Pack (WVSB #10477)<br>Sean D. Thomas (WVSB #13697)<br>Dinsmore & Shohl LLP<br>707 Virginia Street, East, Suite 1300 (25301)<br>P.O. Box 11887<br>Charleston, WV 25339-1887<br>*Counsel for Blackhawk Mining, LLC* | Joseph U. Leonoro (WVSB #10501)<br>Jonathan Ellis (WVSB #10296)<br>Mark C. Dean (WVSB #12017)<br>Steptoe & Johnson PLLC<br>P.O. Box 1588<br>Charleston, WV 25326-1588<br>*Counsel for Alpha Natural Resources*<br>*Services, LLC; Cleveland-Cliffs Princeton*<br>*Coal Inc.; and Contura Energy, Inc.* |

Jonathan Ellis (WVSB #10296)
Mark C. Dean (WVSB #12017)
Steptoe & Johnson PLLC
P.O. Box 1588
Charleston, WV 25326-1588
*Counsel for Pocahontas Coal Company LLC*
*d/b/a Affinity Coal Company, LLC and United*
*Coal Company, LLC*


**STEPTOE & JOHNSON PLLC**
Of Counsel

/s/ Michael D. Mullins
Michael D. Mullins (WVSB # 7754)
P. O. Box 1588
Charleston, WV 25326-1588
Telephone (304)-353-8000
Facsimile (304)-353-8180
Michael.Mullins@steptoe-johnson.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY,

      Plaintiff,

v.
                                              CIVIL ACTION NO. 23-CV-00005
                                   Removed from Boone County C.A. No. 22-C-89

POCAHONTAS COAL COMPANY LLC,
A West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
A Virginia limited liability company;
BLACKHAWK MINING, LLC,
A Delaware limited liability company;
ARCH RESOURCES, INC.,
A Delaware corporation;
MINGO LOGAN COAL LLC,
A Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
A West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
A Maryland corporation;
DAVID STANLEY CONSULTANTS LLC,
A West Virginia limited liability company;
CONTURA ENERGY, INC.,
A Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
A Delaware limited liability company;
CONSOL ENERGY INC.,
A Delaware corporation;
STANHURST, LLC,
A West Virginia limited liability company,

      Defendants.

**DEFENDANTS ALPHA NATURAL RESOURCES SERVICES, LLC'S AND CONTURA
ENERGY, INC.'S[1] MOTION TO JOIN DEFENDANTS ARCH RESOURCES INC.'S
AND MINGO LOGAN COAL, LLC'S MOTION TO SEVER**

---

[1] Contura Energy, Inc. is now known as Alpha Metallurgical Resources, Inc.

**COME NOW** Defendants Alpha Natural Resources Services, LLC and Contura Energy, Inc. (now known as Alpha Metallurgical Resources, Inc.) (collectively, "these Defendants") and join in Co-Defendants Arch Resources Inc.'s and Mingo Logan Coal, LLC's Motion to Sever. These Defendants adopt and incorporate by reference Co-Defendants' Motion and Memorandum in Support as if fully restated herein and, for the reasons given in that Motion and Memorandum in Support, request that the Court enter an order severing Plaintiff's claims against the Defendants.

                                        **ALPHA NATURAL RESOURCES**
                                        **SERVICES, LLC and**
                                        **CONTURA ENERGY, INC.,**

                                        **By Counsel,**

                                        /s/ Joseph U. Leonoro
                                        Joseph U. Leonoro (WVSB #10501)
                                        Jonathan Ellis (WVSB #10296)
                                        Mark C. Dean (WVSB #12017)
                                        Steptoe & Johnson PLLC
                                        P.O. Box 1588
                                        Charleston, WV 25326-1588
                                        Telephone: 304-353-8000
                                        Facsimile: 304-353-8180
                                        Joseph.Leonoro@Steptoe-Johnson.com
                                        Jonathan.Ellis@Steptoe-Johnson.com
                                        Mark.Dean@Steptoe-Johnson.com

                                        *Counsel for Defendants Alpha Natural*
                                        *Resources Services, LLC and Contura*
                                        *Energy, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY,

       Plaintiff,

v.                                      **CIVIL ACTION NO. 23-CV-00005**
                                      **Removed from Boone County C.A. No. 22-C-89**

POCAHONTAS COAL COMPANY LLC, et al.
       Defendants.

## CERTIFICATE OF SERVICE

    I hereby certify that on the 3rd day of February 2023, I filed the foregoing "**Defendants Alpha Natural Resources Services, LLC's and Contura Energy, Inc.'s Motion to Join Defendants Arch Resources Inc.'s and Mingo Logan Coal, LLC's Motion to Sever**" with the Clerk via the CM/ECF e-filing system, which will provide a copy thereof to the following counsel of record:

Mark A. Atkinson
John-Mark Atkinson
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311

C. David Morrison
Amy M. Smith
Michael J. Moore
Mark G. Jeffries
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330

Matthew A. Nelson
Lewis Brisbois Bisgaard & Smith LLP
707 Virginia Street, E., Ste. 1400
Charleston, WV 25301

Michael D. Mullins
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Ashley C. Pack
Sean Thomas
DINSMORE & SHOHL LLP
707 Virginia Street East
Suite 1300
Charleston, WV 25301

                                        */s/ Joseph U. Leonoro*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY

           Plaintiff,

v.                                    Civil Action No. 2:23-CV-00005

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

           Defendants.

**BLACKHAWK MINING, LLC'S MOTION TO JOIN ARCH RESOURCES,
INC. AND MINGO LOGAN COAL, LLC'S MOTION TO SEVER**

    Blackhawk Mining, LLC ("Blackhawk"), by and through counsel, hereby join Arch

Resources, Inc. and Mingo Logan Coal, LLC's Motion to Sever.

As Co-Defendants, Arch Resources, Inc. and Mingo Logan Coal, LLC, have stated in their Motion to Sever, none of Plaintiff's claims against Blackhawk have any relation whatsoever to the claims against the other Co-Defendants. Blackhawk adopts and incorporates by reference Co-Defendants' Motion and Memorandum in Support of the Motion to Sever as if fully restated herein. Accordingly, Blackhawk joins Arch Resources, Inc. and Mingo Logan Coal, LLC's Motion to Sever and requests the Court enter and order severing Plaintiff's claim against Blackhawk to a separate proceeding.

**BLACKHAWK MINING, LLC**

By Counsel,

_/s/ Sean D. Thomas_
Ashley C. Pack (WVSB # 10477)
Sean D. Thomas (WVSB #13697)
Dinsmore & Shohl LLP
707 Virginia Street East, Suite 1300
P.O. Box 11887
Charleston, WV 25339-1887
Telephone: 304-357-0900
Fax: 304-357-0919
ashley.pack@dinsmore.com
sean.thomas@dinsmore.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of February 2023, a copy of the foregoing *Blackhawk Mining, LLC's Motion To Join Arch Resources, Inc. and Mingo Logan Coal, LLC's Motion to Sever* was filed electronically using the Court's CM/ECF filing system, which will give notice to counsel of record.

/s/Sean D. Thomas

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY

                Plaintiff,

v.                                              Civil Action No. 2:23-cv-00005

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

                Defendants.

**ARCH RESOURCES, INC. AND MINGO LOGAN COAL, LLC'S**
**REPLY IN SUPPORT OF MOTION TO SEVER**

## I.    __INTRODUCTION__

    Defendants Arch Resources, Inc. ("Arch") and Mingo Logan Coal, LLC ("Mingo Logan")

submit this reply in support of their motion to sever. Plaintiff Amanda Asbury does not dispute

that Federal Rules of Civil Procedure 20(a)(2) and 21 apply. Ms. Asbury does not cite to a single case, let alone a case that supports joinder of these twelve unrelated claims under the West Virginia Human Rights Act, W. Va. Code § 5-11-9, against Defendants, including Arch and Mingo Logan, Pocahontas Coal Company, LLC ("Pocahontas"), United Coal Company LLC ("United"), Blackhawk Mining, LLC ("Blackhawk"), Cleveland-Cliffs Princeton Coal, Inc. ("Cleveland-Cliffs"), GMS Mine Repair and Maintenance, Inc. ("GMS"), David Stanley Consultants, LLC ("David Stanley"), Contura Energy, Inc., n/k/a Alpha Matallurgical Resources, Inc. ("AMR"), Alpha Natural Resources Services, LLC ("Alpha"), CONSOL Energy Inc. ("CONSOL"), and Stanhurst, LLC ("Stanhurst").

Ms. Asbury's argument that the Court could keep her claims against all Defendants together in one case for reasons of judicial economy is specious. To the contrary, allowing Ms. Asbury to drag all Defendants though these claims together would only serve to enlarge the proceedings and unfairly prejudice Defendants.

Ms. Asbury's further argument that, even if her claims against Defendants are severed generally, claims against related Defendants such as Arch and Mingo Logan should not be severed is meritless. Ms. Asbury has not sufficiently alleged that Arch and Mingo Logan are joint employers or integrated employers. There are no allegations of joint decision-making and no allegations that Mingo Logan's decision not to interview or hire Ms. Asbury was influenced by Arch, which has no record of Ms. Asbury applying. Therefore, this Court should grant the motion to sever and enter an order severing for separate proceedings in this Court the claims against Defendants Arch, Mingo Logan, Pocahontas, United, Blackhawk, AMR, Alpha, and CONSOL. Further the Court should sever for remand to the Circuit Court of Boone County, West Virginia the claims against nondiverse Defendants Cleveland-Cliffs, GMS, David Stanley, and Stanhurst.

## II.  **DISCUSSION**

The Court should sever this action based on the misjoinder and/or fraudulent misjoinder of all Defendants. Ms. Asbury does not dispute the applicability of Federal Rules of Civil Procedure 20(a)(2) and 21. Nor does Ms. Asbury attempt to distinguish any of the cases cited in Arch and Mingo Logan's opening brief.  Indeed, Ms. Asbury does not cite to a single case let alone one that supports her position. This action is indistinguishable from *Spaeth v. Michigan State University College of Law*, 845 F. Supp. 2d 48 (D. D.C. 2012), which is discussed in Arch and Mingo Logan's opening brief. *Spaeth* explained:

> Pursuant to the first prong of the Rule 20(a) test, Spaeth's claims against defendants "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," Fed. R. Civ. P. 20(a)(2), only if they are "'logically related.'"... Spaeth "cannot join defendants who simply engaged in similar types of behavior, but who are otherwise unrelated; *some allegation of concerted action between defendants is required.*"
>
> …
>
> As to the second prong, the fact that Spaeth's claims are premised on the same legal theory is insufficient for showing that they raise common "question[s] of law or fact." Fed. R. Civ. P. 20(a)(2)(B). "'Common issues of law does not mean common issues of an area of the law.'" *Grennell v. Western Southern Life Ins. Co.*, 298 F. Supp. 2d 390, 398 (S.D. W. Va. 2004) (quoting *Graziose v. Am. Home Prods. Corp.*, 202 F.R.D. 638, 640 (D. Nev. 2001)). Accordingly, when determining whether employment discrimination claims raise common questions of law or fact for purposes of permissive joinder, "courts often consider the circumstances surrounding the [ ] claims, including the people involved, the location, the time frame, and the defendant's pattern of behavior."

*Id.* at 53–54 (footnote and citations omitted). *See Grennell v. W. So. Life Ins. Co.*, 298 F. Supp. 2d 390, 398–99 (S.D. W. Va. 2004) (adopting the analogy that "while two or more persons could sue a common defendant for Title VII discrimination, based upon the same policies or conduct, all plaintiffs could not join together in one large lawsuit, to sue all defendants for Title VII discrimination just because their claims involve Title VII discrimination") (quoting *Graziose v. Am. Home Prods. Corp.*, 202 F.R.D. 638, 640 (D. Nev. 2001)).

3

In this action, Ms. Asbury's argument does not meet either prong of the Rule 20(a) test. Regarding the first prong, Ms. Asbury only argues that Defendants engaged in similar types of behavior. Significantly, the complaint does not allege and Ms. Asbury does not argue that any Defendants – including Arch and Mingo Logan – engaged in concerted action. As discussed in Arch and Mingo Logan's opening brief, by any reading of Ms. Asbury's complaint, Defendants acted independently when they evaluated her applications and decided, for whatever reason, against interviewing or hiring her. Ms. Asbury has pointed to nothing to refute this fact. Regarding the second prong, Ms. Asbury's argument that claims against Defendants present common questions of whether Defendants failed to hire her based on her gender and whether she suffered damages as a result is insufficient for showing that the claims raise common questions of law or fact. That much could be said of any claim in the area of gender discrimination law. As discussed in Arch and Mingo Logan's opening brief, Ms. Asbury's complaint indicates that she applied or interviewed for jobs at Defendants' various locations. The decisions not to interview or hire Ms. Asbury would have been independently made at those locations at various times by different decision makers. Again, Ms. Asbury has pointed to nothing to refute these facts.

Ms. Asbury's argument that for reasons of judicial economy the Court could decide to keep her claims against all Defendants together in one case is specious. This Court rejected a similar argument in *DIRECTV, Inc. v. Boggess*, 300 F. Supp. 2d 444 (S.D. W. Va. 2004). In *DIRECTV*, the Court explained that although in the interest of judicial economy the same transaction and common question requirements should be liberally construed, even when liberally construed, actions only arise out of the same transaction or occurrence if they are reasonably related. *Id.* at 449. The Court held that all of the defendants other than the first named defendant were improperly joined in an action with claims stemming from allegations that the defendants each purchased

4

black market pirate access devices from an internet retailer. *Id.* at 445. Because in this action Defendants have been misjoined and/or fraudulently misjoined, severance is necessary to preserve Arch and Mingo Logan's right to remove the claims against them and to promote the interest of judicial economy. *See Hughes v. Sears, Roebuck & Co.*, No. 2:09cv93, 2009 WL 2877424, at *7 (N.D. W. Va. Sept. 3, 2009) (severing fraudulently misjoined claims to preserve the diverse defendants' right to removal and to preserve the interests of judicial expediency and justice).

Ms. Asbury's further argument that, even if her claims against Defendants are severed generally, claims against related Defendants such as Arch and Mingo Logan should not be severed from each other is meritless. The complaint does not allege any connection at all between Arch and Mingo Logan much less that they or any other related Defendants are joint employers or integrated employers. In *Butler v. Drive Automotive Industries of America, Inc.*, 793 F.3d 404, 414 (4th Cir. 2015), the Fourth Circuit articulated the following nine-factor test for courts to use in assessing whether an individual is jointly employed by two or more entities for purposes of Title VII:

(1) authority to hire and fire the individual;

(2) day-to-day supervision of the individual, including employee discipline;

(3) whether the putative employer furnishes the equipment used and the place of work;

(4) possession of and responsibility over the individual's employment records, including payroll, insurance, and taxes;

(5) the length of time during which the individual has worked for the putative employer;

(6) whether the putative employer provides the individual with formal or informal training;

(7) whether the individual's duties are akin to a regular employee's duties;

<center>5</center>

(8)     whether the individual is assigned solely to the putative employer; and

(9)     whether the individual and putative employer intended to enter into an employment relationship.

*Id.* at 414.

In *Newhouse v. Sugar Creek Pizza, LLC*, No. 2:19cv15, 2019 WL 1867957 (S.D. W. Va. Apr. 24, 2019), this Court relied on *Butler* to dismiss a claim against Pizza Hut because there were insufficient allegations that Pizza Hut was the plaintiff's joint employer to withstand a motion to dismiss.  The Court also held that the plaintiff had not sufficiently alleged that Pizza Hut was an integrated employer to impute liability to that defendant. *Id.* at *3–4. The Court reasoned:

> Here, Plaintiff generally asserts that she was employed with "Defendant" in Oak Hill, West Virginia, (ECF No. 1-1 at ¶ 5), and assigns responsibility for alleged violations of the FMLA and West Virginia common law to this singular defendant throughout the Complaint. In particular, the Complaint alleges that "Defendant" harassed her, retaliated against her, and ultimately terminated her after she informed "Defendant's management" of her medical condition and attempted to take FMLA-protected leave. (*Id.* at ¶¶ 4–25.) Critically, however, Plaintiff fails to identify which of the three entities named employed her. More importantly, the Complaint does not allege facts from which it can be reasonably inferred that Pizza Hut employed her under any theory of employer liability. This omission is dispositive.
>
> Of the defendants named, New River is the only defendant located in Oak Hill, West Virginia. (*Id.* at ¶ 2.) While the Complaint alleges that Pizza Hut is licensed to do business in West Virginia, Plaintiff does not assert that Pizza Hut owned or operated the Oak Hill restaurant nor does she provide any facts to connect Pizza Hut to the Oak Hill restaurant that employed her. For example, there are no facts to suggest that Pizza Hut exercised control over Plaintiff under a joint employer theory or that Pizza Hut and the Oak Hill store were interconnected under an integrated employer theory. Indeed, the Complaint fails to assert any facts relating to her employment against Pizza Hut: Thus, even viewing the well-pleaded factual allegations as true and in the light most favorable to Plaintiff, the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also West*, 164 F. Supp. 3d at 764 (finding that the complaint "must plausibly allege some facts to support either the 'joint employment' or 'integrated employer' theory or else risk undermining completely the *Twombly-Iqbal* standard of pleading", and dismissing counts against defendant where there were only conclusory allegations that it was a joint employer).

6

*Id.* at \*4.[1]

In this action, the complaint does not allege facts to support either the joint employer or integrated employer theory. The complaint does not allege that there is common management between Arch and Mingo Logan or any other related Defendants, an interrelation between operations, centralized control of labor relations, or the requisite degree of common ownership or financial control. Arch and Mingo Logan are not even mentioned together in a single paragraph of the complaint. As noted in Arch and Mingo Logan's opening brief, the evidence will be that Mingo Logan made an independent determination on Ms. Asbury's employment. Arch had no in-put on that decision. Further there is no record of Ms. Asbury ever applying for a job with Arch.

## III.   **CONCLUSION**

For all of the foregoing reasons, this Court should grant the motion to sever and enter an order severing for separate proceedings in this Court the claims against Defendants Arch Resources, Inc., Mingo Logan Coal LLC, Pocahontas Coal Company, LLC, United Coal Company, LLC, Blackhawk Mining, LLC, Contra Energy, Inc., a/k/a Alpha Metallurgical Resources, Inc., Alpha Natural Resources Services, LLC, and CONSOL Energy Inc. Further, the Court should sever for remand to the Circuit Court of Boone County, West Virginia the claims against nondiverse Defendants Cleveland-Cliffs Princeton Coal, Inc., GMS Mine Repair and Maintenance, Inc., David Stanley Consultants, LLC, and Stanhurst, LLC.

---

[1] More recently, in *Bittle-Lindsey v. Seegars Fence Company, Inc.*, No. 21-1044, 2022 WL 1566770 (4th Cir. May 18, 2022), the Fourth Circuit held that the defendants, one of which was the plaintiff's employer and the other of which was an affiliated company, were not integrated companies for purposes of the Americans with Disabilities Act. The Court in *Bittle-Lindsey* applied the following four-factor test: "(1) common management; (2) interrelation between operations; (3) centralized control of labor relations; and (4) degree of common ownership/financial control." *Id.* at \*3 (citation omitted). The Court explained that "[u]ltimately, the test 'instructs a court to determine "what entity made the final decisions regarding employment matters related to the person claiming discrimination."'" *Id.* at \*4 (citations omitted). The Court held that no entity other than the plaintiff's employer made the final decision regarding plaintiff's employment status. *Id.*

Dated this 10th day of February 2023.

**STEPTOE & JOHNSON PLLC**
OF COUNSEL

/s/ Amy M. Smith
C. David Morrison (WVSB #2643)
Amy M. Smith (WVSB #6454)
Michael J. Moore (WVSB #12009)
Mark G. Jeffries (WVSB #11618)
400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000

*Counsel for Defendants*
*Arch Resources, Inc. and Mingo Logan Coal, LLC*

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of February 2023, I electronically filed the foregoing "Arch Resources, Inc. and Mingo Logan Coal, LLC's Reply in Support of Motion to Sever" with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Mark A. Atkinson
John-Mark Atkinson
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311

Michael D. Mullins
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Jonathan R. Ellis
Joseph U. Leonoro
Mark C. Dean
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Ashley C. Pack
Sean Thomas
DINSMORE & SCHOHL LLP
707 Virginia Street East
Suite 1300
Charleston, WV 25301

Mathew A. Nelson
LEWIS BRISBOIS BISGAARD & SMITH
707 Virginia Street East
Suite 1400
Charleston, WV 25301

/s/ *Amy M. Smith*

9

15990162.1

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

**AMANDA ASBURY,**
     **Plaintiff,**

**v.**                                                    **Civil Action No. 2:23-cv-00005**

**POCAHONTAS COAL COMPANY LLC,**
a West Virginia limited liability company d/b/a
**AFFINITY COAL COMPANY, LLC;**
**UNITED COAL COMPANY, LLC,**
a Virginia limited liability company;
**BLACKHAWK MINING, LLC,**
a Delaware limited liability company;
**ARCH RESOURCES, INC.,**
a Delaware corporation;
**MINGO LOGAN COAL LLC,**
a Delaware limited liability company;
**CLEVELAND-CLIFFS PRINCETON COAL INC.,**
a West Virginia corporation;
**GMS MINE REPAIR AND MAINTENANCE, INC.;**
a Maryland corporation;
**DAVID STANLEY CONSULTANTS, LLC,**
a West Virginia limited liability company;
**CONTURA ENERGY, INC.;**
a Delaware corporation;
**ALPHA NATURAL RESOURCES SERVICES, LLC,**
a Delaware limited liability company;
**CONSOL ENERGY INC.,**
a Delaware corporation;
**STANHURST, LLC,**
a West Virginia limited liability company,
     **Defendants.**

### DEFENDANT CONSOL ENERGY INC.'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS ARCH RESOURCES, INC. & MINGO LOGAN COAL LLC's MOTION TO SEVER

COMES NOW Defendant CONSOL Energy, Inc. ("CONSOL"), by counsel, Michael D.

Mullins, Christopher S. Etheredge, and the law firm of Steptoe & Johnson PLLC, and for its Reply

to Plaintiff's Response to Defendants Arch Resources, Inc. and Mingo Local Coal LLC's Motion to Sever ("Motion to Sever" or "the Motion"), hereby states as follows:

<div align="center">**Background**</div>

Plaintiff filed her Complaint in this action on November 30, 2022 in the Circuit Court of Boone County, West Virginia. *See* Pl.'s Compl., ECF 2. Therein, Plaintiff alleges that she applied for employment with each of the named defendants and that none of them hired her. *See id.* Specific to CONSOL, Plaintiff alleges that she applied for but was not hired as a "certified underground electrician, electrician, underground coal miner, and tracking & communications technician." *See id.* at ¶ 34.

On January 4, 2023, Defendants Arch Resources, Inc. ("Arch") and Mingo Logan Coal Company ("Mingo Logan") removed this action to federal court based on diversity jurisdiction. *See* Notice of Removal, ECF 2. Therein, Arch and Mingo Coal argued that "[a]part from parties fraudulently misjoined or otherwise not properly joined and served and/or nominal parties, the dispute is between citizens of different states." ECF 2 at 3.

CONSOL consented to removal on the same day the Notice thereof was filed. *See* CONSOL Consent to Removal, ECF 2-3. The next day, January 4, 2023, CONSOL filed its Answer. *See* CONSOL Answer, ECF 3. Therein, CONSOL "reserve[d] the right to argue that it was inappropriately joined with the other Defendants in this matter." *Id.* at 9.

On January 20, 2023, Arch and Mingo Logan filed their Motion to Sever and Memorandum in Support thereof. *See* ECF 21–22. Therein, Arch and Mingo Logan argued that they, along with the other Defendants (including CONSOL), were inappropriately and/or fraudulently joined in this action because "these cases have absolutely nothing to do with each other." ECF 21 at 2.

On February 3, 2023, CONSOL joined in the Motion. *See* ECF 31. The same day, Plaintiff filed her Response in opposition to the Motion ("Plaintiff's Response"). *See* ECF 28. Therein,

<div align="center">2</div>

Plaintiff contends that her claims against the individual defendants share certain similarities which are sufficient to establish that they "all present common questions of law and fact: Did the Defendants fail to hire Plaintiff because of her gender and did she suffer damages as a result?" *Id.* at 3. Additionally, Plaintiff claims that "all of Plaintiff's claims against Defendants stem from her applying for open positions and being turned down in favor of a male in each instance" and that "[t]he issues to be discovered in Plaintiff's claims against Defendants are identical." *Id.* However, apparently recognizing the flaws in her position, Plaintiff concedes that "[i]f the Court feels that Plaintiff's claims against all Defendants should not be tried together in one case . . . Plaintiff's claims against [CONSOL] . . . should remain in the Southern District Court of West Virginia." *Id.* at 6.

Plaintiff's argument that severance is inappropriate in this action is without merit. However, CONSOL agrees with Plaintiff that if this Court does sever the claims, then jurisdiction for Plaintiff's claim against CONSOL is appropriate in this Court. Indeed, as to CONSOL, that is precisely what the Motion requests. Accordingly, CONSOL prays that the Motion to Sever be granted.

## Discussion

As developed more thoroughly in the Motion, joinder of the defendants in this action was inappropriate because Plaintiff's claims against the respective defendants do not arise from the same transaction or occurrence nor involve common questions of fact. Accordingly, this Court should grant the Motion and sever Plaintiff's claim against CONSOL from those she has alleged against the other named defendants. In other words, this Court should adopt Plaintiff's position that she be permitted to proceed against CONSOL only as an individual defendant before this Court in a severed and separate action. *See* Pl.'s Resp., ECF 28 at 6.

The *Federal Rules of Civil Procedure* provide as follows:

3

[Parties] . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally,[1] or in the alternative with respect to or arising out of the same transaction, occurrence, or series or transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.").

Fed. R. Civ. P. 20(a)(2); *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, . . . sever any claim against any party."). Because "West Virginia rules regarding permissive joinder are substantially similar to their federal counterparts . . . this Court need not decide whether to apply federal or state law regarding permissive joinder." *Grennell v. Western Southern Life Ins. Co.*, 298 F. Supp. 390, 397 (S.D. W. Va. Jan 6, 2004).

"Misjoinder is present, and severance appropriate, when the claims asserted by or against the joined parties do not arise out of the same transaction or occurrence or do not present some common questions of law and fact." *Carbon Fuel Co. v. USX Corp.*, 867 F. Supp. 414, 419 (S.D. W. Va. 1994) (citations omitted); *see Rumbaugh v. Winifrede R.R.*, 331 F.2d 530 (4th Cir. 1974) ("Under [Rule 20], joinder of parties-defendant is governed by the concepts of "same transaction" and "common question of law or fact.").

Claims against independent defendants (*i.e.*, situations in which the defendants are not acting in concert) cannot be joined under Rule 20's transaction-or-occurrence test unless the facts underlying the claim . . . asserted against each defendant share an aggregate of operative facts. To be a part of the "same transaction" requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts.

*In re: EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012); *see Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) ("The district court did not err in determining that the allegedly similar

---

[1]     Plaintiff does not and cannot assert a claim for joint and/or several liability because those doctrines have been abolished in West Virginia. *See State ex rel. Chalifoux v. Cramer*, 2021 WL 2420196, *4 (W. Va. 2021) (noting that the West Virginia Legislature's institution of a modified comparative fault system in 2015 abolished joint and several liability in this state). Accordingly, joinder of the Defendants is appropriate pursuant to Rule 20(a)(2) only to the extent that Plaintiff can establish that her claims arise out of the same transaction(s) or occurrence(s) and share some common question of law and/or fact.

4

problems did not satisfy the transaction or occurrence test. The cars were purchased at different times, were driven differently, and had different service histories. Quite probably, severance would have been required in order to keep straight the facts pertaining to the separate automobiles.").

"Joinder is inappropriate where . . . 'the plaintiff does no more than assert that the defendants merely committed the same type of violation in the same way.'" *U.S. ex rel. Doe v. Taconic Hills Cent. School Dist.*, 8 F. Supp. 3d 339, 344 (S.D.N.Y. Mar. 25, 2014) (quoting *Peterson v. Regina,* 935 F. Supp. 2d 628, 638 (S.D.N.Y. 2013)); *see George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits"); *Ross v. Meagan*, 638 F.2d 646, 650 n.5 (3d Cir. 1981) ("A coincidental similarity in the underlying facts will not permit joinder of unrelated claims.") (cleaned up), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Thus, in determining whether the permissive joinder test is satisfied, courts must consider "pertinent factual considerations" including whether the alleged acts occurred during the same time period and the existence of some relationship among the defendants. *EMC*, 677 F.3d at 1359;

> Importantly,
>
> [c]ommon issues of law does not mean common issues of an area of the law. For example, while two or more persons could sue a common defendant for Title VII discrimination, based upon the same policies or conduct, all plaintiffs could not join together in one large lawsuit, to sue all defendants for Title VII discrimination, just because all their claims involve Title VII discrimination.

*Grennell*, 298 F. Supp. 390, 398–99 (S.D. W. Va. Jan. 6, 2004) (quoting *Graziose v. Am. Home Prods. Corp.*, 202 F.R.D. 638, 640 (D. Nev. 2001)) (finding that joinder was inappropriate because "the facts that form the bases for [the plaintiffs'] claims are unique to each plaintiff").

Courts throughout the country have routinely held that severance is appropriate under facts similar to those in the instant action. *See Spaeth v. Michigan State University College of Law*, 845 F. Supp. 2d 48 (D.D.C. 2012) (law schools were not properly joined in applicant's suit alleging

5

failure to hire because applicant did not allege any concerted action among the defendants, did not allege that any single person or group of people was involved in the decisions of more than one defendant not to interview or hire him, did not allege that defendants' actions occurred in the same location, and the plaintiff was the only person common to his claims); *see Edman v. Exxon Mobil Corp.*, 113 Fed. App'x 745, 746 (9th Cir. 2004) (holding that employee failed to establish permissive joinder under Rule 20 because the employee did not allege that the defendants "acted in concern with each other in their hiring decisions . . . defendants are eight separate entities, each with distinct hiring practices, who independently denied [the plaintiff] employment").

Here, Plaintiff has sued a dozen companies and alleges that each refused to hire her for discriminatory purposes over a period of several years. *See* Pl.'s Compl., ECF 2 at ¶¶ 18–44 (alleging that Plaintiff lost her job in 2018 and describing her efforts to secure employment from 2020–22). The Complaint does not even identify the date on which CONSOL allegedly denied Plaintiff's employment. *See* Pl.'s Compl, ECF 2 at ¶ 34 (noting only that Plaintiff applied for several positions and was not hired).

The Defendant companies do not share a thing in common aside from the fact that each appears to be a coal company that Plaintiff claims did not hire her. Plaintiff does not allege that the Defendants colluded with one another or otherwise conspired to prevent her from securing employment. Thus, to the extent that there is any overlap in Plaintiff's claims as to the individual Defendants, such overlap is coincidental at best and arises simply from the fact that Plaintiff happened to be looking for employment with a coal company.

While it is true that Plaintiff grounds her claims against each of the individual Defendants in the same body of law—the West Virginia Human Rights Act—Plaintiff's Complaint alleges only that each of the Defendants violated that statute in some fashion. This is exactly the type of

joinder that district courts throughout the country have held as impermissible and that this Court specifically cautioned against in *Grennell*.

Presumably, each of the Defendant companies have different hiring managers, different hiring practices, different needs, different locations, and different job requirements. Plaintiff acknowledged that the manner in which she applied to the Defendant companies varied. *See, e.g.*, *id.* at ¶ 40 ("The plaintiff applied for positions from the defendants in person, at job fairs, online, through ZipRecruiter, Indeed, Facebook, and Consol [sic] Energy, Inc. and Blackhawk Mining, LLC's own websites."). Plaintiff alleges that the Defendant companies refused to hire her for different reasons. *See*, *e.g.*, *id.* at ¶ 38 (Plaintiff was told she would likely be hired); *but see id.* at ¶ 39 (Plaintiff allegedly was not hired because the company did not have a female bath house). As to CONSOL, Plaintiff does not specify why she alleges she was not hired. *See id.* at ¶ 34 (stating only that CONSOL did not hire her).

To try Plaintiff's claims together would require the jury to juggle and appropriately assess the hiring practices and metrics of at least a dozen entities spanning a several-year period during the height of the COVID-19 pandemic, when market conditions (and the employment market in particular) fluctuated precipitously. As the Fourth Circuit noted in *Saval*, severance in such cases is necessary and appropriate if for no other reason than to allow the jury to keep the facts straight. Undoubtedly, CONSOL would be subject to extraordinary prejudice if it were forced to defend against Plaintiff's claims in the context of eleven other similar, but wholly unrelated actions concerning different entities, different witnesses, different policies, different needs, and under different market conditions. In apparent recognition of the flaws in her position, Plaintiff concedes that her claims against CONSOL would be appropriate with this Court if her claims are severed.

As to CONSOL, that is all that the Motion requests. Accordingly, CONSOL prays that the Motion to Sever be granted.

## Conclusion

The fact in this case are virtually indistinguishable from those in which district courts have held that the defendants were impermissibly joined. To the extent that the individual Defendants share anything in common, such commonalities are coincidental at best and are wholly insufficient to establish that Plaintiff's claims arise from the same transaction(s) or occurrence(s). Accordingly, this Court should grant the Motion, sever Plaintiff's claims against CONSOL from her claims against the other individual Defendants, and permit Plaintiff to proceed against CONSOL only as an individual defendant before this Court in a severed and separate action.

**CONSOL ENERGY, INC.,**
**By counsel,**


*/s/Christopher S. Etheredge*
Michael D. Mullins (WVSB No. 7754)
Christopher S. Etheredge (WVSB No. 13835)
Steptoe & Johnson PLLC
Chase Tower, 17th Floor
P.O. Box 1588
Charleston, WV 25326-1588
Telephone: (304) 353-8000
Facsimile: (304) 933-8704
Michael.Mullins@steptoe-johnson.com
Christopher.Etheredge@steptoe-johnson.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**AMANDA ASBURY,**

   **Plaintiff,**

v.                                    **CIVIL ACTION NO. 2:23-CV-0005**
                                      **Removed from Boone County C.A. No. 22-C-89**

**POCAHONTAS COAL COMPANY LLC,** *et al.,*

   **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of February 2023, I filed the foregoing **"DEFENDANT CONSOL ENERGY INC.'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS ARCH RESOURCES, INC. & MINGO LOGAN COAL LLC's MOTION TO SEVER,"** via the CM/ECF which will send an electronic notification of said filing to counsel as listed below:

Mark A. Atkinson, Esq. (WVSB #184)
John-Mark Atkinson, Esq. (WVSB #12014)
ATKINSON & POLAK, PLLC
P.O. Box 549
Charleston, WV 25322-0549
*Counsel for Plaintiff*

C. David Morrison (WVSB #2643)
Amy M. Smith (WVSB #6454)
Michael James Moore (WVSB #12009)
Mark G. Jeffries, (WVSB #11618)
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330
*Counsel for Arch Resources, Inc. and
Mingo Logan Coal, LLC*

Ashley C. Pack (WVSB #10477)
Sean D. Thomas (WVSB #13697)
Dinsmore & Shohl LLP
707 Virginia Street, East, Suite 1300 (25301)
P.O. Box 11887
Charleston, WV 25339-1887
*Counsel for Blackhawk Mining, LLC*

Joseph U. Leonoro (WVSB #10501)
Jonathan Ellis (WVSB #10296)
Mark C. Dean (WVSB #12017)
Steptoe & Johnson PLLC
P.O. Box 1588
Charleston, WV 25326-1588
*Counsel for Alpha Natural Resources
Services, LLC; Cleveland-Cliffs Princeton
Coal Inc.; and Contura Energy, Inc.*

Jonathan Ellis (WVSB #10296)
Mark C. Dean (WVSB #12017)
Steptoe & Johnson PLLC
P.O. Box 1588
Charleston, WV 25326-1588
*Counsel for Pocahontas Coal Company LLC*
*d/b/a Affinity Coal Company, LLC and United*
*Coal Company, LLC*

<table>
<tr><td></td><td><u>/s/Christopher S. Etheredge</u></td></tr>
<tr><td></td><td>Christopher S. Etheredge (WVSB #13835)</td></tr>
<tr><td>**STEPTOE & JOHNSON PLLC**</td><td>P. O. Box 1588</td></tr>
<tr><td>Of Counsel</td><td>Charleston, WV 25326-1588</td></tr>
<tr><td></td><td>Telephone (304)-353-8000</td></tr>
<tr><td></td><td>Facsimile (304)-353-8180</td></tr>
<tr><td></td><td><u>Michael.Mullins@steptoe-johnson.com</u></td></tr>
</table>

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY

        Plaintiff,

v.                                      Civil Action No. 2:23-cv-00005

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

        Defendants.

**JOINT REPORT OF RULE 26(f) PARTIES' PLANNING MEETING**

      In accordance with the provisions of Rule 26(f) of the Federal Rules of Civil

Procedure, Plaintiff Amanda Asbury ("Plaintiff") by counsel, Mark A. Atkinson, John-Mark

Atkinson and the law firm of Atkinson & Frampton, PLLC, and Defendants Pocahontas Coal

Company, LLC d/b/a Affinity Coal Company, LLC; United Coal Company LLC; Blackhawk

Mining, LLC; Arch Resources, Inc.; Mingo Logan Coal LLC' Cleveland-Cliffs Princeton Coal Inc.; GMS Mine Repair and Maintenance, Inc.; Contura Energy, Inc. (now known as Alpha Metallurgical Resources, Inc.); Alpha Natural Resources Services, LLC; and CONSOL Energy Inc., hereby report to the Court on the following matters:

      1.     Defendants Arch Resources, Inc. and Mingo Logan Coal, LLC removed this action from the Circuit Court of Boone County, West Virginia to this Court on January 4, 2023. Defendants Arch Resources, Inc. and Mingo Logan Coal, LLC filed a motion to sever the claims underlying this civil action on January 20, 2023.  Defendants Pocahontas Coal Company, LLC d/b/a Affinity Coal Company, LLC; United Coal Company LLC; Blackhawk Mining, LLC; Cleveland-Cliffs Princeton Coal Inc.; Contura Energy, Inc. (now known as Alpha Metallurgical Resources, Inc.); Alpha Natural Resources Services, LLC; and CONSOL Energy Inc. joined in the motion to sever previously filed by Arch Resources Inc. and Mingo Logan Coal, LLC.  Plaintiff filed a motion to remand this case to the Circuit Court of Boone County, West Virginia and a response to the motion to sever on February 3, 2023.  The Parties recognize and agree that, in the event that either Plaintiff's motion to remand or Defendants' motion to sever is granted, the below-outlined dates will necessarily need to be altered by further Order of this Court.

      2.     The parties, by their respective counsel, conferred on or about February 3, 2023, pursuant to the Order and Notice entered in this matter. The Parties jointly propose the following dates:

      3.     Rule 26(a)(1) disclosures occur by March 9, 2023.

      4.     Joinder of parties and amending pleadings occur by April 24, 2023.

      5.     Intermediate Pretrial Conference at the request of the parties.

      6.     Discovery Plan.

(a)     Counsel for the parties agree that the discovery they contemplate will not exceed the discovery event limitation set forth in Rules 30(a)(2) and 33(a) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 26.02.

(b)     Discovery will be needed on the following subjects: the facts and circumstances giving rise to Plaintiff's claims for wrongful failure-to-hire specific to each individual Defendant, defenses raised by each Defendant, liability asserted by Plaintiff and damages claimed by Plaintiff and related issues.

(c)     Disclosure of electronically stored information should be handled as follows: Parties will meet and confer as necessary, although it is not anticipated that significant electronically stored information will be relevant in this action.

(d)     The parties will submit to the Court a proposed Protective Order regarding confidential documentation requiring heightened protection in this case.

(e)     The last date to serve discovery requests: <u>November 23, 2023</u>.

(f)     The last day to do examinations or inspections: <u>December 1, 2023</u>.

(g)     The maximum number of interrogatories: <u>by Federal Rules</u>.

(h)     Requests for admission: <u>by Federal Rules</u>.

(i)     The maximum number of depositions is as follows: <u>by Federal Rules</u>.

(j)     Reports from retained experts under Rule 26(a)(2) are due:

    (i)     From the party with the burden of proof by: <u>May 31, 2023</u>;

    (ii)     From the party not bearing the burden of proof by: <u>June 30, 2023</u>;

    (iii)     Expert witness disclosures intended solely to contradict or rebut evidence on the same issue identified by another party: <u>July 31, 2023</u>.

(k)     Biographical sketches shall be produced by <u>November 30, 2023</u>.

(l)     Discovery will be completed by: <u>January 8, 2024</u>.  The last day to serve a discovery request is <u>November 23, 2024</u>.

(m)     Counsel for the parties agree that this civil action is not a complex case within the meaning of Local Rule of Civil Procedure 16.01(d).

7.     Counsel for the parties do not wish to consent to trial or proceedings conducted by a Magistrate Judge.

8.     Mediation: The parties believe the case may benefit from mediation and will engage in good faith mediation by <u>January 8, 2024</u>.

9.     Dispositive motions should be filed on or before <u>January 15, 2024</u>. Responses to dispositive motions will be filed on or before <u>February 5, 2024</u>. Replies in support of dispositive motions will be filed on or before <u>February 19, 2023</u>.

10.     Motions *in limine* should be filed on or before <u>February 14, 2024</u>. Responses to motions *in limine* will be filed on or before <u>February 28, 2024</u>.

11.     Rule 26(a)(3) disclosures made on <u>March 4, 2024</u>. Any objections to these Rule 26(a)(3) disclosures should be made by <u>March 11, 2024</u>.

12.     The parties request a pretrial conference on or about <u>March 29, 2024</u>. Plaintiff shall submit a proposed pretrial order to Defendants by <u>March 19, 2024</u>, and Defendants shall compile a proposed Joint Pretrial Order and submit it to chambers of the presiding judicial officer on or before <u>March 26, 2024</u>.

13.     Proposed jury instructions, voir dire, and verdict forms shall be submitted by <u>April 10, 2024</u>. Any objections to these proposed jury instructions, voir dire or verdict forms will be filed by <u>April 17, 2024</u>.

14.     Stipulation of facts will be filed by <u>April 24, 2024</u>.

15.     The parties request the final settlement conference be held on <u>May 1, 2024</u>.

16.     The case shall be ready for trial by <u>May 6, 2024</u>. The parties contemplate trial will require 2 to 3 weeks due to the volume of parties involved.

17.     Counsel for the parties do not believe that a scheduling conference is necessary prior to the entry of a scheduling order unless the Court desires to meet with counsel.

18.     Should a scheduling conference be required, pursuant to Local Rule of Civil Procedure 16.01, the parties suggest that the following items be placed on the agenda.

(a)     The date for a pretrial conference and trial with the Court; and

(b)     The provisions of this Report, to the extent the Court has questions about it.

Respectfully submitted this 10th day of February, 2023.


PREPARED BY:

/s/ *Michael J. Moore*
C. David Morrison (WVSB #2643)
Amy M. Smith (WVSB #6454)
Michael J. Moore (WVSB #12009)
Mark G. Jeffries (WVSB #11618)
STEPTOE & JOHNSON PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330
(304) 933-8000

*Counsel for Defendant Arch Resources, Inc.*
*& Mingo Logan Coal, LLC*

AGREED TO BY:


/s/Mark A. Atkinson
Mark A. Atkinson (WVSB #184)
John-Mark Atkinson (WVSB #12014)
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Boulevard, E.
Charleston, WV 25311

*Counsel for Plaintiff*


/s/Michael D. Mullins
Michael D. Mullins (WVSB #7754)
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

*Counsel for Defendant CONSOL Energy, Inc.*


/s/Jonathan R. Ellis
Jonathan R. Ellis (WVSB # 10296)
Joseph U. Leonoro (WVSB # 10501)
Mark C. Dean  (WVSB # 12017)
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

*Counsel for Defendants Pocahontas Coal Company,
LLC d/b/a Affinity Coal Company, LLC; United Coal
Company LLC; Cleveland-Cliffs Princeton Coal Inc.;
Contura Energy, Inc. (now known as Alpha Metallurgical
Resources, Inc.); & Alpha Natural Resources
Services, LLC*

/s/Ashley C. Pack
Ashley C. Pack (WVSB #10477)
Sean D. Thomas (WVSB #13697)
DINSMORE & SHOHL LLP
707 Virginia Street East
Suite 1300
Charleston, WV 25301

*Counsel for Defendant Blackhawk Mining, LLC*

/s/Matthew A. Nelson
Matthew A. Nelson (WVSB #9421)
LEWIS BRISBOIS BISGAARD & SMITH
707 Virginia Street East
Suite 1400
Charleston, WV 25301

*Counsel for Defendant GMS Mine Repair
And Maintenance, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY

    Plaintiff,

v.             Civil Action No. 2:23-CV-00005

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

    Defendants.

**BLACKHAWK MINING, LLC'S REPLY IN SUPPORT OF ARCH RESOURCES, INC.
AND MINGO LOGAN COAL LLC'S MOTION TO SEVER**

  Blackhawk Mining, LLC ("Blackhawk"), by and through counsel, hereby submits this

Reply in support of Arch Resources, Inc. and Mingo Logan Coal LLC's Motion to Sever. In

support of this Reply, Blackhawk states as follows:

As Defendants Arch Resources, Inc. and Mingo Logan Coal, LLC have stated in their Motion to Sever, none of Plaintiff's claims against Blackhawk have any relation whatsoever to the claims against the other defendants. Merely being similar in nature is not the test. Rule 20 of the Federal Rules of Civil Procedure states that persons may be joined in one action if

> (a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrence; and
>
> (b) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Nothing necessitates the inclusion of Blackhawk as a party alongside of the other defendants since Blackhawk is an independent and unrelated party, which Plaintiff admits. There is no common ownership; no common decision makers or methods of evaluating an applicant pool; and no common facts other than Plaintiff applied and was not hired for positions in a common industry. Indeed, Plaintiff's basis for each of her claims to remain together in one case would be to promote judicial economy. Simply put, there are no facts that would support permissive joinder of Plaintiff's claim against Blackhawk with the other Defendants, and thus, severing of Plaintiff's claims against Blackhawk is appropriate under Rule 21. *See County Commission v. McKesson*, 263 F. Supp. 3d 639, 646 (S.D. W. Va. 2017).

In light of the utter lack of commonality of Plaintiff's underlying claims with each Defendant, severing Plaintiff's claims against Blackhawk ensures that any alleged conduct remains attributable to only those responsible. *See Spaeth v. Michigan State University College of Law*, 845 F. Supp. 2d 48, 56 (D. D.C. 2012) ("Unless Spaeth's claims are severed, there is a real 'risk that a decision by one [defendant] might taint the jury's view of another decision may by a different [defendant].'"). As in *Spaeth*, trying Plaintiff's claims separately eliminates this risk. *See id.* Moreover, Plaintiff's Response in Opposition makes clear that she does not object to the severing

of certain claims and permitting her case against Blackhawk to remain in the Southern District of West Virginia. *See* Plaintiff's Response in Opposition, ECF No. 28 at 6. Blackhawk certainly agrees that this is proper outcome.

Accordingly, the Court should grant Arch Resources, Inc. and Mingo Logan Coal, LLC's Motion to Sever and requests the Court sever Plaintiff's claim against Blackhawk to a separate proceeding.

**BLACKHAWK MINING, LLC**

By Counsel,

*/s/ Sean D. Thomas*
Ashley C. Pack (WVSB # 10477)
Sean D. Thomas (WVSB #13697)
Dinsmore & Shohl LLP
707 Virginia Street East, Suite 1300
P.O. Box 11887
Charleston, WV 25339-1887
Telephone: 304-357-0900
Fax: 304-357-0919
ashley.pack@dinsmore.com
sean.thomas@dinsmore.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of February 2023, a copy of the forgoing **Blackhawk Mining, LLC's Reply In Support of Arch Resources, Inc. and Mingo Logan Coal LLC's Motion to Sever** was filed electronically using the Court's CM/ECF filing system, which will give notice to counsel of record.

*/s/Sean D. Thomas*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

AMANDA ASBURY,

<div align="center">Plaintiff,</div>

v.                                          CIVIL ACTION NO.   2:23-cv-00005

POCAHONTAS COAL
COMPANY LLC, et al.,

<div align="center">Defendants.</div>

### SCHEDULING ORDER

The Court has reviewed the *Joint Report of Rule 26(f) Parties' Planning Meeting* (Document 36) and **ORDERS** that the Scheduling Conference previously scheduled for **February 23, 2023**, is **CANCELLED**.

Pursuant to Fed. R. Civ. P. 16(b) and L.R. Civ. P. 16.1(e), it is **ORDERED** that this case shall proceed as follows:

1.      **Amendments and Joinder**:   The amendment of any pleading and the joinder of any party shall be completed no later than **April 24, 2023**.   This deadline does not relieve a party of the obligation of filing a motion pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.

2.      **Discovery and Depositions**:   The parties shall complete all discovery requests by **November 20, 2023**.   All discovery, including disclosures required by Fed. R. Civ. P. 26(a)(2), but not disclosures required by Fed. R. Civ. P. 26(a)(3), shall be completed by **December 18, 2023**.   The last date to complete depositions shall be **January 8, 2024**.   Pursuant to L.R. Civ. P. 26.1(c), the

<div align="center">1</div>

Court adopts and approves the agreements of the parties with respect to limitations on discovery (numbers of interrogatories, requests for admissions, and depositions). **(PLEASE NOTE THAT DISCLOSURES AFTER ESTABLISHED DEADLINES TO WHICH AN OBJECTION IS MADE <u>WILL</u> BE EXCLUDED FROM EVIDENCE <u>UNLESS</u> OPPOSING COUNSEL AGREED TO THE UNTIMELY DISCLOSURE OR THE COURT GRANTED AN EXTENSION OF THE DEADLINE.)**

3.     **<u>Expert Witnesses</u>**:   The party bearing the burden of proof on an issue shall make the disclosures of information required by Fed. R. Civ. P. 26(a)(2)(A)-(C) for that issue to all other parties or their counsel no later than **May 31, 2023**.   The party not bearing the burden of proof on an issue shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(A)-(C) for that issue to all other parties or their counsel no later than **June 30, 2023**.   All parties shall provide the disclosures required by Fed. R. Civ. P. 26(a)(2)(A)-(C) if the evidence is intended solely to contradict or rebut evidence on the same issue identified by another party under Fed. R. Civ. P. 26(a)(2)(B) and (C), no later than **July 31, 2023**.

4.     **<u>Summary Judgment and Other Dispositive Motions</u>**:   All dispositive motions, except those under Rule 12(b), together with depositions, admissions, documents, affidavits, or other such matter in support thereof, shall be filed and served by **January 15, 2024**.   Any responses shall be filed and served within fourteen (14) days from the date of service of the motion, and any replies shall be filed and served within seven (7) days from the date of service of the response.   Any motion must be supported by a memorandum of law at the time filed or submitted.   The parties are directed to submit complete versions, rather than excerpts, of all exhibits and shall include citations to those portions relied upon in briefing.   If any motion, memorandum in support, response, or reply, inclusive of all attachments, exceeds fifty (50) pages in length, a hard copy of such materials shall be

2

submitted to the presiding District Judge at the time of filing. **(PLEASE NOTE THAT ANY RESPONSE OR OTHER DOCUMENTS FILED AFTER THE DEADLINE FOR FILING, WITHOUT LEAVE OF COURT, WILL <u>NOT</u> BE CONSIDERED.)**

5. **Settlement Meeting**: The parties and their lead trial counsel shall meet and conduct negotiations looking toward the settlement of the action, and counsel shall be prepared at the Pretrial Conference to certify that they have done so. Counsel for the Plaintiff shall take the initiative in scheduling the settlement meeting, and all other counsel shall cooperate to effect such negotiations. The Settlement Meeting may be held as early as desired, but must be held **at least forty-five (45) days prior** to the Pretrial Conference.

6. **Mediation**: Mediation is mandatory, and is ordered pursuant to, and shall be held in compliance with, the provisions of L.R. Civ. P. 16.6. The parties shall select the mediator in compliance with L.R. Civ. P. 16.6.2. Counsel for the Plaintiff shall take the initiative in scheduling the mediation, and all other counsel shall cooperate to effect the same. The mediation scheduled by the parties must be concluded **at least thirty (30) days prior** to the Pretrial Conference. Within **five (5) days of the completion of mediation**, the parties shall file a written status report with the Court confirming that mediation was held and advising as to whether the matter was settled.

7. **Rule 26(a)(3) Disclosures**: If the case is not settled at the Settlement Meeting, at Mediation, or otherwise, and if there is no order or stipulation to the contrary, counsel and unrepresented parties shall make all Rule 26(a)(3) disclosures **at least thirty (30) days prior** to the Pretrial Conference.

8. **Motions in Limine**: All motions in limine shall be filed and served by **February 23, 2024**, with responses due by **March 1, 2024**. Replies shall not be filed, and will not be considered, without leave of the Court. **(PLEASE NOTE THAT ANY MOTION, RESPONSE OR OTHER**

DOCUMENTS FILED AFTER THE DEADLINE FOR FILING, WITHOUT LEAVE OF COURT, WILL <u>NOT</u> BE CONSIDERED.)

9.  **Proposed Voir Dire, Jury Instructions, and Verdict Form**:  No later than **April 8, 2024,** proposed voir dire, jury instructions (which shall be numbered), and verdict form shall be exchanged by counsel, filed with the Clerk of the Court, and e-mailed to the presiding District Judge. **The submissions shall include the parties' respective witness list.**  These documents shall be e-mailed to chambers, in Word compatible format, to an address which can be obtained from chambers. The documents should be <u>case specific only</u>; **no procedural or general instructions should be submitted**.

10.  **Proposed Integrated Pretrial Order**:  The Plaintiff's portion of the proposed integrated pretrial order shall be submitted to opposing counsel by **April 4, 2024**, who shall then prepare and complete the opposing portion thereof and submit the proposed integrated pretrial order, signed by all counsel, to the Court for entry no later than **April 11, 2024**.  The proposed integrated pretrial order, signed by all counsel and unrepresented parties, shall set forth the matters listed in L.R. Civ. P. 16.7(b).

11.  **Pretrial Conference/Final Settlement Conference**:  A combined Pretrial Conference/Final Settlement Conference, attended by <u>all</u> parties <u>and</u> by lead trial counsel, shall be held on **April 18, 2024, at 1:30 p.m.**  Lead trial counsel shall be fully prepared to discuss all aspects of the case, and individuals with full authority to settle the case for each party shall be present in person.  All parties must attend this conference unless otherwise excused by the Court.

12.  **Jury Trial**:  Trial of this action shall be held on **April 29, 2024, at 9:00 a.m.,** before the undersigned.  Counsel should be prepared to select a jury **on the preceding Friday** <u>if</u> so ordered by the Court.

13.     **Stipulations**:   All stipulations regarding extensions of time to file pleadings and any other stipulations which might affect deadlines contained in this order are subject to Court approval.

14.     **Failure to Appear or Negotiate**:   Should lead trial counsel fail to appear at any pre-trial conference or otherwise fail to meet and confer in good faith with opposing counsel as required in the "Settlement Meeting" or "Mediation" paragraphs above, or should a party or his authorized representative fail to appear or be available at any conference or otherwise fail to meet and confer in good faith as required in the "Settlement Meeting" or "Mediation" paragraphs above, appropriate sanctions may be imposed, including, but not limited to, sanctions by way of imposition of attorney fees against the attorney and/or his client pursuant to Fed. R. Civ. P. 16(f).

All proceedings shall be held by the Court at the Robert C. Byrd United States Courthouse, 300 Virginia Street, East, Charleston, West Virginia, in District Courtroom A -- Room 5000.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:     February 13, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY

       Plaintiff,

v.                                                                 Civil Action No. 2:23-cv-00005

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

       Defendants.

**ARCH RESOURCES, INC. AND MINGO LOGAN COAL, LLC'S**
**<u>RESPONSE TO MOTION TO REMAND</u>**

## I.   <u>INTRODUCTION</u>

Defendants Arch Resources, Inc. ("Arch") and Mingo Logan Coal, LLC ("Mingo Logan")

submit this response to Plaintiff Amanda Asbury's motion to remand. Arch and Mingo Logan

properly removed this action because there is original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Apart from parties fraudulently misjoined or otherwise not properly joined and served and/or nominal parties, the dispute is between citizens of different states.

Ms. Asbury does not cite to any law that supports remand of these unrelated claims against diverse Defendants Arch and Mingo Logan, Pocahontas Coal Company, LLC ("Pocahontas"), United Coal Company LLC ("United"), Blackhawk Mining, LLC ("Blackhawk"), Contura Energy, Inc., n/k/a Alpha Matallurgical Resources, Inc. ("AMR"), Alpha Natural Resources Services, LLC ("Alpha"), and CONSOL Energy Inc. ("CONSOL"). Instead, the law supports severance and remand *only* of the claims against nondiverse Defendants Cleveland-Cliffs Princeton Coal, Inc. ("Cleveland-Cliffs"), GMS Mine Repair and Maintenance, Inc. ("GMS"), David Stanley Consultants, LLC ("David Stanley"), and Stanhurst, LLC ("Stanhurst").

Ms. Asbury's argument that Arch and Mingo Logan did not claim that the other diverse Defendants are "fraudulently [mis]joined even though claims against some of them are no more related than the Defendants with West Virginia citizenship" ignores the difference between the notice of removal and motion to sever. Ms. Asbury's further argument that the Court could keep her claims against all Defendants together in one case for reasons of judicial economy is specious and unfairly prejudicial to the diverse Defendants. Ms. Asbury's final argument that, even if her claims against Defendants are severed generally, claims against related Defendants should be remanded if either entity is a citizen of West Virginia is meritless. Therefore, this Court should grant-in-part and deny-in-part the motion to remand and enter an order retaining jurisdiction over the claims against the diverse Defendants Arch, Mingo Logan, Pocahontas, United, Blackhawk, AMR, Alpha, and CONSOL and remanding to the Circuit Court of Boone County the claims against the nondiverse Defendants Cleveland-Cliffs, GMS, David Stanley, and Stanhurst.

## II.   STATEMENT OF THE CASE

Ms. Asbury initiated this action on November 30, 2022, by filing her complaint against Arch, Mingo Logan, Pocohantas, United, Blackhawk, Cleveland-Cliffs, GMS, David Stanley, AMR, Alpha, CONSOL, and Stanhurst in the Circuit Court of Boone County, West Virginia. In her complaint, Ms. Asbury alleges separate transactions or occurrences by which she claims that each Defendant violated the West Virginia Human Rights Act, W. Va. Code § 5-11-9. ECF No. 2-1. For example, Ms. Asbury alleges that she applied for positions of employment with each Defendant "from 2020 to the present." *Id.* at 11. Ms. Asbury alleges that she applied for numerous different positions, ranging alphabetically from a certified electrician position with Mingo Logan to a welder position with Blackhawk. Ms. Asbury allegedly applied for underground positions with several Defendants, plant positions with other Defendants, and surface positions with at least one Defendant. Ms. Asbury alleges that she applied for these different positions with different Defendants through different means such as in person, job fairs, online, ZipRecruiter, Indeed, FaceBook and Blackhawk's and CONSOL's separate websites. *Id.* at 11–13. Ms. Asbury alleges that she interviewed for positions with certain Defendants but not other Defendants. *Id.* at 13. Ms. Asbury alleges that each Defendant refused to hire her but on information and belief hired a male for each job opening for which she applied. *Id.* at 11. Notably, Ms. Asbury does not allege any connection whatsoever between Defendants' alleged decision-making, does not allege any conspiracy, agreement or communication between Defendants regarding their individual decisions, and does not allege that the decision of any individual Defendant had any bearing on the decisions of another Defendant. The complaint demands lost wages and benefits, back pay, front pay, damages for indignity, embarrassment, humiliation, annoyance and inconvenience, and

3

punitive damages in an amount to be determined by a jury as well as prejudgment interest, attorney's fees, and costs. *Id.* at 14.

Arch and Mingo Logan timely removed the action pursuant to 28 U.S.C. §§ 1441 and 1446 based on diversity of citizenship jurisdiction found in 28 U.S.C. § 1332. ECF No. 2. Consents to removal were filed by Pocahontas, United, AMR, Alpha, *see* ECF No. 2-4, Blackhawk, *see* ECF No. 2-5, and CONSOL, *see* ECF No. 2-6. Arch and Mingo Logan allege that apart from the parties fraudulently misjoined or otherwise not properly joined and served and/or nominal parties, the dispute is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. ECF No. 2 at 3. Arch and Mingo Logan allege that the doctrine of fraudulent misjoinder permits a district court to disregard the citizenship of improperly joined parties such as where the claims against the diverse and nondiverse defendants are not sufficiently related to be properly joined in a single case under Federal Rule of Civil Procedure 20 and the corresponding West Virginia Rule of Civil Procedure 20. *Id.* at 5.

Subsequently, Arch and Mingo Logan filed an answer that pleads, among other things, that Arch and Mingo Logan have been inappropriately joined with the remaining Defendants in this action. ECF No. 5 at 2. Similarly, other Defendants have pleaded or reserved the right to argue that they are inappropriately joined with the other Defendants in this action, and some also have alleged improper venue. *See* ECF Nos. 3 at 9, 7 at 9, 8 at 9, 13 at 11, 15 at 12, and 16 at 12.

On January 20, 2023, Arch and Mingo Logan filed a motion to sever pursuant to Federal Rules of Civil Procedure 20(a)(2) and 21 and the doctrine of fraudulent misjoinder on the bases that all Defendants are misjoined and the nondiverse Defendants are fraudulently misjoined. ECF No. 21. Other Defendants have joined the motion to sever. *See* ECF Nos. 29-33.

The Court entered a Scheduling Order on February 13, 2023. ECF No. 38.

4

## III.   DISCUSSION

### A.   Standard of Decision

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). This Court has original jurisdiction of all civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1)–(2).

The party seeking to remove a case to federal court has the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *Strawn v. AT & T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008). Where removal is based upon diversity of citizenship jurisdiction, the removing party has the burden to show the existence of diversity jurisdiction by a preponderance of the evidence. *Johnson v. Pinnacle Mining Co., LLC*, No. 5:17cv3536, 2017 WL 4581801, at *2 (S.D. W. Va. Oct. 13, 2017).

In a removed case, jurisdictional facts are considered based on the pleadings and information presented at the time of removal, and "the Court cannot consider post-removal filings 'to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court.'" *Dotson v. Elite Oil Field Servs., Inc.*, 91 F. Supp. 3d 865, 870 (N.D. W. Va. 2015) (citation omitted). *See Johnson*, 2017 WL 4581801, at *4 (granting motion to dismiss nondiverse defendant and denying motion to remand under fraudulent joinder doctrine based on original complaint and denying motion to amend); *McCoy v. Norfolk S. Ry. Co.*, 858 F. Supp. 2d 639, 651 (S.D. W. Va. 2012) (denying motion to amend to cure pleading defects against nondiverse defendant as futile because "the operative pleading for the purposes of a motion to remand is that which existed at the time of removal").

**B.    There is Complete Diversity Between Parties Properly Joined and Served and Not Fraudulently Misjoined and/or Nominal.**

Arch and Mingo Logan properly removed this action because this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Apart from the parties fraudulently misjoined or otherwise not properly joined and served and/or nominal parties, the dispute is between citizens of different states, and the amount in controversy is met.[1]

**1.    Ms. Asbury's conclusory assertions regarding the citizenship of GMS and Pocahontas are wrong and immaterial to fraudulent misjoinder.**

As a threshold matter, Ms. Asbury does not challenge the citizenship of most Defendants as alleged in the notice of removal.[2] Nonetheless, Ms. Asbury wrongly asserts that GMS is a diverse "foreign" company and that Pocahontas is a nondiverse West Virginia limited liability company. *See* ECF No. 27 at 3, 6, 8. These conclusory assertions demonstrate that Ms. Asbury does not understand how to determine the citizenship of a corporation or limited liability company.

For purposes of diversity jurisdiction, the citizenship of a corporation is determined by (a) its place of incorporation and (b) its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 102 (4th Cir. 2011). Apart from certain class actions, for purposes of diversity jurisdiction, the citizenship of a limited partnership or limited liability company is determined by the citizenship of its partners or members, regardless of the characterization of the partnership or membership. *Gen. Tech.*

---

[1] Ms. Asbury does not challenge the allegation in the notice of removal that the amount in controversy has been met. *See* ECF No. 3 at 7–9.

[2] Specifically, it is undisputed that Arch is a citizen of Delaware and Missouri, Mingo Logan is a citizen of Delaware and Missouri, United is a citizen of Delaware, Blackhawk is a citizen of Delaware, AMR is a citizen of Delaware and Tennessee, Alpha is a citizen of Delaware and Tennessee, and CONSOL is a citizen of Delaware and Pennsylvania. It is also undisputed that Cleveland-Cliffs, David Stanley, and Stanhurst are citizens of West Virginia. Moreover, it is undisputed that Ms. Asbury is also a citizen of West Virginia. *See* ECF No. 3 at 4–7. Thus, it is undisputed that Arch, Mingo Logan, United, Blackhawk, AMR, Alpha, and CONSOL are diverse Defendants. It is also undisputed that Cleveland Cliffs, David Stanley, and Stanhurst are nondiverse Defendants that would destroy diversity jurisdiction but for application of the fraudulent misjoinder doctrine.

6

*Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 120–21 (4th Cir. 2004). *See Central W. Va. Energy Co.*, 636 F.3d at 103 (4th Cir. 2011).

In this action, the notice of removal alleges that upon information and belief, now and at the time of commencement of this action, GMS is a Maryland corporation with its principal place of business located in Bruceton Mills, West Virginia. Therefore, GMS is a citizen of Maryland and West Virginia. ECF No. 3 at 6.[3] Based on the motion to remand, it can be surmised that Ms. Asbury only considered GMS's state of incorporation, which is Maryland, and not its principal place of business, which is in West Virginia. *See* ECF No. 27 at 3. The notice of removal further alleges that upon information and belief, now and at the time of commencement of this action, Pocahontas is a limited liability company whose sole member is United, whose sole member is Metinvest U.S., Inc., which is a Delaware corporation with its principal place of business located in Delaware. Therefore, Pocahantas is a citizen of Delaware. ECF No. 3 at 4.[4] Again, based on the motion to remand, it can be surmised that Ms. Asbury improperly considered Pocahontas's state of organization, which is West Virginia, and failed to consider properly the citizenship of its members, which is Delaware.

In any event, while Ms. Asbury's conclusory assertions regarding the citizenship of GMS and Pocahontas may impact those Defendants, who may respond individually, the assertions are immaterial to the issue of fraudulent misjoinder raised in Arch and Mingo Logan's notice of removal. As discussed below, the doctrine of fraudulent misjoinder permits a district court to disregard the citizenship of improperly joined parties, which includes both GMS and Pocahontas.

---

[3] The notice of removal further alleges that the Court should disregard the citizenship of GMS under the doctrine of fraudulent misjoinder because Ms. Asbury's claim against GMS is not sufficiently related to be properly joined in a single case with the claim against other Defendants because they do not arise out of the same transaction or occurrence, nor do they present a common question of law or fact. ECF No. 3 at 6.

[4] Ms. Asbury gets it backwards when she asserts that the notice of removal admits that Pocahontas is a member of United. *See* ECF No. 27 at 6.

7

## 2.      The Nondiverse Defendants Are Fraudulently Misjoined.

Removal of this action is proper because the nondiverse Defendants are fraudulently misjoined. The doctrine of fraudulent misjoinder permits a district court to disregard the citizenship of improperly joined parties. *County Comm'n v. McKesson Corp.*, 263 F. Supp. 3d 639, 643 (S.D. W. Va. 2017). "Here, the inquiry is whether claims against the diverse and nondiverse defendants are sufficiently related to be properly joined in a single case." *Id.* at 645. Under Federal Rule of Civil Procedure 20 and the corresponding West Virginia Rule of Civil Procedure 20, to be properly joined claims must (1) arise out of the same transaction or occurrence, and (2) present a question of law or fact common to all defendants. *Id.* at 646.[5]  *See Wyatt v. Charleston Area Med. Ctr., Inc.*, 651 F. Supp. 2d 492, 496 (S.D. W. Va. 2009) (finding standard is whether there is reasonable possibility state court would find plaintiffs' claims against one set of defendants were properly joined with claims against other defendants).

In *McKesson*, this Court held that the prevailing standard for fraudulent misjoinder is similar to the standard for misjoinder under Rule 20 and asks "whether there is a reasonable possibility that a state court would find that [the plaintiffs'] claims against [one set of defendants] were properly joined with [the] claims against the other defendants[.]" *McKesson*, 263 F. Supp. 3d at 646 (citing *Wyatt*, 651 F. Supp. 2d at 496). In that case, the Court held that a doctor who allegedly prescribed opioids was fraudulently misjoined with the corporate defendants that allegedly flooded

---

[5] Federal Rule of Civil Procedure 20(a)(2) provides that persons may be joined in one action as defendants if:

> (A)      any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

> (B)      any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

the market with opioids. *Id.* at 646–47. *See City of Huntington v. AmerisourceBergen Drug Corp.*, No. 3:17cv01362 (S.D. W. Va. Aug. 3, 2017) (same).

In *Ashworth v. Albers Medical, Inc.*, 395 F. Supp. 2d 395 (S.D. W. Va. 2005), this Court held that the plaintiff's claim against a nondiverse defendant for alleged inadequate compliance with a request for production of medical records was fraudulently misjoined with the plaintiff's claims against the other diverse defendants concerning the distribution of counterfeit tablets. *Id.* at 409–12. The Court determined that the appropriate course of action in that case was to sever and remand the plaintiff's cause of action against the nondiverse defendant but to otherwise deny the plaintiff's motion to remand as to the remaining defendants. *Id.* at 412–13.[6] *See Hughes v. Sears, Roebuck & Co.*, No. 2:09cv93, 2009 WL 2877424, at *7 (N.D. W. Va. Sept. 3, 2009) (relying on *Ashworth* to hold that plaintiff fraudulently misjoined medical malpractice claims against nondiverse doctor with product liability claims against claims against diverse defendants).

Although this Court does not appear to have addressed the fraudulent misjoinder doctrine in the context of employment discrimination claims, it has adopted the following statement by analogy: "[W]hile two or more persons could sue a common defendant for Title VII discrimination, based upon the same policies or conduct, all plaintiffs could not join together in one large lawsuit, to sue all defendants for Title VII discrimination just because their claims involve Title VII

---

[6] Federal Rule of Civil Procedure 21 provides for severance of misjoined claims as follows: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claims against a party." This Court has broad discretion in ruling on a requested severance under Rule 21. *Carbon Fuel Co. v. USX Corp.*, 867 F. Supp. 414 (S.D. W. Va. 1994). In *Carbon Fuel Co.*, the Court explained:

> [W]hile Rule 21 is silent on the standard applicable for determining misjoinder, courts have uniformly held that parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder set forth in Rule 20(a).... Thus, misjoinder is present, and severance appropriate, when the claims asserted by or against the joined parties do not arise out of the same transaction or occurrence or do not present some common questions or law or fact.

*Id.* (citation omitted).

discrimination." *Grennell v. W. So. Life Ins. Co.*, 298 F. Supp. 2d 390, 398–99 (S.D. W. Va. 2004) (quoting *Graziose v. Am. Home Prods. Corp.*, 202 F.R.D. 638, 640 (D. Nev. 2001)). In *Grennell*, the Court denied a motion to remand based on the fraudulent misjoinder doctrine in the context of claims brought by numerous misjoined plaintiffs against an insurance carrier and its agents. *Id.* at 392–93.

In *Spaeth v. Michigan State University College of Law*, 845 F. Supp. 2d 48 (D. D.C. 2012), the court relied on *Grennell* to sever claims that a plaintiff brought in one action against six law schools and various officers at those schools alleging that they discriminated against him by not hiring him after he had applied in advance of a faculty recruitment conference. The court determined that the plaintiff's claims did not arise out of the same transaction or occurrence and raise common questions of law or fact as required under the two-pronged test of Rule 20(a). Under the same transaction or occurrence prong, the court reasoned:

> As in *Davidson*, other than "the fact that [Spaeth's] claims all arise under" the ADEA, Spaeth has "offered nothing to suggest that the claims are logically related in any way." 736 F. Supp. 2d at 121. Spaeth has not alleged any "concerted action between defendants." *Grynberg*, 1997 WL 33763820, at *1. He has not alleged that defendants conspired in declining to interview him or offer him a job, nor has he claimed that they acted pursuant to a shared policy. By any reading of Spaeth's Amended Complaint, defendants acted independently when they evaluated his candidacy and decided, for whatever reason, against interviewing or hiring him. Furthermore, the fact that defendants "are members of a common industry is not sufficient to satisfy the requirement that the right to relief against all [d]efendants arises out of the same transaction or occurrence." *Wynn v. Nat'l Broad. Co., Inc.*, 234 F. Supp. 2d 1067, 1078 (C.D. Cal. 2002); *see id.* at 1079 (not finding "a single authority in which a plaintiff was permitted to join separate employers in an industry, for any reason, much less based solely on their classification as an employer in the industry").

*Id.* at 53–54 (footnote omitted).

Under the common questions of law or fact prong, the court continued:

> Spaeth has not alleged any single person or group of people was involved in the decisions of more than one defendant not to interview or hire him. Rather, he is the only person common to his claims. Nor has Spaeth alleged that defendants' actions

occurred in the same location. He claims that defendants interviewed job candidates at the 2010 AALS Faculty Recruitment Conference in Washington D.C. (Am. Compl. ¶¶ 27–29), but he does not claim that they decided not to consider his candidacy there. Indeed, Spaeth's complaint suggests that administrators at the defendant law schools who did not interview him decided against doing so on their own campuses, at various points in time prior to their coming to Washington. (*See id.* ¶¶ 20–24; *see also* Michigan State Mot. at 30; Iowa Mot. at 4–5.) It seems equally likely that Missouri, the only defendant to interview Spaeth, decided not to hire him after its recruiting team returned home from Washington. (*See* Missouri Mot. at 15)

*Id.* at 54–55.

*Spaeth* rejected the plaintiff's argument that he would be prejudiced if his claims were severed and found, on the other hand, that the defendants had established the potential for prejudice if the claims against them were not severed into separate suits. The court concluded that severance would eliminate the risk that a decision by one defendant might taint the jury's view of another decision made by a different defendant. *Id.* at 56. Because the defendants were improperly joined, the court severed the plaintiff's claims against them into separate suits pursuant to Rules 20(a)(a)(2) and 21 and transferred those suits to the defendants' home forums pursuant to 28 U.S.C. § 1404(a). *See Edman v. Exxon Mobil Corp.*, 113 Fed. App'x 745, 746 (9th Cir. 2004) (holding employee failed to establish permissive joinder under Rule 20 because the employee did not allege that the defendants "acted in concert with each other in their hiring decisions" but instead "defendants are eight separate entities, each with distinct hiring practices, who independently denied [plaintiff] employment"); *Wynn v. Nat'l Broad. Co.*, 234 F. Supp. 2d 1067, 1079 (C.D. Cal. 2002) (explaining that the "Court has not found a single authority in which a plaintiff was permitted to join separate employers" as defendants when asserting employment law claims).

Although *Spaeth* arose in the context of a motion to sever, because it involves an analysis of Rule 20, it is equally applicable in this action. Ms. Asbury does not meet either prong of the Rule 20(a) test. Regarding the first prong, the complaint only alleges that Defendants engaged in

11

similar types of behavior. Significantly, the complaint does not allege that any Defendants – including Arch and Mingo Logan – engaged in concerted action. By any reading of the complaint, Defendants acted independently when they evaluated Ms. Asbury's applications and decided, for whatever reason, against interviewing or hiring her. Ms. Asbury has pointed to nothing to refute this fact. Regarding the second prong, Ms. Asbury's argument that claims against Defendants present common questions of whether Defendants failed to hire her based on her gender and whether she suffered damages as a result is insufficient for showing that the claims raise common questions of law or fact. That much could be said of any claim in the area of gender discrimination law. Ms. Asbury's complaint indicates that she applied or interviewed for jobs at Defendants' various locations. The decisions not to interview or hire Ms. Asbury would have been independently made at those locations at various times by different decision makers. Again, Ms. Asbury has pointed to nothing to refute these facts.

Ms. Asbury's argument that Arch and Mingo Logan did not claim that the other diverse Defendants are "fraudulently [mis]joined even though claims against some of them are no more related Defendants with West Virginia citizenship" ignores the difference between the notice of removal and motion to sever. The objective of the notice of removal is to obtain this Court's jurisdiction based on the fraudulent joinder doctrine for Arch, Mingo Logan, and the other nondiverse Defendants, while the objective of Arch and Mingo Logan's separate motion to sever is to sever all claims based on misjoinder. For removal based on the fraudulent joinder doctrine to be proper, it simply is not necessary that the claims against the diverse Defendants be misjoined. All that is necessary for the fraudulent misjoinder doctrine to apply is that the claims against the nondiverse Defendants are fraudulently misjoined. The separate motion to sever seeks severance of all claims, including those against diverse Defendants, based on misjoinder.

12

Ms. Asbury's argument that for reasons of judicial economy the Court could decide to keep her claims against all Defendants together in one case is specious. This Court rejected a similar argument in *DIRECTV, Inc. v. Boggess*, 300 F. Supp. 2d 444 (S.D. W. Va. 2004). In *DIRECTV*, the Court explained in the context of a motion to dismiss for misjoinder that although in the interest of judicial economy the same transaction and common question requirements should be liberally construed, even when liberally construed, actions only arise out of the same transaction or occurrence if they are reasonably related. *Id.* at 449. The Court held that all of the defendants other than the first named defendant were improperly joined in an action with claims stemming from allegations that the defendants each purchased black market pirate access devices from an internet retailer. *Id.* at 445. Because in this action Defendants have been fraudulently misjoined, severance is necessary to preserve Arch and Mingo Logan's right to remove the claims against them and to promote the interest of judicial economy. *See Hughes*, 2009 WL 2877424, at *7 (severing fraudulently misjoined claims to preserve the diverse defendants' right to removal and to preserve the interests of judicial expediency and justice). Allowing Ms. Asbury to drag all Defendants though these claims together would only serve to enlarge the proceedings and unfairly prejudice the Defendants, including, for purposes of this motion, the diverse Defendants' right to removal.

Ms. Asbury's further argument that, even if her claims against Defendants are severed generally, claims against related Defendants such as Arch and Mingo Logan should not be severed from each other is meritless. The complaint does not allege any connection between Arch and Mingo Logan much less that they or any other related Defendants are joint employers or integrated employers. In *Butler v. Drive Automotive Industries of America, Inc.*, 793 F.3d 404, 414 (4th Cir. 2015), the Fourth Circuit articulated the following nine-factor test for courts to use in assessing whether an individual is jointly employed by two or more entities for purposes of Title VII:

13

(1)     authority to hire and fire the individual;

(2)     day-to-day supervision of the individual, including employee discipline;

(3)     whether the putative employer furnishes the equipment used and the place of work;

(4)     possession of and responsibility over the individual's employment records, including payroll, insurance, and taxes;

(5)     the length of time during which the individual has worked for the putative employer;

(6)     whether the putative employer provides the individual with formal or informal training;

(7)     whether the individual's duties are akin to a regular employee's duties;

(8)     whether the individual is assigned solely to the putative employer; and

(9)     whether the individual and putative employer intended to enter into an employment relationship.

*Id.* at 414.

In *Newhouse v. Sugar Creek Pizza, LLC*, No. 2:19cv15, 2019 WL 1867957 (S.D. W. Va. Apr. 24, 2019), this Court relied on *Butler* to dismiss a claim against Pizza Hut because there were insufficient allegations that Pizza Hut was the plaintiff's joint employer to withstand a motion to dismiss. The Court also held that the plaintiff had not sufficiently alleged that Pizza Hut was an integrated employer to impute liability to that defendant. *Id.* at *3–4. The Court reasoned:

> Here, Plaintiff generally asserts that she was employed with "Defendant" in Oak Hill, West Virginia, (ECF No. 1-1 at ¶ 5), and assigns responsibility for alleged violations of the FMLA and West Virginia common law to this singular defendant throughout the Complaint. In particular, the Complaint alleges that "Defendant" harassed her, retaliated against her, and ultimately terminated her after she informed "Defendant's management" of her medical condition and attempted to take FMLA-protected leave. (*Id.* at ¶¶ 4–25.) Critically, however, Plaintiff fails to identify which of the three entities named employed her. More importantly, the Complaint does not allege facts from which it can be reasonably inferred that Pizza Hut employed her under any theory of employer liability. This omission is dispositive.

14

Of the defendants named, New River is the only defendant located in Oak Hill, West Virginia. (*Id.* at ¶ 2.) While the Complaint alleges that Pizza Hut is licensed to do business in West Virginia, Plaintiff does not assert that Pizza Hut owned or operated the Oak Hill restaurant nor does she provide any facts to connect Pizza Hut to the Oak Hill restaurant that employed her. For example, there are no facts to suggest that Pizza Hut exercised control over Plaintiff under a joint employer theory or that Pizza Hut and the Oak Hill store were interconnected under an integrated employer theory. Indeed, the Complaint fails to assert any facts relating to her employment against Pizza Hut. Thus, even viewing the well-pleaded factual allegations as true and in the light most favorable to Plaintiff, the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also West*, 164 F. Supp. 3d at 764 (finding that the complaint "must plausibly allege some facts to support either the 'joint employment' or 'integrated employer' theory or else risk undermining completely the *Twombly-Iqbal* standard of pleading", and dismissing counts against defendant where there were only conclusory allegations that it was a joint employer).

*Id.* at *4.[7]

In this action, the complaint does not allege facts to support either the joint employer or integrated employer theory. The complaint does not allege that there is common management between Arch and Mingo Logan or any other related Defendants, an interrelation between operations, centralized control of labor relations, or the requisite degree of common ownership or financial control. Arch and Mingo Logan are not even mentioned together in a single paragraph of the complaint. As noted in Arch and Mingo Logan's opening brief, the evidence will be that Mingo Logan made an independent determination on Ms. Asbury's employment. Arch had no in-put on that decision. Further there is no record of Ms. Asbury ever applying for a job with Arch.

,

---

[7] More recently, in *Bittle-Lindsey v. Seegars Fence Company, Inc.*, No. 21-1044, 2022 WL 1566770 (4th Cir. May 18, 2022), the Fourth Circuit held that the defendants, one of which was the plaintiff's employer and the other of which was an affiliated company, were not integrated companies for purposes of the Americans with Disabilities Act. The Court in *Bittle-Lindsey* applied the following four-factor test: "(1) common management; (2) interrelation between operations; (3) centralized control of labor relations; and (4) degree of common ownership/financial control." *Id.* at *3 (citation omitted). The Court explained that "[u]ltimately, the test 'instructs a court to determine "what entity made the final decisions regarding employment matters related to the person claiming discrimination."'" *Id.* at *4 (citations omitted). The Court held that no entity other than the plaintiff's employer made the final decision regarding the plaintiff's employment status. *Id.*

15

## IV.   <u>CONCLUSION</u>

For all of the foregoing reasons, this Court should grant-in-part and deny-in-part the motion to remand and enter an order retaining jurisdiction over the claims against the diverse Defendants Arch Resources, Inc., Mingo Logan Coal LLC, Pocahontas Coal Company, LLC, United Coal Company, LLC, Blackhawk Mining, LLC, Contura Energy, Inc., n/k/a Alpha Matallurgical Resources, Inc., Alpha Natural Resources Services, LLC, and CONSOL Energy Inc, and remanding to the Circuit Court of Boone County the claims against the nondiverse Defendants Cleveland-Cliffs Princeton Coal, Inc., GMS Mine Repair and Maintenance, Inc., David Stanley Consultants, LLC, and Stanhurst, LLC.

Dated this 13th day of February 2023.

/s/ *Amy M. Smith*
C. David Morrison (WVSB #2643)
Amy M. Smith (WVSB #6454)
Michael J. Moore (WVSB #12009)
Mark G. Jeffries (WVSB #11618)
**STEPTOE & JOHNSON PLLC**       400 White Oaks Boulevard
OF COUNSEL                                      Bridgeport, WV 26330
(304) 933-8000

*Counsel for Defendants*
*Arch Resources, Inc. and Mingo Logan Coal, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of February 2023, I electronically filed the foregoing "Arch Resources, Inc. and Mingo Logan Coal, LLC's Response to Motion to Remand" with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Mark A. Atkinson
John-Mark Atkinson
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311

Michael D. Mullins
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Jonathan R. Ellis
Joseph U. Leonoro
Mark C. Dean
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Ashley C. Pack
Sean Thomas
DINSMORE & SCHOHL LLP
707 Virginia Street East
Suite 1300
Charleston, WV 25301

Mathew A. Nelson
LEWIS BRISBOIS BISGAARD & Smith
707 Virginia Street East
Suite 1400
Charleston, WV 25301

/s/ *Amy M. Smith*

15990103

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**AMANDA ASBURY,**
      **Plaintiff,**

**v.**                                         **Civil Action No. 2:23-cv-00005**

**POCAHONTAS COAL COMPANY LLC,**
**a West Virginia limited liability company d/b/a**
**AFFINITY COAL COMPANY, LLC;**
**UNITED COAL COMPANY, LLC,**
**a Virginia limited liability company;**
**BLACKHAWK MINING, LLC,**
**a Delaware limited liability company;**
**ARCH RESOURCES, INC.,**
**a Delaware corporation;**
**MINGO LOGAN COAL LLC,**
**a Delaware limited liability company;**
**CLEVELAND-CLIFFS PRINCETON COAL INC.,**
**a West Virginia corporation;**
**GMS MINE REPAIR AND MAINTENANCE, INC.;**
**a Maryland corporation;**
**DAVID STANLEY CONSULTANTS, LLC,**
**a West Virginia limited liability company;**
**CONTURA ENERGY, INC.;**
**a Delaware corporation;**
**ALPHA NATURAL RESOURCES SERVICES, LLC,**
**a Delaware limited liability company;**
**CONSOL ENERGY INC.,**
**a Delaware corporation;**
**STANHURST, LLC,**
**a West Virginia limited liability company,**
      **Defendants.**

**DEFENDANT CONSOL ENERGY INC.'S**
**RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

COMES NOW Defendant CONSOL Energy, Inc. ("CONSOL"), by counsel, Michael D.

Mullins, Christopher S. Etheredge, and the law firm of Steptoe & Johnson PLLC, and in Response

to Plaintiff's Motion to Remand, states as follows:

As developed more fully in Co-Defendants Arch Resources, Inc. ("Arch") and Mingo

Logan Coal LLC ("Mingo Logan")'s Motion to Sever and CONSOL's Reply in Support thereof,

joinder of the Defendants in this action was inappropriate. And when stricken of the

inappropriately joined parties, this Court has jurisdiction of this action pursuant to 28 U.S.C. §

1332. Accordingly, Plaintiff's Motion to Remand should be denied, and Plaintiff should be

permitted to proceed against CONSOL only as an individual defendant before this Court in a

severed and separate action.

<u>Discussion</u>

The Complaint alleges that Plaintiff applied for employment with each of the named

defendants and that none of them hired her. *See* Pl.'s Compl., ECF 2. Arch and Mingo Logan

timely removed this action based on diversity jurisdiction. *See* Notice of Removal, ECF 2. In their

Notice of Removal, Arch and Mingo Logan argued that "[a]part from parties fraudulently

misjoined or otherwise not properly joined and served and/or nominal parties, the dispute is

between citizens of different states." ECF 2 at 3. CONSOL consented to removal on the same day

the Notice thereof was filed. *See* CONSOL Consent to Removal, ECF 2–3.

Thereafter, Arch and Mingo Logan filed a Motion to Sever and Memorandum in Support

thereof. *See* ECF 21–22. Therein, Arch and Mingo Logan argued that they, along with the other

Defendants (including CONSOL), were inappropriately joined in this action because "these cases

have absolutely nothing to do with each other." ECF 21 at 2. CONSOL joined in that Motion, *see*

ECF 31, and filed a Reply in support thereof, *see* ECF 35. CONSOL hereby adopts the arguments

set forth in its Reply to the fullest extent applicable as if fully set forth herein.[1]

---

[1]     *See* CONSOL's Resp., ECF 35 at 4 ("Claims against independent defendants (*i.e.*, situations in
which the defendants are not acting in concert) cannot be joined under Rule 20's transaction-or-occurrence
test unless the facts underlying the claim . . . asserted against each defendant share an aggregate of operative
facts. To be a part of the 'same transaction' requires shared, overlapping facts that give rise to each cause

In support of her Motion for Remand, Plaintiff contends—without any legal support—that each of the Defendants are properly joined in this action because "Plaintiff's claims all present common questions of law and fact: Did the Defendants fail to hire Plaintiff because of her gender and did she suffer damages as a result?" ECF 27 at 5. Additionally, Plaintiff claims that "all of Plaintiff's claims against Defendants stem from her applying for open positions and being turned down in favor of a male in each instance" and that "[t]he issues to be discovered in Plaintiff's claims against Defendants are identical." *Id.* However, apparently recognizing the flaws in her position, Plaintiff concedes that "[i]f the Court feels that Plaintiff's claims against all Defendants should not be tried together in one case . . . Plaintiff's claims against [CONSOL] . . . should remain in the Southern District Court of West Virginia." *Id.* at 5–8.

Plaintiff's arguments in support of remand all depend upon her position that all of the Defendants are properly joined in the instant action. But as developed more fully in Arch and Mingo Logan's Motion to Sever and CONSOL's Reply in Support thereof, Plaintiff's position in support of joinder of the Defendants in this action is meritless. However, Plaintiff agrees that if her claims in this action are severed, then this Court should retain jurisdiction of this action as it relates to CONSOL. Accordingly, Plaintiff's Motion to Remand should be denied except with

---

of action, and not just distinct, albeit coincidentally identical, facts.") (quoting *In re: EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012)); ("Joinder is inappropriate where . . . 'the plaintiff does no more than assert that the defendants merely committed the same type of violation in the same way.'") (quoting *U.S. ex rel. Doe v. Taconic Hills Cent. School Dist.*, 8 F. Supp. 3d 339, 344 (S.D.N.Y. Mar. 25, 2014)); ("Common issues of law does not mean common issues of an area of the law. For example, while two or more persons could sue a common defendant for Title VII discrimination, based upon the same policies or conduct, all plaintiffs could not join together in one large lawsuit, to sue all defendants for Title VII discrimination, just because all their claims involve Title VII discrimination.") (quoting *Grennell*, 298 F. Supp. 390, 398–99 (S.D. W. Va. Jan. 6, 2004) (finding that joinder was inappropriate because "the facts that form the bases for [the plaintiffs'] claims are unique to each plaintiff").

regard to her concession that if her claims are severed, jurisdiction of her claims as to CONSOL is appropriate before this Court in a separate and severed action against CONSOL as the sole named defendant.

<div align="center">**Conclusion**</div>

Plaintiff joinder of the individual Defendants in this action was unlawful. And because the Defendants were inappropriately joined, this Court has diversity jurisdiction over Plaintiff's claims against CONSOL. Accordingly, this Court should grant Arch and Mingo Logan's Motion to Sever, deny Plaintiff's Motion to Remand, and permit Plaintiff to proceed against CONSOL only as an individual defendant before this Court in a severed and separate action.

**CONSOL ENERGY, INC.,**
**By counsel,**

*/s/Christopher S. Etheredge*
Michael D. Mullins (WVSB No. 7754)
Christopher S. Etheredge (WVSB No. 13835)
Steptoe & Johnson PLLC
Chase Tower, 17th Floor
P.O. Box 1588
Charleston, WV 25326-1588
Telephone: (304) 353-8000
Facsimile: (304) 933-8704
Michael.Mullins@steptoe-johnson.com
Christopher.Etheredge@steptoe-johnson.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY,

     **Plaintiff,**

v.                                **CIVIL ACTION NO. 2:23-CV-0005**
                                      **Removed from Boone County C.A. No. 22-C-89**

POCAHONTAS COAL COMPANY LLC, *et al.,*

     **Defendants.**

## CERTIFICATE OF SERVICE

     I hereby certify that on the 17th day of February 2023, I filed the foregoing **"DEFENDANT CONSOL ENERGY INC.'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS ARCH RESOURCES, INC. & MINGO LOGAN COAL LLC's MOTION TO SEVER,"** via the CM/ECF which will send an electronic notification of said filing to counsel as listed below:

| | |
|---|---|
| Mark A. Atkinson, Esq. (WVSB #184)<br>John-Mark Atkinson, Esq. (WVSB #12014)<br>ATKINSON & POLAK, PLLC<br>P.O. Box 549<br>Charleston, WV 25322-0549<br>*Counsel for Plaintiff* | C. David Morrison (WVSB #2643)<br>Amy M. Smith (WVSB #6454)<br>Michael James Moore (WVSB #12009)<br>Mark G. Jeffries, (WVSB #11618)<br>STEPTOE & JOHNSON PLLC<br>400 White Oaks Boulevard<br>Bridgeport, WV 26330<br>*Counsel for Arch Resources, Inc. and*<br>*Mingo Logan Coal, LLC* |
| Ashley C. Pack (WVSB #10477)<br>Sean D. Thomas (WVSB #13697)<br>Dinsmore & Shohl LLP<br>707 Virginia Street, East, Suite 1300 (25301)<br>P.O. Box 11887<br>Charleston, WV 25339-1887<br>*Counsel for Blackhawk Mining, LLC* | Joseph U. Leonoro (WVSB #10501)<br>Jonathan Ellis (WVSB #10296)<br>Mark C. Dean (WVSB #12017)<br>Steptoe & Johnson PLLC<br>P.O. Box 1588<br>Charleston, WV 25326-1588<br>*Counsel for Alpha Natural Resources*<br>*Services, LLC; Cleveland-Cliffs Princeton*<br>*Coal Inc.; and Contura Energy, Inc.* |

Jonathan Ellis (WVSB #10296)
Mark C. Dean (WVSB #12017)
Steptoe & Johnson PLLC
P.O. Box 1588
Charleston, WV 25326-1588
*Counsel for Pocahontas Coal Company LLC*
*d/b/a Affinity Coal Company, LLC and United*
*Coal Company, LLC*

<table>
<tr><td></td><td>/s/Christopher S. Etheredge</td></tr>
<tr><td><b>STEPTOE & JOHNSON PLLC</b><br>Of Counsel</td><td>Christopher S. Etheredge (WVSB #13835)<br>P. O. Box 1588<br>Charleston, WV 25326-1588<br>Telephone (304)-353-8000<br>Facsimile (304)-353-8180<br>Michael.Mullins@steptoe-johnson.com</td></tr>
</table>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**AMANDA ASBURY,**

      **Plaintiff,**

**v.**

                                              **CIVIL ACTION NO. 2:23-CV-5**
                                     **Removed from Boone County C.A. No. 22-C-89**

**POCAHONTAS COAL COMPANY LLC,**
A West Virginia limited liability company d/b/a
**AFFINITY COAL COMPANY, LLC;**
**UNITED COAL COMPANY LLC,**
A Virginia limited liability company;
**BLACKHAWK MINING, LLC,**
A Delaware limited liability company;
**ARCH RESOURCES, INC.,**
A Delaware corporation;
**MINGO LOGAN COAL LLC,**
A Delaware limited liability company;
**CLEVELAND-CLIFFS PRINCETON COAL INC.,**
A West Virginia corporation;
**GMS MINE REPAIR AND MAINTENANCE, INC.,**
A Maryland corporation;
**DAVID STANLEY CONSULTANTS LLC,**
A West Virginia limited liability company;
**CONTURA ENERGY, INC.,**
A Delaware corporation;
**ALPHA NATURAL RESOURCES SERVICES, LLC,**
A Delaware limited liability company;
**CONSOL ENERGY INC.,**
A Delaware corporation;
**STANHURST, LLC,**
A West Virginia limited liability company,

      **Defendants.**

## DEFENDANTS ALPHA NATURAL RESOURCES SERVICES, LLC'S AND CONTURA ENERGY, INC.'S[1] RESPONSE TO PLAINTIFF'S MOTION TO REMAND

---

[1] Contura Energy, Inc. is now known as Alpha Metallurgical Resources, Inc.

1

**COME NOW** Defendants Alpha Natural Resources Services, LLC and Contura Energy, Inc. (now known as Alpha Metallurgical Resources, Inc.) (collectively, "these Defendants") and respectfully respond to Plaintiff's Motion to Remand. [ECF 27]. Removal Defendants Arch Resources, Inc. and Mingo Logan Coal, LLC have filed a Response to Plaintiff's Motion to Remand. [ECF 39]. These Defendants join fully with the reasoning in that Response and, for brevity and judicial economy, will not fully repeat that brief here. As that Response explains, the nondiverse Defendants are fraudulently misjoined and the Court may disregard their citizenship and sever the claims against them. *County Comm'n v. McKesson Corp.*, 263 F. Supp. 3d 639, 643 (S.D. W. Va. 2017); *Ashworth v. Albers Medical, Inc.*, 395 F. Supp. 2d 395 (S.D. W. Va. 2005) (finding fraudulent misjoinder as to a nondiverse defendant, severing and remanding the plaintiff's cause of action against the nondiverse defendant, and otherwise denying the plaintiff's motion to remand as to the remaining defendants).

Plaintiff concedes the diversity of these Defendants. [ECF 27 at 7]. In this case, the nondiverse Defendants do not share anything in common (in fact, *no* Defendants do) with these Defendants other than the fact that each appears to be a company in the coal industry that Plaintiff claims did not hire her. Plaintiff does not allege that these Defendants colluded with the nondiverse Defendants (or *any* Defendants, for that matter) or otherwise conspired to prevent her from securing employment. Plaintiff has not alleged (nor can she show) that her claims against the nondiverse Defendants arose out of the same transaction or occurrence as her claims against these Defendants. *Spaeth v. Mich. St. Univ. College of Law*, 845 F.Supp.2d 48 (D.D.C. 2012) (finding misjoinder in a plaintiff's discrimination action against six separate law schools, severing the claims, and transferring those suits to the defendants' home forums); *Wynn v. Nat'l Broad. Co.*, 234 F. Supp. 2d 1067, 1079 (C.D. Cal. 2002) (explaining that the "Court has not found a single

2

authority in which a plaintiff was permitted to join separate employers" as defendants when asserting employment law claims). Accordingly, severance is necessary to preserve these Defendants' right to avail themselves of this Court's diversity jurisdiction in the claims against them. *Hughes v. Sears, Roebuck & Co.*, No. 2:09-CV-93, 2009 WL 2877424, at *7 (N.D. W. Va. Sept. 3, 2009); [ECF 2-4].

For these reasons, as well as those described more fully in Arch Resources, Inc. and Mingo Logan Coal, LLC's Response to Motion to Remand [ECF 39], in which these Defendants join, this Court should enter an Order retaining jurisdiction over any claims against diverse Defendants Alpha Natural Resources Services, LLC and Contura Energy, Inc. (now known as Alpha Metallurgical Resources, Inc.) -- and any other diverse Defendants -- and severing for remand to the Circuit Court of Boone County the claims against any nondiverse Defendants.

**ALPHA NATURAL RESOURCES SERVICES, LLC and CONTURA ENERGY, INC.,**

**By Counsel,**

/s/ Mark C. Dean
Joseph U. Leonoro (WVSB #10501)
Jonathan Ellis (WVSB #10296)
Mark C. Dean (WVSB #12017)
Steptoe & Johnson PLLC
P.O. Box 1588
Charleston, WV 25326-1588
Telephone: 304-353-8000
Facsimile: 304-353-8180
Joseph.Leonoro@Steptoe-Johnson.com
Jonathan.Ellis@Steptoe-Johnson.com
Mark.Dean@Steptoe-Johnson.com
*Counsel for Defendants Alpha Natural Resources Services, LLC and Contura Energy, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of February 2023, I filed the foregoing "**Defendants Alpha Natural Resources Services, LLC's and Contura Energy, Inc.'s Response to Plaintiff's Motion to Remand**" with the Clerk via the CM/ECF e-filing system, which will provide a copy thereof to the following counsel of record:

Mark A. Atkinson
John-Mark Atkinson
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311

Michael D. Mullins
Christopher S. Etheredge
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

C. David Morrison
Amy M. Smith
Michael J. Moore
Mark G. Jeffries
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330

Ashley C. Pack
Sean Thomas
DINSMORE & SHOHL LLP
707 Virginia Street East
Suite 1300
Charleston, WV 25301

Matthew A. Nelson
Lewis Brisbois Bisgaard & Smith LLP
707 Virginia Street, E., Ste. 1400
Charleston, WV 25301

_/s/ Mark C. Dean_

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**AMANDA ASBURY**

    **Plaintiff,**

v.                **Civil Action No. 2:23-CV-00005**

**POCAHONTAS COAL COMPANY, LLC,**
a West Virginia limited liability company d/b/a
**AFFINITY COAL COMPANY, LLC;**
**UNITED COAL COMPANY, LLC,**
a Virginia limited liability company,
**BLACKHAWK MINING, LLC,**
a Delaware limited liability company;
**ARCH RESOURCES, INC.,**
a Delaware corporation;
**MINGO LOGAN COAL LLC,**
a Delaware limited liability company;
**CLEVELAND-CLIFFS PRINCETON COAL, INC.,**
a West Virginia corporation;
**GMS MINE REPAIR AND MAINTENANCE, INC.,**
a Maryland corporation;
**DAVID STANLEY CONSULTANTS, LLC,**
a West Virginia limited liability company;
**CONTURA ENERGY, INC.,**
a Delaware corporation;
**ALPHA NATURAL RESOURCES SERVICES, LLC,**
a Delaware limited liability company;
**CONSOL ENERGY INC.,**
a Delaware corporation;
**STANHURST, LLC,**
a West Virginia limited liability company,

    **Defendants.**

**BLACKHAWK MINING, LLC'S RESPONSE
TO PLAINTIFF'S MOTION TO REMAND**

   Blackhawk Mining, LLC ("Blackhawk"), by and through counsel, hereby submits this

Response to Plaintiff's Motion to Remand, and states as follows:

1

As Defendants Arch Resources, Inc. ("Arch") and Mingo Logan Coal, LLC ("Mingo Logan") have stated in their Motion to Sever and Blackhawk's Reply in Support thereof, none of Plaintiff's claims against Blackhawk have any relation whatsoever to the claims against the other defendants. Upon severing the claim against Blackhawk from the claims involving the inappropriately joined parties, this Court will have jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, Plaintiff's Motion to Remand should be denied.

To the extent applicable, Blackhawk adopts and incorporates the arguments set forth in Arch and Mingo Logan's Motion to Sever (ECF Nos. 21-22) and its own Reply in Support (ECF No. 37) as if fully set forth herein. Plaintiff's arguments in her Motion to Remand essentially request this Court to ignore the Federal Rules and allow her to pool together two years' worth of similar, yet entirely unrelated, claims in the spirit of judicial economy. Indeed, Plaintiff admits that Blackhawk is an unrelated company from the other Defendants and, thus, her claim against it is separate and distinct. *See* ECF No. 27 at 7-8. Plaintiff has conceded the proper disposition of Plaintiff's claim against Blackhawk—that this claim "should remain in the Southern District Court of West Virginia." *Id.* at 8. Any other outcome defies logic and would impede Blackhawk from individually obtaining a fair and just outcome.

Accordingly, the Court should deny Plaintiff's Motion to Remand insofar as it seeks remand back to the Circuit Court of Boone County; instead, the Court should sever Plaintiff's claim against Blackhawk and retain jurisdiction in the Southern District of West Virginia.

**BLACKHAWK MINING, LLC**

By Counsel,

*/s/ Sean D. Thomas*
Ashley C. Pack (WVSB # 10477)

2

Sean D. Thomas (WVSB #13697)
Dinsmore & Shohl LLP
707 Virginia Street East, Suite 1300
P.O. Box 11887
Charleston, WV 25339-1887
Telephone: 304-357-0900
Fax: 304-357-0919
ashley.pack@dinsmore.com
sean.thomas@dinsmore.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of February 2023, a copy of the forgoing **Blackhawk Mining, LLC's Response to Plaintiff's Motion to Remand** was filed electronically using the Court's CM/ECF filing system, which will give notice to counsel of record.

*/s/Sean D. Thomas*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY,

     Plaintiff,

v.                                      CIVIL ACTION NO. 2:23-CV-5
                                   Removed from Boone County C.A. No. 22-C-89

POCAHONTAS COAL COMPANY LLC,
A West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY LLC,
A Virginia limited liability company;
BLACKHAWK MINING, LLC,
A Delaware limited liability company;
ARCH RESOURCES, INC.,
A Delaware corporation;
MINGO LOGAN COAL LLC,
A Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
A West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
A Maryland corporation;
DAVID STANLEY CONSULTANTS LLC,
A West Virginia limited liability company;
CONTURA ENERGY, INC.,
A Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
A Delaware limited liability company;
CONSOL ENERGY INC.,
A Delaware corporation;
STANHURST, LLC,
A West Virginia limited liability company,

     Defendants.

**DEFENDANTS POCAHONTAS COAL COMPANY, LLC'S AND UNITED COAL COMPANY LLC'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

**COME NOW** Defendants Pocahontas Coal Company, LLC ("Pocahontas") and United

Coal Company LLC ("United") and respectfully respond to Plaintiff's Motion to Remand.  [ECF

1

27]. As an initial matter critical to these Defendants, Plaintiff is legally incorrect as to their citizenship – specifically, Pocahontas is a **diverse** party, not a nondiverse party as Plaintiff asserts. [*Id.* at 5-6].

As more fully described in Defendants Arch Resources, Inc. and Mingo Logan Coal's Response [ECF 39], in which United and Pocahontas join and incorporate herein, Plaintiff's argument that, in their Notice of Removal [ECF 2],[1] removal Defendants Arch and Mingo Logan did not claim that the diverse Defendants are "fraudulently [mis]joined even though claims against some of them are no more related than the Defendants with West Virginia citizenship" ignores the difference between the notice of removal and motion to sever. Plaintiff's further argument that the Court could keep her claims against all Defendants together in one case for reasons of judicial economy is specious and unfairly prejudicial to the diverse Defendants (including United and Pocahontas). Plaintiff's final argument that, even if her claims against Defendants are severed generally, the claim against United and Pocahontas should be remanded is meritless because, as noted above, United and Pocahontas are both diverse Defendants. Accordingly, this Court should enter an Order retaining jurisdiction over any claims against diverse Defendants United and Pocahontas (and any other diverse Defendants), and remanding to the Circuit Court of Boone County the claims against any nondiverse Defendants.

## A.    Defendant Pocahontas Coal Company, LLC is a Diverse Defendant.

Plaintiff's Response erroneously asserts that her claims against United and Pocahontas should be remanded to the Circuit Court of Boone County because "Pocahontas Coal Company,

---

[1]    United and Pocahontas consented to removal. [ECF 2-4]. In their respective subsequently-filed Answers, United and Pocahontas reserved the right to raise improper joinder. [ECF 15 at 12]; [ECF 16 at 12].

LLC[2] . . . is a West Virginia limited liability company. . . ." [ECF 27 at 6]; [ECF 28 at 4]. Plaintiff does not understand how to determine the diversity citizenship of a limited liability company. A limited liability company is not a "corporation" and cannot be treated as such under 28 U.S.C. § 1332 unless Congress provides otherwise. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) Thus, the citizenship of a limited liability company (such as Pocahontas) for diversity purposes is not determined by its state of organization or principal place of business, but by the citizenship of its members. *See, e.g., Central W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); *Boggs v. Fola Coal Co., LLC*, No. 2:10-CV-608, 2010 WL 3521588 at *2 (S.D.W. Va. Sept. 7, 2010); *Delay v. Rosnthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *General Technology Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) (a limited liability company "is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members").

Pocahontas Coal Company, LLC is a limited liability company with its sole member as United Coal Company LLC. [ECF 15 at ¶3]; [Affidavit of Paul Gregory, **Exhibit A**]. In turn, United Coal Company LLC is a Virginia limited liability company with Metinvest U.S., Inc. as its sole member.[3] [*Id.*]. Metinvest U.S., Inc. is a Delaware corporation with its principal place of business in Delaware. [*Id.*]. Accordingly, the citizenship of Pocahontas (and United) is Delaware. Because United and Pocahontas are **both** diverse Defendants, this Court should retain jurisdiction over Plaintiff's claims against them and deny Plaintiff's motion to remand such claims to the Circuit Court of Boone County, West Virginia.

---

[2]    Plaintiff continues to incorrectly state that Pocahontas has a d/b/a of Affinity Coal Company, LLC. [ECF 27 at 6]. In reality, on January 1, 2012, Affinity Coal Company, LLC was merged with and into Pocahontas, the surviving entity. [ECF 15 at ¶3]. Affinity Coal Company, LLC no longer exists, whether as a d/b/a of Pocahontas or otherwise. This misnomer has no bearing on the diversity analysis; Pocahontas merely points it out to correct the record.

[3]    Plaintiff does not appear to contest that United is a diverse Defendant. [ECF 27 at 5-6].

**B.    The Non-Diverse Defendants are Fraudulently Misjoined.**

Removal Defendants Arch Resources, Inc. and Mingo Logan Coal, LLC have filed a Response to Plaintiff's Motion to Remand. [ECF 39]. United and Pocahontas join fully with the reasoning in that Response and, for brevity and judicial economy, will not fully repeat that brief here. As that Response explains, the nondiverse Defendants are fraudulently misjoined and the Court may disregard their citizenship and sever the claims against them. *County Comm'n v. McKesson Corp.*, 263 F. Supp. 3d 639, 643 (S.D. W. Va. 2017); *Ashworth v. Albers Medical, Inc.*, 395 F. Supp. 2d 395 (S.D. W. Va. 2005) (finding fraudulent misjoinder as to a nondiverse defendant, severing and remanding the plaintiff's cause of action against the nondiverse defendant, and otherwise denying the plaintiff's motion to remand as to the remaining defendants).

In this case, the nondiverse Defendants do not share anything in common (in fact, *no* Defendants do) with United and Pocahontas other than the fact that each appears to be a company in the coal industry that Plaintiff claims did not hire her. Plaintiff does not allege that United and Pocahontas colluded with the nondiverse Defendants (or *any* Defendants, for that matter) or otherwise conspired to prevent her from securing employment. Plaintiff has not alleged (nor can she show) that her claims against the nondiverse Defendants arose out of the same transaction or occurrence as her claims against United and Pocahontas. *Spaeth v. Mich. St. Univ. College of Law*, 845 F.Supp.2d 48 (D.D.C. 2012) (finding misjoinder in a plaintiff's discrimination action against six separate law schools, severing the claims, and transferring those suits to the defendants' home forums); *Wynn v. Nat'l Broad. Co.*, 234 F. Supp. 2d 1067, 1079 (C.D. Cal. 2002) (explaining that the "Court has not found a single authority in which a plaintiff was permitted to join separate employers" as defendants when asserting employment law claims). Accordingly, severance is necessary to preserve United's and Pocahontas's right to avail themselves of this Court's diversity

jurisdiction in the claims against them.  *Hughes v. Sears, Roebuck & Co.*, No. 2:09-CV-93, 2009 WL 2877424, at *7 (N.D. W. Va. Sept. 3, 2009); [ECF 2-4].

In sum, there can be no question that Pocahontas is a **diverse** Defendant, not a nondiverse Defendant as Plaintiff wrongly claims.  For these reasons, as well as those described more fully in Arch Resources, Inc. and Mingo Logan Coal, LLC's Response to Motion to Remand [ECF 39], in which United and Pocahontas join, this Court should enter an Order retaining jurisdiction over any claims against diverse Defendants United and Pocahontas (and any other diverse Defendants), and severing for remand to the Circuit Court of Boone County the claims against any nondiverse Defendants.

<div style="margin-left: 40%;">

**POCAHONTAS COAL COMPANY, LLC and UNITED COAL COMPANY LLC,**

**By Counsel,**

*/s/ Mark C. Dean*
Jonathan R. Ellis (WVSB #10296)
Joseph U. Leonoro (WVSB #10501)
Mark C. Dean (WVSB #12017)
Steptoe & Johnson PLLC
707 Virginia Street East
Chase Tower, 17th Floor
P.O. Box 1588
Charleston, WV 25326-1588
Telephone (304) 353-8000
Facsimile (304) 353-8180
Joseph.Leonoro@Steptoe-Johnson.com
Jonathan.Ellis@Steptoe-Johnson.com
Mark.Dean@Steptoe-Johnson.com
*Counsel for Pocahontas Coal Company LLC and United Coal Company, LLC.*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of February 2023, I filed the foregoing "**Defendants Pocahontas Coal Company LLC's and United Coal Company LLC's Response to Plaintiff's Motion to Remand**" with the Clerk via the CM/ECF e-filing system, which will provide a copy thereof to the following counsel of record:

> Mark A. Atkinson
> John-Mark Atkinson
> ATKINSON & FRAMPTON, PLLC
> 2306 Kanawha Blvd. E.
> Charleston, WV 25311
>
> Michael D. Mullins
> Christopher S. Etheredge
> STEPTOE & JOHNSON PLLC
> 707 Virginia Street East, Chase Tower
> 17th Floor
> Charleston, WV 25301
>
> C. David Morrison
> Amy M. Smith
> Michael J. Moore
> Mark G. Jeffries
> STEPTOE & JOHNSON PLLC
> 400 White Oaks Boulevard
> Bridgeport, WV 26330
>
> Ashley C. Pack
> Sean Thomas
> DINSMORE & SHOHL LLP
> 707 Virginia Street East
> Suite 1300
> Charleston, WV 25301
>
> Matthew A. Nelson
> Lewis Brisbois Bisgaard & Smith LLP
> 707 Virginia Street, E., Ste. 1400
> Charleston, WV 25301

<div align="right">

*/s/ Mark C. Dean*

</div>

Case 2:23-cv-00479   Document 1-1   Filed 07/10/23   Page 510 of 861 PageID #: 518
Case 2:23-cv-00005   Document 43-1   Filed 02/22/23   Page 1 of 2 PageID #: 362
**Exhibit A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY,

     Plaintiff,

v.

                                     **CIVIL ACTION NO. 2:23-CV-5**
                               **Removed from Boone County C.A. No. 22-C-89**

POCAHONTAS COAL COMPANY LLC,
A West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY LLC,
A Virginia limited liability company;
BLACKHAWK MINING, LLC,
A Delaware limited liability company;
ARCH RESOURCES, INC.,
A Delaware corporation;
MINGO LOGAN COAL LLC,
A Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
A West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
A Maryland corporation;
DAVID STANLEY CONSULTANTS LLC,
A West Virginia limited liability company;
CONTURA ENERGY, INC.,
A Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
A Delaware limited liability company;
CONSOL ENERGY INC.,
A Delaware corporation;
STANHURST, LLC,
A West Virginia limited liability company,

     Defendants.

## AFFIDAVIT OF PAUL GREGORY

Paul Gregory, first being duly sworn, deposes and says as follows:

1.    My name is Paul Gregory.  I am over the age of 21 years, of sound mind, and fully

competent to testify to the matters stated in this Affidavit.  The facts set forth herein are true and

correct and, unless otherwise qualified, are within my personal knowledge.

1

**Exhibit A**

2.      I am Vice President, Treasurer, and Secretary for Pocahontas Coal Company LLC. I am also Vice President, Chief Financial Officer, and Secretary for United Coal Company LLC. In these capacities, I am familiar with the corporate membership and structure of Pocahontas Coal Company LLC and United Coal Company LLC. My familiarity is derived from my experience in corporate membership and structure, and the company's books and records regarding the corporate membership and structure.

3.      Pocahontas Coal Company LLC is a limited liability company organized under the laws of the State of West Virginia and has one member, United Coal Company LLC.

4.      United Coal Company LLC is a limited liability company organized under the laws of the State of Virginia and has one member, Metinvest U.S., Inc.

5.      Metinvest U.S., Inc. is incorporated in the State of Delaware and maintains its principal place of business in Delaware.

PAUL GREGORY

STATE OF TENNESSEE,

COUNTY OF WASHINGTON, to-wit;

I, _Shelia Thompson_____, a Notary Public in and for the County and State aforesaid, do hereby certify that Paul Gregory, whose name is signed to the writing hereto annexed, bearing date the **22** day of February, 2023, has this day acknowledged the same before me in my said County.

Given under my hand this **22** day of February, 2023.

My commission expires ____7/20/2024____

Notary Public

[Seal]

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION


AMANDA ASBURY,

        Plaintiff,


v.                                 CIVIL ACTION NO. 2:23-cv-00005

POCAHONTAS COAL COMPANY LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

        Defendants.


**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSES
IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

---

Defendants Arch Resources, Inc. and Mingo Logan Coal LLC removed this case alleging that diversity jurisdiction exists based on the alleged misjoinder of certain defendants with West Virginia citizenship. Plaintiff filed a Motion to Remand the case to the Circuit Court of Boone County, West Virginia on February 3, 2022.

Defendants Arch Resources, Inc. and Mingo Logan Coal, LLC filed a Response to Motion to Remand on February 13, 2023. Defendants Blackhawk Mining, LLC, Consol Energy Inc., and Alpha Natural Resources Services, LLC and Contura Energy, Inc. filed respective Responses to Plaintiff's Motion to Remand on February 17, 2023.

Defendants Pocahontas Coal Company, LLC and United Coal Company LLC filed a Response to Plaintiff's Motion to Remand on February 22, 2023. Defendants Pocahontas Coal Company, LLC and United Coal Company LLC's Response was filed five days late. The United States District Court for the Southern District of West Virginia's Local Rules of Procedure outlines that responses shall be filed with 14 days from the date of service of the original motion: "Memoranda and other materials in response to motions shall be filed and served on opposing counsel and unrepresented parties within 14 days from the date of service of the motion." LR Civ P 7.1.7. Therefore, the Court should not consider the Response of Defendants Pocahontas Coal Company, LLC and United Coal Company LLC's Response to Motion to Remand since it was untimely filed.

As outlined in Plaintiff's Memorandum in Support of Motion to Remand, Plaintiff does not object to keeping all her claims against all Defendants together in one case as long as that case is in the Circuit Court of Boone County since there are venue-giving defendants with West Virginia citizenship properly named in Plaintiff's Complaint and complete diversity of citizenship does not

exist. Therefore, the Southern District Court of West Virginia is an improper venue if the claims against all Defendants remain together in one case.

However, Plaintiff also does not object to severing the cases against any related Defendants if the claims are to be severed according to claims against related Defendants as outlined in her Memorandum in Support of Motion to Remand and Plaintiff's Response to Defendants Arch Resources, Inc. and Mingo Logan Coal LLC's Motion to Sever. Specifically, Plaintiff's claims against Defendants that should remain together are outlined below. In each of these instances, the Defendant companies are related and do arise out of the same transaction or occurrence and present a common question of law or fact.

- Amanda Asbury v. Pocahontas Coal Company, LLC d/b/a Affinity Coal Company, LLC and United Coal Company, LLC

- Amanda Asbury v. David Stanley Consultants, LLC and Stanhurst, LLC

- Amanda Asbury v. Arch Resources, Inc. and Mingo Logan Coal LLC

- Amanda Asbury v. Contura Energy, Inc. and Alpha Natural Resources Services, LLC

Therefore, Plaintiff's claims against all Defendants could be tried together in one case for judicial economy in the Circuit Court of Boone County, West Virginia because there are venue-giving defendants with West Virginia citizenship properly named in Plaintiff's Complaint and diversity does not exist. If the claims are to be severed, they must be severed according to which Defendants are related as outlined above and in more detail in Plaintiff's Memorandum in Support of Motion to Remand.

                                        AMANDA ASBURY
                                        By Counsel

                                        */s/ John-Mark Atkinson*
                                        Mark A. Atkinson (WVSB #184)

3

John-Mark Atkinson (WVSB #12014)
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV  25311
(304) 346-5100
emboles@amplaw.com
johnmark@amplaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY,

        Plaintiff,

v.                                                    CIVIL ACTION NO. 2:23-cv-00005

POCAHONTAS COAL COMPANY LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

        Defendants.

## CERTIFICATE OF SERVICE

    I hereby certify that on February 24, 2023, I electronically filed the foregoing

"PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSES IN OPPOSITION TO PLAINTIFF'S

MOTION TO REMAND" with the Clerk of the court using the CM/ECF system which will send

notification of such filing to counsel of record:

*/s/ John-Mark Atkinson*
John-Mark Atkinson (WVSB #12014)
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV  25311
(304) 346-5100
johnmark@amplaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

**AMANDA ASBURY,**

      **Plaintiff,**

**v.**                                                     **Civil Action No.: 2:23-cv-00005**

**POCAHONTAS COAL COMPANY, LLC, et al.,**

      **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 9th day of March, 2023, he filed this Certificate of Service using the CM/ECF system, and that he mailed a true and correct copy of ***GMS MINE REPAIR AND MAINTENANCE, INC.'S RULE 26(a)(1) INITIAL DISCLOSURES*** to counsel of record in the regular course of the United States Mail, postage prepaid, as follows:

Mark A. Atkinson, Esq.
John-Mark Atkinson, Esq.
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311
*Counsel for Plaintiff*

Michael D. Mullins, Esq.
STEPTOE & JOHNSON PLLC
707 Virginia Street, East
Suite 1700
Charleston, WV 25301
*Counsel for Defendant CONSOL Energy, Inc.*

Jonathan R. Ellis, Esq.
Joseph U. Leonoro, Esq.
Mark C. Dean, Esq.
STEPTOE & JOHNSON PLLC
707 Virginia Street East
17th Floor
Charleston, WV 25301
*Counsel for Defendants Pocahontas Coal Company, LLC d/b/a Affinity Coal Company, LLC; United Coal Company LLC; Cleveland-Cliffs Princeton Coal Inc., Contura Energy, Inc. & Alpha Natural Resources Services, LLC*

Ashley C. Pack, Esq.
Sean D. Thomas Esq,
DINSMORE & SHOHL LLP
707 Virginia Street East
Suite 1300
Charleston, WV 25301
*Counsel for Defendant Blackhawk Mining, LLC*

5

| | |
|---|---|
| C. David Morrison, Esq.<br>Amy M. Smith, Esq.<br>Michael J. Moore, Esq.<br>Mark G. Jeffries, Esq.<br>STEPTOE & JOHNSON PLLC<br>400 White Oaks Blvd.<br>Bridgeport, WV  26330<br>*Counsel for Defendant Arch Resources, Inc. &*<br>*Mingo Logan Coal, LLC* | |

*/s/Matthew A. Nelson*

Matthew A. Nelson, Esq. (WVSB 9421)
Lewis Brisbois Bisgaard & Smith LLP
707 Virginia Street, E., Ste. 1400
Charleston, WV  25301
304.553.0129/304.932.0265 (f)
matt.nelson@lewisbrisbois.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY

       Plaintiff,

v.                                                              Civil Action No. 2:23-CV-00005

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

       Defendants.

## CERTIFICATE OF SERVICE

I, Sean D. Thomas, do hereby certify that the forgoing *Defendant Blackhawk Mining,*

*LLC's Rule 26(a)(1) Initial Disclosures* was served on this 9th day of March 2023, with the Clerk

of the Court using the Court's CM/ECF system, which will send notification to all counsel of

record.

4

*/s/ Sean D. Thomas*
Sean D. Thomas (WVSB #13697)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**AMANDA ASBURY,**

     **Plaintiff,**

**v.**                                **CIVIL ACTION NO. 2:23-CV-5**
                                           **Removed from Boone County C.A. No. 22-C-89**

**POCAHONTAS COAL COMPANY, LLC,** *et al.*

     **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of March 2023, I electronically filed this Certificate of Service indicating service of **"Defendants Pocahontas Coal Company, LLC's and United Coal Company LLC's Rule 26(a)(1) Disclosures"** via U.S. Mail upon the following counsel of record:

> Mark A. Atkinson
> John-Mark Atkinson
> ATKINSON & FRAMPTON, PLLC
> 2306 Kanawha Blvd. E.
> Charleston, WV 25311
>
> Michael D. Mullins
> Christopher S. Etheredge
> STEPTOE & JOHNSON PLLC
> 707 Virginia Street East, Chase Tower
> 17th Floor
> Charleston, WV 25301
>
> C. David Morrison
> Amy M. Smith
> Michael J. Moore
> Mark G. Jeffries
> STEPTOE & JOHNSON PLLC
> 400 White Oaks Boulevard
> Bridgeport, WV 26330
>
> Ashley C. Pack

Sean Thomas
DINSMORE & SHOHL LLP
707 Virginia Street East
Suite 1300
Charleston, WV 25301

Matthew A. Nelson
Lewis Brisbois Bisgaard & Smith LLP
707 Virginia Street, E., Ste. 1400
Charleston, WV 25301


    */s/ Mark C. Dean*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AMANDA ASBURY,

     **Plaintiff,**

v.                                 **CIVIL ACTION NO. 2:23-CV-5**
                                      **Removed from Boone County C.A. No. 22-C-89**

POCAHONTAS COAL COMPANY, LLC, *et al.*

     **Defendants.**

## CERTIFICATE OF SERVICE

     I hereby certify that on the 9th day of March 2023, I electronically filed this Certificate of Service indicating service of "**Defendant Cleveland-Cliffs Princeton Coal Inc.'s Rule 26(a)(1) Disclosures**" via U.S. Mail upon the following counsel of record:

          Mark A. Atkinson
          John-Mark Atkinson
          ATKINSON & FRAMPTON, PLLC
          2306 Kanawha Blvd. E.
          Charleston, WV 25311

          Michael D. Mullins
          Christopher S. Etheredge
          STEPTOE & JOHNSON PLLC
          707 Virginia Street East, Chase Tower
          17th Floor
          Charleston, WV 25301

          C. David Morrison
          Amy M. Smith
          Michael J. Moore
          Mark G. Jeffries
          STEPTOE & JOHNSON PLLC
          400 White Oaks Boulevard
          Bridgeport, WV 26330

          Ashley C. Pack
          Sean Thomas

DINSMORE & SHOHL LLP
707 Virginia Street East
Suite 1300
Charleston, WV 25301

Matthew A. Nelson
Lewis Brisbois Bisgaard & Smith LLP
707 Virginia Street, E., Ste. 1400
Charleston, WV 25301

*/s/ Mark C. Dean*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**AMANDA ASBURY,**

     **Plaintiff,**

**v.**                                                      **CIVIL ACTION NO. 2:23-CV-5**
                                                     **Removed from Boone County C.A. No. 22-C-89**

**POCAHONTAS COAL COMPANY LLC,** *et al.*
     **Defendants.**

## CERTIFICATE OF SERVICE

        I hereby certify that on the 9th day of March 2023, I electronically filed this Certificate of Service indicating service of *"Defendants Alpha Natural Resources Services, LLC's and Contura Energy, Inc.'s Rule 26(a)(1) Initial Disclosure"* via U.S. Mail upon the following counsel of record:

> Mark A. Atkinson
> John-Mark Atkinson
> ATKINSON & FRAMPTON, PLLC
> 2306 Kanawha Blvd. E.
> Charleston, WV 25311
>
> Michael D. Mullins
> Christopher S. Etheredge
> STEPTOE & JOHNSON PLLC
> 707 Virginia Street East, Chase Tower
> 17th Floor
> Charleston, WV 25301
>
> C. David Morrison
> Amy M. Smith
> Michael J. Moore
> Mark G. Jeffries
> STEPTOE & JOHNSON PLLC
> 400 White Oaks Boulevard
> Bridgeport, WV 26330
>
> Ashley C. Pack
> Sean Thomas
> DINSMORE & SHOHL LLP
> 707 Virginia Street East

Suite 1300
Charleston, WV 25301

Matthew A. Nelson
Lewis Brisbois Bisgaard & Smith LLP
707 Virginia Street, E., Ste. 1400
Charleston, WV 25301

/s/ Mark C. Dean

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION


AMANDA ASBURY,

        Plaintiff,


v.                                   CIVIL ACTION NO. 2:23-cv-00005

POCAHONTAS COAL COMPANY LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

        Defendants.

## CERTIFICATE OF SERVICE

I, John-Mark Atkinson, counsel for Plaintiff do hereby certify that service of "PLAINTIFF'S RULE 26(a)(1) DISCLOSURES" was made upon the parties listed below by mailing a true and exact copy thereof:

> Michael D. Mullins
> Christopher S. Etheredge
> STEPTOE & JOHNSON PLLC
> 707 Virginia Street East, Chase Tower 17th Floor
> Charleston, WV 25301
>
> Jonathan R. Ellis
> Joseph U. Leonoro
> Mark C. Dean
> STEPTOE & JOHNSON PLLC
> 707 Virginia Street East, Chase Tower 17th Floor
> Charleston, WV 25301
>
> David Morrison
> Amy M. Smith
> Michael J. Moore
> Mark G. Jeffries
> STEPTOE & JOHNSON PLLC
> 400 White Oaks Boulevard
> Bridgeport, WV 26330
>
> Ashley C. Pack
> Sean Thomas
> DINSMORE & SHOHL LLP
> 707 Virginia Street East Suite 1300
> Charleston, WV 25301
>
> Matthew A. Nelson
> Lewis Brisbois Bisgaard & Smith LLP
> 707 Virginia Street, E., Ste. 1400
> Charleston, WV 25301

in a properly stamped and addressed envelope, postage prepaid, and deposited in the United States mail this 9th day of March, 2023.

> /s/ John-Mark Atkinson
> John-Mark Atkinson (WVSB #12014)
> ATKINSON & FRAMPTON, PLLC
> 2306 Kanawha Blvd. E.

Charleston, WV  25311
(304) 346-5100
johnmark@amplaw.com

8

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**AMANDA ASBURY,**

    **Plaintiff,**

**v.**                                                           **CIVIL ACTION NO. 2:23-CV-0005**

**POCAHONTAS COAL COMPANY LLC,** *et al.,*

    **Defendants.**

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the __9th__ day of March 2023, I served discovery material, namely **"Defendant CONSOL Energy Inc.'s Rule 26(a)(1) Initial Disclosures,"** upon the following, as referenced below:

| | |
|---|---|
| Mark A. Atkinson, Esq. (WVSB #184)<br>John-Mark Atkinson, Esq. (WVSB #12014)<br>ATKINSON & POLAK, PLLC<br>P.O. Box 549<br>Charleston, WV  25322-0549<br>*Counsel for Plaintiff*<br>**Via U.S. Mail** | C. David Morrison (WVSB #2643)<br>Amy M. Smith (WVSB #6454)<br>Michael James Moore (WVSB #12009)<br>Mark G. Jeffries, (WVSB #11618)<br>STEPTOE & JOHNSON PLLC<br>400 White Oaks Boulevard<br>Bridgeport, WV  26330<br>*Counsel for Arch Resources, Inc. and*<br>*Mingo Logan Coal, LLC*<br>**Via Electronic Mail** |
| Ashley C. Pack (WVSB #10477)<br>Sean D. Thomas (WVSB #13697)<br>DINSMORE & SHOHL LLP<br>707 Virginia Street, East, Suite 1300 (25301)<br>P.O. Box 11887<br>Charleston, WV  25339-1887<br>*Counsel for Blackhawk Mining, LLC*<br>**Via U.S. Mail** | Joseph U. Leonoro (WVSB #10501)<br>Jonathan Ellis (WVSB #10296)<br>Mark C. Dean (WVSB #12017)<br>STEPTOE & JOHNSON PLLC<br>P.O. Box 1588<br>Charleston, WV 25326-1588<br>*Counsel for Alpha Natural Resources*<br>*Services, LLC; Cleveland-Cliffs Princeton*<br>*Coal Inc.; and Contura Energy, Inc.*<br>**Via Electronic Mail** |

Jonathan Ellis (WVSB #10296)
Mark C. Dean (WVSB #12017)
STEPTOE & JOHNSON PLLC
P.O. Box 1588
Charleston, WV 25326-1588
*Counsel for Pocahontas Coal Company LLC*
*d/b/a Affinity Coal Company, LLC and United*
*Coal Company, LLC*
**Via Electronic Mail**

|  | /s/ Michael D. Mullins |
|---|---|
| **STEPTOE & JOHNSON PLLC** | Michael D. Mullins (WVSB No. 7754) |
| Of Counsel | Christopher S. Etheredge (WVSB #13835) |
|  | P. O. Box 1588 |
|  | Charleston, WV 25326-1588 |
|  | Telephone (304)-353-8000 |
|  | Facsimile (304)-353-8180 |
|  | Michael.Mullins@steptoe-johnson.com |
|  | Christopher.Etheredge@steptoe-johnson.com |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY

       Plaintiff,

v.                                                                    Civil Action No. 2:23-cv-00005

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

       Defendants.

## CERTIFICATE OF SERVICE

     I hereby certify that on the 9th day of March, 2023, I electronically filed the foregoing Certificate of Service of "Defendant Arch Resources, Inc.'s Rule 26(a)(1) Initial Disclosures" with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to counsel of record.

16222815v1

I hereby certify that on the 9th day of March, 2023, I served a full and complete copy of the foregoing "Defendant Arch Resources, Inc.'s Rule 26(a)(1) Initial Disclosures" on counsel of record, by first class United States mail, postage prepaid, in envelopes addressed as follows:

Mark A. Atkinson
John-Mark Atkinson
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311

Jonathan R. Ellis
Joseph U. Leonoro
Mark C. Dean
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Mathew A. Nelson
LEWIS BRISBOIS BISGAARD & SMITH
707 Virginia Street East
Suite 1400
Charleston, WV 25301

Michael D. Mullins
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Ashley C. Pack
Sean Thomas
DINSMORE & SHOHL LLP
707 Virginia Street East
Suite 1300
Charleston, WV 25301

**STEPTOE & JOHNSON PLLC**
OF COUNSEL

*/s/ Mark G. Jeffries*
C. David Morrison   (WVSB #2643)
Michael J. Moore    (WVSB #12009)
Mark G. Jeffries    (WVSB #11618)
400 White Oaks Boulevard
Bridgeport, WV 26330
Phone (304) 933-8000
Fax (304) 933-8183
michael.moore@steptoe-johnson.com
david.morrison@steptoe-johnson.com
mark.jeffries@steptoe-johnson.com

***Counsel for Defendants***

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY

        Plaintiff,

v.                                                                    Civil Action No. 2:23-cv-00005

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

        Defendants.

## CERTIFICATE OF SERVICE

      I hereby certify that on the 9th day of March, 2023, I electronically filed the

foregoing Certificate of Service of "Defendant Mingo Logan Coal, LLC's Rule 26(a)(1) Initial

Disclosures" with the Clerk of the Court using the CM/ECF System, which will send notification

of such filing to counsel of record.

16216780v1

I hereby certify that on the 9th day of March, 2023, I served a full and complete copy of the foregoing "Defendant Mingo Logan Coal, LLC's Rule 26(a)(1) Initial Disclosures" on counsel of record, by first class United States mail, postage prepaid, in envelopes addressed as follows:

Mark A. Atkinson
John-Mark Atkinson
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311

Jonathan R. Ellis
Joseph U. Leonoro
Mark C. Dean
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Mathew A. Nelson
LEWIS BRISBOIS BISGAARD & SMITH
707 Virginia Street East
Suite 1400
Charleston, WV 25301

Michael D. Mullins
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Ashley C. Pack
Sean Thomas
DINSMORE & SHOHL LLP
707 Virginia Street East
Suite 1300
Charleston, WV 25301

/s/ Mark G. Jeffries
C. David Morrison   (WVSB #2643)
Michael J. Moore    (WVSB #12009)
Mark G. Jeffries    (WVSB #11618)
400 White Oaks Boulevard
Bridgeport, WV 26330
Phone (304) 933-8000
Fax (304) 933-8183
michael.moore@steptoe-johnson.com
david.morrison@steptoe-johnson.com
mark.jeffries@steptoe-johnson.com

**STEPTOE & JOHNSON PLLC**
OF COUNSEL

***Counsel for Defendants***

16216780v1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY

       Plaintiff,

v.                                              Civil Action No. 2:23-cv-00005

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

       Defendants.

## CERTIFICATE OF SERVICE

      I hereby certify that on the 10th day of March, 2023, I electronically filed the

foregoing Certificate of Service of "Defendant Mingo Logan Coal, LLC's First Set of

Interrogatories to Plaintiff" with the Clerk of the Court using the CM/ECF System, which will

send notification of such filing to counsel of record.

16071314.1

I hereby certify that on the 10th day of March, 2023, I served a full and complete copy of the foregoing "Defendant Mingo Logan Coal, LLC's First Set of Interrogatories to Plaintiff" on counsel of record, by first class United States mail, postage prepaid, in envelopes addressed as follows:

Mark A. Atkinson
John-Mark Atkinson
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311

Michael D. Mullins
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Jonathan R. Ellis
Joseph U. Leonoro
Mark C. Dean
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Ashley C. Pack
Sean Thomas
DINSMORE & SHOHL LLP
707 Virginia Street East
Suite 1300
Charleston, WV 25301

Mathew A. Nelson
LEWIS BRISBOIS BISGAARD & SMITH
707 Virginia Street East
Suite 1400
Charleston, WV 25301

/s/ Michael J. Moore
C. David Morrison   (WVSB #2643)
Michael J. Moore     (WVSB #12009)
Mark G. Jeffries      (WVSB #11618)
400 White Oaks Boulevard
Bridgeport, WV 26330
Phone (304) 933-8000
Fax (304) 933-8183
michael.moore@steptoe-johnson.com
david.morrison@steptoe-johnson.com
mark.jeffries@steptoe-johnson.com

**STEPTOE & JOHNSON PLLC**
OF COUNSEL

*Counsel for Defendants*

16071314.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

AMANDA ASBURY

        Plaintiff,

v.                                           Civil Action No. 2:23-cv-00005

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

        Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of March, 2023, I electronically filed the

foregoing Certificate of Service of "Defendant Mingo Logan Coal, LLC's First Set of Requests

for Production of Documents and Things to Plaintiff" with the Clerk of the Court using the

CM/ECF System, which will send notification of such filing to counsel of record.

16071573.1

I hereby certify that on the 10th day of March, 2023, I served a full and complete

copy of the foregoing "Defendant Mingo Logan Coal, LLC's First Set of Requests for Production

of Documents and Things to Plaintiff" on counsel of record, by first class United States mail,

postage prepaid, in envelopes addressed as follows:

Mark A. Atkinson
John-Mark Atkinson
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311

Michael D. Mullins
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Jonathan R. Ellis
Joseph U. Leonoro
Mark C. Dean
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Ashley C. Pack
Sean Thomas
DINSMORE & SHOHL LLP
707 Virginia Street East
Suite 1300
Charleston, WV 25301

Mathew A. Nelson
LEWIS BRISBOIS BISGAARD & SMITH
707 Virginia Street East
Suite 1400
Charleston, WV 25301

**STEPTOE & JOHNSON PLLC**
OF COUNSEL

/s/ Michael J. Moore
C. David Morrison   (WVSB #2643)
Michael J. Moore     (WVSB #12009)
Mark G. Jeffries     (WVSB #11618)
400 White Oaks Boulevard
Bridgeport, WV 26330
Phone (304) 933-8000
Fax (304) 933-8183
michael.moore@steptoe-johnson.com
david.morrison@steptoe-johnson.com
mark.jeffries@steptoe-johnson.com

*Counsel for Defendants*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

AMANDA ASBURY,

        Plaintiff,

v.                                CIVIL ACTION NO.   2:23-cv-00005

POCAHONTAS COAL
COMPANY LLC, et al.,

        Defendants.

### MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Plaintiff's Motion to Remand* (Document 26), the *Plaintiff's Memorandum in Support of Motion to Remand* (Document 27), *Arch Resources, Inc. and Mingo Logan Coal, LLC's Response to Motion to Remand* (Document 39), *Defendant Consol Energy Inc.'s Response to Plaintiff's Motion to Remand* (Document 40), *Defendant Alpha Natural Resources Services, LLC's and Contura Energy, Inc.'s Response to Plaintiff's Motion to Remand* (Document 41), *Blackhawk Mining, LLC's Response to Plaintiff's Motion to Remand* (Document 42), *Defendants Pocahontas Coal Company, LLC's and United Coal Company LLC's Response to Plaintiff's Motion to Remand* (Document 43), and the *Plaintiff's Reply to Defendants' Responses in Opposition to Plaintiff's Motion to Remand* (Document 44).

The Court has also reviewed *Arch Resources, Inc. and Mingo Logan Coal, LLC's Motion to Sever* (Document 21), the *Memorandum in Support of Arch Resources, Inc. and Mingo Logan Coal, LLC's Motion to Sever* (Document 22), the *Plaintiff's Response to Defendants Arch Resources, Inc. and Mingo Logan Coal LLC's Motion to Sever* (Document 28), *Arch Resources, Inc. and Mingo Logan Coal, LLC's Reply in Support of Motion to Sever* (Document 34), *Defendant*

*Consol Energy Inc.'s Reply to Plaintiff's Response to Defendants Arch Resources, Inc. & Mingo Logan Coal LLC's Motion to Sever* (Document 35), and *Blackhawk Mining, LLC's Reply in Support of Arch Resources, Inc. and Mingo Logan Coal LLC's Motion to Sever* (Document 37), as well as the other Defendants' motions to join in the motion to sever. For the reasons stated herein, the Court finds that the Court lacks jurisdiction to address the motion to sever, and the motion to remand should be granted.

## FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The Plaintiff, Amanda Asbury, initiated this action with a *Complaint* (Document 2-1) filed on November 30, 2022, in the Circuit Court of Boone County, West Virginia. She named the following Defendants: Pocahontas Coal Company LLC, Affinity Coal Company, LLC, United Coal Company, LLC, Blackhawk Mining, LLC, Arch Resources, Inc., Mingo Logan Coal LLC, Cleveland-Cliffs Princeton Coal Inc., GMS Mine Repair and Maintenance, Inc., David Stanley Consultants, LLC, Contura Energy, Inc., Alpha Natural Resources Services, LLC, Consol Energy Inc., and Stanhurst, LLC.

Ms. Asbury was employed at Pinnacle Mining for approximately 12 years, until she was discharged when the mine shut down on or about December 18, 2018. She is experienced in various positions and has numerous certifications related to coal mining. The Defendants are all coal mine employers. Ms. Asbury applied for positions with each of the Defendants beginning in 2020. She applied in person, online, at job fairs, and through recruiting sites, and had interviews for some positions. Despite being qualified for the positions for which she applied, each of the Defendants refused to hire her and, instead, hired male applicants. Employees at Affinity Coal Company and United Coal Company told her that she would not be hired because the mine did not

2

have a female bath house.   She alleges that the Defendants did not hire her based in whole or in part on her gender, in violation of the West Virginia Human Rights Act.

Ms. Asbury is a West Virginia resident.   She alleges that each of the Defendants were doing business in West Virginia at all relevant times.   However, she alleges that the Defendants are incorporated and/or headquartered in different states.   She alleges that Pocahontas Coal Company, doing business as Affinity Coal Company, Cleveland-Cliffs Princeton Coal, David Stanley Consultants, and Stanhurst are West Virginia companies, that United Coal Company is a Virginia company, that Blackhawk Mining is a Kentucky company, that Arch Resources, Mingo Logan Coal, Alpha Natural Resources, and Consol Energy are Delaware companies, and that GMS Mine Repair and Maintenance is a Maryland company.[1]

Defendants Arch Resources and Mingo Logan Coal timely removed the action on January 4, 2023.   They assert diversity jurisdiction, contending that the Defendants are not properly joined and so the Court should disregard the non-diverse citizenship of Ms. Asbury and some of the Defendants' companies.   Arch Resources and Mingo Logan Coal filed a motion to sever on January 20, 2023.   Ms. Asbury responded to the motion to sever and filed a motion to remand on February 3, 2023.   Briefing on both motions is complete.

## STANDARD OF REVIEW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction.   28 U.S.C. § 1441(a).[2]   This Court has original

---

1 The citizenship of certain defendants is contested, but it is uncontested that the Plaintiff named non-diverse Defendants that are considered West Virginia citizens for jurisdiction purposes.
2    Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action
> brought in a State court of which the district courts of the United States have

3

jurisdiction of all civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1)-(2). Generally, every defendant must be a citizen of a state different from every plaintiff for complete diversity to exist. Diversity of citizenship must be established at the time of removal. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).

Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441. Section 1446 requires that "[a] defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Additionally, Section 1446 requires a defendant to file a notice of removal within thirty days after receipt of the initial pleading. It is a long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *Strawn et al. v. AT&T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). Accordingly, in this case, the removing defendant has the burden to show the existence of diversity jurisdiction by a preponderance of the evidence. *See White v. Chase Bank USA, NA.*, Civil Action

---

original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

4

No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W.Va. Aug. 26, 2009) (Faber, J.) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp. 2d 481,488 (S.D. W.Va. 2001)).   In deciding whether to remand, because removal by its nature infringes upon state sovereignty, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction."   *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

## DISCUSSION

The Defendants contend that the claims against each Defendant arose from separate transactions, with no alleged coordination between the Defendants regarding their hiring practices. They argue that the claims are not sufficiently related to be properly joined, and ask the Court to sever the cases, remand the cases against non-diverse Defendants, and retain jurisdiction over the cases against diverse Defendants.   The Defendants rely on cases from this district and elsewhere, applying the theory of fraudulent or procedural misjoinder.

The Plaintiff asserts that her claims present common questions of law and fact, given that she alleges each Defendant failed to hire her because of her gender and instead hired a male job applicant.   If the Court refuses to keep the claims together in one case, she requests that claims as to related companies remain joined.

"The 'fraudulent joinder' doctrine permits removal when a non-diverse party is (or has been) a defendant in the case...This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction."   *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).   The Fourth Circuit sets a high standard for defendants attempting to demonstrate fraudulent joinder: "[T]he removing party must establish either: that

5

there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or; that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* at 464 (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)) (emphasis in original; brackets removed). Courts may consider the record beyond the pleadings to "determine the basis of joinder" and "whether an attempted joinder is fraudulent." *AIDS Counseling & Testing Centers v. Grp. W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990) (internal quotation marks and citations omitted).

The Fourth Circuit has described the standard for fraudulent joinder as "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley*, 187 F.3d at 424. Furthermore, "all legal uncertainties are to be resolved in the plaintiff's favor in determining whether fraudulent joinder exists" and "courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Id.* at 425 (internal quotation marks removed).

Some district courts in this circuit have extended the reasoning in *Mayes* and *Hartley*, which involved arguments that a claim against a non-diverse defendant was legally invalid, to cases like this one, with valid claims against non-diverse defendants that are allegedly improperly joined with valid claims against diverse defendants. "Fraudulent misjoinder...is an assertion that claims against certain defendants, while provable, have no real connection to the claims against other defendants in the same action and were only included in order to defeat diversity jurisdiction and removal." *See, e.g.*, *Wyatt v. Charleston Area Med. Ctr., Inc.*, 651 F. Supp. 2d 492, 496 (S.D.W. Va. 2009) (Goodwin, C.J.). "The doctrine of fraudulent misjoinder is relatively new and not clearly defined." *Id.* In *Wyatt*, Judge Goodwin found that in addition to applying Rule 20 to

6

determine whether the claims were properly joined, the Court would also "need to find…that there was 'something more' than mere misjoinder" to warrant severing and remanding the non-diverse defendants.  *Id.* at 498–99.[3]

However, the Court is not convinced that it can engage in an analysis of whether to sever claims under Rule 20 of the Federal Rules of Civil Procedure without jurisdiction—and there is no dispute that the Court lacks jurisdiction as to some of the named Defendants.  The Fourth Circuit has not adopted a fraudulent misjoinder rule permitting federal courts to exercise diversity jurisdiction over cases with claims against non-diverse defendants, sever and remand as to those defendants, and proceed with removed claims against diverse defendants.  Judge Bruce Howe Hendricks in the District of South Carolina recently issued an opinion outlining the theory and case law supporting application of the fraudulent misjoinder doctrine.  *Stallings v. Arch Ins. Co.*, No. CV 2:21-3349-BHH, 2022 WL 4663250 (D.S.C. Sept. 30, 2022).  The Court finds her excellent and thorough reasoning persuasive and adopts it in full.  She explained that "because Plaintiff's complaint was first filed in State court and subsequently removed, the issue whether this Court has subject matter jurisdiction is a threshold question antecedent to application of Rules 20 and 21 in the manner that Defendants propose."  *Id.* at 4.  In short, neither Fourth Circuit precedent nor the language of 28 U.S.C. §1441 permit removal, on the basis of diversity jurisdiction, without either complete diversity or fraudulent joinder.  As previously stated,

---

3 Because the Court finds that it lacks jurisdiction and cannot properly address the motion to sever, the Court need not address the fraudulent misjoinder arguments further.  However, if the Court accepted the fraudulent misjoinder doctrine, remand would remain appropriate because the Defendants have not established anything more egregious than potential misjoinder.  It is not clear to the Court that these claims are in fact misjoined: the Plaintiff alleges a series of transactions in which she applied for open positions at the Defendant coal companies and was rejected in favor of male applicants.  She also alleges being informed in at least one instance that the company lacked facilities for female employees.  The Defendants argue that there is no allegation of coordination in their decision-making, but there is some indication that she may be able to demonstrate a collective industry practice of failing to provide facilities for female employees, and therefore rejecting all female applicants.

7

fraudulent joinder requires either "outright fraud in the pleading of jurisdictional facts" or a showing that the "plaintiff has no cause of action against [the non-diverse defendant] in State court." *Id.* at *5. As Judge Hendricks explained, any motion to sever can be raised before the state court, which has jurisdiction to consider that question. *Id.*; *see also United States v. Wilson*, 699 F.3d 789, 793 (4th Cir. 2012) ("Subject matter jurisdiction defines a court's power to adjudicate cases or controversies—its adjudicatory authority—and without it, a court can only decide that it does not have jurisdiction.") Therefore, the Court finds that the motion to remand must be granted.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Motion to Remand* (Document 26) be **GRANTED** and that this matter be **REMANDED** to the Circuit Court of Boone County, West Virginia, for further proceedings. Any pending motions are hereby **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Clerk of the Circuit Court of Boone County, West Virginia, to counsel of record, and to any unrepresented party.

ENTER:      March 14, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

AMANDA ASBURY,

　　　　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　CIVIL ACTION NO.  2:23-cv-00005

POCAHONTAS COAL
COMPANY LLC, et al.,

　　　　　　　　　　Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Plaintiff's Motion to Remand* (Document 26), the *Plaintiff's Memorandum in Support of Motion to Remand* (Document 27), *Arch Resources, Inc. and Mingo Logan Coal, LLC's Response to Motion to Remand* (Document 39), *Defendant Consol Energy Inc.'s Response to Plaintiff's Motion to Remand* (Document 40), *Defendant Alpha Natural Resources Services, LLC's and Contura Energy, Inc.'s Response to Plaintiff's Motion to Remand* (Document 41), *Blackhawk Mining, LLC's Response to Plaintiff's Motion to Remand* (Document 42), *Defendants Pocahontas Coal Company, LLC's and United Coal Company LLC's Response to Plaintiff's Motion to Remand* (Document 43), and the *Plaintiff's Reply to Defendants' Responses in Opposition to Plaintiff's Motion to Remand* (Document 44).

The Court has also reviewed *Arch Resources, Inc. and Mingo Logan Coal, LLC's Motion to Sever* (Document 21), the *Memorandum in Support of Arch Resources, Inc. and Mingo Logan Coal, LLC's Motion to Sever* (Document 22), the *Plaintiff's Response to Defendants Arch Resources, Inc. and Mingo Logan Coal LLC's Motion to Sever* (Document 28), *Arch Resources, Inc. and Mingo Logan Coal, LLC's Reply in Support of Motion to Sever* (Document 34), *Defendant*

*Consol Energy Inc.'s Reply to Plaintiff's Response to Defendants Arch Resources, Inc. & Mingo Logan Coal LLC's Motion to Sever* (Document 35), and *Blackhawk Mining, LLC's Reply in Support of Arch Resources, Inc. and Mingo Logan Coal LLC's Motion to Sever* (Document 37), as well as the other Defendants' motions to join in the motion to sever. For the reasons stated herein, the Court finds that the Court lacks jurisdiction to address the motion to sever, and the motion to remand should be granted.

## FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The Plaintiff, Amanda Asbury, initiated this action with a *Complaint* (Document 2-1) filed on November 30, 2022, in the Circuit Court of Boone County, West Virginia. She named the following Defendants: Pocahontas Coal Company LLC, Affinity Coal Company, LLC, United Coal Company, LLC, Blackhawk Mining, LLC, Arch Resources, Inc., Mingo Logan Coal LLC, Cleveland-Cliffs Princeton Coal Inc., GMS Mine Repair and Maintenance, Inc., David Stanley Consultants, LLC, Contura Energy, Inc., Alpha Natural Resources Services, LLC, Consol Energy Inc., and Stanhurst, LLC.

Ms. Asbury was employed at Pinnacle Mining for approximately 12 years, until she was discharged when the mine shut down on or about December 18, 2018. She is experienced in various positions and has numerous certifications related to coal mining. The Defendants are all coal mine employers. Ms. Asbury applied for positions with each of the Defendants beginning in 2020. She applied in person, online, at job fairs, and through recruiting sites, and had interviews for some positions. Despite being qualified for the positions for which she applied, each of the Defendants refused to hire her and, instead, hired male applicants. Employees at Affinity Coal Company and United Coal Company told her that she would not be hired because the mine did not

2

have a female bath house.   She alleges that the Defendants did not hire her based in whole or in part on her gender, in violation of the West Virginia Human Rights Act.

Ms. Asbury is a West Virginia resident.   She alleges that each of the Defendants were doing business in West Virginia at all relevant times.   However, she alleges that the Defendants are incorporated and/or headquartered in different states.   She alleges that Pocahontas Coal Company, doing business as Affinity Coal Company, Cleveland-Cliffs Princeton Coal, David Stanley Consultants, and Stanhurst are West Virginia companies, that United Coal Company is a Virginia company, that Blackhawk Mining is a Kentucky company, that Arch Resources, Mingo Logan Coal, Alpha Natural Resources, and Consol Energy are Delaware companies, and that GMS Mine Repair and Maintenance is a Maryland company.[1]

Defendants Arch Resources and Mingo Logan Coal timely removed the action on January 4, 2023.   They assert diversity jurisdiction, contending that the Defendants are not properly joined and so the Court should disregard the non-diverse citizenship of Ms. Asbury and some of the Defendants' companies.   Arch Resources and Mingo Logan Coal filed a motion to sever on January 20, 2023.   Ms. Asbury responded to the motion to sever and filed a motion to remand on February 3, 2023.   Briefing on both motions is complete.

## STANDARD OF REVIEW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction.   28 U.S.C. § 1441(a).[2]   This Court has original

---

[1] The citizenship of certain defendants is contested, but it is uncontested that the Plaintiff named non-diverse Defendants that are considered West Virginia citizens for jurisdiction purposes.

[2]     Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action
> brought in a State court of which the district courts of the United States have

3

jurisdiction of all civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1)-(2). Generally, every defendant must be a citizen of a state different from every plaintiff for complete diversity to exist. Diversity of citizenship must be established at the time of removal. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).

Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441. Section 1446 requires that "[a] defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Additionally, Section 1446 requires a defendant to file a notice of removal within thirty days after receipt of the initial pleading. It is a long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). Accordingly, in this case, the removing defendant has the burden to show the existence of diversity jurisdiction by a preponderance of the evidence. *See White v. Chase Bank USA, NA.*, Civil Action

---

original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

4

No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W.Va. Aug. 26, 2009) (Faber, J.) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp. 2d 481,488 (S.D. W.Va. 2001)). In deciding whether to remand, because removal by its nature infringes upon state sovereignty, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

## DISCUSSION

The Defendants contend that the claims against each Defendant arose from separate transactions, with no alleged coordination between the Defendants regarding their hiring practices. They argue that the claims are not sufficiently related to be properly joined, and ask the Court to sever the cases, remand the cases against non-diverse Defendants, and retain jurisdiction over the cases against diverse Defendants. The Defendants rely on cases from this district and elsewhere, applying the theory of fraudulent or procedural misjoinder.

The Plaintiff asserts that her claims present common questions of law and fact, given that she alleges each Defendant failed to hire her because of her gender and instead hired a male job applicant. If the Court refuses to keep the claims together in one case, she requests that claims as to related companies remain joined.

"The 'fraudulent joinder' doctrine permits removal when a non-diverse party is (or has been) a defendant in the case…This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The Fourth Circuit sets a high standard for defendants attempting to demonstrate fraudulent joinder: "[T]he removing party must establish either: that

there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or; that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* at 464 (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)) (emphasis in original; brackets removed). Courts may consider the record beyond the pleadings to "determine the basis of joinder" and "whether an attempted joinder is fraudulent." *AIDS Counseling & Testing Centers v. Grp. W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990) (internal quotation marks and citations omitted).

The Fourth Circuit has described the standard for fraudulent joinder as "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley*, 187 F.3d at 424. Furthermore, "all legal uncertainties are to be resolved in the plaintiff's favor in determining whether fraudulent joinder exists" and "courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Id.* at 425 (internal quotation marks removed).

Some district courts in this circuit have extended the reasoning in *Mayes* and *Hartley*, which involved arguments that a claim against a non-diverse defendant was legally invalid, to cases like this one, with valid claims against non-diverse defendants that are allegedly improperly joined with valid claims against diverse defendants. "Fraudulent misjoinder...is an assertion that claims against certain defendants, while provable, have no real connection to the claims against other defendants in the same action and were only included in order to defeat diversity jurisdiction and removal." *See, e.g.*, *Wyatt v. Charleston Area Med. Ctr., Inc.*, 651 F. Supp. 2d 492, 496 (S.D.W. Va. 2009) (Goodwin, C.J.). "The doctrine of fraudulent misjoinder is relatively new and not clearly defined." *Id.* In *Wyatt*, Judge Goodwin found that in addition to applying Rule 20 to

6

determine whether the claims were properly joined, the Court would also "need to find…that there was 'something more' than mere misjoinder" to warrant severing and remanding the non-diverse defendants. *Id.* at 498–99.[3]

However, the Court is not convinced that it can engage in an analysis of whether to sever claims under Rule 20 of the Federal Rules of Civil Procedure without jurisdiction—and there is no dispute that the Court lacks jurisdiction as to some of the named Defendants. The Fourth Circuit has not adopted a fraudulent misjoinder rule permitting federal courts to exercise diversity jurisdiction over cases with claims against non-diverse defendants, sever and remand as to those defendants, and proceed with removed claims against diverse defendants. Judge Bruce Howe Hendricks in the District of South Carolina recently issued an opinion outlining the theory and case law supporting application of the fraudulent misjoinder doctrine. *Stallings v. Arch Ins. Co.*, No. CV 2:21-3349-BHH, 2022 WL 4663250 (D.S.C. Sept. 30, 2022). The Court finds her excellent and thorough reasoning persuasive and adopts it in full. She explained that "because Plaintiff's complaint was first filed in State court and subsequently removed, the issue whether this Court has subject matter jurisdiction is a threshold question antecedent to application of Rules 20 and 21 in the manner that Defendants propose." *Id.* at 4. In short, neither Fourth Circuit precedent nor the language of 28 U.S.C. §1441 permit removal, on the basis of diversity jurisdiction, without either complete diversity or fraudulent joinder. As previously stated,

---

3 Because the Court finds that it lacks jurisdiction and cannot properly address the motion to sever, the Court need not address the fraudulent misjoinder arguments further. However, if the Court accepted the fraudulent misjoinder doctrine, remand would remain appropriate because the Defendants have not established anything more egregious than potential misjoinder. It is not clear to the Court that these claims are in fact misjoined: the Plaintiff alleges a series of transactions in which she applied for open positions at the Defendant coal companies and was rejected in favor of male applicants. She also alleges being informed in at least one instance that the company lacked facilities for female employees. The Defendants argue that there is no allegation of coordination in their decision-making, but there is some indication that she may be able to demonstrate a collective industry practice of failing to provide facilities for female employees, and therefore rejecting all female applicants.

7

fraudulent joinder requires either "outright fraud in the pleading of jurisdictional facts" or a showing that the "plaintiff has no cause of action against [the non-diverse defendant] in State court." *Id.* at *5. As Judge Hendricks explained, any motion to sever can be raised before the state court, which has jurisdiction to consider that question. *Id.*; *see also United States v. Wilson*, 699 F.3d 789, 793 (4th Cir. 2012) ("Subject matter jurisdiction defines a court's power to adjudicate cases or controversies—its adjudicatory authority—and without it, a court can only decide that it does not have jurisdiction.") Therefore, the Court finds that the motion to remand must be granted.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Motion to Remand* (Document 26) be **GRANTED** and that this matter be **REMANDED** to the Circuit Court of Boone County, West Virginia, for further proceedings. Any pending motions are hereby **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Clerk of the Circuit Court of Boone County, West Virginia, to counsel of record, and to any unrepresented party.

ENTER:      March 14, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

A TRUE COPY CERTIFIED ON
3/14/2023
[Date]
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia
By: s/ Keri Weeks, Deputy

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

**CHARLESTON**
Suite 2400
300 Virginia Street, East
Charleston, WV 25301

P. O. Box 2546
Charleston, WV 25329
304/347-3000

www.wvsd.uscourts.gov

**Reply to: Charleston**



**THOMAS E. JOHNSTON**
Chief Judge
**RORY L. PERRY II**
Clerk Of Court

**HUNTINGTON**
Room 101
845 Fifth Avenue
Huntington, WV 25701
304/529-5588
**BECKLEY**
Room 119
110 North Heber Street
Beckley, WV 25801
304/253-7481
**BLUEFIELD**
Room 1000
601 Federal Street
Bluefield, WV 24701
304/327-9798

March 14, 2023

Samuel R. Burns, Clerk
Boone County Courthouse
200 State Street, Suite 202
Madison, WV 25130

> Re: Asbury v. Pocahontas Coal Company LLC et al; Civil Action No. 2:23-cv-00005;
> Your Civil Action No. 22-C-89

Dear Mr. Burns:

The above-noted civil action has been remanded to the Circuit Court of Boone County, West Virginia pursuant to the Memorandum Opinion and Order entered this day by the Honorable Irene C. Berger.

Enclosed please find the file maintained for this case during its pendency in our Court and a certified copy of the docket sheet. Please note that a certified copy of the Memorandum Opinion and Order has been substituted in lieu of the original.

Please acknowledge receipt of the enclosed on the copy of this letter attached.

Very truly yours,

RORY L. PERRY, CLERK OF COURT

By: _____s/Kerri Weese_____
Deputy Clerk

Receipt is hereby acknowledged of the items described herein:

Date: _____

SAMUEL R. BURNS, CIRCUIT COURT
OF BOONE COUNTY, WEST VIRGINIA

By: _____
Deputy Clerk



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  John-Mark Atkinson
johnmark@amplaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company

CC-03-2022-C-89

The following supporting documents was FILED on 3/15/2023 1:45:52 PM

Notice Date:   3/15/2023 1:45:52 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Michael James Moore
michael.moore@steptoe-johnson.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 3/15/2023 1:45:52 PM

Notice Date:    3/15/2023 1:45:52 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Amy Marie Smith
amy.smith@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company

CC-03-2022-C-89

The following supporting documents was FILED on 3/15/2023 1:45:52 PM

Notice Date:    3/15/2023 1:45:52 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

E-FILED | 4/25/2023 11:22 AM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

**AMANDA ASBURY,**
  *Plaintiff*,

**v.**             Civil Action No. 22-C-89
                Judge Stacy L. Nowicki-Eldridge

**POCAHONTAS COAL
COMPANY, LLC,** *et al.***,**
  *Defendants*.

### CONSOL ENERGY, INC'S MOTION TO SEVER

NOW COMES Defendant, CONSOL Energy, Inc. ("CONSOL"), by counsel, and pursuant to Rule 21 of the *West Virginia Rules of Civil Procedure*, hereby moves that the allegations set forth in Plaintiff's Complaint as to CONSOL be severed from those set forth against the other Defendants and that Plaintiff be permitted to proceed in her claims against CONSOL only as an individual defendant in a separate and distinct action.

As noted below and more fully elsewhere in the record, the Defendants in this matter were misjoined because the claims against them do not arise from the same transactions or occurrences nor involve common questions of law and fact. To the contrary, Plaintiff's Complaint alleges nothing more than that each of the Defendants violated Plaintiffs' rights in a similar manner during separate and distinct transactions and occurrences. Such allegations are insufficient to form the basis for joining multiple defendants in a single action as a matter of law. Accordingly, CONSOL is entitled to have Plaintiff's claims against it severed from those Plaintiff alleges against the other named defendants, and in support hereof states as follows:

### Background

Plaintiff filed her Complaint in this action on November 30, 2022 in this Court. *See* Pl.'s Compl. Therein, Plaintiff alleges that she applied for employment with each of the named defendants and that none of them hired her. *See id.* Specific to CONSOL, Plaintiff alleges that she

applied for but was not hired as a "certified underground electrician, electrician, underground coal miner, and tracking & communications technician." *See id.* at ¶ 34.

On January 4, 2023, Defendants Arch Resources, Inc. ("Arch") and Mingo Logan Coal Company ("Mingo Logan") removed this action to federal court based on diversity jurisdiction. *See* Notice of Removal. Therein, Arch and Mingo Logan argued that "[a]part from parties fraudulently misjoined or otherwise not properly joined and served and/or nominal parties, the dispute is between citizens of different states." *Id.* at 3. CONSOL consented to removal on the same day the Notice thereof was filed. *See* CONSOL Consent to Removal. The next day, January 4, 2023, CONSOL filed its Answer. *See* CONSOL Answer. Therein, CONSOL "reserve[d] the right to argue that it was inappropriately joined with the other Defendants in this matter." *Id.* at 9.

On January 20, 2023, Arch and Mingo Logan filed their Motion to Sever and Memorandum in Support thereof (the "District Court Motion to Sever"). Therein, Arch and Mingo Logan argued that they, along with the other Defendants (including CONSOL), were inappropriately and/or fraudulently misjoined in this action because "these cases have absolutely nothing to do with each other." District Court Motion to Sever at 2; *see Wyatt v. Charleston Area Med. Ctr., Inc.*, 651 F. Supp. 2d 492, 496 (S.D. W. Va. 2009) ("Fraudulent misjoinder . . . is an assertion that claims against certain defendants, while provable, have no real connection to the claims against other defendants in the same action and were only included in order to defeat diversity jurisdiction and removal."). On February 3, 2023, CONSOL joined in the District Court Motion to Sever.

On February 3, 2023, Plaintiff filed her Motion to Remand, arguing that the District Court did not have jurisdiction over this action as presently constituted because there is not complete diversity among the parties.

On March 14, 2023, the District Court entered its Memorandum Opinion and Order (the "Order") remanding this action to this Court. Therein, the Court granted Plaintiff's Motion to Remand and terminated the District Court Motion to Sever as moot pending resolution of the misjoinder issues before this Court. *See* Order at 8 (noting that "any motion to sever can be raised before the state court, which has jurisdiction to hear that question"). In reaching its conclusion, the District Court was careful to note that its decision was guided by the principle that federal courts "should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Order at 6 (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)) (noting that "the doctrine of fraudulent misjoinder is relatively new and not clearly defined").

Importantly, the District Court did not set forth any substantive rulings regarding the merits of Defendants' arguments regarding fraudulent misjoinder. Rather, the Court simply held that it was without jurisdiction to consider those arguments because "[t]he Fourth Circuit has not adopted a fraudulent misjoinder rule permitting federal courts to exercise diversity jurisdiction over cases with claims against non-diverse defendants, sever and remand as to those defendants, and proceed with removed claims against diverse defendants." Order at 6–7. Accordingly, the District Court granted Plaintiff's motion to remand and terminated the District Court Motion to Sever as moot pending resolution of misjoinder issues before this Court.

During remand, the entire docket was transferred to this Court, including the District Court Motion to Sever and all Responses and Replies thereto. Insomuch as the District Court Motion to Sever has been fully briefed, the same is ripe for adjudication before this Court.

**Discussion**

I.    **CONSOL adopts and incorporates the District Court Motion to Sever and CONSOL's Reply in support thereof as if fully set forth herein.**

The West Virginia and Federal Rules of Civil Procedure governing misjoinder are virtually identical to one another. *Compare* W. Va. R. Civ. P. 21("Parties may be dropped or added by order of the court on motion of any party or of its own initiative  at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.") *with* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

Accordingly, courts determining whether misjoinder is present typically consider both state and federal authorities. *See Grennell v. Western Southern Life Ins. Co.*, 298 F. Supp. 2d 390, 397 (S.D. W. Va. Jan 6, 2004) (noting that "this Court need not decide whether to apply federal or state law regarding permissive joinder, as the two are identical in West Virginia"); *State ex rel. Energy Corp. of America v. Marks*, 235 W. Va. 465, 469–70 n. 6 (2015) ("Because the West Virginia Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, we often refer to interpretations of the Federal Rules when discussing our own rules.").

Here, as noted above, the District Court Motion to Sever was fully briefed below. Importantly, Judge Berger did not make any substantive rulings on the Motion, holding only that the district court lacked jurisdiction to rule on the issues it interposed. However, this Court certainly has jurisdiction to sever Plaintiff's claims. And as more fully developed in the District Court Motion to Sever and CONSOL's Reply in support thereof, CONSOL is entitled to severance of Plaintiff's claims from those alleged against the other named Defendants as a matter of law. Accordingly, and in the interest of judicial economy, CONSOL adopts each of the arguments set

forth in the District Court Motion to Sever and CONSOL's Reply in support thereof as if fully set forth herein.

## II.    West Virginia law provides additional authority as to why Plaintiff's claims must be severed.

Neither the West Virginia nor Federal Rules regarding severance set forth the standard for determining misjoinder. However, "courts have uniformly held that 'parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a)." *Jonas v. Conrath*, 149 F.R.D. 520, 523 (S.D. W. Va. 1993).

In turn, West Virginia law provides as follows with respect to permissive joinder:

All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions of occurrences and if any question of law or fact common to all defendants will arise in the action . . . .

W. Va. R. Civ. P. 20(a). In other words:

[U]nder *West Virginia Rule of Civil Procedure* 20(a), persons may be joined in one action as defendants if: (1) any right to relief is asserted against them with respect to or arising out of the same transaction, occurrence, or series of occurrences, and (2) any question of law or fact common to all of the defendants will arise in the action. ***Under Rule 20(a), joinder of defendants is proper only if both of these requirements are satisfied***.

*State ex rel. Energy Corp. of America v. Marks*, 235 W. Va. 465, 470 (2015) (emphasis added).

Joinder of the defendants in this action was inappropriate because Plaintiff's claims against the respective defendants do not arise from the same transaction or occurrence nor involve common questions of fact. Plaintiff has sued a dozen companies and alleges that each refused to hire her for discriminatory purposes over a period of several years. *See* Pl.'s Compl. at ¶¶ 18–44 (alleging that Plaintiff lost her job in 2018 and describing her efforts to secure employment from 2020–22). The Complaint does not even identify the date on which CONSOL allegedly denied

5

Plaintiff's employment. *See* Pl.'s Compl. at ¶ 34 (noting only that Plaintiff applied for several positions and was not hired).

The Defendant companies do not share a thing in common aside from the fact that each appears to be a mining related business that Plaintiff claims did not hire her. Plaintiff does not allege that the Defendants colluded with one another or otherwise conspired to prevent her from securing employment. Thus, to the extent that there is any overlap in Plaintiff's claims as to the individual Defendants, such overlap is coincidental at best and arises simply from the fact that Plaintiff happened to be looking for a job.

Presumably, each of the Defendant companies have different hiring managers, different hiring procedures, different needs, different locations, and different job requirements. Plaintiff acknowledged that the manner in which she applied to the Defendant companies varied. *See, e.g.*, *id.* at ¶ 40 ("The plaintiff applied for positions from the defendants in person, at job fairs, online, through ZipRecruiter, Indeed, Facebook, and Consol [sic] Energy, Inc. and Blackhawk Mining, LLC's own websites."). Plaintiff alleges that the Defendant companies refused to hire her for different reasons. *See*, *e.g.*, *id.* at ¶ 38 (Plaintiff was told she would likely be hired); *but see id.* at ¶ 39 (Plaintiff allegedly was not hired because the company did not have a female bath house). As to CONSOL, Plaintiff does not specify why she alleges she was not hired. *See id.* at ¶ 34 (stating only that CONSOL did not hire her).

Plaintiff's misjoinder of the Defendants in this action flies in the face of the principles of law upon which the doctrine of joinder was developed. *See State ex rel. Energy Corp. of America v. Marks*, 235 W. Va. 465, 470 (2015) (noting that joinder is appropriate only when there is "substantial evidentiary overlap between them" such that "the claims involve enough related operative facts to make joinder in a single claim *fair*") (emphasis added); *State ex rel. J.C. v.*

*Mazzone*, 233 W. Va. 457, 464 (2014) (noting that multiple parties may be joined in an action only if "the essential facts of the various claims are so logically connected that considerations of *judicial economy* and *fairness* dictate that all issues be resolved in one lawsuit") (emphasis added); Cleckey, Davis, & Palmer, *Litigation Handbook* § 21 at 574 ("If a trial court finds that a plaintiff has misjoined parties, the court should sever those parties or claims.").

To try Plaintiff's claims together would require the jury to juggle and appropriately assess the hiring procedures and metrics of a dozen unrelated entities spanning a several-year period during the height of the COVID-19 pandemic, when market conditions, the employment market, and the mining market in particular, fluctuated precipitously. Undoubtedly, CONSOL would be subject to extraordinary prejudice if it were forced to defend against Plaintiff's claims in the context of eleven other similar, but wholly unrelated actions concerning different entities, different witnesses, different policies, different needs, and under different market conditions.

One need not think too deeply to discern the many prejudices which could result between and among the Defendants in this action if they are forced to defend against Plaintiff's allegations in a single trial.[1] Indeed, CONSOL is hard pressed to think of any trial conditions which could be more unfair, prejudicial, and contrary to the interests of justice than forcing twelve wholly unrelated defendant-employers to compete for the jury's attention in defense of a plaintiff's blanket accusation that each such defendant, on different occasions, under different circumstances, operating pursuant to different policies which were implemented by different people, wrongfully

---

[1]    *See United States v. McRae*, 702 F.3d 806 (5th Cir. 2012) (finding defendant was prejudiced by trial court's refusal to sever from other defendants because the spillover effect from the evidence presented in connection with his four co-defendants denied him a fair trial); *United States v. Mannie*, 509 F.3d 951 (7th Cir. 2007) (defendant denied fair trial due to disruptive behavior of co-defendant during proceedings); *United States v. Tarango*, 3967 F.3d 666 (5th Cir. 2005) (defendant denied fair trial when majority of evidence focused on absent co-defendant).

refused to hire the plaintiff. Such misjoinder obviously flies in the face of "fairness" and contravenes the principles upon which the doctrine of joinder was developed.

Plaintiff inappropriately joined her claims against the Defendants in this matter. Accordingly, CONSOL prays that its Motion to Sever be granted.

<u>Conclusion</u>

The fact in this case are virtually indistinguishable from those in which courts throughout the country have held that the defendants were impermissibly joined. To the extent that the individual Defendants share anything in common, such commonalities are coincidental at best and are wholly insufficient to establish that Plaintiff's claims arise from the same transaction(s) or occurrence(s). Accordingly, this Court should grant this Motion, sever Plaintiff's claims against CONSOL from her claims against the other individual Defendants, and permit Plaintiff to proceed against CONSOL only as an individual defendant in a severed and separate action.

CONSOL avers that this Motion is ripe for ruling and should be granted on the written submissions alone. However, if the Court feels that oral arguments would aid in its determination of this matter, CONSOL prays that the Court notice such arguments at the earliest convenient time.

**CONSOL ENERGY, INC.,**
**By counsel,**


*/s/Christopher S. Etheredge*
Michael D. Mullins (WVSB No. 7754)
Christopher S. Etheredge (WVSB No. 13835)
Steptoe & Johnson PLLC
Chase Tower, 17th Floor
P.O. Box 1588
Charleston, WV 25326-1588
Telephone: (304) 353-8000
Facsimile: (304) 933-8704
Michael.Mullins@steptoe-johnson.com
Christopher.Etheredge@steptoe-johnson.com

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

**AMANDA ASBURY,**
    *Plaintiff*,

**v.**
                                         **Civil Action No. 22-C-89**
                                         **Judge Stacy L. Nowicki-Eldridge**

**POCAHONTAS COAL**
**COMPANY, LLC,** *et al.*,
    *Defendants*.

## CERTIFICATE OF SERVICE

       I hereby certify that on the __25ᵗʰ__ day of April 2023, I filed the foregoing **"CONSOL Energy, Inc.'s Motion to Sever,"** via the WV E-Filing System which will send an electronic copy of said filing to counsel as listed below, except as otherwise specified:

| | |
|---|---|
| Mark A. Atkinson, Esq. (WVSB #184) | C. David Morrison (WVSB #2643) |
| John-Mark Atkinson, Esq. (WVSB #12014) | Amy M. Smith (WVSB #6454) |
| ATKINSON & POLAK, PLLC | Michael James Moore (WVSB #12009) |
| P.O. Box 549 | Mark G. Jeffries, (WVSB #11618) |
| Charleston, WV  25322-0549 | STEPTOE & JOHNSON PLLC |
| *Counsel for Plaintiff* | 400 White Oaks Boulevard |
| | Bridgeport, WV  26330 |
| | *Counsel for Arch Resources, Inc. and* |
| | *Mingo Logan Coal, LLC* |
| | |
| Ashley C. Pack (WVSB #10477) | Joseph U. Leonoro (WVSB #10501) |
| Sean D. Thomas (WVSB #13697) | Jonathan Ellis (WVSB #10296) |
| DINSMORE & SHOHL LLP | Mark C. Dean (WVSB #12017) |
| 707 Virginia Street, East, Suite 1300 (25301) | STEPTOE & JOHNSON PLLC |
| P.O. Box 11887 | P.O. Box 1588 |
| Charleston, WV  25339-1887 | Charleston, WV 25326-1588 |
| *Counsel for Blackhawk Mining, LLC* | *Counsel for Alpha Natural Resources* |
| **Via U.S. Mail** | *Services, LLC; Cleveland-Cliffs Princeton* |
| | *Coal Inc.; and Contura Energy, Inc.* |
| | **Via Electronic Mail** |

Jonathan Ellis (WVSB #10296)
Mark C. Dean (WVSB #12017)
STEPTOE & JOHNSON PLLC
P.O. Box 1588
Charleston, WV 25326-1588
*Counsel for Pocahontas Coal Company LLC*
*d/b/a Affinity Coal Company, LLC and United*
*Coal Company, LLC*
**Via Electronic Mail**

Matthew A. Nelson, Esquire
LEWIS BRISBOIS BISGAARD & SMITH llp
Suite 1400
707 Virginia Street East
Charleston, WV  25301
*Counsel for GMS Mine Repair and*
*Maintenance, Inc.*
**Via U.S. Mail**

**STEPTOE & JOHNSON PLLC**
Of Counsel

/s/ Christopher S. Etheredge
Michael D. Mullins (WVSB No. 7754)
Christopher S. Etheredge (WVSB #13835)
P. O. Box 1588
Charleston, WV 25326-1588
Telephone (304)-353-8000
Facsimile (304)-353-8180
Michael.Mullins@steptoe-johnson.com
Christopher.Etheredge@steptoe-johnson.com

2



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Christopher Etheredge
christopher.etheredge@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 4/25/2023 11:22:03 AM

Notice Date:    4/25/2023 11:22:03 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Pocahontas Coal Company
Business Filings Incorporated
5098 Washington St., W, Suite 407
Charleston, WV 25313

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 4/25/2023 11:22:03 AM

Notice Date:     4/25/2023 11:22:03 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Affinity Coal Company, LLC
CT Corporation System
1627 Quarrier Street
Charleston, WV 25311

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 4/25/2023 11:22:03 AM

Notice Date:    4/25/2023 11:22:03 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  United Coal Company LLC
Business Filings Incorporated
5098 Washington St., W, Suite 407
Charleston, WV 25313

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 4/25/2023 11:22:03 AM

Notice Date:    4/25/2023 11:22:03 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Blackhawk Mining, LLC
CT Corporation System
5098 Washington St., W, Suite 407
Charleston, WV 25313

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 4/25/2023 11:22:03 AM

Notice Date:    4/25/2023 11:22:03 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Cleveland-Cliffs Princeton Coal Inc.
CT Corporation System
5098 Washington St., W, Suite 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 4/25/2023 11:22:03 AM

Notice Date:    4/25/2023 11:22:03 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** GMS Mine Repair and Maintenance, Inc.
Ronald W. Petrella
P.O. Box 2446, 32 Enterprise Dr.
Mountain Lake Park, MD 21550

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 4/25/2023 11:22:03 AM

Notice Date:     4/25/2023 11:22:03 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** David Stanley Consultants, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 4/25/2023 11:22:03 AM

Notice Date:    4/25/2023 11:22:03 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Contura Energy, Inc.
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 4/25/2023 11:22:03 AM

Notice Date:    4/25/2023 11:22:03 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Alpha Natural Resources Services, LLC
Corporation Service Company
209 West Washington STreet
Charleston, WV 25302

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 4/25/2023 11:22:03 AM

Notice Date:    4/25/2023 11:22:03 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Stanhurst, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 4/25/2023 11:22:03 AM

Notice Date:    4/25/2023 11:22:03 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  John-Mark Atkinson
        johnmark@amplaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company

CC-03-2022-C-89

The following motion was FILED on 4/25/2023 11:22:03 AM

Notice Date:    4/25/2023 11:22:03 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Michael James Moore
michael.moore@steptoe-johnson.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 4/25/2023 11:22:03 AM

Notice Date:    4/25/2023 11:22:03 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Amy Marie Smith
amy.smith@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 4/25/2023 11:22:03 AM

Notice Date:      4/25/2023 11:22:03 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** John-Mark Atkinson
johnmark@amplaw.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motionwas SET FOR HEARING on 4/25/2023 2:12:58 PM

Sever

Notice Date:     4/25/2023 2:12:58 PM

Hearing Date:   6/1/2023                                    Sam R. Burns

Hearing Time:   10:00 AM                          CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Michael James Moore
michael.moore@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motionwas SET FOR HEARING on 4/25/2023 2:12:58 PM

Sever

Notice Date:    4/25/2023 2:12:58 PM

Hearing Date:  6/1/2023                                    Sam R. Burns
Hearing Time:  10:00 AM                          CLERK OF THE CIRCUIT COURT
                                                                  Boone County
                                                          200 State Street Suite 202
                                                            MADISON, WV 25130

                                                              (304) 369-7321
                                                        Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Amy Marie Smith
amy.smith@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motionwas SET FOR HEARING on 4/25/2023 2:12:58 PM

Sever

Notice Date:     4/25/2023 2:12:58 PM

Hearing Date:   6/1/2023
Hearing Time:   10:00 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Christopher Starr Etheredge
christopher.etheredge@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motionwas SET FOR HEARING on 4/25/2023 2:12:58 PM

Sever

| | |
|---|---|
| Notice Date: | 4/25/2023 2:12:58 PM |
| Hearing Date: | 6/1/2023 |
| Hearing Time: | 10:00 AM |

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Pocahontas Coal Company
Business Filings Incorporated
5098 Washington St., W, Suite 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motionwas SET FOR HEARING on 4/25/2023 2:12:58 PM

Sever

Notice Date:     4/25/2023 2:12:58 PM

Hearing Date:   6/1/2023                                          Sam R. Burns
Hearing Time:   10:00 AM                              CLERK OF THE CIRCUIT COURT
                                                                         Boone County
                                                                 200 State Street Suite 202
                                                                   MADISON, WV 25130

                                                                      (304) 369-7321
                                                              Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Affinity Coal Company, LLC
CT Corporation System
1627 Quarrier Street
Charleston, WV 25311

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motionwas SET FOR HEARING on 4/25/2023 2:12:58 PM

Sever

Notice Date:      4/25/2023 2:12:58 PM

Hearing Date:    6/1/2023                                      Sam R. Burns
Hearing Time:    10:00 AM                        CLERK OF THE CIRCUIT COURT
                                                                    Boone County
                                                        200 State Street Suite 202
                                                          MADISON, WV 25130

                                                                (304) 369-7321
                                                      Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  United Coal Company LLC
Business Filings Incorporated
5098 Washington St., W, Suite 407
Charleston, WV 25313

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motionwas SET FOR HEARING on 4/25/2023 2:12:58 PM

Sever

Notice Date:    4/25/2023 2:12:58 PM

Hearing Date:   6/1/2023                              Sam R. Burns
Hearing Time:   10:00 AM                      CLERK OF THE CIRCUIT COURT
                                                    Boone County
                                              200 State Street Suite 202
                                              MADISON, WV 25130

                                                  (304) 369-7321
                                              Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Blackhawk Mining, LLC
CT Corporation System
5098 Washington St., W, Suite 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motionwas SET FOR HEARING on 4/25/2023 2:12:58 PM

Sever

Notice Date:      4/25/2023 2:12:58 PM

Hearing Date:    6/1/2023                        Sam R. Burns
Hearing Time:    10:00 AM                 CLERK OF THE CIRCUIT COURT
                                                          Boone County
                                               200 State Street Suite 202
                                               MADISON, WV 25130

                                               (304) 369-7321
                                               Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Cleveland-Cliffs Princeton Coal Inc.
CT Corporation System
5098 Washington St., W, Suite 407
Charleston, WV 25313

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motionwas SET FOR HEARING on 4/25/2023 2:12:58 PM

Sever

Notice Date:    4/25/2023 2:12:58 PM

Hearing Date:    6/1/2023                                              Sam R. Burns
Hearing Time:    10:00 AM                                   CLERK OF THE CIRCUIT COURT
                                                                              Boone County
                                                                       200 State Street Suite 202
                                                                         MADISON, WV 25130

                                                                              (304) 369-7321
                                                                      Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** GMS Mine Repair and Maintenance, Inc.
Ronald W. Petrella
P.O. Box 2446, 32 Enterprise Dr.
Mountain Lake Park, MD 21550

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motionwas SET FOR HEARING on 4/25/2023 2:12:58 PM

Sever

Notice Date:     4/25/2023 2:12:58 PM

Hearing Date:   6/1/2023                          Sam R. Burns
Hearing Time:   10:00 AM                    CLERK OF THE CIRCUIT COURT
                                                        Boone County
                                                 200 State Street Suite 202
                                                  MADISON, WV 25130

                                                      (304) 369-7321
                                               Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** David Stanley Consultants, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motionwas SET FOR HEARING on 4/25/2023 2:12:58 PM

Sever

Notice Date:    4/25/2023 2:12:58 PM

Hearing Date:   6/1/2023                         Sam R. Burns
Hearing Time:   10:00 AM                   CLERK OF THE CIRCUIT COURT
                                                 Boone County
                                          200 State Street Suite 202
                                            MADISON, WV 25130

                                             (304) 369-7321
                                         Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Contura Energy, Inc.
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motionwas SET FOR HEARING on 4/25/2023 2:12:58 PM

Sever

Notice Date:     4/25/2023 2:12:58 PM

Hearing Date:    6/1/2023                          Sam R. Burns
Hearing Time:    10:00 AM                 CLERK OF THE CIRCUIT COURT
                                                    Boone County
                                             200 State Street Suite 202
                                              MADISON, WV 25130

                                                  (304) 369-7321
                                             Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Alpha Natural Resources Services, LLC
Corporation Service Company
209 West Washington STreet
Charleston, WV 25302

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motionwas SET FOR HEARING on 4/25/2023 2:12:58 PM

Sever

Notice Date:     4/25/2023 2:12:58 PM

Hearing Date:    6/1/2023                          Sam R. Burns
Hearing Time:    10:00 AM                  CLERK OF THE CIRCUIT COURT
                                                   Boone County
                                             200 State Street Suite 202
                                                MADISON, WV 25130

                                                   (304) 369-7321
                                             Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Stanhurst, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motionwas SET FOR HEARING on 4/25/2023 2:12:58 PM

Sever

Notice Date:      4/25/2023 2:12:58 PM

Hearing Date:    6/1/2023                                   Sam R. Burns
Hearing Time:    10:00 AM                          CLERK OF THE CIRCUIT COURT
                                                                        Boone County
                                                                200 State Street Suite 202
                                                                  MADISON, WV 25130

                                                                        (304) 369-7321
                                                              Sam.Burns@courtswv.gov

E-FILED | 4/26/2023 2:41 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

AMANDA ASBURY,

        Plaintiff,

v.                                              CIVIL ACTION NO. 22-C-89

POCAHONTAS COAL COMPANY LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

        Defendants.

## CERTIFICATE OF SERVICE

    I, John-Mark Atkinson, counsel for Plaintiff, do hereby certify that the "Certificate of

Service" for "PLAINTIFF'S ANSWERS TO DEFENDANT MINGO LOGAN COAL, LLC'S

FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF

DOCUMENTS TO PLAINTIFF" was filed via WV E-file and a copy of "Plaintiff's Answers To

Defendant Mingo Logan Coal, LLC's First Set Of Interrogatories And Requests For Production

Of Documents To Plaintiff" was served upon the following counsel via U.S. Mail, postage prepaid,

on this 26th day of April, 2023:

<div style="margin-left:3em">

Michael D. Mullins
Christopher S. Etheredge
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower 17th Floor
Charleston, WV 25301

Jonathan R. Ellis
Joseph U. Leonoro
Mark C. Dean
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower 17th Floor
Charleston, WV 25301

David Morrison
Amy M. Smith
Michael J. Moore
Mark G. Jeffries
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330

Ashley C. Pack
Sean Thomas
DINSMORE & SHOHL LLP
707 Virginia Street East Suite 1300
Charleston, WV 25301

</div>

Matthew A. Nelson
Lewis Brisbois Bisgaard & Smith LLP
707 Virginia Street, E., Ste. 1400
Charleston, WV 25301


/s/ John-Mark Atkinson
(WVSB #12014)



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  John-Mark Atkinson
johnmark@amplaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following certificate of service was FILED on 4/26/2023 2:41:35 PM

Notice Date:     4/26/2023 2:41:35 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Pocahontas Coal Company
Business Filings Incorporated
5098 Washington St., W, Suite 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following certificate of service was FILED on 4/26/2023 2:41:35 PM

Notice Date:    4/26/2023 2:41:35 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Affinity Coal Company, LLC
CT Corporation System
1627 Quarrier Street
Charleston, WV 25311

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following certificate of service was FILED on 4/26/2023 2:41:35 PM

Notice Date:     4/26/2023 2:41:35 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  United Coal Company LLC
Business Filings Incorporated
5098 Washington St., W, Suite 407
Charleston, WV 25313

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following certificate of service was FILED on 4/26/2023 2:41:35 PM

Notice Date:    4/26/2023 2:41:35 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Blackhawk Mining, LLC
CT Corporation System
5098 Washington St., W, Suite 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following certificate of service was FILED on 4/26/2023 2:41:35 PM

Notice Date:     4/26/2023 2:41:35 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Cleveland-Cliffs Princeton Coal Inc.
CT Corporation System
5098 Washington St., W, Suite 407
Charleston, WV 25313

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following certificate of service was FILED on 4/26/2023 2:41:35 PM

Notice Date:     4/26/2023 2:41:35 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** GMS Mine Repair and Maintenance, Inc.
Ronald W. Petrella
P.O. Box 2446, 32 Enterprise Dr.
Mountain Lake Park, MD 21550

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following certificate of service was FILED on 4/26/2023 2:41:35 PM

Notice Date:    4/26/2023 2:41:35 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** David Stanley Consultants, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following certificate of service was FILED on 4/26/2023 2:41:35 PM

Notice Date:     4/26/2023 2:41:35 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Contura Energy, Inc.
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following certificate of service was FILED on 4/26/2023 2:41:35 PM

Notice Date:     4/26/2023 2:41:35 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Alpha Natural Resources Services, LLC
Corporation Service Company
209 West Washington STreet
Charleston, WV 25302

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following certificate of service was FILED on 4/26/2023 2:41:35 PM

Notice Date:    4/26/2023 2:41:35 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Stanhurst, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following certificate of service was FILED on 4/26/2023 2:41:35 PM

Notice Date:    4/26/2023 2:41:35 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Michael James Moore
michael.moore@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following certificate of service was FILED on 4/26/2023 2:41:35 PM

Notice Date:      4/26/2023 2:41:35 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Amy Marie Smith
amy.smith@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following certificate of service was FILED on 4/26/2023 2:41:35 PM

Notice Date: 4/26/2023 2:41:35 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Christopher Starr Etheredge
christopher.etheredge@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following certificate of service was FILED on 4/26/2023 2:41:35 PM

Notice Date:    4/26/2023 2:41:35 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

EFILED 5/3/2022 2:51 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

**AMANDA ASBURY,**
    *Plaintiff*,

**v.**
                                          **Civil Action No. 22-C-89**
                                          **Judge Stacy L. Nowicki-Elridge**

**POCAHONTAS COAL
COMPANY, LLC,** *et al.*,
    *Defendants*.

### DEFENDANTS POCAHONTAS COAL COMPANY, LLC'S AND UNITED COAL COMPANY LLC'S MOTION TO SEVER

**COME NOW** Defendants Pocahontas Coal Company, LLC ("Pocahontas") and United Coal Company LLC ("United") (collectively, "these Defendants"), by counsel, and pursuant to Rule 21 of the *West Virginia Rules of Civil Procedure*, hereby move that the allegations set forth in Plaintiff's Complaint as to these Defendants be severed from those set forth against the other Defendants and that Plaintiff be permitted to proceed in her claims against these Defendants solely in a separate and distinct action. **Counsel for these Defendants have conferred with counsel for Plaintiff and are authorized to state that Plaintiff does not object to or oppose this Motion.**

As noted below and more fully elsewhere in the record, the Defendants in this matter were misjoined because the claims against them do not arise from the same transactions or occurrences nor involve common questions of law and fact. To the contrary, Plaintiff's Complaint alleges nothing more than that each of the Defendants violated Plaintiffs' rights in a similar manner during separate and distinct transactions and occurrences. Such allegations are insufficient to form the basis for joining multiple defendants in a single action as a matter of law. Accordingly, these Defendants are entitled to have Plaintiff's claims against hem severed from those Plaintiff alleges against the other named defendants, and in support hereof states as follows:

**Background**

Plaintiff filed her Complaint in this action on November 30, 2022 in this Court. [*See* Compl.].  Therein, Plaintiff alleges that she applied for employment with each of the named defendants and that none of them hired her.  [*See id.*]. Specific to these Defendants, Plaintiff alleges that she applied for an electrician position at the Affinity Mine in June 2021; "was told she would likely be hired by the Human Resources representative" during an interview in August 2021; was not hired; and was informed by unnamed "male employees" that "she would not be hired at Affinity because the mine did not have a female bath house."  [*Id.* at ¶ 35-36; 38-39].

On January 4, 2023, Defendants Arch Resources, Inc. ("Arch") and Mingo Logan Coal Company ("Mingo Logan") removed this action to federal court based on diversity jurisdiction. [*See* 1/4/23 Notice of Removal]. Therein, Arch and Mingo Logan argued that "[a]part from parties fraudulently misjoined or otherwise not properly joined and served and/or nominal parties, the dispute is between citizens of different states." [*Id.* at 3].  Following removal, these Defendants filed their respective Answers and "reserve[d] the right to argue that [they were] inappropriately joined with the other Defendants in this matter."  [Pocahontas Ans. at 12]; [United Ans. at 12].

On January 20, 2023, Arch and Mingo Logan filed their Motion to Sever and Memorandum in Support thereof (the "District Court Motion to Sever"). Therein, Arch and Mingo Logan argued that they, along with the other Defendants (including these Defendants), were inappropriately and/or fraudulently misjoined in this action because "these cases have absolutely nothing to do with each other." [1/20/23 Motion to Sever at 2]; *see Wyatt v. Charleston Area Med. Ctr., Inc.*, 651 F. Supp. 2d 492, 496 (S.D. W. Va. 2009) ("Fraudulent misjoinder . . . is an assertion that claims against certain defendants, while provable, have no real connection to the claims against other defendants in the same action and were only included in order to defeat diversity jurisdiction

2

and removal."). On February 3, 2023, these Defendants joined in the District Court Motion to Sever. [2/3/23 Motion to Join Motion to Sever].

On February 3, 2023, Plaintiff filed her Motion to Remand, arguing that the District Court did not have jurisdiction over this action as presently constituted because there was not complete diversity among the parties.

On March 14, 2023, the District Court entered its Memorandum Opinion and Order (the "Order") remanding this action to this Court. Therein, the Court granted Plaintiff's Motion to Remand and terminated the District Court Motion to Sever as moot pending resolution of the misjoinder issues before this Court. [*See* 3/14/23 Order at 8] (noting that "any motion to sever can be raised before the state court, which has jurisdiction to hear that question"). In reaching its conclusion, the District Court was  careful to note that its decision was guided by the principle that federal courts "should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Order at 6 (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)) (noting that "the doctrine of fraudulent misjoinder is relatively new and not clearly defined").

Importantly, the District Court did not set forth any substantive rulings regarding the merits of Defendants' arguments regarding fraudulent misjoinder. Rather, the Court simply held that it was without jurisdiction to consider those arguments because "[t]he Fourth Circuit has not adopted a fraudulent misjoinder rule permitting federal courts to exercise diversity jurisdiction over cases with claims against non-diverse defendants, sever and remand as to those defendants, and proceed with removed claims against diverse defendants." [Order at 6–7]. Accordingly, the District Court granted Plaintiff's motion to remand and terminated the District Court Motion to Sever as moot pending resolution of misjoinder issues before this Court.

3

Following remand, the entire docket was transferred to this Court, including the District Court Motion to Sever in which these Defendants joined and all Responses and Replies thereto. Insomuch as the District Court Motion to Sever has been fully briefed, the same is ripe for adjudication before this Court.

## Discussion

**I.** **These Defendants adopt and incorporate the District Court Motion to Sever and all Replies in support thereof as if fully set forth herein.**

The West Virginia and Federal Rules of Civil Procedure governing misjoinder are functionally identical. *Compare* W. Va. R. Civ. P. 21("Parties may be dropped or added by order of the court on motion of any party or of its own initiative  at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.") *with* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

Accordingly, courts determining whether misjoinder is present typically consider both state and federal authorities. *See Grennell v. Western Southern Life Ins. Co.*, 298 F. Supp. 2d 390, 397 (S.D. W. Va. Jan 6, 2004) (noting that "this Court need not decide whether to apply federal or state law regarding permissive joinder, as the two are identical in West Virginia"); *State ex rel. Energy Corp. of America v. Marks*, 235 W. Va. 465, 469–70 n. 6 (2015) ("Because the West Virginia Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, we often refer to interpretations of the Federal Rules when discussing our own rules.").

Here, as noted above, the District Court Motion to Sever in which these Defendants joined was fully briefed before the District Court. Importantly, Judge Berger did not make any substantive rulings on the Motion, holding only that she lacked jurisdiction to rule on the issues it interposed. However, this Court certainly has jurisdiction to sever Plaintiff's claims. And as more fully

4

developed in the District Court Motion to Sever and the Replies in support thereof, these Defendants are entitled to severance of Plaintiff's claims from those alleged against the other named Defendants as a matter of law. Accordingly, and in the interest of judicial economy, these Defendants adopt each of the arguments set forth in the District Court Motion to Sever and all Replies in support thereof as if fully set forth herein.

## II.    West Virginia law provides additional authority as to why Plaintiff's claims must be severed.

Neither the West Virginia nor Federal Rules regarding severance set forth the standard for determining misjoinder. However, "courts have uniformly held that 'parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a)." *Jonas v. Conrath*, 149 F.R.D. 520, 523 (S.D. W. Va. 1993).

In turn, West Virginia law provides as follows with respect to permissive joinder:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions of occurrences and if any question of law or fact common to all defendants will arise in the action . . . .

W. Va. R. Civ. P. 20(a). In other words:

> [U]nder *West Virginia Rule of Civil Procedure* 20(a), persons may be joined in one action as defendants if: (1) any right to relief is asserted against them with respect to or arising out of the same transaction, occurrence, or series of occurrences, and (2) any question of law or fact common to all of the defendants will arise in the action. ***Under Rule 20(a), joinder of defendants is proper only if both of these requirements are satisfied***.

*State ex rel. Energy Corp. of America v. Marks*, 235 W. Va. 465, 470 (2015) (emphasis added).

Joinder of the defendants in this action was inappropriate because Plaintiff's claims against the respective defendants do not arise from the same transaction or occurrence nor involve common questions of fact. Plaintiff has sued a dozen companies and alleges that each refused to hire her for discriminatory purposes over a period of several years. [*See* Compl. at ¶¶ 18–44]

(alleging that Plaintiff lost her job in 2018 and describing her efforts to secure employment from 2020–22). The various named Defendant companies do not share a thing in common aside from the fact that each appears to be a mining related business that Plaintiff claims did not hire her. Plaintiff does not allege that the Defendants colluded with one another or otherwise conspired to prevent her from securing employment. Thus, to the extent that there is any overlap in Plaintiff's claims as to the individual Defendants, such overlap is coincidental at best and arises simply from the fact that Plaintiff happened to be looking for a job.

Presumably, each of the Defendant companies have different hiring managers, different hiring practices, different needs, different locations, and different job requirements. Plaintiff acknowledged that the manner in which she applied to the Defendant companies varied. [*See, e.g.*, *id.* at ¶ 40] ("The plaintiff applied for positions from the defendants in person, at job fairs, online, through ZipRecruiter, Indeed, Facebook, and Consol [*sic*] Energy, Inc. and Blackhawk Mining, LLC's own websites."). Plaintiff alleges that the Defendant companies refused to hire her for different reasons. [*See*, *e.g.*, *id.* at ¶ 38] (Plaintiff was told she would likely be hired); [*but see id.* at ¶ 39] (Plaintiff allegedly was not hired because the company did not have a female bath house).

Plaintiff's misjoinder of the Defendants in this action flies in the face of the principles of law upon which the doctrine of joinder was developed. *See State ex rel. Energy Corp. of America v. Marks*, 235 W. Va. 465, 470 (2015) (noting that joinder is appropriate only when there is "substantial evidentiary overlap between them" such that "the claims involve enough related operative facts to make joinder in a single claim *fair*") (emphasis added); *State ex rel. J.C. v. Mazzone*, 233 W. Va. 457, 464 (2014) (noting that multiple parties may be joined in an action only if "the essential facts of the various claims are so logically connected that considerations of *judicial economy* and *fairness* dictate that all issues be resolved in one lawsuit") (emphasis added);

Cleckey, Davis, & Palmer, *Litigation Handbook* § 21 at 574 ("If a trial court finds that a plaintiff has misjoined parties, the court should sever those parties or claims.").

To try Plaintiff's claims together would require the jury to juggle and appropriately assess the hiring practices and metrics of over a dozen unrelated entities spanning a several-year period during the height of the COVID-19 pandemic, when market conditions, the employment market, and the mining market in particular, fluctuated precipitously. Undoubtedly, these Defendants would be subject to extraordinary prejudice if it were forced to defend against Plaintiff's claims in the context of eleven other similar, but wholly unrelated actions concerning different entities, different witnesses, different policies, different needs, and under different market conditions.

One need not think too deeply to discern the many prejudices which could result between and among the Defendants in this action if they are forced to defend against Plaintiff's allegations in a single trial.[1] Indeed, these Defendants are hard pressed to think of any trial conditions which could be more unfair, prejudicial, and contrary to the interests of justice than forcing ***thirteen (13)*** wholly unrelated defendant-potential employers to compete for the jury's attention in defense of a plaintiff's blanket accusation that each such defendant, on different occasions, under different circumstances, operating pursuant to different policies which were implemented by different people, wrongfully refused to hire the plaintiff. Such misjoinder obviously flies in the face of "fairness" and contravenes the principles upon which the doctrine of joinder was developed.

Plaintiff inappropriately joined her claims against the Defendants in this matter. Accordingly, these Defendants pray that their Motion to Sever be granted.

---

[1]     *See, e.g., United States v. McRae*, 702 F.3d 806 (5th Cir. 2012) (finding defendant was prejudiced by trial court's refusal to sever from other defendants because the spillover effect from the evidence presented in connection with his four co-defendants denied him a fair trial); *United States v. Mannie*, 509 F.3d 951 (7th Cir. 2007) (defendant denied fair trial due to disruptive behavior of co-defendant during proceedings); *United States v. Tarango*, 3967 F.3d 666 (5th Cir. 2005) (defendant denied fair trial when majority of evidence focused on absent co-defendant).

## Conclusion

The facts in this case are virtually indistinguishable from those in which courts throughout the country have held that the defendants were impermissibly joined. To the extent that the various Defendants share anything in common, such commonalities are coincidental at best and are wholly insufficient to establish that Plaintiff's claims arise from the same transaction(s) or occurrence(s). Accordingly, this Court should grant this Motion, sever Plaintiff's claims against Pocahontas Coal Company, LLC and United Coal Company LLC from her claims against the other individual Defendants, and permit Plaintiff to proceed against these Defendants only in a severed and separate action. As noted, counsel for these Defendants have conferred with counsel for Plaintiff and are authorized to state that Plaintiff does not object to or oppose this Motion.

**POCAHONTAS COAL COMPANY, LLC and UNITED COAL COMPANY LLC,**

**By Counsel**

_____ */s/ Mark C. Dean* _____
Jonathan R. Ellis (WVSB #10296)
Joseph U. Leonoro (WVSB #10501)
Mark C. Dean (WVSB #12017)
Steptoe & Johnson PLLC
707 Virginia Street East
Chase Tower, 17th Floor
P.O. Box 1588
Charleston, WV 25326-1588
Telephone (304) 353-8000
Facsimile (304) 353-8180
Joseph.Leonoro@Steptoe-Johnson.com
Jonathan.Ellis@Steptoe-Johnson.com
Mark.Dean@Steptoe-Johnson.com
*Counsel for Pocahontas Coal Company LLC*
 *and United Coal Company, LLC.*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of May, 2023, I filed the foregoing "**Defendants Pocahontas Coal Company LLC's and United Coal Company LLC's Motion to Sever**" with the Clerk via the CourtPlus e-filing system, which will provide a copy thereof to the following counsel of record:

> Mark A. Atkinson
> John-Mark Atkinson
> ATKINSON & FRAMPTON, PLLC
> 2306 Kanawha Blvd. E.
> Charleston, WV 25311
>
> Michael D. Mullins
> Christopher S. Etheredge
> STEPTOE & JOHNSON PLLC
> 707 Virginia Street East, Chase Tower
> 17th Floor
> Charleston, WV 25301
>
> C. David Morrison
> Amy M. Smith
> Michael J. Moore
> Mark G. Jeffries
> STEPTOE & JOHNSON PLLC
> 400 White Oaks Boulevard
> Bridgeport, WV 26330
>
> Ashley C. Pack
> Sean Thomas
> DINSMORE & SHOHL LLP
> 707 Virginia Street East
> Suite 1300
> Charleston, WV 25301
>
> Matthew A. Nelson
> Lewis Brisbois Bisgaard & Smith LLP
> 707 Virginia Street, E., Ste. 1400
> Charleston, WV 25301

> _/s/ Mark C. Dean_

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Mark Dean
mark.dean@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 5/3/2023 2:31:56 PM

Notice Date:     5/3/2023 2:31:56 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Affinity Coal Company, LLC
CT Corporation System
1627 Quarrier Street
Charleston, WV 25311

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 5/3/2023 2:31:56 PM

Notice Date:     5/3/2023 2:31:56 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Blackhawk Mining, LLC
CT Corporation System
5098 Washington St., W, Suite 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 5/3/2023 2:31:56 PM

Notice Date:     5/3/2023 2:31:56 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Cleveland-Cliffs Princeton Coal Inc.
CT Corporation System
5098 Washington St., W, Suite 407
Charleston, WV 25313

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 5/3/2023 2:31:56 PM

Notice Date:    5/3/2023 2:31:56 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** GMS Mine Repair and Maintenance, Inc.
Ronald W. Petrella
P.O. Box 2446, 32 Enterprise Dr.
Mountain Lake Park, MD 21550

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 5/3/2023 2:31:56 PM

Notice Date:     5/3/2023 2:31:56 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  David Stanley Consultants, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 5/3/2023 2:31:56 PM

Notice Date:    5/3/2023 2:31:56 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Contura Energy, Inc.
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 5/3/2023 2:31:56 PM

Notice Date:    5/3/2023 2:31:56 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Alpha Natural Resources Services, LLC
Corporation Service Company
209 West Washington STreet
Charleston, WV 25302

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 5/3/2023 2:31:56 PM

Notice Date:    5/3/2023 2:31:56 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Stanhurst, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 5/3/2023 2:31:56 PM

Notice Date:    5/3/2023 2:31:56 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  John-Mark Atkinson
johnmark@amplaw.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company

CC-03-2022-C-89

The following motion was FILED on 5/3/2023 2:31:56 PM

Notice Date:    5/3/2023 2:31:56 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Michael James Moore
michael.moore@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 5/3/2023 2:31:56 PM

Notice Date:     5/3/2023 2:31:56 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Amy Marie Smith
amy.smith@steptoe-johnson.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 5/3/2023 2:31:56 PM

Notice Date:      5/3/2023 2:31:56 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Christopher Starr Etheredge
christopher.etheredge@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 5/3/2023 2:31:56 PM

Notice Date:    5/3/2023 2:31:56 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Mark Dean
mark.dean@steptoe-johnson.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion disposed was FILED on 5/3/2023 2:31:56 PM

Notice Date:    5/3/2023 2:31:56 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

E-FILED | 3/9/2023 10:30 AM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

# IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

**AMANDA ASBURY,**

    **Plaintiff,**

**v.**                                **Civil Action No.: 22-C-89**
                                          **Honorable Stacy L. Nowicki-Eldridge**

**POCAHONTAS COAL COMPANY, LLC, et al.,**

    **Defendants.**

## NOTICE OF APPEARANCE

PLEASE TAKE NOTICE that James A. Kirby III of the law firm of Lewis Brisbois Bisgaard & Smith LLP, hereby gives notice of appearance as additional counsel for Defendant GMS Mine Repair and Maintenance, Inc. in the above referenced action. All parties are requested to forward copies of all pleadings and correspondence to James A. Kirby III at the address below, in addition to Matthew A. Nelson.

                                    **Respectfully submitted,**

                                    */s/James A. Kirby III*
                                    Matthew A. Nelson, Esq. (WVSB 9421)
                                    James A. Kirby III, Esq. (WVSB 8564)
                                    Lewis Brisbois Bisgaard & Smith LLP
                                    707 Virginia Street, E., Ste. 1400
                                    Charleston, WV  25301
                                    304.553.0166/304.932.0265 (f)
                                    matt.nelson@lewisbrisbois.com
                                    james.kirby@lewisbrisbois.com

                                    ***Counsel for GMS Mine Repair and Maintenance, Inc.***

**IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA**

**AMANDA ASBURY,**

    **Plaintiff,**

**v.**                          **Civil Action No.: 22-C-89**
                                    **Honorable Stacy L. Nowicki-Eldridge**

**POCAHONTAS COAL COMPANY, LLC, et al.,**

    **Defendants.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 9th day of May, 2023, he filed the foregoing

***NOTICE OF APPEARANCE*** using the WV E-Filing System, which will send a Notice of

Electronic filing to, and constitutes service on, counsel of record.

                               */s/James A. Kirby III*
                               Matthew A. Nelson, Esq. (WVSB 9421)
                               James A. Kirby III, Esq. (WVSB 8564)
                               Lewis Brisbois Bisgaard & Smith LLP
                               707 Virginia Street, E., Ste. 1400
                               Charleston, WV  25301
                               304.553.0166/304.932.0265 (f)
                               matt.nelson@lewisbrisbois.com
                               james.kirby@lewisbrisbois.com

2

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  James Kirby
James.Kirby@lewisbrisbois.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following notice of appearance was FILED on 5/9/2023 10:30:50 AM

Notice Date:     5/9/2023 10:30:50 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Affinity Coal Company, LLC
CT Corporation System
1627 Quarrier Street
Charleston, WV 25311

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following notice of appearance was FILED on 5/9/2023 10:30:50 AM

Notice Date:     5/9/2023 10:30:50 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Blackhawk Mining, LLC
CT Corporation System
5098 Washington St., W, Suite 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following notice of appearance was FILED on 5/9/2023 10:30:50 AM

Notice Date:     5/9/2023 10:30:50 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Cleveland-Cliffs Princeton Coal Inc.
CT Corporation System
5098 Washington St., W, Suite 407
Charleston, WV 25313

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following notice of appearance was FILED on 5/9/2023 10:30:50 AM

Notice Date:     5/9/2023 10:30:50 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  David Stanley Consultants, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following notice of appearance was FILED on 5/9/2023 10:30:50 AM

Notice Date:     5/9/2023 10:30:50 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Contura Energy, Inc.
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following notice of appearance was FILED on 5/9/2023 10:30:50 AM

Notice Date:    5/9/2023 10:30:50 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Alpha Natural Resources Services, LLC
Corporation Service Company
209 West Washington STreet
Charleston, WV 25302

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following notice of appearance was FILED on 5/9/2023 10:30:50 AM

Notice Date:     5/9/2023 10:30:50 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Stanhurst, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following notice of appearance was FILED on 5/9/2023 10:30:50 AM

Notice Date:    5/9/2023 10:30:50 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** John-Mark Atkinson
johnmark@amplaw.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company

CC-03-2022-C-89

The following notice of appearance was FILED on 5/9/2023 10:30:50 AM

Notice Date:     5/9/2023 10:30:50 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Mark Curtis Dean
mark.dean@steptoe-johnson.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following notice of appearance was FILED on 5/9/2023 10:30:50 AM

Notice Date:     5/9/2023 10:30:50 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Michael James Moore
michael.moore@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following notice of appearance was FILED on 5/9/2023 10:30:50 AM

Notice Date:     5/9/2023 10:30:50 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Amy Marie Smith
       amy.smith@steptoe-johnson.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following notice of appearance was FILED on 5/9/2023 10:30:50 AM

Notice Date:      5/9/2023 10:30:50 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Christopher Starr Etheredge
christopher.etheredge@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following notice of appearance was FILED on 5/9/2023 10:30:50 AM

Notice Date:    5/9/2023 10:30:50 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

**Sam R. Burns**
**Clerk Boone County Circuit Court**
**200 State Street, Suite 202**
**Madison, WV 25130**

FILED 05/19/2023 12:02 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

$001.50
First-Class - IM
ZIP 25130
04/26/2023
034A 0081801804

AFFI627   253111004-1N           05/02/23

NIXIE      250   FE 1      0005/17/23

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 25130115252    *1771-02378-10-28

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Affinity Coal Company, LLC
CT Corporation System
1627 Quarrier Street
Charleston, WV 25311

# NOTICE OF FILING

### IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
### Amanda Asbury v. Pocahontas Coal Company
### CC-03-2022-C-89

The following motionwas SET FOR HEARING on 4/25/2023 2:12:58 PM

Sever

| | |
|---|---|
| Notice Date: | 4/25/2023 2:12:58 PM |

| | | |
|---|---|---|
| Hearing Date: | 6/1/2023 | Sam R. Burns |
| Hearing Time: | 10:00 AM | CLERK OF THE CIRCUIT COURT |
| | | Boone County |
| | | 200 State Street Suite 202 |
| | | MADISON, WV 25130 |
| | | |
| | | (304) 369-7321 |
| | | Sam.Burns@courtswv.gov |

E-FILED | 4/25/2023 11:22 AM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

**AMANDA ASBURY,**
   *Plaintiff,*

**v.**                                          **Civil Action No. 22-C-89**
                                               **Judge Stacy L. Nowicki-Eldridge**

**POCAHONTAS COAL**
**COMPANY, LLC,** *et al.,*
   *Defendants.*

### CONSOL ENERGY, INC'S MOTION TO SEVER

NOW COMES Defendant, CONSOL Energy, Inc. ("CONSOL"), by counsel, and pursuant

to Rule 21 of the *West Virginia Rules of Civil Procedure*, hereby moves that the allegations set

forth in Plaintiff's Complaint as to CONSOL be severed from those set forth against the other

Defendants and that Plaintiff be permitted to proceed in her claims against CONSOL only as an

individual defendant in a separate and distinct action.

As noted below and more fully elsewhere in the record, the Defendants in this matter were

misjoined because the claims against them do not arise from the same transactions or occurrences

nor involve common questions of law and fact. To the contrary, Plaintiff's Complaint alleges

nothing more than that each of the Defendants violated Plaintiffs' rights in a similar manner during

separate and distinct transactions and occurrences. Such allegations are insufficient to form the

basis for joining multiple defendants in a single action as a matter of law. Accordingly, CONSOL

is entitled to have Plaintiff's claims against it severed from those Plaintiff alleges against the other

named defendants, and in support hereof states as follows:

### Background

Plaintiff filed her Complaint in this action on November 30, 2022 in this Court. *See* Pl.'s

Compl. Therein, Plaintiff alleges that she applied for employment with each of the named

defendants and that none of them hired her. *See id.* Specific to CONSOL, Plaintiff alleges that she

applied for but was not hired as a "certified underground electrician, electrician, underground coal miner, and tracking & communications technician." *See id.* at ¶ 34.

On January 4, 2023, Defendants Arch Resources, Inc. ("Arch") and Mingo Logan Coal Company ("Mingo Logan") removed this action to federal court based on diversity jurisdiction. *See* Notice of Removal. Therein, Arch and Mingo Logan argued that "[a]part from parties fraudulently misjoined or otherwise not properly joined and served and/or nominal parties, the dispute is between citizens of different states." *Id.* at 3. CONSOL consented to removal on the same day the Notice thereof was filed. *See* CONSOL Consent to Removal. The next day, January 4, 2023, CONSOL filed its Answer. *See* CONSOL Answer. Therein, CONSOL "reserve[d] the right to argue that it was inappropriately joined with the other Defendants in this matter." *Id.* at 9.

On January 20, 2023, Arch and Mingo Logan filed their Motion to Sever and Memorandum in Support thereof (the "District Court Motion to Sever"). Therein, Arch and Mingo Logan argued that they, along with the other Defendants (including CONSOL), were inappropriately and/or fraudulently misjoined in this action because "these cases have absolutely nothing to do with each other." District Court Motion to Sever at 2; *see Wyatt v. Charleston Area Med. Ctr., Inc.*, 651 F. Supp. 2d 492, 496 (S.D. W. Va. 2009) ("Fraudulent misjoinder . . . is an assertion that claims against certain defendants, while provable, have no real connection to the claims against other defendants in the same action and were only included in order to defeat diversity jurisdiction and removal."). On February 3, 2023, CONSOL joined in the District Court Motion to Sever.

On February 3, 2023, Plaintiff filed her Motion to Remand, arguing that the District Court did not have jurisdiction over this action as presently constituted because there is not complete diversity among the parties.

2

On March 14, 2023, the District Court entered its Memorandum Opinion and Order (the "Order") remanding this action to this Court. Therein, the Court granted Plaintiff's Motion to Remand and terminated the District Court Motion to Sever as moot pending resolution of the misjoinder issues before this Court. *See* Order at 8 (noting that "any motion to sever can be raised before the state court, which has jurisdiction to hear that question"). In reaching its conclusion, the District Court was careful to note that its decision was guided by the principle that federal courts "should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Order at 6 (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)) (noting that "the doctrine of fraudulent misjoinder is relatively new and not clearly defined").

Importantly, the District Court did not set forth any substantive rulings regarding the merits of Defendants' arguments regarding fraudulent misjoinder. Rather, the Court simply held that it was without jurisdiction to consider those arguments because "[t]he Fourth Circuit has not adopted a fraudulent misjoinder rule permitting federal courts to exercise diversity jurisdiction over cases with claims against non-diverse defendants, sever and remand as to those defendants, and proceed with removed claims against diverse defendants." Order at 6–7. Accordingly, the District Court granted Plaintiff's motion to remand and terminated the District Court Motion to Sever as moot pending resolution of misjoinder issues before this Court.

During remand, the entire docket was transferred to this Court, including the District Court Motion to Sever and all Responses and Replies thereto. Insomuch as the District Court Motion to Sever has been fully briefed, the same is ripe for adjudication before this Court.

<u>Discussion</u>

**I.    CONSOL adopts and incorporates the District Court Motion to Sever and CONSOL's Reply in support thereof as if fully set forth herein.**

The West Virginia and Federal Rules of Civil Procedure governing misjoinder are virtually identical to one another. *Compare* W. Va. R. Civ. P. 21("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.") *with* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

Accordingly, courts determining whether misjoinder is present typically consider both state and federal authorities. *See Grennell v. Western Southern Life Ins. Co.*, 298 F. Supp. 2d 390, 397 (S.D. W. Va. Jan 6, 2004) (noting that "this Court need not decide whether to apply federal or state law regarding permissive joinder, as the two are identical in West Virginia"); *State ex rel. Energy Corp. of America v. Marks*, 235 W. Va. 465, 469–70 n. 6 (2015) ("Because the West Virginia Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, we often refer to interpretations of the Federal Rules when discussing our own rules.").

Here, as noted above, the District Court Motion to Sever was fully briefed below. Importantly, Judge Berger did not make any substantive rulings on the Motion, holding only that the district court lacked jurisdiction to rule on the issues it interposed. However, this Court certainly has jurisdiction to sever Plaintiff's claims. And as more fully developed in the District Court Motion to Sever and CONSOL's Reply in support thereof, CONSOL is entitled to severance of Plaintiff's claims from those alleged against the other named Defendants as a matter of law. Accordingly, and in the interest of judicial economy, CONSOL adopts each of the arguments set

forth in the District Court Motion to Sever and CONSOL's Reply in support thereof as if fully set forth herein.

**II.    West Virginia law provides additional authority as to why Plaintiff's claims must be severed.**

Neither the West Virginia nor Federal Rules regarding severance set forth the standard for determining misjoinder. However, "courts have uniformly held that 'parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a)." *Jonas v. Conrath*, 149 F.R.D. 520, 523 (S.D. W. Va. 1993).

In turn, West Virginia law provides as follows with respect to permissive joinder:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions of occurrences and if any question of law or fact common to all defendants will arise in the action . . . .

W. Va. R. Civ. P. 20(a). In other words:

> [U]nder *West Virginia Rule of Civil Procedure* 20(a), persons may be joined in one action as defendants if: (1) any right to relief is asserted against them with respect to or arising out of the same transaction, occurrence, or series of occurrences, and (2) any question of law or fact common to all of the defendants will arise in the action. ***Under Rule 20(a), joinder of defendants is proper only if both of these requirements are satisfied***.

*State ex rel. Energy Corp. of America v. Marks*, 235 W. Va. 465, 470 (2015) (emphasis added).

Joinder of the defendants in this action was inappropriate because Plaintiff's claims against the respective defendants do not arise from the same transaction or occurrence nor involve common questions of fact. Plaintiff has sued a dozen companies and alleges that each refused to hire her for discriminatory purposes over a period of several years. *See* Pl.'s Compl. at ¶¶ 18–44 (alleging that Plaintiff lost her job in 2018 and describing her efforts to secure employment from 2020–22). The Complaint does not even identify the date on which CONSOL allegedly denied

5

Plaintiff's employment. *See* Pl.'s Compl. at ¶ 34 (noting only that Plaintiff applied for several positions and was not hired).

The Defendant companies do not share a thing in common aside from the fact that each appears to be a mining related business that Plaintiff claims did not hire her. Plaintiff does not allege that the Defendants colluded with one another or otherwise conspired to prevent her from securing employment. Thus, to the extent that there is any overlap in Plaintiff's claims as to the individual Defendants, such overlap is coincidental at best and arises simply from the fact that Plaintiff happened to be looking for a job.

Presumably, each of the Defendant companies have different hiring managers, different hiring procedures, different needs, different locations, and different job requirements. Plaintiff acknowledged that the manner in which she applied to the Defendant companies varied. *See, e.g., id.* at ¶ 40 ("The plaintiff applied for positions from the defendants in person, at job fairs, online, through ZipRecruiter, Indeed, Facebook, and Consol [sic] Energy, Inc. and Blackhawk Mining, LLC's own websites."). Plaintiff alleges that the Defendant companies refused to hire her for different reasons. *See, e.g., id.* at ¶ 38 (Plaintiff was told she would likely be hired); *but see id.* at ¶ 39 (Plaintiff allegedly was not hired because the company did not have a female bath house). As to CONSOL, Plaintiff does not specify why she alleges she was not hired. *See id.* at ¶ 34 (stating only that CONSOL did not hire her).

Plaintiff's misjoinder of the Defendants in this action flies in the face of the principles of law upon which the doctrine of joinder was developed. *See State ex rel. Energy Corp. of America v. Marks*, 235 W. Va. 465, 470 (2015) (noting that joinder is appropriate only when there is "substantial evidentiary overlap between them" such that "the claims involve enough related operative facts to make joinder in a single claim *fair*") (emphasis added); *State ex rel. J.C. v.*

*Mazzone*, 233 W. Va. 457, 464 (2014) (noting that multiple parties may be joined in an action only if "the essential facts of the various claims are so logically connected that considerations of *judicial economy* and *fairness* dictate that all issues be resolved in one lawsuit") (emphasis added); Cleckey, Davis, & Palmer, *Litigation Handbook* § 21 at 574 ("If a trial court finds that a plaintiff has misjoined parties, the court should sever those parties or claims.").

To try Plaintiff's claims together would require the jury to juggle and appropriately assess the hiring procedures and metrics of a dozen unrelated entities spanning a several-year period during the height of the COVID-19 pandemic, when market conditions, the employment market, and the mining market in particular, fluctuated precipitously. Undoubtedly, CONSOL would be subject to extraordinary prejudice if it were forced to defend against Plaintiff's claims in the context of eleven other similar, but wholly unrelated actions concerning different entities, different witnesses, different policies, different needs, and under different market conditions.

One need not think too deeply to discern the many prejudices which could result between and among the Defendants in this action if they are forced to defend against Plaintiff's allegations in a single trial.[1] Indeed, CONSOL is hard pressed to think of any trial conditions which could be more unfair, prejudicial, and contrary to the interests of justice than forcing twelve wholly unrelated defendant-employers to compete for the jury's attention in defense of a plaintiff's blanket accusation that each such defendant, on different occasions, under different circumstances, operating pursuant to different policies which were implemented by different people, wrongfully

---

[1]    *See United States v. McRae*, 702 F.3d 806 (5th Cir. 2012) (finding defendant was prejudiced by trial court's refusal to sever from other defendants because the spillover effect from the evidence presented in connection with his four co-defendants denied him a fair trial); *United States v. Mannie*, 509 F.3d 951 (7th Cir. 2007) (defendant denied fair trial due to disruptive behavior of co-defendant during proceedings); *United States v. Tarango*, 3967 F.3d 666 (5th Cir. 2005) (defendant denied fair trial when majority of evidence focused on absent co-defendant).

refused to hire the plaintiff. Such misjoinder obviously flies in the face of "fairness" and contravenes the principles upon which the doctrine of joinder was developed.

Plaintiff inappropriately joined her claims against the Defendants in this matter. Accordingly, CONSOL prays that its Motion to Sever be granted.

### Conclusion

The fact in this case are virtually indistinguishable from those in which courts throughout the country have held that the defendants were impermissibly joined. To the extent that the individual Defendants share anything in common, such commonalities are coincidental at best and are wholly insufficient to establish that Plaintiff's claims arise from the same transaction(s) or occurrence(s). Accordingly, this Court should grant this Motion, sever Plaintiff's claims against CONSOL from her claims against the other individual Defendants, and permit Plaintiff to proceed against CONSOL only as an individual defendant in a severed and separate action.

CONSOL avers that this Motion is ripe for ruling and should be granted on the written submissions alone. However, if the Court feels that oral arguments would aid in its determination of this matter, CONSOL prays that the Court notice such arguments at the earliest convenient time.

**CONSOL ENERGY, INC.,**
**By counsel,**


/s/Christopher S. Etheredge
Michael D. Mullins (WVSB No. 7754)
Christopher S. Etheredge (WVSB No. 13835)
Steptoe & Johnson PLLC
Chase Tower, 17th Floor
P.O. Box 1588
Charleston, WV 25326-1588
Telephone: (304) 353-8000
Facsimile: (304) 933-8704
Michael.Mullins@steptoe-johnson.com
Christopher.Etheredge@steptoe-johnson.com

**IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA**

AMANDA ASBURY,
    *Plaintiff,*

v.                                      Civil Action No. 22-C-89
                                             Judge Stacy L. Nowicki-Eldridge

POCAHONTAS COAL
COMPANY, LLC, *et al.,*
    *Defendants.*

## CERTIFICATE OF SERVICE

I hereby certify that on the __25ᵗʰ__ day of April 2023, I filed the foregoing **"CONSOL Energy, Inc.'s Motion to Sever,"** via the WV E-Filing System which will send an electronic copy of said filing to counsel as listed below, except as otherwise specified:

Mark A. Atkinson, Esq. (WVSB #184)
John-Mark Atkinson, Esq. (WVSB #12014)
ATKINSON & POLAK, PLLC
P.O. Box 549
Charleston, WV 25322-0549
*Counsel for Plaintiff*

C. David Morrison (WVSB #2643)
Amy M. Smith (WVSB #6454)
Michael James Moore (WVSB #12009)
Mark G. Jeffries, (WVSB #11618)
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330
*Counsel for Arch Resources, Inc. and*
*Mingo Logan Coal, LLC*

Ashley C. Pack (WVSB #10477)
Sean D. Thomas (WVSB #13697)
DINSMORE & SHOHL LLP
707 Virginia Street, East, Suite 1300 (25301)
P.O. Box 11887
Charleston, WV 25339-1887
*Counsel for Blackhawk Mining, LLC*
**Via U.S. Mail**

Joseph U. Leonoro (WVSB #10501)
Jonathan Ellis (WVSB #10296)
Mark C. Dean (WVSB #12017)
STEPTOE & JOHNSON PLLC
P.O. Box 1588
Charleston, WV 25326-1588
*Counsel for Alpha Natural Resources*
*Services, LLC; Cleveland-Cliffs Princeton*
*Coal Inc.; and Contura Energy, Inc.*
**Via Electronic Mail**

Jonathan Ellis (WVSB #10296)
Mark C. Dean (WVSB #12017)
STEPTOE & JOHNSON PLLC
P.O. Box 1588
Charleston, WV 25326-1588
*Counsel for Pocahontas Coal Company LLC*
*d/b/a Affinity Coal Company, LLC and United*
*Coal Company, LLC*
**Via Electronic Mail**

Matthew A. Nelson, Esquire
LEWIS BRISBOIS BISGAARD & SMITH llp
Suite 1400
707 Virginia Street East
Charleston, WV  25301
*Counsel for GMS Mine Repair and*
*Maintenance, Inc.*
**Via U.S. Mail**

**STEPTOE & JOHNSON PLLC**
Of Counsel

/s/ Christopher S. Etheredge
Michael D. Mullins (WVSB No. 7754)
Christopher S. Etheredge (WVSB #13835)
P. O. Box 1588
Charleston, WV 25326-1588
Telephone (304)-353-8000
Facsimile (304)-353-8180
Michael.Mullins@steptoe-johnson.com
Christopher.Etheredge@steptoe-johnson.com



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   John-Mark Atkinson
        johnmark@amplaw.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 5/19/2023 12:02:25 PM

Notice Date:     5/19/2023 12:02:25 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Mark Curtis Dean
mark.dean@steptoe-johnson.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 5/19/2023 12:02:25 PM

Notice Date:     5/19/2023 12:02:25 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Michael James Moore
michael.moore@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 5/19/2023 12:02:25 PM

Notice Date:     5/19/2023 12:02:25 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Amy Marie Smith
amy.smith@steptoe-johnson.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 5/19/2023 12:02:25 PM

Notice Date:     5/19/2023 12:02:25 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   James A. Kirby
          James.Kirby@lewisbrisbois.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 5/19/2023 12:02:25 PM

Notice Date:     5/19/2023 12:02:25 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Christopher Starr Etheredge
christopher.etheredge@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following supporting documents was FILED on 5/19/2023 12:02:25 PM

Notice Date:     5/19/2023 12:02:25 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

E-FILED | 3/28/2023 11:22 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

AMANDA ASBURY

           Plaintiff,

v.                                      Civil Action No. 22-C-89

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

           Defendants.

## **PLAINTIFF'S RESPONSE TO CONSOL ENERGY, INC.'S MOTION TO SEVER**

Plaintiff, Amanda Asbury, by and through counsel, hereby files her Response to Consol Energy, Inc.'s Motion to Sever. Plaintiff does not oppose severing her claims against Consol Energy, Inc. from the other claims pending in this civil action and proceeding with them separately according to Rule 21 of the West Virginia Rules of Civil Procedure.

AMANDA ASBURY
By Counsel

*/s/ John-Mark Atkinson*
Mark A. Atkinson (WVSB #184)
John-Mark Atkinson (WVSB #12014)
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311
(304) 346-5100
emboles@amplaw.com
johnmark@amplaw.com

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA


AMANDA ASBURY,

       Plaintiff,


v.                                                                CIVIL ACTION NO. 22-C-89

POCAHONTAS COAL COMPANY LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

       Defendants.

## **CERTIFICATE OF SERVICE**

      I, John-Mark Atkinson, do hereby certify that on May 28, 2023, I electronically filed the

foregoing "PLAINTIFF'S RESPONSE TO CONSOL ENERGY, INC.'S MOTION TO SEVER"

with the Court via West Virginia E-File, which will send notification of such filing to:

Michael D. Mullins
Christopher S. Etheredge
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower 17th Floor
Charleston, WV 25301

Jonathan R. Ellis
Joseph U. Leonoro
Mark C. Dean
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower 17th Floor
Charleston, WV 25301

David Morrison
Amy M. Smith
Michael J. Moore
Mark G. Jeffries
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330

Ashley C. Pack
Sean Thomas
DINSMORE & SHOHL LLP
707 Virginia Street East Suite 1300
Charleston, WV 25301

Matthew A. Nelson
James A. Kirby III
Lewis Brisbois Bisgaard & Smith LLP
707 Virginia Street, E., Ste. 1400
Charleston, WV 25301

/s/ John-Mark Atkinson
(WVSB #12014)

4



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  John-Mark Atkinson
johnmark@amplaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion response was FILED on 5/28/2023 11:22:02 PM

Notice Date:     5/28/2023 11:22:02 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Affinity Coal Company, LLC
CT Corporation System
1627 Quarrier Street
Charleston, WV 25311

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion response was FILED on 5/28/2023 11:22:02 PM

Notice Date:     5/28/2023 11:22:02 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Blackhawk Mining, LLC
CT Corporation System
5098 Washington St., W, Suite 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion response was FILED on 5/28/2023 11:22:02 PM

Notice Date:     5/28/2023 11:22:02 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Cleveland-Cliffs Princeton Coal Inc.
CT Corporation System
5098 Washington St., W, Suite 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion response was FILED on 5/28/2023 11:22:02 PM

Notice Date:     5/28/2023 11:22:02 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** David Stanley Consultants, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company

CC-03-2022-C-89

The following motion response was FILED on 5/28/2023 11:22:02 PM

Notice Date:    5/28/2023 11:22:02 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Contura Energy, Inc.
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion response was FILED on 5/28/2023 11:22:02 PM

Notice Date:    5/28/2023 11:22:02 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Alpha Natural Resources Services, LLC
Corporation Service Company
209 West Washington STreet
Charleston, WV 25302

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion response was FILED on 5/28/2023 11:22:02 PM

Notice Date:     5/28/2023 11:22:02 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Stanhurst, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion response was FILED on 5/28/2023 11:22:02 PM

Notice Date:    5/28/2023 11:22:02 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Mark Curtis Dean
mark.dean@steptoe-johnson.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion response was FILED on 5/28/2023 11:22:02 PM

Notice Date: 5/28/2023 11:22:02 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Michael James Moore
michael.moore@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion response was FILED on 5/28/2023 11:22:02 PM

Notice Date:     5/28/2023 11:22:02 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Amy Marie Smith
amy.smith@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion response was FILED on 5/28/2023 11:22:02 PM

Notice Date:     5/28/2023 11:22:02 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  James A. Kirby
James.Kirby@lewisbrisbois.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion response was FILED on 5/28/2023 11:22:02 PM

Notice Date:      5/28/2023 11:22:02 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Christopher Starr Etheredge
christopher.etheredge@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion response was FILED on 5/28/2023 11:22:02 PM

Notice Date:     5/28/2023 11:22:02 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

E-FILED | 3/30/2023 9:22 AM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

**AMANDA ASBURY,**
   *Plaintiff*,

**v.**            **Civil Action No. 22-C-89**
               **Judge Stacy L. Nowicki-Elridge**

**POCAHONTAS COAL**
**COMPANY, LLC,** *et al.*,
   *Defendants*.

### DEFENDANTS ALPHA NATURAL RESOURCES SERVICES, LLC'S AND CONTURA ENERGY, INC.'S[1] MOTION TO SEVER

**COME NOW** Defendants Alpha Natural Resources Services, LLC and Contura Energy, Inc. (now known as Alpha Metallurgical Resources, Inc.) (collectively, "these Defendants"), by counsel, and pursuant to Rule 21 of the *West Virginia Rules of Civil Procedure*, hereby move that the allegations set forth in Plaintiff's Complaint as to these Defendants be severed from those set forth against the other Defendants and that Plaintiff be permitted to proceed in her claims against these Defendants solely in a separate and distinct action. **Counsel for these Defendants have conferred with counsel for Plaintiff and are authorized to state that Plaintiff does not object to or oppose this Motion.**

As noted below and more fully elsewhere in the record, the Defendants in this matter were misjoined because the claims against them do not arise from the same transactions or occurrences nor involve common questions of law and fact. To the contrary, Plaintiff's Complaint alleges nothing more than that each of the Defendants violated Plaintiffs' rights in a similar manner during separate and distinct transactions and occurrences. Such allegations are insufficient to form the basis for joining multiple defendants in a single action as a matter of law. Accordingly, these

---

[1] Contura Energy, Inc. is now known as Alpha Metallurgical Resources, Inc.

Defendants are entitled to have Plaintiff's claims against hem severed from those Plaintiff alleges against the other named defendants, and in support hereof states as follows:

## Background

Plaintiff filed her Complaint in this action on November 30, 2022 in this Court. [*See* Compl.].  Therein, Plaintiff alleges that she applied for employment with each of the named defendants and that none of them hired her.  [*See id.*]. Specific to these Defendants, Plaintiff alleges that she "applied with Alpha (Contura Energy, Inc. and Alpha Natural Resource [*sic*] Services, LLC) at Road Fork 52 in person and was not hired." [*Id.* at ¶ 37].

On January 4, 2023, Defendants Arch Resources, Inc. ("Arch") and Mingo Logan Coal Company ("Mingo Logan") removed this action to federal court based on diversity jurisdiction. [*See* 1/4/23 Notice of Removal]. Therein, Arch and Mingo Logan argued that "[a]part from parties fraudulently misjoined or otherwise not properly joined and served and/or nominal parties, the dispute is between citizens of different states." [*Id.* at 3].  Following removal, these Defendants filed their respective Answers and "reserve[d] the right to argue that [they were] inappropriately joined with the other Defendants in this matter."  [ANR Ans. at 9]; [Contura Ans. at 9].

On January 20, 2023, Arch and Mingo Logan filed their Motion to Sever and Memorandum in Support thereof (the "District Court Motion to Sever"). Therein, Arch and Mingo Logan argued that they, along with the other Defendants (including these Defendants), were inappropriately and/or fraudulently misjoined in this action because "these cases have absolutely nothing to do with each other." [1/20/23 Motion to Sever at 2]; *see Wyatt v. Charleston Area Med. Ctr., Inc.*, 651 F. Supp. 2d 492, 496 (S.D. W. Va. 2009) ("Fraudulent misjoinder . . . is an assertion that claims against certain defendants, while provable, have no real connection to the claims against other defendants in the same action and were only included in order to defeat diversity jurisdiction

2

and removal."). On February 3, 2023, these Defendants joined in the District Court Motion to Sever. [2/3/23 Motion to Join Motion to Sever].

On February 3, 2023, Plaintiff filed her Motion to Remand, arguing that the District Court did not have jurisdiction over this action as presently constituted because there was not complete diversity among the parties.

On March 14, 2023, the District Court entered its Memorandum Opinion and Order (the "Order") remanding this action to this Court. Therein, the Court granted Plaintiff's Motion to Remand and terminated the District Court Motion to Sever as moot pending resolution of the misjoinder issues before this Court. [*See* 3/14/23 Order at 8] (noting that "any motion to sever can be raised before the state court, which has jurisdiction to hear that question"). In reaching its conclusion, the District Court was careful to note that its decision was guided by the principle that federal courts "should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Order at 6 (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)) (noting that "the doctrine of fraudulent misjoinder is relatively new and not clearly defined").

Importantly, the District Court did not set forth any substantive rulings regarding the merits of Defendants' arguments regarding fraudulent misjoinder. Rather, the Court simply held that it was without jurisdiction to consider those arguments because "[t]he Fourth Circuit has not adopted a fraudulent misjoinder rule permitting federal courts to exercise diversity jurisdiction over cases with claims against non-diverse defendants, sever and remand as to those defendants, and proceed with removed claims against diverse defendants." [Order at 6–7]. Accordingly, the District Court granted Plaintiff's motion to remand and terminated the District Court Motion to Sever as moot pending resolution of misjoinder issues before this Court.

3

Following remand, the entire docket was transferred to this Court, including the District Court Motion to Sever in which these Defendants joined and all Responses and Replies thereto. Insomuch as the District Court Motion to Sever has been fully briefed, the same is ripe for adjudication before this Court.

<div align="center">**Discussion**</div>

I.    **These Defendants adopt and incorporate the District Court Motion to Sever and all Replies in support thereof as if fully set forth herein.**

The West Virginia and Federal Rules of Civil Procedure governing misjoinder are functionally identical. *Compare* W. Va. R. Civ. P. 21("Parties may be dropped or added by order of the court on motion of any party or of its own initiative  at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.") *with* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

Accordingly, courts determining whether misjoinder is present typically consider both state and federal authorities. *See Grennell v. Western Southern Life Ins. Co.*, 298 F. Supp. 2d 390, 397 (S.D. W. Va. Jan 6, 2004) (noting that "this Court need not decide whether to apply federal or state law regarding permissive joinder, as the two are identical in West Virginia"); *State ex rel. Energy Corp. of America v. Marks*, 235 W. Va. 465, 469–70 n. 6 (2015) ("Because the West Virginia Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, we often refer to interpretations of the Federal Rules when discussing our own rules.").

Here, as noted above, the District Court Motion to Sever in which these Defendants joined was fully briefed before the District Court. Importantly, Judge Berger did not make any substantive rulings on the Motion, holding only that she lacked jurisdiction to rule on the issues it interposed. However, this Court certainly has jurisdiction to sever Plaintiff's claims. And as more fully

<div align="center">4</div>

developed in the District Court Motion to Sever and the Replies in support thereof, these Defendants are entitled to severance of Plaintiff's claims from those alleged against the other named Defendants as a matter of law. Accordingly, and in the interest of judicial economy, these Defendants adopt each of the arguments set forth in the District Court Motion to Sever and all Replies in support thereof as if fully set forth herein.

## II. West Virginia law provides additional authority as to why Plaintiff's claims must be severed.

Neither the West Virginia nor Federal Rules regarding severance set forth the standard for determining misjoinder. However, "courts have uniformly held that 'parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a)." *Jonas v. Conrath*, 149 F.R.D. 520, 523 (S.D. W. Va. 1993).

In turn, West Virginia law provides as follows with respect to permissive joinder:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions of occurrences and if any question of law or fact common to all defendants will arise in the action . . . .

W. Va. R. Civ. P. 20(a). In other words:

> [U]nder *West Virginia Rule of Civil Procedure* 20(a), persons may be joined in one action as defendants if: (1) any right to relief is asserted against them with respect to or arising out of the same transaction, occurrence, or series of occurrences, and (2) any question of law or fact common to all of the defendants will arise in the action. ***Under Rule 20(a), joinder of defendants is proper only if both of these requirements are satisfied***.

*State ex rel. Energy Corp. of America v. Marks*, 235 W. Va. 465, 470 (2015) (emphasis added).

Joinder of the defendants in this action was inappropriate because Plaintiff's claims against the respective defendants do not arise from the same transaction or occurrence nor involve common questions of fact. Plaintiff has sued a dozen companies and alleges that each refused to hire her for discriminatory purposes over a period of several years. [*See* Compl. at ¶¶ 18–44]

5

(alleging that Plaintiff lost her job in 2018 and describing her efforts to secure employment from 2020–22). The Complaint does not identify the date on which these Defendants allegedly denied Plaintiff's employment, or even to what position she allegedly applied. [*See* Compl. at ¶ 37] (noting only that Plaintiff allegedly applied for a position at Road Fork 52 Mine and was not hired).

The various named Defendant companies do not share a thing in common aside from the fact that each appears to be a mining related business that Plaintiff claims did not hire her. Plaintiff does not allege that the Defendants colluded with one another or otherwise conspired to prevent her from securing employment. Thus, to the extent that there is any overlap in Plaintiff's claims as to the individual Defendants, such overlap is coincidental at best and arises simply from the fact that Plaintiff happened to be looking for a job.

Presumably, each of the Defendant companies have different hiring managers, different hiring practices, different needs, different locations, and different job requirements. Plaintiff acknowledged that the manner in which she applied to the Defendant companies varied. [*See, e.g.*, *id.* at ¶ 40] ("The plaintiff applied for positions from the defendants in person, at job fairs, online, through ZipRecruiter, Indeed, Facebook, and Consol [*sic*] Energy, Inc. and Blackhawk Mining, LLC's own websites."). Plaintiff alleges that the Defendant companies refused to hire her for different reasons. [*See*, *e.g.*, *id.* at ¶¶ 29-34, 37, 39]/

Plaintiff's misjoinder of the Defendants in this action flies in the face of the principles of law upon which the doctrine of joinder was developed. *See State ex rel. Energy Corp. of America v. Marks*, 235 W. Va. 465, 470 (2015) (noting that joinder is appropriate only when there is "substantial evidentiary overlap between them" such that "the claims involve enough related operative facts to make joinder in a single claim *fair*") (emphasis added); *State ex rel. J.C. v. Mazzone*, 233 W. Va. 457, 464 (2014) (noting that multiple parties may be joined in an action only

6

if "the essential facts of the various claims are so logically connected that considerations of *judicial economy* and *fairness* dictate that all issues be resolved in one lawsuit") (emphasis added); Cleckey, Davis, & Palmer, *Litigation Handbook* § 21 at 574 ("If a trial court finds that a plaintiff has misjoined parties, the court should sever those parties or claims.").

To try Plaintiff's claims together would require the jury to juggle and appropriately assess the hiring practices and metrics of over a dozen unrelated entities spanning a several-year period during the height of the COVID-19 pandemic, when market conditions, the employment market, and the mining market in particular, fluctuated precipitously. Undoubtedly, these Defendants would be subject to extraordinary prejudice if it were forced to defend against Plaintiff's claims in the context of eleven other similar, but wholly unrelated actions concerning different entities, different witnesses, different policies, different needs, and under different market conditions.

One need not think too deeply to discern the many prejudices which could result between and among the Defendants in this action if they are forced to defend against Plaintiff's allegations in a single trial.[2] Indeed, these Defendants are hard pressed to think of any trial conditions which could be more unfair, prejudicial, and contrary to the interests of justice than forcing ***thirteen (13)*** wholly unrelated defendant-potential employers to compete for the jury's attention in defense of a plaintiff's blanket accusation that each such defendant, on different occasions, under different circumstances, operating pursuant to different policies which were implemented by different people, wrongfully refused to hire the plaintiff. Such misjoinder obviously flies in the face of "fairness" and contravenes the principles upon which the doctrine of joinder was developed.

---

[2]    *See, e.g., United States v. McRae*, 702 F.3d 806 (5th Cir. 2012) (finding defendant was prejudiced by trial court's refusal to sever from other defendants because the spillover effect from the evidence presented in connection with his four co-defendants denied him a fair trial); *United States v. Mannie*, 509 F.3d 951 (7th Cir. 2007) (defendant denied fair trial due to disruptive behavior of co-defendant during proceedings); *United States v. Tarango*, 3967 F.3d 666 (5th Cir. 2005) (defendant denied fair trial when majority of evidence focused on absent co-defendant).

Plaintiff inappropriately joined her claims against the Defendants in this matter. Accordingly, these Defendants pray that their Motion to Sever be granted.

## Conclusion

The facts in this case are virtually indistinguishable from those in which courts throughout the country have held that the defendants were impermissibly joined. To the extent that the various Defendants share anything in common, such commonalities are coincidental at best and are wholly insufficient to establish that Plaintiff's claims arise from the same transaction(s) or occurrence(s). Accordingly, this Court should grant this Motion, sever Plaintiff's claims against Alpha Natural Resources Services, LLC and Contura Energy, Inc. (now known as Alpha Metallurgical Resources, Inc.) from her claims against the other individual Defendants, and permit Plaintiff to proceed against these Defendants only in a severed and separate action. As noted, counsel for these Defendants have conferred with counsel for Plaintiff and are authorized to state that Plaintiff does not object to or oppose this Motion.

> **ALPHA NATURAL RESOURCES SERVICES, LLC and CONTURA ENERGY, INC.,**
>
> **By Counsel,**
>
> /s/ Mark C. Dean
> Joseph U. Leonoro (WVSB #10501)
> Jonathan Ellis (WVSB #10296)
> Mark C. Dean (WVSB #12017)
> Steptoe & Johnson PLLC
> P.O. Box 1588
> Charleston, WV 25326-1588
> Telephone: 304-353-8000
> Facsimile: 304-353-8180
> Joseph.Leonoro@Steptoe-Johnson.com
> Jonathan.Ellis@Steptoe-Johnson.com
> Mark.Dean@Steptoe-Johnson.com
> *Counsel for Defendants Alpha Natural Resources Services, LLC and Contura Energy, Inc.*

8

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 30th day of May, 2023, I filed the foregoing **"Defendants Alpha Natural Resources LLC's and Contura Energy, Inc.'s Motion to Sever"** with the Clerk via the CourtPlus e-filing system, which will provide a copy thereof to the following counsel of record:

Mark A. Atkinson
John-Mark Atkinson
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311

Michael D. Mullins
Christopher S. Etheredge
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

C. David Morrison
Amy M. Smith
Michael J. Moore
Mark G. Jeffries
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330

Ashley C. Pack
Sean Thomas
DINSMORE & SHOHL LLP
707 Virginia Street East
Suite 1300
Charleston, WV 25301

Matthew A. Nelson
Lewis Brisbois Bisgaard & Smith LLP
707 Virginia Street, E., Ste. 1400
Charleston, WV 25301

_/s/ Mark C. Dean_



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Mark Dean
mark.dean@steptoe-johnson.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company

CC-03-2022-C-89

The following motion was FILED on 5/30/2023 9:22:21 AM

Notice Date:     5/30/2023 9:22:21 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Affinity Coal Company, LLC
CT Corporation System
1627 Quarrier Street
Charleston, WV 25311

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 5/30/2023 9:22:21 AM

Notice Date:    5/30/2023 9:22:21 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Blackhawk Mining, LLC
CT Corporation System
5098 Washington St., W, Suite 407
Charleston, WV 25313

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company

CC-03-2022-C-89

The following motion was FILED on 5/30/2023 9:22:21 AM

Notice Date:    5/30/2023 9:22:21 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Cleveland-Cliffs Princeton Coal Inc.
CT Corporation System
5098 Washington St., W, Suite 407
Charleston, WV 25313

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 5/30/2023 9:22:21 AM

Notice Date:    5/30/2023 9:22:21 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  David Stanley Consultants, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 5/30/2023 9:22:21 AM

Notice Date:     5/30/2023 9:22:21 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Contura Energy, Inc.
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 5/30/2023 9:22:21 AM

Notice Date:    5/30/2023 9:22:21 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Stanhurst, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 5/30/2023 9:22:21 AM

Notice Date:    5/30/2023 9:22:21 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** John-Mark Atkinson
johnmark@amplaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 5/30/2023 9:22:21 AM

Notice Date:    5/30/2023 9:22:21 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Michael James Moore
michael.moore@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 5/30/2023 9:22:21 AM

Notice Date:    5/30/2023 9:22:21 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Amy Marie Smith
amy.smith@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company

CC-03-2022-C-89

The following motion was FILED on 5/30/2023 9:22:21 AM

Notice Date:     5/30/2023 9:22:21 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   James A. Kirby
James.Kirby@lewisbrisbois.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company

CC-03-2022-C-89

The following motion was FILED on 5/30/2023 9:22:21 AM

Notice Date:      5/30/2023 9:22:21 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Christopher Starr Etheredge
christopher.etheredge@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 5/30/2023 9:22:21 AM

Notice Date:     5/30/2023 9:22:21 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

E-FILED | 3/31/2023 3:53 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

**IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA**

AMANDA ASBURY,

      **Plaintiff,**

v.                                    **Civil Action No. 22-C-89**
                                         **Judge Stacy L. Nowicki-Eldridge**

POCAHONTAS COAL
COMPANY, LLC, *et al.*,

      **Defendants.**

## BLACKHAWK MINING, LLC'S MOTION TO SEVER

Blackhawk Mining, LLC ("Blackhawk"), by and through counsel, and pursuant to Rule 21 of the West Virginia Rules of Civil Procedure, moves this Court to enter an Order severing Plaintiff's allegations against Blackhawk from those alleged against non-related defendants and allow Plaintiff to proceed against Blackhawk as an individual defendant in a separate and distinct action. In support of this Motion, Blackhawk states the following:

Plaintiff's Complaint consists of a single failure to hire claim alleged against more than a dozen entities who operate in the coal industry.  While the claim is alleged as a failure to hire, the facts which support Plaintiff's claims are distinct.  In comparison to the other Defendants, Blackhawk is a separate entity: there is no common ownership; no common corporate structure; no common decision makers or methods of evaluating an applicant pool.

Indeed, Plaintiff acknowledged and agreed in her previous Response to Defendants' Arch Resources, Inc. and Mingo Logan Coal, LLC's Motion to Sever (filed in the Southern District of West Virginia prior to remand) that Blackhawk is among those defendants in this action without common ownership and for which severance would be proper. *See* ECF No. 28 at 6 ("Defendants

Blackhawk Mining, LLC, GMS Mine Repair and Maintenance, Inc., and Consol Energy Inc. are not related. Therefore, Plaintiff's claims against these Defendants can be severed separately.").

Independent from Plaintiff's concessions, severing Plaintiff's claim against Blackhawk eliminates the risk of undue prejudice Blackhawk will face by been forced to litigate this matter alongside of the other co-defendants. In addition to separate ownership and corporate structure, Blackhawk has its own distinct witnesses, decision makers, and facts supporting its methods of evaluating applicants. Thus, permitting Plaintiff's claim against Blackhawk to be tried contemporaneously with the other Defendants not only prejudices Blackhawk, but it overcomplicates matters before a jury.

Blackhawk has conferred with Plaintiff regarding this Motion and is authorized to state that Plaintiff does not object to the Court severing her claims against Blackhawk Mining, LLC from the other claims pending in this civil action and proceed with them separately according to Rule 21 of the West Virginia Rules of Civil Procedure.

Accordingly, the Court should grant Blackhawk's Motion to Sever.

**BLACKHAWK MINING, LLC**

By Counsel,

*/s/ Sean D. Thomas*
Ashley C. Pack (WVSB # 10477)
Sean D. Thomas (WVSB #13697)
Dinsmore & Shohl LLP
707 Virginia Street East, Suite 1300
P.O. Box 11887
Charleston, WV 25339-1887
Telephone: 304-357-0900
Fax: 304-357-0919
ashley.pack@dinsmore.com
sean.thomas@dinsmore.com

**IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA**

**AMANDA ASBURY,**

    **Plaintiff,**

**v.**                                                    **Civil Action No. 22-C-89**
                                                         **Judge Stacy L. Nowicki-Eldridge**

**POCAHONTAS COAL
COMPANY, LLC,** *et al.***,**

    **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

    I, Sean D. Thomas, do hereby certify that the foregoing *Blackhawk Mining, LLC's Motion to Sever* was served via the West Virginia E-File system, which will send notification upon the following counsel of record:

        Mark A. Atkinson
        John-Mark Atkinson
        Atkinson & Frampton, PLLC
        2306 Kanawha Blvd. E.
        Charleston, WV 25311
        (304) 346-5100
        emboles@amplaw.com
        johnmark@amplaw.com

        Michael D. Mullins
        Christopher S. Etheredge
        STEPTOE & JOHNSON PLLC
        707 Virginia Street East,
        Chase Tower 17th Floor
        Charleston, WV 25301

        Jonathan R. Ellis
        Joseph U. Leonoro
        Mark C. Dean
        STEPTOE & JOHNSON PLLC
        707 Virginia Street East,
        Chase Tower 17th Floor
        Charleston, WV 25301

David Morrison
Amy M. Smith
Michael J. Moore
Mark G. Jeffries
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330

Matthew A. Nelson
James A. Kirby III
Lewis Brisbois Bisgaard & Smith LLP
707 Virginia Street, E., Ste. 1400
Charleston, WV 25301


/s/ Sean D. Thomas
Sean D. Thomas (WVSB #13697)



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Sean Thomas
         sean.thomas@dinsmore.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company

CC-03-2022-C-89

The following motion was FILED on 5/31/2023 4:33:48 PM

Notice Date:    5/31/2023 4:33:48 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** David Stanley Consultants, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 5/31/2023 4:33:48 PM

Notice Date:    5/31/2023 4:33:48 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Stanhurst, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 5/31/2023 4:33:48 PM

Notice Date:    5/31/2023 4:33:48 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  John-Mark Atkinson
johnmark@amplaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company

CC-03-2022-C-89

The following motion was FILED on 5/31/2023 4:33:48 PM

Notice Date:     5/31/2023 4:33:48 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Mark Curtis Dean
mark.dean@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 5/31/2023 4:33:48 PM

Notice Date:     5/31/2023 4:33:48 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Ashley C Pack
ashley.pack@dinsmore.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company

CC-03-2022-C-89

The following motion was FILED on 5/31/2023 4:33:48 PM

Notice Date:    5/31/2023 4:33:48 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Michael James Moore
michael.moore@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 5/31/2023 4:33:48 PM

Notice Date:     5/31/2023 4:33:48 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Amy Marie Smith
amy.smith@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company

CC-03-2022-C-89

The following motion was FILED on 5/31/2023 4:33:48 PM

Notice Date:    5/31/2023 4:33:48 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  James A. Kirby
James.Kirby@lewisbrisbois.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company

CC-03-2022-C-89

The following motion was FILED on 5/31/2023 4:33:48 PM

Notice Date:     5/31/2023 4:33:48 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Christopher Starr Etheredge
christopher.etheredge@steptoe-johnson.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company

CC-03-2022-C-89

The following motion was FILED on 5/31/2023 4:33:48 PM

Notice Date:     5/31/2023 4:33:48 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

E-FILED | 6/1/2023 8:52 AM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

AMANDA ASBURY

                Plaintiff,

v.                                                             Civil Action No. 22-C-89

POCAHONTAS COAL COMPANY, LLC,
a West Virginia limited liability company d/b/a
AFFINITY COAL COMPANY, LLC;
UNITED COAL COMPANY, LLC,
a Virginia limited liability company,
BLACKHAWK MINING, LLC,
a Delaware limited liability company;
ARCH RESOURCES, INC.,
a Delaware corporation;
MINGO LOGAN COAL LLC,
a Delaware limited liability company;
CLEVELAND-CLIFFS PRINCETON COAL, INC.,
a West Virginia corporation;
GMS MINE REPAIR AND MAINTENANCE, INC.,
a Maryland corporation;
DAVID STANLEY CONSULTANTS, LLC,
a West Virginia limited liability company;
CONTURA ENERGY, INC.,
a Delaware corporation;
ALPHA NATURAL RESOURCES SERVICES, LLC,
a Delaware limited liability company;
CONSOL ENERGY INC.,
a Delaware corporation;
STANHURST, LLC,
a West Virginia limited liability company,

                        Defendants.

## ARCH RESOURCES, INC. AND MINGO LOGAN COAL, LLC'S MOTION TO SEVER

                Defendants Arch Resources, Inc. ("Arch") and Mingo Logan Coal, LLC ("Mingo Logan") (collectively referred to as "these Defendants"), move this Court pursuant to Rule 21 of the West Virginia Rules of Civil Procedure to sever the claims against these Defendants based on

the misjoinder of these Defendants with other unrelated parties to which there are no mutual issues of law or fact.[1] **Plaintiff does not oppose severance of these claims.**

In this action, these Defendants are misjoined because Plaintiff Amanda Asbury ("Plaintiff") has combined twelve unrelated cases under the West Virginia Human Rights Act, W. Va. Code § 5-11-9 involving unrelated coal operators. Plaintiff contends, in short, that each defendant made the decision not to hire her for employment based upon her sex. There are no allegations of joint decision-making and no allegations that one defendant's decision not to interview or hire Plaintiff had any bearing on another defendant's decision. Plaintiff has not plead a claim that the defendants collectively engaged in a conspiracy to unlawfully refuse to hire Plaintiff for employment at their individual mine operations.

Additionally, Plaintiff has acknowledged to the undersigned that the claims Plaintiff is pursuing against Arch specifically, at this time, are on the grounds that Arch acted as a parent company to Mingo Logan and that Arch had a role in the decision not to hire Plaintiff as an employee at Mingo Logan. Plaintiff is not pursuing a claim, at this time, that Plaintiff applied for a position at Arch as her employer and was denied a job. Should Plaintiff's theory of her case change, these Defendants reserve the right to seek that the claims pursued against Mingo Logan and Arch be administered separately.

Misjoinder of parties may be cured by severing the claims against the misjoined parties pursuant to Rule 21 of the West Virginia Rules of Civil Procedure. "Any claim against a party may be severed and proceeded with separately." These Defendants contend that the appropriate mechanism, under Rule 21 and other treatises, is for such severance of claims to result in separate actions. *See* 4 James Wm. Moore,

---

[1] Defendants have filed this joint motion because the arguments for each are the same.

2

16429764

*Moore's Federal Practice* (3d ed.) § 21.02[4]. *Cf. Stallings v. Arch Ins. Co.*, No. 2:21cv3349, 2022 WL 4663250, at *5 (D.S.C. Sept. 30, 2022) (holding that removal was improper unless and until the defendant's insurer obtained a severance order from the state court).

**Plaintiff does not agree that a separate civil action number is necessary to effectuate the severance of the claims in this case.**

Here, these Defendants offer to the Court that there is good cause for the Court to sever Plaintiff's claims against Defendants Mingo Logan and Arch into a separate civil action distinct from the other Defendants and to assign the claims against Mingo Logan and Arch a separate case number.

**WHEREFORE,** Defendants Arch Resources, Inc. and Mingo Logan Coal LLC request that the Court grant this motion to sever the claims against Arch and Mingo Logan into a new civil action that is separate from this civil action pending against the other Defendants.

Dated this 1st day of June 2023.


|  |  |
|---|---|
|  | */s/ Michael J. Moore* |
|  | C. David Morrison (WVSB #2643) |
|  | Michael J. Moore (WVSB #12009) |
|  | Mark G. Jeffries (WVSB #11618) |
| **STEPTOE & JOHNSON PLLC** | 400 White Oaks Boulevard |
| OF COUNSEL | Bridgeport, WV 26330 |
|  | (304) 933-8000 |
|  |  |
|  | *Counsel for Defendants* |
|  | *Arch Resources, Inc. and Mingo Logan Coal, LLC* |

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of June 2023, I electronically filed the foregoing "Arch Resources, Inc. and Mingo Logan Coal, LLC's Motion to Sever" with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Mark A. Atkinson
John-Mark Atkinson
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311

Michael D. Mullins
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Jonathan R. Ellis
Joseph U. Leonoro
Mark C. Dean
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

Ashley C. Pack
Sean Thomas
DINSMORE & SHOHL LLP
707 Virginia Street East
Suite 1300
Charleston, WV 25301

*/s/ Michael J. Moore*
C. David Morrison (WVSB #2643)
Michael J. Moore (WVSB #12009)
Mark G. Jeffries (WVSB #11618)
400 White Oaks Boulevard
Bridgeport, WV 26330
(304) 933-8000

4

16429764



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Michael Moore
michael.moore@steptoe-johnson.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 6/1/2023 8:52:37 AM

Notice Date:     6/1/2023 8:52:37 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** David Stanley Consultants, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 6/1/2023 8:52:37 AM

Notice Date:    6/1/2023 8:52:37 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Stanhurst, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 6/1/2023 8:52:37 AM

Notice Date:     6/1/2023 8:52:37 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  John-Mark Atkinson
johnmark@amplaw.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company

CC-03-2022-C-89

The following motion was FILED on 6/1/2023 8:52:37 AM

Notice Date:    6/1/2023 8:52:37 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Mark Curtis Dean
mark.dean@steptoe-johnson.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 6/1/2023 8:52:37 AM

Notice Date:    6/1/2023 8:52:37 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Ashley C Pack
ashley.pack@dinsmore.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company

CC-03-2022-C-89

The following motion was FILED on 6/1/2023 8:52:37 AM

Notice Date:     6/1/2023 8:52:37 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Sean Daniel Thomas
sean.thomas@dinsmore.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 6/1/2023 8:52:37 AM

Notice Date:    6/1/2023 8:52:37 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Amy Marie Smith
amy.smith@steptoe-johnson.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company

CC-03-2022-C-89

The following motion was FILED on 6/1/2023 8:52:37 AM

Notice Date:      6/1/2023 8:52:37 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  James A. Kirby
James.Kirby@lewisbrisbois.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 6/1/2023 8:52:37 AM

Notice Date:     6/1/2023 8:52:37 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Christopher Starr Etheredge
christopher.etheredge@steptoe-johnson.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company
CC-03-2022-C-89

The following motion was FILED on 6/1/2023 8:52:37 AM

Notice Date:     6/1/2023 8:52:37 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

**AMANDA ASBURY,**

     **Plaintiff,**

**v.**                     **Civil Action No.: 22-C-89**
                                    **Honorable Stacy L. Nowicki-Eldridge**

**POCAHONTAS COAL COMPANY, LLC, et al.,**

     **Defendants.**


### <u>GMS MINE REPAIR AND MAINTENANCE, INC.'S MOTION TO SEVER</u>

Defendant, GMS Mine Repair and Maintenance, Inc. ("GMS"), moves this Court pursuant to Rule 21 of the West Virginia Rules of Civil Procedure to sever the claims against it based on the misjoinder of GMS with other unrelated parties to which there are not mutual issues of law or fact. Plaintiff does not oppose severance of these claims.

In this action, Plaintiff, Amanda Asbury ("Plaintiff"), has combined twelve unrelated cases under the West Virginia Human Rights Act, W. Va. Code § 5-11-9 involving unrelated defendants. Plaintiff contends, in short, that each defendant made the decision not to hire her for employment based upon her sex. However, there are no allegations of joint decision-making or that one defendant's decision not to interview or hire Plaintiff had any bearing on another defendant's decision. Further, Plaintiff has not plead a claim that the defendants collectively engaged in a conspiracy to unlawfully refuse to hire Plaintiff for employment at their individual mine operations. Consequently, Plaintiff's claims against all defendants in one suit results in a misjoinder of GMS with other unrelated partis to which there are no mutual issues of law or fact.

Misjoinder of parties may be cured by severing the claims against the misjoined parties pursuant to Rule 21 of the West Virginia Rules of Civil Procedure which states that "[a]ny claim

against a party may be severed and proceeded with separately." GMS contends that the appropriate mechanism, under Rule 21 and other treatises, is for such severance of claims to result in separate actions. *See* 4 James Wm. Moore, *Moore's Federal Practice* (3d ed.) § 21.02[4]. *Cf. Stallings v. Arch Ins. Co.,* No. 2:21cv3349, 2022 WL 4663250, at *5 (D.S.C. Sept. 30, 2022) (holding that removal was improper unless and until the defendant's insurer obtained a severance order from the state court).

Here, GMS contends that there is good cause for the Court to sever Plaintiff's claims against it into a separate civil action distinct from the other defendants and to assign the claims against GMS a separate case number.

WHEREFORE, GMS Mine Repair and Maintenance, Inc. requests that the Court grant its motion to sever the claims against it into a new civil action that is separate from this civil action pending against other defendants named in this matter.

Dated this 2nd day of June, 2023.

Respectfully submitted,

/s/James A. Kirby III
Matthew A. Nelson, Esq. (WVSB 9421)
James A. Kirby III, Esq. (WVSB 8564)
Lewis Brisbois Bisgaard & Smith LLP
707 Virginia Street, E., Ste. 1400
Charleston, WV  25301
304.553.0166/304.932.0265 (f)
matt.nelson@lewisbrisbois.com
james.kirby@lewisbrisbois.com

**Counsel for GMS Mine Repair and Maintenance, Inc.**

**IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA**

**AMANDA ASBURY,**

    **Plaintiff,**

**v.**                             **Civil Action No.: 22-C-89**
                                     **Honorable Stacy L. Nowicki-Eldridge**

**POCAHONTAS COAL COMPANY, LLC, et al.,**

    **Defendants.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 2nd day of June, 2023, he filed the foregoing

***GMS MINE REPAIR AND MAINTENANCE, INC.'S MOTION TO SEVER*** using the WV E-

Filing System, which will send a Notice of Electronic filing to, and constitutes service on, counsel

of record.

                            */s/James A. Kirby III*                
                            Matthew A. Nelson, Esq. (WVSB 9421)
                            James A. Kirby III, Esq. (WVSB 8564)
                            Lewis Brisbois Bisgaard & Smith LLP
                            707 Virginia Street, E., Ste. 1400
                            Charleston, WV  25301
                            304.553.0166/304.932.0265 (f)
                            matt.nelson@lewisbrisbois.com
                            james.kirby@lewisbrisbois.com

3



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** James Kirby
James.Kirby@lewisbrisbois.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following motion was FILED on 6/2/2023 3:57:22 PM

Notice Date:    6/2/2023 3:57:22 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  David Stanley Consultants, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company: et als
CC-03-2022-C-89

The following motion was FILED on 6/2/2023 3:57:22 PM

Notice Date:      6/2/2023 3:57:22 PM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Stanhurst, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following motion was FILED on 6/2/2023 3:57:22 PM

Notice Date:    6/2/2023 3:57:22 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  John-Mark Atkinson
johnmark@amplaw.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following motion was FILED on 6/2/2023 3:57:22 PM

Notice Date:    6/2/2023 3:57:22 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Mark Curtis Dean
mark.dean@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following motion was FILED on 6/2/2023 3:57:22 PM

Notice Date:     6/2/2023 3:57:22 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Ashley C Pack
ashley.pack@dinsmore.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following motion was FILED on 6/2/2023 3:57:22 PM

Notice Date:     6/2/2023 3:57:22 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Sean Daniel Thomas
sean.thomas@dinsmore.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following motion was FILED on 6/2/2023 3:57:22 PM

Notice Date:    6/2/2023 3:57:22 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Michael James Moore
michael.moore@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following motion was FILED on 6/2/2023 3:57:22 PM

Notice Date:      6/2/2023 3:57:22 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Amy Marie Smith
amy.smith@steptoe-johnson.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following motion was FILED on 6/2/2023 3:57:22 PM

Notice Date:     6/2/2023 3:57:22 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Joseph Umberto Leonoro
joseph.leonoro@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following motion was FILED on 6/2/2023 3:57:22 PM

Notice Date:    6/2/2023 3:57:22 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Christopher Starr Etheredge
christopher.etheredge@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following motion was FILED on 6/2/2023 3:57:22 PM

Notice Date:    6/2/2023 3:57:22 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

/s/ Stacy L. Nowicki-Eldridge
Circuit Court Judge
Ref. Code: 23C5VSFIX

E-FILED | 6/5/2022 2:15 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## In the Circuit Court of Boone County, West Virginia

**Amanda Asbury,**
Plaintiff,

v.

**Pocahontas Coal Company,**
**Affinity Coal Company, LLC,**
**United Coal Company LLC,**
**Blackhawk Mining, LLC,**
**Arch Resources, Inc. ET AL,**
Defendants

Case No. CC-03-2022-C-89
Judge Stacy L. Nowicki-Eldridge

## ORDER GRANTING GMS MINE REPAIR AND MAINTENANCE, INC.'S MOTION TO SEVER

On the 2nd day of June, 2023, GMS Mine Repair and Maintenance, Inc. filed a Motion to Sever pursuant to Rule 21 of the West Virginia Rules of Civil Procedure based on the misjoinder of GMS with other unrelated parties to which there are not mutual issues of law or fact.

Having no objection from Plaintiff, this Court hereby **GRANTS** the Motion to Sever.

The Circuit Clerk shall provide a copy of this Order to all interested parties and counsel of record.

IT IS SO ORDERED.

**/s/ Stacy L. Nowicki-Eldridge**
Circuit Court Judge
25th Judicial Circuit

Note: The electronic signature on this order can be verified using the reference code that appears in the upper-left corner of the first page. Visit www.courtswv.gov/e-file/ for more details.



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  John-Mark Atkinson
johnmark@amplaw.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:15:39 PM

Notice Date:     6/5/2023 2:15:39 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Mark Curtis Dean
mark.dean@steptoe-johnson.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:15:39 PM

Notice Date:    6/5/2023 2:15:39 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Ashley C Pack
ashley.pack@dinsmore.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:15:39 PM

Notice Date:    6/5/2023 2:15:39 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Sean Daniel Thomas
sean.thomas@dinsmore.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:15:39 PM

Notice Date:     6/5/2023 2:15:39 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Michael James Moore
michael.moore@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:15:39 PM

Notice Date:    6/5/2023 2:15:39 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Amy Marie Smith
         amy.smith@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:15:39 PM

Notice Date:      6/5/2023 2:15:39 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** James A. Kirby
James.Kirby@lewisbrisbois.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:15:39 PM

Notice Date:    6/5/2023 2:15:39 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Joseph Umberto Leonoro
joseph.leonoro@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:15:39 PM

Notice Date:     6/5/2023 2:15:39 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Christopher Starr Etheredge
christopher.etheredge@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:15:39 PM

Notice Date:      6/5/2023 2:15:39 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  David Stanley Consultants, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:15:39 PM

Notice Date:      6/5/2023 2:15:39 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Stanhurst, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:15:39 PM

Notice Date:    6/5/2023 2:15:39 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

/s/ Stacy L. Nowicki-Eldridge
Circuit Court Judge
Ref. Code: 23E3I0WRX

E-FILED | 6/5/2022 2:17 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

### In the Circuit Court of Boone County, West Virginia

**Amanda Asbury,**
Plaintiff,

v.                                                    Case No. CC-03-2022-C-89
                                             Judge Stacy L. Nowicki-Eldridge

**Pocahontas Coal Company,**
**Affinity Coal Company, LLC,**
**United Coal Company LLC,**
**Blackhawk Mining, LLC,**
**Arch Resources, Inc. ET AL,**
Defendants

### ORDER GRANTING BLACKHAWK MINING, LLC'S MOTION TO SEVER

On the 31st day of May, 2023, Blackhawk Mining, LLC filed a Motion to Sever pursuant to Rule 21 of the West Virginia Rules of Civil Procedure based on the misjoinder of GMS with other unrelated parties to which there are not mutual issues of law or fact.

Having no objection from Plaintiff, this Court hereby **GRANTS** the Motion to Sever.

The Circuit Clerk shall provide a copy of this Order to all interested parties and counsel of record.

IT IS SO ORDERED.

                                    **/s/ Stacy L. Nowicki-Eldridge**
                                    Circuit Court Judge
                                    25th Judicial Circuit

Note: The electronic signature on this order can be verified using the reference code that appears in the upper-left corner of the first page. Visit www.courtswv.gov/e-file/ for more details.



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  John-Mark Atkinson
johnmark@amplaw.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:17:11 PM

Notice Date:     6/5/2023 2:17:11 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Mark Curtis Dean
mark.dean@steptoe-johnson.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:17:11 PM

Notice Date:      6/5/2023 2:17:11 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Ashley C Pack
          ashley.pack@dinsmore.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:17:11 PM

Notice Date:     6/5/2023 2:17:11 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Sean Daniel Thomas
sean.thomas@dinsmore.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:17:11 PM

Notice Date:      6/5/2023 2:17:11 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Michael James Moore
michael.moore@steptoe-johnson.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:17:11 PM

Notice Date:      6/5/2023 2:17:11 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Amy Marie Smith
amy.smith@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company: et als
CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:17:11 PM

Notice Date:     6/5/2023 2:17:11 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   James A. Kirby
        James.Kirby@lewisbrisbois.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:17:11 PM

Notice Date:      6/5/2023 2:17:11 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Joseph Umberto Leonoro
joseph.leonoro@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:17:11 PM

Notice Date:      6/5/2023 2:17:11 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Christopher Starr Etheredge
christopher.etheredge@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:17:11 PM

Notice Date:     6/5/2023 2:17:11 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  David Stanley Consultants, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:17:11 PM

Notice Date:     6/5/2023 2:17:11 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Stanhurst, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company: et als
CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:17:11 PM

Notice Date:    6/5/2023 2:17:11 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

/s/ Stacy L. Nowicki-Eldridge
Circuit Court Judge
Ref. Code: 23D8RNXZX

E-FILED | 6/5/2023 2:18 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

### In the Circuit Court of Boone County, West Virginia

**Amanda Asbury,**
Plaintiff,

v.

Case No. CC-03-2022-C-89
Judge Stacy L. Nowicki-Eldridge

**Pocahontas Coal Company,**
**Affinity Coal Company, LLC,**
**United Coal Company LLC,**
**Blackhawk Mining, LLC,**
**Arch Resources, Inc. ET AL,**
Defendants

### ORDER GRANTING DEFENDANTS ALPHA NATURAL RESOURCES SERVICES, LLC'S AND CONTURA ENERGY, LLC'S MOTION TO SEVER

On the 30th day of May, 2023, Alpha Natural Resources Services, LLC and Contura Energy, Inc. filed a Motion to Sever pursuant to Rule 21 of the West Virginia Rules of Civil Procedure based on the misjoinder of GMS with other unrelated parties to which there are not mutual issues of law or fact.

Having no objection from Plaintiff, this Court hereby **GRANTS** the Motion to Sever.

The Circuit Clerk shall provide a copy of this Order to all interested parties and counsel of record.

IT IS SO ORDERED.

**/s/ Stacy L. Nowicki-Eldridge**
Circuit Court Judge
25th Judicial Circuit

Note: The electronic signature on this order can be verified using the reference code that appears in the upper-left corner of the first page. Visit www.courtswv.gov/e-file/ for more details.



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  John-Mark Atkinson
johnmark@amplaw.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:18:51 PM

Notice Date:    6/5/2023 2:18:51 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Mark Curtis Dean
mark.dean@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:18:51 PM

Notice Date:      6/5/2023 2:18:51 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Ashley C Pack
ashley.pack@dinsmore.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:18:51 PM

Notice Date:     6/5/2023 2:18:51 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Sean Daniel Thomas
sean.thomas@dinsmore.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:18:51 PM

Notice Date:    6/5/2023 2:18:51 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Michael James Moore
michael.moore@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:18:51 PM

Notice Date:     6/5/2023 2:18:51 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Amy Marie Smith
amy.smith@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:18:51 PM

Notice Date:      6/5/2023 2:18:51 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** James A. Kirby
James.Kirby@lewisbrisbois.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:18:51 PM

Notice Date:    6/5/2023 2:18:51 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Joseph Umberto Leonoro
joseph.leonoro@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:18:51 PM

Notice Date:     6/5/2023 2:18:51 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Christopher Starr Etheredge
christopher.etheredge@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:18:51 PM

Notice Date:     6/5/2023 2:18:51 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  David Stanley Consultants, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:18:51 PM

Notice Date:    6/5/2023 2:18:51 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Stanhurst, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:18:51 PM

Notice Date:    6/5/2023 2:18:51 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

/s/ Stacy L. Nowicki-Eldridge
Circuit Court Judge
Ref. Code: 23BLE6JAX

E-FILED | 6/5/2023 2:20 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## In the Circuit Court of Boone County, West Virginia

**Amanda Asbury,**
Plaintiff,

v.                                              Case No. CC-03-2022-C-89
                                        Judge Stacy L. Nowicki-Eldridge

**Pocahontas Coal Company,**
**Affinity Coal Company, LLC,**
**United Coal Company LLC,**
**Blackhawk Mining, LLC,**
**Arch Resources, Inc. ET AL,**
Defendants

### ORDER GRANTING ARCH RESOURCES, INC. AND MINGO LOGAN COAL, LLC'S MOTION TO SEVER

On the 1st day of June, 2023, Arch Resources, Inc. and Mingo Logan Coal, LLC filed a Motion to Sever pursuant to Rule 21 of the West Virginia Rules of Civil Procedure based on the misjoinder of GMS with other unrelated parties to which there are not mutual issues of law or fact.

Having no objection from Plaintiff, this Court hereby **GRANTS** the Motion to Sever.

The Circuit Clerk shall provide a copy of this Order to all interested parties and counsel of record.

IT IS SO ORDERED.

**/s/ Stacy L. Nowicki-Eldridge**
Circuit Court Judge
25th Judicial Circuit

Note: The electronic signature on this order can be verified using the reference code that appears in the upper-left corner of the first page. Visit www.courtswv.gov/e-file/ for more details.



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  John-Mark Atkinson
johnmark@amplaw.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:20:14 PM

Notice Date:      6/5/2023 2:20:14 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Mark Curtis Dean
mark.dean@steptoe-johnson.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:20:14 PM

Notice Date:      6/5/2023 2:20:14 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Ashley C Pack
ashley.pack@dinsmore.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:20:14 PM

Notice Date:     6/5/2023 2:20:14 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Sean Daniel Thomas
sean.thomas@dinsmore.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:20:14 PM

Notice Date:     6/5/2023 2:20:14 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Michael James Moore
michael.moore@steptoe-johnson.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:20:14 PM

Notice Date:      6/5/2023 2:20:14 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Amy Marie Smith
amy.smith@steptoe-johnson.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:20:14 PM

Notice Date:     6/5/2023 2:20:14 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  James A. Kirby
James.Kirby@lewisbrisbois.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:20:14 PM

Notice Date:     6/5/2023 2:20:14 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Joseph Umberto Leonoro
joseph.leonoro@steptoe-johnson.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:20:14 PM

Notice Date:      6/5/2023 2:20:14 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Christopher Starr Etheredge
christopher.etheredge@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:20:14 PM

Notice Date:      6/5/2023 2:20:14 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  David Stanley Consultants, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:20:14 PM

Notice Date:    6/5/2023 2:20:14 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Stanhurst, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/5/2023 2:20:14 PM

Notice Date:     6/5/2023 2:20:14 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

E-FILED | 6/8/2023 10:23 AM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

### IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

**AMANDA ASBURY,**
     ***Plaintiff*,**

**v.**                              **Civil Action No. 22-C-89**
                                    **Judge Stacy L. Nowicki-Elridge**

**POCAHONTAS COAL**
**COMPANY, LLC, *et al.*,**
     ***Defendants*.**

### DEFENDANT CLEVELAND-CLIFFS PRINCETON COAL INC.'S MOTION TO SEVER

**COMES NOW** Defendant Cleveland-Cliffs Princeton Coal Inc. ("CCP"), by counsel, and pursuant to Rule 21 of the *West Virginia Rules of Civil Procedure*, hereby moves that the allegations set forth in Plaintiff's Complaint as to CCP be severed from those set forth against the other Defendants and that Plaintiff be permitted to proceed in her claims against CCP individually in a separate and distinct action. **Counsel for CCP have conferred with counsel for Plaintiff and are authorized to state that Plaintiff does not object to or oppose this Motion.**

As noted below and more fully elsewhere in the record, the Defendants in this matter were misjoined because the claims against them do not arise from the same transactions or occurrences nor involve common questions of law and fact. To the contrary, Plaintiff's Complaint alleges nothing more than that each of the Defendants violated Plaintiffs' rights in a similar manner during separate and distinct transactions and occurrences. Such allegations are insufficient to form the basis for joining multiple defendants in a single action as a matter of law. Accordingly, CCP is entitled to have Plaintiff's claims against hem severed from those Plaintiff alleges against the other named defendants, and in support hereof states as follows:

### Background

Plaintiff filed her Complaint in this action on November 30, 2022 in this Court. [*See* Compl.]. Therein, Plaintiff alleges that she applied for employment with each of the named

defendants and that none of them hired her. [*See id.*]. Specific to CCP, Plaintiff alleges that she had two interviews at a CCP job fair in April 2022 and was not hired. [*Id.* at ¶ 43-44].

On January 4, 2023, Defendants Arch Resources, Inc. ("Arch") and Mingo Logan Coal Company ("Mingo Logan") removed this action to federal court based on diversity jurisdiction. [*See* 1/4/23 Notice of Removal]. Therein, Arch and Mingo Logan argued that "[a]part from parties fraudulently misjoined or otherwise not properly joined and served and/or nominal parties, the dispute is between citizens of different states." [*Id.* at 3]. Following removal, CCP filed its Answer to the Complaint and "reserve[d] the right to argue that it was inappropriately joined with the other Defendants in this matter." [CCP Ans. at 11].

On January 20, 2023, Arch and Mingo Logan filed their Motion to Sever and Memorandum in Support thereof (the "District Court Motion to Sever"). Therein, Arch and Mingo Logan argued that they, along with the other Defendants (including CCP), were inappropriately and/or fraudulently misjoined in this action because "these cases have absolutely nothing to do with each other." [1/20/23 Motion to Sever at 2]; *see Wyatt v. Charleston Area Med. Ctr., Inc.*, 651 F. Supp. 2d 492, 496 (S.D. W. Va. 2009) ("Fraudulent misjoinder . . . is an assertion that claims against certain defendants, while provable, have no real connection to the claims against other defendants in the same action and were only included in order to defeat diversity jurisdiction and removal."). On February 3, 2023, CCP joined in the District Court Motion to Sever. [2/3/23 Motion to Join Motion to Sever].

On February 3, 2023, Plaintiff filed her Motion to Remand, arguing that the District Court did not have jurisdiction over this action as presently constituted because there was not complete diversity among the parties.

On March 14, 2023, the District Court entered its Memorandum Opinion and Order (the "Order") remanding this action to this Court. Therein, the Court granted Plaintiff's Motion to Remand and terminated the District Court Motion to Sever as moot pending resolution of the misjoinder issues before this Court. [*See* 3/14/23 Order at 8] (noting that "any motion to sever can be raised before the state court, which has jurisdiction to hear that question"). In reaching its conclusion, the District Court was careful to note that its decision was guided by the principle that federal courts "should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." Order at 6 (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)) (noting that "the doctrine of fraudulent misjoinder is relatively new and not clearly defined").

Importantly, the District Court did not set forth any substantive rulings regarding the merits of Defendants' arguments regarding fraudulent misjoinder. Rather, the Court simply held that it was without jurisdiction to consider those arguments because "[t]he Fourth Circuit has not adopted a fraudulent misjoinder rule permitting federal courts to exercise diversity jurisdiction over cases with claims against non-diverse defendants, sever and remand as to those defendants, and proceed with removed claims against diverse defendants." [Order at 6–7]. Accordingly, the District Court granted Plaintiff's motion to remand and terminated the District Court Motion to Sever as moot pending resolution of misjoinder issues before this Court.

Following remand, the entire docket was transferred to this Court, including the District Court Motion to Sever in which CCP joined and all Responses and Replies thereto. Insomuch as the District Court Motion to Sever has been fully briefed, the same is ripe for adjudication before this Court.

**Discussion**

I. **CCP adopts and incorporates the District Court Motion to Sever and all Replies in support thereof as if fully set forth herein.**

The West Virginia and Federal Rules of Civil Procedure governing misjoinder are functionally identical. *Compare* W. Va. R. Civ. P. 21("Parties may be dropped or added by order of the court on motion of any party or of its own initiative  at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.") *with* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

Accordingly, courts determining whether misjoinder is present typically consider both state and federal authorities. *See Grenell v. Western Southern Life Ins. Co.*, 298 F. Supp. 2d 390, 397 (S.D. W. Va. Jan 6, 2004) (noting that "this Court need not decide whether to apply federal or state law regarding permissive joinder, as the two are identical in West Virginia"); *State ex rel. Energy Corp. of America v. Marks*, 235 W. Va. 465, 469–70 n. 6 (2015) ("Because the West Virginia Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, we often refer to interpretations of the Federal Rules when discussing our own rules.").

Here, as noted above, the District Court Motion to Sever in which CCP joined was fully briefed before the District Court. Importantly, Judge Berger did not make any substantive rulings on the Motion, holding only that she lacked jurisdiction to rule on the issues it interposed. However, this Court certainly has jurisdiction to sever Plaintiff's claims. And as more fully developed in the District Court Motion to Sever and the Replies in support thereof, CCP is entitled to severance of Plaintiff's claims from those alleged against the other named Defendants as a matter of law. Accordingly, and in the interest of judicial economy, CCP adopts each of the

4

arguments set forth in the District Court Motion to Sever and all Replies in support thereof as if fully set forth herein.

## II.     West Virginia law provides additional authority as to why Plaintiff's claims must be severed.

Neither the West Virginia nor Federal Rules regarding severance set forth the standard for determining misjoinder. However, "courts have uniformly held that 'parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a)." *Jonas v. Conrath*, 149 F.R.D. 520, 523 (S.D. W. Va. 1993).

In turn, West Virginia law provides as follows with respect to permissive joinder:

All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions of occurrences and if any question of law or fact common to all defendants will arise in the action . . . .

W. Va. R. Civ. P. 20(a). In other words:

[U]nder *West Virginia Rule of Civil Procedure* 20(a), persons may be joined in one action as defendants if: (1) any right to relief is asserted against them with respect to or arising out of the same transaction, occurrence, or series of occurrences, and (2) any question of law or fact common to all of the defendants will arise in the action. ***Under Rule 20(a), joinder of defendants is proper only if both of these requirements are satisfied***.

*State ex rel. Energy Corp. of America v. Marks*, 235 W. Va. 465, 470 (2015) (emphasis added).

Joinder of the defendants in this action was inappropriate because Plaintiff's claims against the respective defendants do not arise from the same transaction or occurrence nor involve common questions of fact. Plaintiff has sued over a dozen companies and alleges that each refused to hire her for discriminatory purposes over a period of several years. [*See* Compl. at ¶¶ 18–44] (alleging that Plaintiff lost her job in 2018 and describing her efforts to secure employment from 2020–22. The Complaint does not even identify for what position(s) she allegedly applied at CCP.

[*See* Compl. at ¶ 42-43] (noting only that Plaintiff had "two interviews" at an April 2022 job fair and "was not hired for either").

The various named Defendant companies do not share a thing in common aside from the fact that each appears to be a mining related business that Plaintiff claims did not hire her. Plaintiff does not allege that the Defendants colluded with one another or otherwise conspired to prevent her from securing employment. Thus, to the extent that there is any overlap in Plaintiff's claims as to the individual Defendants, such overlap is coincidental at best and arises simply from the fact that Plaintiff happened to be looking for a job.

Presumably, each of the Defendant companies have different hiring managers, different hiring practices, different needs, different locations, and different job requirements. Plaintiff acknowledged that the manner in which she applied to the Defendant companies varied. [*See, e.g.*, *id.* at ¶ 40] ("The plaintiff applied for positions from the defendants in person, at job fairs, online, through ZipRecruiter, Indeed, Facebook, and Consol [sic] Energy, Inc. and Blackhawk Mining, LLC's own websites."). Plaintiff alleges that the Defendant companies refused to hire her for different reasons. [*See*, *e.g.*, *id.* at ¶ 38] (Plaintiff was told she would likely be hired); [*but see id.* at ¶ 39] (Plaintiff allegedly was not hired because the company did not have a female bath house). As to CCP, Plaintiff does not specify ***at all*** why she alleges she was not hired. [*See id.* at ¶ 44] (stating only that CCP did not hire her).

Plaintiff's misjoinder of the Defendants in this action flies in the face of the principles of law upon which the doctrine of joinder was developed. *See State ex rel. Energy Corp. of America v. Marks*, 235 W. Va. 465, 470 (2015) (noting that joinder is appropriate only when there is "substantial evidentiary overlap between them" such that "the claims involve enough related operative facts to make joinder in a single claim *fair*") (emphasis added); *State ex rel. J.C. v.*

*Mazzone*, 233 W. Va. 457, 464 (2014) (noting that multiple parties may be joined in an action only if "the essential facts of the various claims are so logically connected that considerations of *judicial economy* and *fairness* dictate that all issues be resolved in one lawsuit") (emphasis added); Cleckey, Davis, & Palmer, *Litigation Handbook* § 21 at 574 ("If a trial court finds that a plaintiff has misjoined parties, the court should sever those parties or claims.").

To try Plaintiff's claims together would require the jury to juggle and appropriately assess the hiring practices and metrics of over a dozen unrelated entities spanning a several-year period during the height of the COVID-19 pandemic, when market conditions, the employment market, and the mining market in particular, fluctuated precipitously. Undoubtedly, CCP would be subject to extraordinary prejudice if it were forced to defend against Plaintiff's claims in the context of a dozen other similar, but wholly unrelated actions concerning different entities, different witnesses, different policies, different needs, and under different market conditions.

One need not think too deeply to discern the many prejudices which could result between and among the Defendants in this action if they are forced to defend against Plaintiff's allegations in a single trial.[1] Indeed, CCP is hard pressed to think of any trial conditions which could be more unfair, prejudicial, and contrary to the interests of justice than forcing ***thirteen (13)*** wholly unrelated defendant-potential employers to compete for the jury's attention in defense of a plaintiff's blanket accusation that each such defendant, on different occasions, under different circumstances, operating pursuant to different policies which were implemented by different

---

[1]      *See, e.g., United States v. McRae*, 702 F.3d 806 (5th Cir. 2012) (finding defendant was prejudiced by trial court's refusal to sever from other defendants because the spillover effect from the evidence presented in connection with his four co-defendants denied him a fair trial); *United States v. Mannie*, 509 F.3d 951 (7th Cir. 2007) (defendant denied fair trial due to disruptive behavior of co-defendant during proceedings); *United States v. Tarango*, 3967 F.3d 666 (5th Cir. 2005) (defendant denied fair trial when majority of evidence focused on absent co-defendant).

people, wrongfully refused to hire the plaintiff. Such misjoinder obviously flies in the face of "fairness" and contravenes the principles upon which the doctrine of joinder was developed.

Plaintiff inappropriately joined her claims against the Defendants in this matter. Accordingly, CCP prays that its Motion to Sever be granted.

<u>Conclusion</u>

The facts in this case are virtually indistinguishable from those in which courts throughout the country have held that the defendants were impermissibly joined. To the extent that the various Defendants share anything in common, such commonalities are coincidental at best and are wholly insufficient to establish that Plaintiff's claims arise from the same transaction(s) or occurrence(s). Accordingly, this Court should grant this Motion, sever Plaintiff's claims against Cleveland-Cliffs Princeton Coal Inc. from her claims against the other individual Defendants, and permit Plaintiff to proceed against CCP individually in a severed and separate action.  As noted, counsel for CCP have conferred with counsel for Plaintiff and are authorized to state that Plaintiff does not object to or oppose this Motion.

**CLEVELAND-CLIFFS PRINCETON COAL INC.,**
**By Counsel**
_/s/ Mark C. Dean_
Jonathan R. Ellis (WVSB #10296)
Joseph U. Leonoro (WVSB #10501)
Mark C. Dean (WVSB #12017)
Steptoe & Johnson PLLC
707 Virginia Street East
Chase Tower, 17th Floor
P.O. Box 1588
Charleston, WV 25326-1588
Telephone (304) 353-8000
Facsimile (304) 353-8180
Joseph.Leonoro@Steptoe-Johnson.com
Jonathan.Ellis@Steptoe-Johnson.com
Mark.Dean@Steptoe-Johnson.com
_Counsel for Defendant Cleveland-Cliffs Princeton Coal Inc._

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of June, 2023, I filed the foregoing **"Defendant Cleveland-Cliffs Princeton Coal, Inc.'s Motion to Sever"** with the Clerk via the CourtPlus e-filing system, which will provide a copy thereof to the following counsel of record:

Mark A. Atkinson
John-Mark Atkinson
ATKINSON & FRAMPTON, PLLC
2306 Kanawha Blvd. E.
Charleston, WV 25311

Michael D. Mullins
Christopher S. Etheredge
STEPTOE & JOHNSON PLLC
707 Virginia Street East, Chase Tower
17th Floor
Charleston, WV 25301

C. David Morrison
Amy M. Smith
Michael J. Moore
Mark G. Jeffries
STEPTOE & JOHNSON PLLC
400 White Oaks Boulevard
Bridgeport, WV 26330

Ashley C. Pack
Sean Thomas
DINSMORE & SHOHL LLP
707 Virginia Street East
Suite 1300
Charleston, WV 25301

Matthew A. Nelson
Lewis Brisbois Bisgaard & Smith LLP
707 Virginia Street, E., Ste. 1400
Charleston, WV 25301

_/s/ Mark C. Dean_

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Mark Dean
mark.dean@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following motion was FILED on 6/8/2023 10:25:46 AM

Notice Date:      6/8/2023 10:25:46 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  David Stanley Consultants, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company: et als
CC-03-2022-C-89

The following motion was FILED on 6/8/2023 10:25:46 AM

Notice Date:    6/8/2023 10:25:46 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Stanhurst, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA
Amanda Asbury v. Pocahontas Coal Company: et als
CC-03-2022-C-89

The following motion was FILED on 6/8/2023 10:25:46 AM

Notice Date:     6/8/2023 10:25:46 AM

Sam R. Burns
CLERK OF THE CIRCUIT COURT
Boone County
200 State Street Suite 202
MADISON, WV 25130

(304) 369-7321
Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   John-Mark Atkinson
           johnmark@amplaw.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following motion was FILED on 6/8/2023 10:25:46 AM

Notice Date:    6/8/2023 10:25:46 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Mark A. Atkinson
mark@amplaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following motion was FILED on 6/8/2023 10:25:46 AM

Notice Date:    6/8/2023 10:25:46 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Joseph Umberto Leonoro
joseph.leonoro@steptoe-johnson.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following motion was FILED on 6/8/2023 10:25:46 AM

Notice Date:    6/8/2023 10:25:46 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Jonathan Robert Ellis
jonathan.ellis@steptoe-johnson.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following motion was FILED on 6/8/2023 10:25:46 AM

Notice Date:     6/8/2023 10:25:46 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Ashley C Pack
ashley.pack@dinsmore.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following motion was FILED on 6/8/2023 10:25:46 AM

Notice Date:    6/8/2023 10:25:46 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Sean Daniel Thomas
sean.thomas@dinsmore.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following motion was FILED on 6/8/2023 10:25:46 AM

Notice Date:    6/8/2023 10:25:46 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Michael James Moore
michael.moore@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following motion was FILED on 6/8/2023 10:25:46 AM

Notice Date:     6/8/2023 10:25:46 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  C. David Morrison
david.morrison@steptoe-johnson.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following motion was FILED on 6/8/2023 10:25:46 AM

Notice Date:      6/8/2023 10:25:46 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Mark Glendon Jeffries
mark.jeffries@steptoe-johnson.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following motion was FILED on 6/8/2023 10:25:46 AM

Notice Date:     6/8/2023 10:25:46 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Amy Marie Smith
amy.smith@steptoe-johnson.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following motion was FILED on 6/8/2023 10:25:46 AM

Notice Date:      6/8/2023 10:25:46 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   James A. Kirby
         James.Kirby@lewisbrisbois.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following motion was FILED on 6/8/2023 10:25:46 AM

Notice Date:     6/8/2023 10:25:46 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Matthew Allan Nelson
matt.nelson@lewisbrisbois.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following motion was FILED on 6/8/2023 10:25:46 AM

Notice Date:     6/8/2023 10:25:46 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Christopher Starr Etheredge
christopher.etheredge@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following motion was FILED on 6/8/2023 10:25:46 AM

Notice Date:    6/8/2023 10:25:46 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Michael Deering Mullins
michael.mullins@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following motion was FILED on 6/8/2023 10:25:46 AM

Notice Date:    6/8/2023 10:25:46 AM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

/s/ Stacy L. Nowicki-Eldridge
Circuit Court Judge
Ref. Code: 23BATG2WX

E-FILED 6/8/2023 1:06 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

### In the Circuit Court of Boone County, West Virginia

**Amanda Asbury,**
Plaintiff,

v.

**Pocahontas Coal Company,**
**Affinity Coal Company, LLC,**
**United Coal Company LLC,**
**Blackhawk Mining, LLC,**
**Arch Resources, Inc. ET AL,**
Defendants

Case No. CC-03-2022-C-89
Judge Stacy L. Nowicki-Eldridge

### ORDER GRANTING CONSOL ENERGY, INC'S MOTION TO SEVER

On the 25th day of April, 2023, Consol Energy, Inc. filed a Motion to Sever pursuant to Rule 21 of the West Virginia Rules of Civil Procedure based on the misjoinder of GMS with other unrelated parties to which there are not mutual issues of law or fact. Having no objection from Plaintiff, this Court hereby **GRANTS** the Motion to Sever.

 The Circuit Clerk shall provide a copy of this Order to all interested parties and counsel of record.

**IT IS SO ORDERED.**

**/s/ Stacy L. Nowicki-Eldridge**
Circuit Court Judge
25th Judicial Circuit

Note: The electronic signature on this order can be verified using the reference code that appears in the upper-left corner of the first page. Visit www.courtswv.gov/e-file/ for more details.



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  John-Mark Atkinson
johnmark@amplaw.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:06:37 PM

Notice Date:      6/8/2023 1:06:37 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Mark A. Atkinson
mark@amplaw.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:06:37 PM

Notice Date:    6/8/2023 1:06:37 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Joseph Umberto Leonoro
joseph.leonoro@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:06:37 PM

Notice Date:     6/8/2023 1:06:37 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Mark Curtis Dean
mark.dean@steptoe-johnson.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:06:37 PM

Notice Date:     6/8/2023 1:06:37 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Jonathan Robert Ellis
jonathan.ellis@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:06:37 PM

Notice Date:      6/8/2023 1:06:37 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Ashley C Pack
ashley.pack@dinsmore.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:06:37 PM

Notice Date:     6/8/2023 1:06:37 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Sean Daniel Thomas
sean.thomas@dinsmore.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:06:37 PM

Notice Date:     6/8/2023 1:06:37 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Michael James Moore
michael.moore@steptoe-johnson.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:06:37 PM

Notice Date:      6/8/2023 1:06:37 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  C. David Morrison
david.morrison@steptoe-johnson.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:06:37 PM

Notice Date:      6/8/2023 1:06:37 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Mark Glendon Jeffries
mark.jeffries@steptoe-johnson.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:06:37 PM

Notice Date:     6/8/2023 1:06:37 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Amy Marie Smith
amy.smith@steptoe-johnson.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:06:37 PM

Notice Date:      6/8/2023 1:06:37 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   James A. Kirby
James.Kirby@lewisbrisbois.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:06:37 PM

Notice Date:     6/8/2023 1:06:37 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Matthew Allan Nelson
matt.nelson@lewisbrisbois.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:06:37 PM

Notice Date:    6/8/2023 1:06:37 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Christopher Starr Etheredge
christopher.etheredge@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:06:37 PM

Notice Date:    6/8/2023 1:06:37 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Michael Deering Mullins
michael.mullins@steptoe-johnson.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:06:37 PM

Notice Date:     6/8/2023 1:06:37 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** David Stanley Consultants, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:06:37 PM

Notice Date:     6/8/2023 1:06:37 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Stanhurst, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:06:37 PM

Notice Date:     6/8/2023 1:06:37 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

/s/ Stacy L. Nowicki-Eldridge
Circuit Court Judge
Ref. Code: 230NZARDX

E-FILED | 6/8/2023 1:08 PM
CC-03-2022-C-89
Boone County Circuit Clerk
Sam R. Burns

## In the Circuit Court of Boone County, West Virginia

**Amanda Asbury,**
Plaintiff,

v.

Case No. CC-03-2022-C-89
Judge Stacy L. Nowicki-Eldridge

**Pocahontas Coal Company,**
**Affinity Coal Company, LLC,**
**United Coal Company LLC,**
**Blackhawk Mining, LLC,**
**Arch Resources, Inc. ET AL,**
Defendants


## ORDER GRANTING CLEVELAND-CLIFFS PPRINCETON COAL INC.'S MOTION TO SEVER

On the 8th day of June, 2023, Cleveland-Cliffs Princeton Coal Inc. filed a Motion to Sever pursuant to Rule 21 of the West Virginia Rules of Civil Procedure based on the misjoinder with other unrelated parties to which there are not mutual issues of law or fact. Having no objection from Plaintiff, this Court hereby **GRANTS** the Motion to Sever.

The Circuit Clerk shall provide a copy of this Order to all interested parties and counsel of record.

**IT IS SO ORDERED.**


**/s/ Stacy L. Nowicki-Eldridge**
Circuit Court Judge
25th Judicial Circuit


Note: The electronic signature on this order can be verified using the reference code that appears in the upper-left corner of the first page. Visit www.courtswv.gov/e-file/ for more details.



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** John-Mark Atkinson
johnmark@amplaw.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:08:41 PM

Notice Date:    6/8/2023 1:08:41 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Mark A. Atkinson
          mark@amplaw.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:08:41 PM

Notice Date:     6/8/2023 1:08:41 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Joseph Umberto Leonoro
          joseph.leonoro@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:08:41 PM

Notice Date:      6/8/2023 1:08:41 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Mark Curtis Dean
mark.dean@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:08:41 PM

Notice Date:     6/8/2023 1:08:41 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov

 West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Jonathan Robert Ellis
jonathan.ellis@steptoe-johnson.com

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:08:41 PM

Notice Date:       6/8/2023 1:08:41 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Ashley C Pack
ashley.pack@dinsmore.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:08:41 PM

Notice Date:     6/8/2023 1:08:41 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**   Sean Daniel Thomas
        sean.thomas@dinsmore.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:08:41 PM

Notice Date:      6/8/2023 1:08:41 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Michael James Moore
michael.moore@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:08:41 PM

Notice Date:     6/8/2023 1:08:41 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  C. David Morrison
david.morrison@steptoe-johnson.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:08:41 PM

Notice Date:     6/8/2023 1:08:41 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Mark Glendon Jeffries
mark.jeffries@steptoe-johnson.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:08:41 PM

Notice Date:     6/8/2023 1:08:41 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Amy Marie Smith
amy.smith@steptoe-johnson.com

# **NOTICE OF FILING**

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:08:41 PM

Notice Date:    6/8/2023 1:08:41 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  James A. Kirby
James.Kirby@lewisbrisbois.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:08:41 PM

Notice Date:     6/8/2023 1:08:41 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Matthew Allan Nelson
matt.nelson@lewisbrisbois.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:08:41 PM

Notice Date:    6/8/2023 1:08:41 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Christopher Starr Etheredge
christopher.etheredge@steptoe-johnson.com

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:08:41 PM

Notice Date:    6/8/2023 1:08:41 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:** Michael Deering Mullins
michael.mullins@steptoe-johnson.com

---

# NOTICE OF FILING

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:08:41 PM

Notice Date:     6/8/2023 1:08:41 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  David Stanley Consultants, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

---

# **NOTICE OF FILING**

---

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:08:41 PM

Notice Date:     6/8/2023 1:08:41 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov



West Virginia E-Filing Notice

CC-03-2022-C-89

Judge: Stacy L. Nowicki-Eldridge

**To:**  Stanhurst, LLC
James W. Hayhurst
100 Village Drive, Suite 200
Fairmont, WV 26554

# NOTICE OF FILING

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

Amanda Asbury v. Pocahontas Coal Company: et als

CC-03-2022-C-89

The following order - motion was FILED on 6/8/2023 1:08:41 PM

Notice Date:    6/8/2023 1:08:41 PM

Sam R. Burns

CLERK OF THE CIRCUIT COURT

Boone County

200 State Street Suite 202

MADISON, WV 25130

(304) 369-7321

Sam.Burns@courtswv.gov